# EXHIBIT A

David J. Jordan (1751)
Mark E. Hindley (07222)
Jordan C. Hilton (17506)
STOEL RIVES LLP
201 S. Main Street, Suite 1100
Salt Lake City, UT 84111
Telephone: 801.328.3131
david.jordan@stoel.com
mark.hindley@stoel.com
jordan.hilton@stoel.com

*Attorneys for OL Private Counsel, LLC*

Date 12-Mar-71  Time 120 Pm
RB 14858 Saddle Leaf or
Upon Person
K Alerican  A129031 Z
Deputy - Private Investigator - Process Server
Constable Reitz, Salt Lake County
7026 Commerce Park Dr. #101, Midvale, UT
84047   (801) 255-5468

## IN THE THIRD JUDICIAL DISTRICT COURT IN AND FOR
## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| OL PRIVATE COUNSEL, LLC, a Utah limited liability company, | **SUMMONS** |
| Plaintiff, | Civil No. 210901401 |
| v. | The Honorable James Gardner |
| EPHRAIM OLSON, a Utah resident, | Tier 3 |
| Defendant. | |

**THE STATE OF UTAH TO:**

Ephraim Olson
14858 Saddle Leaf Court
Draper, UT 84020

You are hereby summoned and required to answer in writing the attached Complaint with

the Clerk of the above-entitled Court, located at 450 South State Street, Salt Lake City, UT

84114, and to serve upon, or mail to, Plaintiff's attorneys at Stoel Rives LLP, 201 S. Main Street,

Suite 1100, Salt Lake City, Utah 84111, a copy of the said Answer, within 21 days after service

of this Summons upon you if service is completed within the state of Utah and within 30 days if

service is completed outside of the state of Utah.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint, which is on file with the Court. A copy of the Complaint is attached hereto.

DATED: March 12, 2021.

STOEL RIVES LLP

*/s/ David J. Jordan*
David J. Jordan
Mark E. Hindley
Jordan C. Hilton
*Attorneys for OL Private Counsel, LLC*

2

David J. Jordan (1751)
Mark E. Hindley (07222)
Jordan C. Hilton (17506)
STOEL RIVES LLP
201 S. Main Street, Suite 1100
Salt Lake City, UT 84111
Telephone: 801.328.3131
david.jordan@stoel.com
mark.hindley@stoel.com
jordan.hilton@stoel.com

*Attorneys for OL Private Counsel, LLC*

## IN THE THIRD JUDICIAL DISTRICT COURT IN AND FOR
## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| OL PRIVATE COUNSEL, LLC, a Utah limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> EPHRAIM OLSON, a Utah resident, <br><br> Defendant. | **COMPLAINT AND JURY DEMAND** <br><br> Civil No. _____ <br><br> The Honorable _____ <br><br> Tier 3 |

Plaintiff OL Private Counsel ("OLPC" or "Plaintiff") hereby complains against defendant

Ephraim Olson ("Defendant") and for its causes of action alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1.     OLPC is a Utah limited liability company.

2.     Ephraim Olson is an attorney licensed to practice law in the State of Utah and a

resident of Salt Lake County, Utah.

3.     This Court has jurisdiction over this matter pursuant to Utah Code Ann. § 78A-5-

102.

4.     Venue lies in this Court pursuant to Utah Code Ann. § 78B-3-307.

## GENERAL ALLEGATIONS

### Plaintiff Owns and Protects Its Confidential Documents

5.　　OLPC is a law firm based in Utah.

6.　　OLPC associates with and serves clients in common with OL Private Corporate Counsel International Ltd., ("OLPCCI") and International Tax Counsel Ltd. ("ITC").

7.　　As a law firm, and as a result of its association with OLPCCI and ITC, OLPC owns and possesses many confidential documents ("Confidential Documents"). These Confidential Documents include but are not limited to client documents such as trust and tax documents.

8.　　Plaintiff secures its Confidential Documents in its offices, electronically stores such documents on password-protected, encrypted servers, and limits access to its Confidential Documents.

9.　　Plaintiff also requires staff and employees to execute an employment agreement that strictly prohibits the employee or staff member from sharing OLPC's Confidential Documents. The confidentiality obligations in such agreements last indefinitely.

### Defendant Agrees to Maintain Confidential Documents in Strict Confidence

10.　　Defendant is a lawyer and a member of the Utah State Bar.

11.　　Defendant was employed as an attorney with OLPC from approximately 2015 until approximately June 2019.

12.　　As an employee of OLPC, Defendant helped draft and enforce OLPC's general staff agreement form, which OLPC executed with its staff. The form staff agreement prohibited a staff member or employee from disclosing OLPC's Confidential Documents—including client information—both during and after his or her work for OLPC.

2

13.     Having assisted with drafting OLPC's form employment agreement, Defendant was, at all relevant times, aware of OLPC's express requirement that all staff and employees maintain all Confidential Documents—including client information—in strict confidence.

14.     Defendant agreed with OLPC that, as a condition of his employment with OLPC, Defendant would maintain all the Confidential Documents in strict confidence both during and after his employment with OLPC ("Employment Agreement").

15.     As an attorney employed with Plaintiff, Defendant owed Plaintiff a fiduciary duty, which included, at a minimum, a duty to maintain Plaintiff's confidential information in strict confidence and a duty of honest and ethical behavior.

16.     Moreover, beyond any contractual and fiduciary obligations, Defendant had independent ethical obligations under the Utah Rules of Professional Conduct to maintain confidentiality. Specifically, as a member of the Utah State Bar, Defendant is subject to Rule 1.6 of the Utah Rules of Professional Conduct, which states that "[a] lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent."

17.     As a member of the Utah State Bar, Defendant is also subject to Rule 1.9(c) of the Utah Rules of Professional Conduct, which states that "[a] lawyer who has formerly represented a client in a matter . . . shall not thereafter: (c)(1) use information relating to the representation to the disadvantage of the former client . . . or (c)(2) reveal information relating to the representation" except as the rules of professional conduct allow.

18.     As a member of the Utah State Bar, Defendant is additionally subject to Rule 8.4 of the Utah Rules of Professional Conduct, which provides that a lawyer shall not "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

3

19.     At all relevant times, Defendant has been aware of his ethical obligations under the Utah Rules of Professional Conduct.

### Defendant Accesses Plaintiff's Confidential Documents Without Justification

20.     Defendant's employment with OLPC ceased in June 2019.

21.     When Defendant's employment with OLPC ceased, OLPC blocked Defendant's access to OLPC's Confidential Documents and removed Defendant's login credentials from OLPC's computer network. By August 2019, Defendant no longer had access to OLPC's (or ITC's or OLPCCI's) offices or servers.

22.     On or around June 2020, Defendant devised a scheme to wrongfully access Plaintiff's Confidential Documents, in violation of Defendant's contractual obligations, ethical and fiduciary duties, and Plaintiff's express company policies.

23.     Upon information and belief, Defendant sought such Confidential Documents in connection with an ongoing dispute between Defendant's father, Thomas Olson, and Defendant's mother, Carolyn Olson (the "Marital Dispute").

24.     On or around June 2020, Defendant, through a secure application called "Telegram," began messaging a former employee of ITC ("Former Employee"). The Former Employee had left ITC's employ in May 2020.

25.     As an employee of ITC, the Former Employee had executed an employment agreement ("ITC Employment Agreement"), which prohibited the Former Employee from at any time sharing, disclosing, copying, or otherwise disseminating any confidential information to which he had access as a result of the Former Employee's employment with ITC.

26.     At all relevant times, Defendant was aware of the Former Employee's confidentiality obligations under the ITC Employment Agreement.

4

27.    During his employment with ITC, the Former Employee had access to OLPC's Confidential Documents. After he left ITC's employ, the Former Employee improperly and wrongfully retained electronic access to certain Confidential Documents.

28.    On June 12, 2020, despite Defendant's knowledge of the ITC Employment Agreement and its prohibition against the disclosure of confidential information, his fiduciary duties to Plaintiff, and his ethical obligations as a Utah attorney, Defendant messaged the Former Employee on Telegram and asked whether the Former Employee had any information relevant to the Marital Dispute. The Former Employee responded that he had downloaded many of Plaintiff's Confidential Documents onto his phone and still had access to such Documents.

29.    After the Former Employee confirmed that he had Plaintiff's Confidential Documents, Defendant asked the Former Employee to transmit those files to Defendant, which the Former Employee did.

30.    After receiving those wrongly transferred Confidential Documents, Defendant accessed, copied, and possessed such documents.

31.    Defendant had no authorization, right, or justification to access, copy, or possess Plaintiff's Confidential Documents.

**Defendant Shares Plaintiff's Converted Documents with Others**

32.    After wrongfully obtaining Plaintiff's Confidential Documents, Defendant began sharing such information with others, including Carolyn Olson.

33.    For example, on or before June 18, 2020, Defendant communicated to Carolyn Olson that the Former Employee had Plaintiff's Confidential Documents. Defendant also provided Carolyn Olson with contact information for the Former Employee and assisted Carolyn Olson to obtain the Confidential Documents from the Former Employee.

5

34.     As a direct result of Defendant's conduct, the Former Employee and Defendant shared Confidential Documents with Carolyn Olson (together with the Confidential Documents Defendant obtained from the Former Employee, the "Converted Documents").

35.     The Converted Documents that Defendant, in conjunction with the Former Employee, shared with Carolyn Olson are highly sensitive and confidential. Such documents include asset protection trusts, whose value to Plaintiff's clients is dependent, in part, on the extent such documents remain confidential.

### Defendant Intends to Share Additional Confidential Information in Violation of His Contractual, Fiduciary, and Ethical Duties

36.     Upon information and belief, in addition to misappropriating and sharing the Converted Documents, Defendant continues to share further Confidential Documents regarding Plaintiff and Plaintiff's clients.

37.     Plaintiff is aware of documents and/or information that, upon information and belief, Defendant has which, if published, would reveal confidential business relationships, business practices, revenue information, and corporate structures related to Plaintiff's business, all of which Defendant obtained or learned of while employed with OLPC.

### FIRST CAUSE OF ACTION
#### (Conversion)

38.     Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of the Complaint, as though fully set forth herein.

39.     Plaintiff is the rightful owner of its Confidential Documents, including the Converted Documents.

40.     By encouraging, enticing, conspiring, and working with the Former Employee to transmit the Converted Documents to Defendant and to other third parties, and by copying,

6

retaining, and sharing the Converted Documents, Defendant willfully interfered with Plaintiff's rights to sole use and possession of its Confidential Documents. For example, Defendant's actions interfered with Plaintiff's rights to restrict access to, and dissemination of, its Confidential Documents.

41.    Defendant has no right or justification to take the Converted Documents or to assist third parties to wrongfully obtain the Converted Documents.

42.    The Converted Documents derive a significant portion of their value by remaining confidential. Defendant's actions to misappropriate, and then share, the Converted Documents have caused the Converted Documents to decrease in value and usefulness.

43.    Defendant's actions to misappropriate and then share the Converted Documents violate numerous Utah Rules of Professional Conduct. For example:

a.    Defendant's actions to convert and then share the Converted Documents violate Rule 1.6 of the Utah Rules of Professional Conduct, which states that "[a] lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent."

b.    Defendant's actions to convert and then share the Converted Documents violate Rule 1.9(c) of the Utah Rules of Professional Conduct, which states that "[a] lawyer who has formerly represented a client in a matter . . . shall not thereafter: (c)(1) use information relating to the representation to the disadvantage of the former client . . . or (c)(2) reveal information relating to the representation" except as the rules of professional conduct allow.

c.    Defendant's actions to convert and then share the Converted Documents violate Rule 8.4 of the Utah Rules of Professional Conduct, which states that a lawyer shall not "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

7

44.    Defendant's actions to convert, share, and assist others to convert the Converted Documents were willful, malicious, and made with reckless disregard for Plaintiff's rights in the Converted Documents.

45.    As a direct result of Defendant's willful and malicious conversion of the Converted Documents, Defendant is liable to Plaintiff: (i) for actual damages in an amount to be determined at trial, but not less than $500,000; and (ii) for punitive damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Breach of Contract)

46.    Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of the Complaint, as though fully set forth herein.

47.    Defendant entered into the Employment Agreement with OLPC that, as a condition of his employment with OLPC, Defendant would indefinitely maintain all the Confidential Documents in strict confidence.

48.    At all times, OLPC has performed its obligations under the Employment Agreement.

49.    Defendant breached the Employment Agreement by intentionally disclosing the Converted Documents to third parties.

50.    As a direct and proximate result of Defendant's breaches of the Employment Agreement, Plaintiff has suffered damages in an amount to be proven at trial, but not less than $500,000.

8

### THIRD CAUSE OF ACTION
#### (Intentional Interference with Economic Relations)

51.     Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of the Complaint, as though fully set forth herein.

52.     By encouraging, enticing, and conspiring with the Former Employee to share the Converted Documents with him, and by encouraging others to obtain Converted Documents from the Former Employee, Defendant intentionally interfered with Plaintiff's existing and potential economic relations, including but not limited to its relationships with its clients.

53.     Defendant's intentional encouragement to, enticement of, and conspiracy with the Former Employee to breach the ITC Employment Agreement and disseminate, copy, and share the Converted Documents was done through improper means. Defendant had no justification for encouraging and enticing the Former Employee to share the Converted Documents, and Defendant's primary intent in encouraging, enticing, and conspiring with the Former Employee to share the Converted Documents was to injure Plaintiff.

54.     Defendant's interference with Plaintiff's other current and future economic relations has injured Plaintiff, which injuries include but are not limited to: damage to Plaintiff's reputation as a result of the disclosure of the Converted Documents; a reduced ability to assure clients that all information will be kept strictly confidential; and the loss of prospective new clients as a result of Defendant's wrongful interference.

55.     Defendant's intentional interference with Plaintiff's current and future economic relations was willful, malicious, and made with reckless disregard for Plaintiff's rights.

56.     As a result of Defendant's intentional interference with Plaintiff's current and future economic relations, Defendant is liable to Plaintiff: (i) for actual damages in an amount to

9

be determined at trial, but not less than $500,000; and (ii) for punitive damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (Breach of Fiduciary Duty)

57.    Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of the Complaint, as though fully set forth herein.

58.    As an employee and associate of the Plaintiff (a law firm), Defendant owed Plaintiff a fiduciary duty.

59.    This fiduciary duty included, at a minimum, a duty to maintain all of Plaintiff's confidential information—including the Confidential Documents—in strict confidence, a duty to act in the best interests of the Plaintiff, and a duty of honest and ethical behavior.

60.    Defendant breached his fiduciary duties to Plaintiff by, *inter alia*: wrongfully accessing Plaintiff's Confidential Documents without justification; encouraging, enticing, and conspiring with the Former Employee to access Plaintiff's Confidential Documents without justification; and sharing Plaintiff's Confidential Documents without justification or authorization from Plaintiff.

61.    Defendant's breaches of fiduciary duties were willful and malicious and made with reckless disregard for Plaintiff's rights.

62.    As a direct and proximate result of Defendant's willful and malicious breaches of fiduciary duties to Plaintiff, Defendant is liable to Plaintiff: (i) for actual damages in an amount to be determined at trial, but not less than $500,000; and (ii) for punitive damages in an amount to be determined at trial.

10

## FIFTH CAUSE OF ACTION
### (Aiding and Abetting Conversion)

63.     Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of the Complaint, as though fully set forth herein.

64.     The Former Employee's copying, possessing, and sharing of Converted Documents with Carolyn Olson constitutes conversion.

65.     Defendant knowingly and intentionally encouraged, enticed, and conspired with the Former Employee to convert Plaintiff's Converted Documents and participated with and joined the Former Employee in converting Plaintiff's Converted Documents.

66.     But for Defendant's conduct toward the Former Employee, the Former Employee would not have converted Plaintiff's Converted Documents.

67.     Defendant's aiding and abetting the Former Employee to convert Plaintiff's Converted Documents was willful and malicious and made with reckless disregard for Plaintiff's rights.

68.     As a direct and proximate result of Defendant's aiding and abetting the Former Employee to convert Plaintiff's Converted Documents, Defendant is liable to Plaintiff: (i) for actual damages in an amount to be determined at trial, but not less than $500,000; and (ii) for punitive damages in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### (Injunctive Relief)

69.     Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of the Complaint, as though fully set forth herein.

70.     Defendant's conversion of the Converted Documents has caused and will cause irreparable harm to Plaintiff, for which money damages are inadequate. Such irreparable harm

108662587.6 0073311-00001

includes but is not limited to Plaintiff's loss of clients' goodwill and damage to Plaintiff's reputation.

71.    The injuries to Plaintiff from the continued conversion of the Converted Documents are substantial, severe, and outweigh the minimal burdens a narrowly tailored injunction might place on Defendant.

72.    Defendant's actions, including the conversion of the Converted Documents have violated or would violate at least Rules 1.6, 1.9, and 8.4 of the Utah Rules of Professional Conduct.

73.    The public interest favors a narrowly tailored injunction prohibiting Defendant from further converting more of Plaintiff's Confidential Documents, from sharing any of Plaintiff's confidential information, and from sharing any client information protected by the Rules of Professional Conduct or any other law, rule, or regulation.

74.    There is a substantial likelihood that Plaintiff will prevail on its claims against Defendant.

**JURY DEMAND**

Plaintiff demands a jury trial on all issues triable by right of jury.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays this Court enter judgment against Defendant, and in favor of Plaintiff, as follows:

On the First Cause of Action

1.    For general compensatory and consequential damages against Defendant in an amount subject to proof at trial, but not less than $500,000;

2.    For punitive damages against Defendant in an amount to be determined at trial; and

12

3.    For such other relief as the Court deems just and proper.

On the Second Cause of Action

1.    For general compensatory and consequential damages against Defendant in an amount subject to proof at trial, but not less than $500,000; and

2.    For such other relief as the Court deems just and proper.

On the Third Cause of Action

1.    For general compensatory and consequential damages against Defendant in an amount subject to proof at trial, but not less than $500,000;

2.    For punitive damages against Defendant in an amount to be determined at trial; and

3.    For such other relief as the Court deems just and proper.

On the Fourth Cause of Action

1.    For general compensatory and consequential damages against Defendant in an amount subject to proof at trial, but not less than $500,000;

2.    For punitive damages against Defendant in an amount to be determined at trial; and

3.    For such other relief as the Court deems just and proper.

On the Fifth Cause of Action

1.    For general compensatory and consequential damages against Defendant in an amount subject to proof at trial, but not less than $500,000;

2.    For punitive damages against Defendant in an amount to be determined at trial; and

3.    For such other relief as the Court deems just and proper.

108662587 6 0073311-00001

<u>On the Sixth Cause of Action</u>

1.    For a permanent injunction against Defendant, ordering Defendant to:

    a.    Return all physical copies of all Confidential Documents to Plaintiff;

    b.    Destroy all electronic copies of all Confidential Documents and certify the same in writing to Plaintiff;

    c.    Immediately cease using, sharing, transmitting, exploiting, or accessing or attempting to access, directly or indirectly, any of Plaintiff's Confidential Documents;

    d.    Immediately cease using, sharing, transmitting, exploiting, or accessing or attempting to access, directly or indirectly, any confidential client information as required by the Utah Rules of Professional Conduct; and

    e.    Identify in writing all third parties with whom Defendant has shared or transmitted Plaintiff's Confidential Documents and to obtain any such shared or transmitted copies from such third parties.

2.    For such other relief as the Court deems just and proper.

DATED: March 12, 2021.

STOEL RIVES LLP

*/s/ David J. Jordan*
David J. Jordan
Mark E. Hindley
Jordan C. Hilton
*Attorneys for OL Private Counsel, LLC*

14



# CONSTABLE'S RETURN

Docket #: 973854

Reference #: **973854**

OL Private Counsel, LLC  VS Ephraim Olson

Case # 210901401  JG

I, **Keith Alarcon**

being first duly sworn on oath and say: I am a duly appointed Private Investigator, Salt Lake County, State of Utah, a citizen of

the United States, over the age of 21 years at the time of service herein, and not part of or interested in the within action.

I received the within and hereto annexed,

**Summons & Complaint  & Jury Demand**

on **Mar 12, 2021**, and served the same upon

**Ephraim Olson**

a within named **Defendant** in said article(s) by serving a true copy of said article(s) for the Defendant with

**Ephraim Olson (Personally)**

a person of suitable age and discretion at

**14858 Saddle Leaf Court, Draper, UT  84020**

the usual place of abode.

Served on **Mar 12, 2021** at **1:20 PM**.

I declare under criminal penalty of the State of Utah that the foregoing is true and correct. I further certify that at the time of

service of the said article(s), I endorsed the date and place of service and added my name and official title thereto.

_____                                _____

Private Investigator                                                                                A129031

Constable Reitz, Salt Lake County Constable

7026 South Commerce Park Drive #101

Midvale, UT  84047  (801) 255-5468

**TOTAL CHARGES: $90.00**

## NOTES

Court: SL3DC

David J. Jordan (1751)
Mark E. Hindley (07222)
Jordan C. Hilton (17806)
STOEL RIVES LLP
201 S. Main Street, Suite 1100
Salt Lake City, UT 84111
Telephone: 801.328.3131
david.jordan@stoel.com
mark.hindley@stoel.com
jordan.hilton@stoel.com

*Attorneys for OL Private Counsel, LLC*

073854

SAC
& Jury Demand

Date 12-Mar-21 Time 120Pm
③ 14858 Saddle leaf Cr
Upon Person
K Alarcon A129031 2
Deputy - Private Investigator - Process Server
Constable Reitz, Salt Lake County
7026 Commerce Park Dr. #101, Midvale, UT
84047    (801) 255-5468

## IN THE THIRD JUDICIAL DISTRICT COURT IN AND FOR
## SALT LAKE COUNTY, STATE OF UTAH

OL PRIVATE COUNSEL, LLC, a Utah
limited liability company,

        Plaintiff,

    v.

EPHRAIM OLSON, a Utah resident,

        Defendant.

**SUMMONS**

Civil No. 210901401

The Honorable James Gardner

Tier 3

## THE STATE OF UTAH TO:

    Ephraim Olson
    14858 Saddle Leaf Court    (5-1745 E)
    Draper, UT 84020

    You are hereby summoned and required to answer in writing the attached Complaint with

the Clerk of the above-entitled Court, located at 450 South State Street, Salt Lake City, UT

84114, and to serve upon, or mail to, Plaintiff's attorneys at Stoel Rives LLP, 201 S. Main Street,

Suite 1100, Salt Lake City, Utah 84111, a copy of the said Answer, within 21 days after service

of this Summons upon you if service is completed within the state of Utah and within 30 days if

service is completed outside of the state of Utah.

110132969.1 0073311-0000

If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint, which is on file with the Court. A copy of the Complaint is attached hereto.

DATED: March 12, 2021.

STOEL RIVES LLP

*s  David J. Jordan*
David J. Jordan
Mark E. Hindley
Jordan C. Hilton
*Attorneys for OL Private Counsel, LLC*

# EXHIBIT B

Scott M. Lilja #4231
Sarah C. Vaughn #14615
FABIAN VANCOTT
215 South State Street, Ste. 1200
Salt Lake City, UT 84111-2323
Telephone: (801) 531-8900
slilja@fabianvancott.com
svaughn@fabianvancott.com
*Attorneys for Defendant*

### IN THE THIRD JUDICIAL DISTRICT COURT, SALT LAKE COUNTY STATE OF UTAH

| | |
|---|---|
| OL PRIVATE COUNSEL, LLC, a Utah limited liability company,<br>Plaintiff,<br><br>v.<br><br>EPHRAIM OLSON, an individual,<br>Defendant. | **ANSWER**<br><br>Case No. 210901401<br><br>Judge James Gardner<br><br>Tier 3 |

Defendant Ephraim Olson ("**Olson**"), through counsel, responds to and answers Plaintiff OL Private Counsel, LLC's ("**OLPC**") Complaint as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      Olson admits OLPC is a Utah limited liability company.

2.      Olson admits he is an attorney licensed to practice law in the State of Utah and a resident of both Salt Lake County, Utah and Bragg Creek, Canada

3.      The allegations in paragraph 3 are legal conclusions and require no response. To the extent a response is required, admit Utah district courts have general jurisdiction over civil matters.

4.      The allegations in paragraph 4 are legal conclusions and require no response. To the extent a response is required, admit venue is proper in Salt Lake County.

**GENERAL ALLEGATIONS**
**Plaintiff Owns and Protects Its Confidential Information**

5.      Olson denies that OLPC is a law firm based in Utah.

6.      Olson denies the allegations in paragraph 6.

7.      Olson denies OLPC is a law firm, affirmatively alleges that OLPC cannot lawfully hold itself out as a Utah law firm, and is not owned by someone authorized to practice law in Utah or any state. Olson further denies that OLPC possesses any "Confidential Documents." Olson denies the remainder of paragraph 7.

8.      Olson denies the allegations of paragraph 8.

9.      Olson denies he ever signed an employment agreement with OLPC. Olson further denies he entered into any confidentiality agreements with OLPC. Olson denies the remainder of paragraph 9.

**Defendant Agrees to Maintain Confidential Documents in Strict Confidence**

10.     Olson admits he is a lawyer and member of the Utah State Bar.

11.     Olson admits he was employed by OLPC but denies that he was employed to perform the functions of an attorney.

12.     Olson denies he helped enforce OLPC's general staff agreement. Olson denies that he helped draft any employment agreements for OLPC prior to commencing employment with OLPC.  Olson denies he personally entered into a staff agreement form. Olson further

denies he entered into any confidentiality agreements with OLPC. Olson denies the remainder of paragraph 12.

13.     Olson denies he helped enforce OLPC's general staff agreement. Olson denies that he had seen OLPC employment agreement prior to commencing employment with OPLC. Olson denies that all staff were required to sign an employment agreement.  Olson denies he personally entered into a staff agreement form. Olson further denies he entered into any confidentiality agreements with OLPC. Olson denies the remainder of paragraph 13.

14.     Olson denies he ever signed an employment agreement with OLPC. Olson further denies he entered into any confidentiality agreements with OLPC. Olson denies the remainder of paragraph 14.

15.     Olson denies he was employed by OLPC to perform the functions of an attorney. Olson denies the remainder of paragraph 15.

16.     Olson denies he maintained any contractual duties to OLPC. Olson further denies he owed any fiduciary duties to OLPC due to his position as a licensed Utah attorney. Olson further denies that the Utah Rules of Professional Conduct may be used to impose civil liability. Olson denies the remainder of paragraph 16.

17.     Olson admits he is a member of the Utah State Bar. Olson denies that the Utah Rules of Professional Conduct may be used to impose civil liability.  Olson denies the remainder of paragraph 17.

18.     Olson admits he is a member of the Utah State Bar. Olson denies that the Utah Rules of Professional Conduct may be used to impose civil liability.  Olson denies the remainder of paragraph 18.

19.    Olson denies that the Utah Rules of Professional Conduct may be used to impose civil liability.  Olson denies the remainder of paragraph 19.

**Defendant Accesses Plaintiff's Confidential Documents Without Justification**

20.    Olson denies his employment formally ceased in June 2019. Olson admits that his employment ceased in approximately August 2019.

21.    Olson denies the allegations in paragraph 21 for lack of sufficient knowledge or information.

22.    Olson denies the allegations of paragraph 22.

23.    Olson denies the allegations of paragraph 23.

24.    Olson denies the allegations in paragraph 24 for lack of sufficient knowledge or information.

25.    Olson denies the allegations in paragraph 25 for lack of sufficient knowledge or information.

26.    Olson denies the allegations of paragraph 26.

27.    Olson denies the allegations in paragraph 27 for lack of sufficient knowledge or information.

28.    Olson denies he had knowledge of the undisclosed former employee's employment agreement.  Olson denies he owed fiduciary duties to OLPC due to his position as a licensed Utah attorney. Olson further denies that the Utah Rules of Professional Conduct may be used to impose civil liability.  Olson denies the remainder of paragraph 28.

29.    Olson denies the allegations in paragraph 29 for lack of sufficient knowledge or information.

30.    Olson denies the allegations in paragraph 30 for lack of sufficient knowledge or information.

31.    Olson denies the allegations in paragraph 31 for lack of sufficient knowledge or information.

### Defendant Shares Plaintiff's Converted Documents with Others

32.    Olson denies the allegations in paragraph 32 for lack of sufficient knowledge or information.

33.    Olson denies the allegations in paragraph 33 for lack of sufficient knowledge or information.

34.    Olson denies the allegations in paragraph 34 for lack of sufficient knowledge or information.

35.    Olson denies the allegations in paragraph 35 for lack of sufficient knowledge or information.

### Defendant Intends to Share Additional Confidential Information in Violation of His Contractual, Fiduciary, and Ethical Duties

36.    Olson denies he misappropriated OLPC's property. Olson denies the remainder of paragraph 36 for lack of sufficient knowledge or information.

37.    Olson denies the allegations in paragraph 37 for lack of sufficient knowledge or information.

### <u>FIRST CAUSE OF ACTION</u>
#### (Conversion)

38.    Olson hereby incorporates by reference the allegations contained paragraphs 1-37 as though fully set forth herein.

39.    Olson denies the allegations in paragraph 39 for lack of sufficient knowledge or information.

40.    Olson denies he willfully interfered with Plaintiff's rights to sole use and possession of its undisclosed "Confidential Documents." Olson denies the remainder of paragraph 40 for lack of sufficient knowledge or information.

41.    Olson denies the allegations in paragraph 41 for lack of sufficient knowledge or information.

42.    Olson denies the allegations in paragraph 42 for lack of sufficient knowledge or information.

43.    Olson denies he misappropriated or converted OLPC's property. Olson further denies that the Utah Rules of Professional Conduct may be used to impose civil liability. Olson denies the remainder of paragraph 43 included all discrete subparts.

44.    Olson denies the allegations of paragraph 44.

45.    Olson denies the allegations of paragraph 45.

## SECOND CAUSE OF ACTION
### (Breach of Contract)

46.    Olson hereby incorporates by reference the allegations contained paragraphs 1-45 as though fully set forth herein.

47.    Olson denies he ever signed an employment agreement with OLPC. Olson further denies he entered into any confidentiality agreements with OLPC. Olson denies the remainder of paragraph 47.

48.    Olson denies the allegations of paragraph 48.

49.    Olson denies the allegations of paragraph 49.

50.     Olson denies the allegations of paragraph 50.

## THIRD CAUSE OF ACTION
### (International Interference with Economic Relations

51.     Olson hereby incorporates by reference the allegations contained paragraphs 1-50 as though fully set forth herein.

52.     Olson denies the allegations of paragraph 52.

53.     Olson denies the allegations of paragraph 53.

54.     Olson denies the allegations of paragraph 54.

55.     Olson denies the allegations of paragraph 55.

56.     Olson denies the allegations of paragraph 56.

## FOURTH CAUSE OF ACTION
### (Breach of Fiduciary Duty)

57.     Olson hereby incorporates by reference the allegations contained paragraphs 1-56 as though fully set forth herein.

58.     Olson denies OLPC is a law firm. Olson denies he owed any fiduciary duty to OLPC due to his position as a licensed Utah attorney. Olson denies the remainder of paragraph 58.

59.     Olson denies the allegations of paragraph 59.

60.     Olson denies the allegations of paragraph 60.

61.     Olson denies the allegations of paragraph 61.

62.     Olson denies the allegations of paragraph 62.

## FIFTH CAUSE OF ACTION
### (Aiding and Abetting Conversion)

63.     Olson hereby incorporates by reference the allegations contained paragraphs 1-62 as though fully set forth herein.

64.     Olson denies the allegations in paragraph 64 for lack of sufficient knowledge or information.

65.     Olson denies the allegations of paragraph 65.

66.     Olson denies the allegations of paragraph 66.

67.     Olson denies the allegations of paragraph 67.

68.     Olson denies the allegations of paragraph 68.

## SIXTH CAUSE OF ACTION
### (Injunctive Relief)

69.     Olson hereby incorporates by reference the allegations contained paragraphs 1-68 as though fully set forth herein.

70.     Olson denies the allegations of paragraph 70.

71.     Olson denies the allegations of paragraph 71.

72.     Olson denies that the Utah Rules of Professional Conduct may be used to impose civil liability. Olson denies the remainder of paragraph 72.

73.     Olson denies the allegations of paragraph 73.

74.     Olson denies the allegations of paragraph 74.

### GENERAL DENIAL

Olson denies every allegation in the Complaint he has not specifically admitted.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

OLPC lacks standing to maintain its claims because it is not a law firm that maintains "client documents" and it does not own, maintain, or control the alleged "Converted Documents."

### SECOND AFFIRMATIVE DEFENSE

OLPC lacks any standing or authority to raise the Utah Rules of Professional Conduct as a basis for liability in this proceeding. Utah R. Prof. Conduct, Preamble, ¶ 20 ("The Rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability.")

### THIRD AFFIRMATIVE DEFENSE

OLPC's claims are barred for failure to join an indispensable party.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

OLPC's claims are barred by the operation of the doctrines of estoppel, acquiescence, waiver, and forfeiture.

### SIXTH AFFIRMATIVE DEFENSE

OLPC's claims fail to the extent that they are barred by the doctrine of avoidable consequences.

SEVENTH AFFIRMATIVE DEFENSE

OLPC's claims are barred, in whole or in part, because OLPC has failed to allege, and has not suffered, any cognizable injury attributable, in whole or in part, to Olson.

EIGHTH AFFIRMATIVE DEFENSE

OLPC's claims fail because Olson did not breach any duty owed to OLPC.

NINTH AFFIRMATIVE DEFENSE

OLPC's claim fails because Olson did not cause, proximately or otherwise, OLPC to suffer any damage in any amount whatsoever.

TENTH AFFIRMATIVE DEFENSE

OLPC's damage claim fails to the extent that their damages, if any, were caused or exacerbated by their own conduct or the conduct of individuals or entities over whom OLPC had or should have had custody or control.

ELEVENTH AFFIRMATIVE DEFENSE

The claims are barred, in whole or in part, by OLPC's failure to mitigate damages.

TWELFTH AFFIRMATIVE DEFENSE

OLPC's claims are barred, in whole or in part, by the doctrine of unclean hands.

FOURTEENTH AFFIRMATIVE DEFENSE

To the extent that there are third parties who were responsible for OLPC's injuries and damages, and over whom Olson exercised no control, such third parties, including OLPC and all

co-defendants, should be included on the Special Verdict for the purposes of apportionment of fault.

FIFTHTEENTH AFFIRMATIVE DEFENSE

OLPC's claims for punitive damages are barred by applicable sections of the United States Constitution, including, but not limited to, the Due Process Clause of the Fifth Amendment and Fourteenth Amendments; the Excess Fines Clause of the Eighth Amendment; the Equal Protection Clause of the Sixth and Fourteenth Amendments; and the Contracts Clause of Article 1, Section 10.

SIXTEENTH AFFIRMATIVE DEFENSE

OLPC's claims for punitive damages are barred by applicable sections of the Constitution of the State of Utah, including, but not limited to, Article 1, Sections 1, 7, 9, 10, 11, and 12.

SEVENTEENTH AFFIRMATIVE DEFENSE

OLPC's claims for punitive damages are barred because Olson's actions were not willful, malicious or intentional; nor did any actions or inactions manifest a knowing and reckless indifference toward and disregard for the rights of others.

EIGHTEENTH AFFIRMATIVE DEFENSE

OLPC's claims for punitive damages are barred because OLPC, as a matter of law, cannot establish or support a demand for punitive damages by clear and convincing evidence.

**WHEREFORE**, Olson requests the following relief:

1.    That the Complaint be dismissed in its entirety with prejudice;

2.    That OLPC's demands for relief be denied in every respect;

3.      That Olson be awarded its costs in connection with this litigation, including

reasonable attorneys' fees pursuant to Utah Code Ann. § 78B-5-825; and

4.      That the Court grant such other and further relief as may be just, proper, and

equitable.

DATED this 31st day of March, 2021.

FABIAN VANCOTT

*/s/ Sarah C. Vaughn*
Scott M. Lilja
Sarah C. Vaughn
*Attorneys for Ephraim Olson*

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on this 31st day of March, 2021, a true and correct copy of the foregoing **ANSWER** was served through the court's efiling system which caused notice of filing to be sent to all counsel of record.

                            */s/ Sarah C. Vaughn*

# EXHIBIT C

David J. Jordan (1751)
Mark E. Hindley (07222)
Jordan C. Hilton (17506)
STOEL RIVES LLP
201 S. Main Street, Suite 1100
Salt Lake City, UT  84111
Telephone:  801.328.3131
*david.jordan@stoel.com*
*mark.hindley@stoel.com*
*jordan.hilton@stoel.com*

*Attorneys for OL Private Counsel, LLC*

## IN THE THIRD JUDICIAL DISTRICT COURT IN AND FOR
## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| OL PRIVATE COUNSEL, LLC, a Utah limited liability company,<br><br>        Plaintiff,<br><br>    v.<br><br>EPHRAIM OLSON, a Utah resident,<br><br>        Defendant. | **FIRST AMENDED COMPLAINT AND JURY DEMAND**<br><br>Civil No. 210901401<br><br>The Honorable James Gardner<br><br>Tier 3 |

Plaintiff OL Private Counsel ("OLPC" or "Plaintiff") hereby complains against defendant

Ephraim Olson ("Defendant") and for its causes of action alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      OLPC is a Utah limited liability company.

2.      Ephraim Olson is an attorney licensed to practice law in the State of Utah and a

resident of Salt Lake County, Utah.

3.      This Court has jurisdiction over this matter pursuant to Utah Code Ann. § 78A-5-

102.

4.      Venue lies in this Court pursuant to Utah Code Ann. § 78B-3-307.

## GENERAL ALLEGATIONS

### Plaintiff Owns and Protects Its Confidential Documents

5.      OLPC is a law firm based in Utah.

6.      OLPC associates with and serves clients in common with OL Private Corporate

Counsel International Ltd., ("OLPCCI") and International Tax Counsel Ltd. ("ITC").

7.      As a law firm, and as a result of its association with OLPCCI and ITC, OLPC

owns and possesses many confidential documents ("Confidential Documents").  These

Confidential Documents include but are not limited to client documents such as trust and tax

documents.

8.      Plaintiff secures its Confidential Documents in its offices, electronically stores

such documents on password-protected, encrypted servers, and limits access to its Confidential

Documents.

9.      Plaintiff also requires staff and employees to execute an employment agreement

that strictly prohibits the employee or staff member from sharing OLPC's Confidential

Documents. The confidentiality obligations in such agreements last indefinitely.

### Defendant Agrees to Maintain Confidential Documents in Strict Confidence

10.      Defendant is a lawyer and a member of the Utah State Bar.

11.      Defendant was employed as an attorney with OLPC from approximately 2015

until approximately June 2019.

12.      As an employee of OLPC, Defendant helped draft and enforce OLPC's general

staff agreement form, which OLPC executed with its staff. The form staff agreement prohibited a

staff member or employee from disclosing OLPC's Confidential Documents—including client

information—both during and after his or her work for OLPC.

2

13.    Having assisted with drafting OLPC's form employment agreement, Defendant was, at all relevant times, aware of OLPC's express requirement that all staff and employees maintain all Confidential Documents—including client information—in strict confidence.

14.    Defendant agreed with OLPC that, as a condition of his employment with OLPC, Defendant would maintain all the Confidential Documents in strict confidence both during and after his employment with OLPC ("Employment Agreement").

15.    As an attorney employed with Plaintiff, Defendant owed Plaintiff a fiduciary duty, which included, at a minimum, a duty to maintain Plaintiff's confidential information in strict confidence and a duty of honest and ethical behavior.

16.    Moreover, beyond any contractual and fiduciary obligations, Defendant had independent ethical obligations under the Utah Rules of Professional Conduct to maintain confidentiality. Specifically, as a member of the Utah State Bar, Defendant is subject to Rule 1.6 of the Utah Rules of Professional Conduct, which states that "[a] lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent."

17.    As a member of the Utah State Bar, Defendant is also subject to Rule 1.9(c) of the Utah Rules of Professional Conduct, which states that "[a] lawyer who has formerly represented a client in a matter . . . shall not thereafter: (c)(1) use information relating to the representation to the disadvantage of the former client . . . or (c)(2) reveal information relating to the representation" except as the rules of professional conduct allow.

18.    As a member of the Utah State Bar, Defendant is additionally subject to Rule 8.4 of the Utah Rules of Professional Conduct, which provides that a lawyer shall not "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

3

19.     At all relevant times, Defendant has been aware of his ethical obligations under the Utah Rules of Professional Conduct.

### Defendant Accesses Plaintiff's Confidential Documents Without Justification

20.     Defendant's employment with OLPC ceased in June 2019.

21.     When Defendant's employment with OLPC ceased, OLPC blocked Defendant's access to OLPC's Confidential Documents and removed Defendant's login credentials from OLPC's computer network. By August 2019, Defendant no longer had access to OLPC's (or ITC's or OLPCCI's) offices or servers.

22.     On or around June 2020, Defendant devised a scheme to wrongfully access Plaintiff's Confidential Documents, in violation of state and federal law, Defendant's contractual obligations, ethical and fiduciary duties, and Plaintiff's express company policies.

23.     Upon information and belief, Defendant sought such Confidential Documents in connection with an ongoing dispute between Defendant's father, Thomas Olson, and Defendant's mother, Carolyn Olson (the "Marital Dispute").

24.     On or around June 2020, Defendant, through a secure application called "Telegram," began messaging a former employee of ITC ("Former Employee"). The Former Employee had left ITC's employ in May 2020.

25.     As an employee of ITC, the Former Employee had executed an employment agreement ("ITC Employment Agreement"), which prohibited the Former Employee from at any time sharing, disclosing, copying, or otherwise disseminating any confidential information to which he had access as a result of the Former Employee's employment with ITC.

26.     At all relevant times, Defendant was aware of the Former Employee's confidentiality obligations under the ITC Employment Agreement.

4

27.     During his employment with ITC, the Former Employee had access to OLPC's Confidential Documents through ITC's computer network and servers. The computer servers on ITC's network were used in and affected interstate or foreign commerce or communication because ITC and OLPC used such computers to store and transmit confidential client information, communications (including emails) and other documents to and from the United States and throughout the world.

28.     Upon information and belief, after he left ITC's employ, the Former Employee improperly and wrongfully retained electronic access to certain Confidential Documents through ITC's computer network and servers.

29.     On June 12, 2020, despite Defendant's knowledge of the ITC Employment Agreement and its prohibition against the disclosure of confidential information, his fiduciary duties to Plaintiff, and his ethical obligations as a Utah attorney, Defendant conspired and formed a plan with the Former Employee to obtain OLPC's Confidential Documents

30.     Specifically, Defendant messaged the Former Employee on Telegram and asked the Former Employee to access ITC's computer servers to obtain any information relevant to the Marital Dispute.

31.     At the request and enticement of Defendant, the Former Employee agreed to use his access to ITC's computer servers to access many of Plaintiff's Confidential Documents. The Former Employee would not have agreed to access ITC's computer servers but for the encouragement and enticement of Defendant.

32.     On or around June 12, 2020, the Former Employee used his wrongfully-retained access to ITC's computer servers to access the Confidential Documents.

33.    On or around June 12, 2020, Defendant asked the Former Employee to transmit those files to Defendant, which the Former Employee did.

34.    After receiving those wrongly transferred Confidential Documents, Defendant accessed, copied, and possessed such documents.

35.    Defendant had no authorization, right, or justification to access, copy, or possess Plaintiff's Confidential Documents.

**Defendant Shares Plaintiff's Converted Documents with Others**

36.    After wrongfully obtaining Plaintiff's Confidential Documents, Defendant began sharing such information with others, including Carolyn Olson.

37.    For example, on or before June 18, 2020, Defendant communicated to Carolyn Olson that the Former Employee had Plaintiff's Confidential Documents. Defendant also provided Carolyn Olson with contact information for the Former Employee and assisted Carolyn Olson to obtain the Confidential Documents from the Former Employee.

38.    As a direct result of Defendant's conduct, the Former Employee and Defendant shared Confidential Documents with Carolyn Olson (together with the Confidential Documents Defendant obtained from the Former Employee, the "Converted Documents").

39.    The Converted Documents that Defendant, in conjunction with the Former Employee, shared with Carolyn Olson are highly sensitive and confidential. Such documents include asset protection trusts, whose value to Plaintiff's clients is dependent, in part, on the extent such documents remain confidential.

6

**Defendant Intends to Share Additional Confidential Information
in Violation of His Contractual, Fiduciary, and Ethical Duties**

40.      Upon information and belief, in addition to misappropriating and sharing the

Converted Documents, Defendant continues to share further Confidential Documents regarding

Plaintiff and Plaintiff's clients.

41.      Plaintiff is aware of documents and/or information that, upon information and

belief, Defendant has which, if published, would reveal confidential business relationships,

business practices, revenue information, and corporate structures related to Plaintiff's business,

all of which Defendant obtained or learned of while employed with OLPC.

## FIRST CAUSE OF ACTION
### (Conversion)

42.      Plaintiff hereby incorporates by reference the allegations contained in the

preceding paragraphs of the Complaint, as though fully set forth herein.

43.      Plaintiff is the rightful owner of its Confidential Documents, including the

Converted Documents.

44.      By encouraging, enticing, conspiring, and working with the Former Employee to

transmit the Converted Documents to Defendant and to other third parties, and by copying,

retaining, and sharing the Converted Documents, Defendant willfully interfered with Plaintiff's

rights to sole use and possession of its Confidential Documents.  For example, Defendant's

actions interfered with Plaintiff's rights to restrict access to, and dissemination of, its

Confidential Documents.

45.      Defendant has no right or justification to take the Converted Documents or to

assist third parties to wrongfully obtain the Converted Documents.

7

46.     The Converted Documents derive a significant portion of their value by remaining confidential. Defendant's actions to misappropriate, and then share, the Converted Documents have caused the Converted Documents to decrease in value and usefulness.

47.     Defendant's actions to misappropriate and then share the Converted Documents violate numerous Utah Rules of Professional Conduct.  For example:

a.   Defendant's actions to convert and then share the Converted Documents violate Rule 1.6 of the Utah Rules of Professional Conduct, which states that "[a] lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent."

b.   Defendant's actions to convert and then share the Converted Documents violate Rule 1.9(c) of the Utah Rules of Professional Conduct, which states that "[a] lawyer who has formerly represented a client in a matter . . . shall not thereafter: (c)(1) use information relating to the representation to the disadvantage of the former client . . . or (c)(2) reveal information relating to the representation" except as the rules of professional conduct allow.

c.   Defendant's actions to convert and then share the Converted Documents violate Rule 8.4 of the Utah Rules of Professional Conduct, which states that a lawyer shall not "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

48.     Defendant's actions to convert, share, and assist others to convert the Converted Documents were willful, malicious, and made with reckless disregard for Plaintiff's rights in the Converted Documents.

49.     As a direct result of Defendant's willful and malicious conversion of the Converted Documents, Defendant is liable to Plaintiff: (i) for actual damages in an amount to be determined at trial, but not less than $500,000; and (ii) for punitive damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Breach of Contract)

50.     Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of the Complaint, as though fully set forth herein.

51.     Defendant entered into the Employment Agreement with OLPC that, as a condition of his employment with OLPC, Defendant would indefinitely maintain all the Confidential Documents in strict confidence.

52.     At all times, OLPC has performed its obligations under the Employment Agreement.

53.     Defendant breached the Employment Agreement by intentionally disclosing the Converted Documents to third parties.

54.     As a direct and proximate result of Defendant's breaches of the Employment Agreement, Plaintiff has suffered damages in an amount to be proven at trial, but not less than $500,000.

## THIRD CAUSE OF ACTION
### (Intentional Interference with Economic Relations)

55.     Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of the Complaint, as though fully set forth herein.

56.     By encouraging, enticing, and conspiring with the Former Employee to share the Converted Documents with him, and by encouraging others to obtain Converted Documents from the Former Employee, Defendant intentionally interfered with Plaintiff's existing and potential economic relations, including but not limited to its relationships with its clients.

57.     Defendant's intentional encouragement to, enticement of, and conspiracy with the Former Employee to breach the ITC Employment Agreement and disseminate, copy, and share

9

the Converted Documents was done through improper means. Defendant had no justification for encouraging and enticing the Former Employee to share the Converted Documents, and Defendant's primary intent in encouraging, enticing, and conspiring with the Former Employee to share the Converted Documents was to injure Plaintiff.

58.    Defendant's interference with Plaintiff's other current and future economic relations has injured Plaintiff, which injuries include but are not limited to: damage to Plaintiff's reputation as a result of the disclosure of the Converted Documents; a reduced ability to assure clients that all information will be kept strictly confidential; and the loss of prospective new clients as a result of Defendant's wrongful interference.

59.    Defendant's intentional interference with Plaintiff's current and future economic relations was willful, malicious, and made with reckless disregard for Plaintiff's rights.

60.    As a result of Defendant's intentional interference with Plaintiff's current and future economic relations, Defendant is liable to Plaintiff: (i) for actual damages in an amount to be determined at trial, but not less than $500,000; and (ii) for punitive damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (Breach of Fiduciary Duty)

61.    Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of the Complaint, as though fully set forth herein.

62.    As an employee and associate of the Plaintiff (a law firm), Defendant owed Plaintiff a fiduciary duty.

63.     This fiduciary duty included, at a minimum, a duty to maintain all of Plaintiff's confidential information—including the Confidential Documents—in strict confidence, a duty to act in the best interests of the Plaintiff, and a duty of honest and ethical behavior.

10

64.     Defendant breached his fiduciary duties to Plaintiff by, *inter alia*: wrongfully accessing Plaintiff's Confidential Documents without justification; encouraging, enticing, and conspiring with the Former Employee to access Plaintiff's Confidential Documents without justification; and sharing Plaintiff's Confidential Documents without justification or authorization from Plaintiff.

65.     Defendant's breaches of fiduciary duties were willful and malicious and made with reckless disregard for Plaintiff's rights.

66.      As a direct and proximate result of Defendant's willful and malicious breaches of fiduciary duties to Plaintiff, Defendant is liable to Plaintiff: (i) for actual damages in an amount to be determined at trial, but not less than $500,000; and (ii) for punitive damages in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (CFAA Conspiracy)

67.     Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of the Complaint, as though fully set forth herein.

68.     ITC's computer servers are "protected computers" under the meaning of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*

69.     Upon information and belief, neither the Former Employee nor Defendant had any authority to access the Confidential Documents in June 2020 or at any time thereafter.

70.     Neither the Former Employee nor Defendant had any reason to believe that either had authority to access the Confidential Documents in June 2020 or at any time thereafter.

71.     Upon information and belief, at the request of and in concert with Defendant, the Former Employee accessed ITC's computer servers to obtain the Confidential Documents.

72.     Through the Former Employee's unauthorized access of the Confidential Documents, the Former Employee and Defendant obtained information, including OLPC's confidential client information.

73.     Through the Former Employee's unauthorized access of the Confidential Documents, Plaintiff has been harmed, in an amount to be proved at trial, but no less than $5,000.

74.     Upon information and belief, Defendant conspired with and enticed the Former Employee to access ITC's computer servers. The Former Employee would not have accessed ITC's computer servers but for Defendant's encouragement and enticement.

75.     Through communicating via Telegram and other messaging applications and using the Former Employee's wrongfully-retained access to ITC's computer networks to access the Confidential Documents, the Former Employee and Defendant engaged in common activities in furtherance of their conspiracy to obtain Confidential Documents in violation of the CFAA.

## SIXTH CAUSE OF ACTION
### (Aiding and Abetting Conversion)

76.     Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of the Complaint, as though fully set forth herein.

77.     The Former Employee's copying, possessing, and sharing of Converted Documents with Carolyn Olson constitutes conversion.

78.     Defendant knowingly and intentionally encouraged, enticed, and conspired with the Former Employee to convert Plaintiff's Converted Documents and participated with and joined the Former Employee in converting Plaintiff's Converted Documents.

79.     But for Defendant's conduct toward the Former Employee, the Former Employee would not have converted Plaintiff's Converted Documents.

12

80.    Defendant's aiding and abetting the Former Employee to convert Plaintiff's Converted Documents was willful and malicious and made with reckless disregard for Plaintiff's rights.

81.    As a direct and proximate result of Defendant's aiding and abetting the Former Employee to convert Plaintiff's Converted Documents, Defendant is liable to Plaintiff: (i) for actual damages in an amount to be determined at trial, but not less than $500,000; and (ii) for punitive damages in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION
### (Injunctive Relief)

82.    Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of the Complaint, as though fully set forth herein.

83.    Defendant's conversion of the Converted Documents has caused and will cause irreparable harm to Plaintiff, for which money damages are inadequate. Such irreparable harm includes but is not limited to Plaintiff's loss of clients' goodwill and damage to Plaintiff's reputation.

84.    The injuries to Plaintiff from the continued conversion of the Converted Documents are substantial, severe, and outweigh the minimal burdens a narrowly tailored injunction might place on Defendant.

85.    Defendant's actions, including the conversion of the Converted Documents have violated or would violate at least Rules 1.6, 1.9, and 8.4 of the Utah Rules of Professional Conduct.

86.    The public interest favors a narrowly tailored injunction prohibiting Defendant from further converting more of Plaintiff's Confidential Documents, from sharing any of

13

Plaintiff's confidential information, and from sharing any client information protected by the Rules of Professional Conduct or any other law, rule, or regulation.

87.　　There is a substantial likelihood that Plaintiff will prevail on its claims against Defendant.

## **JURY DEMAND**

Plaintiff demands a jury trial on all issues triable by right of jury.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays this Court enter judgment against Defendant, and in favor of Plaintiff, as follows:

On the First Cause of Action

1.　　For general compensatory and consequential damages against Defendant in an amount subject to proof at trial, but not less than $500,000;

2.　　For punitive damages against Defendant in an amount to be determined at trial; and

3.　　For such other relief as the Court deems just and proper.

On the Second Cause of Action

1.　　For general compensatory and consequential damages against Defendant in an amount subject to proof at trial, but not less than $500,000; and

2.　　For such other relief as the Court deems just and proper.

On the Third Cause of Action

1.　　For general compensatory and consequential damages against Defendant in an amount subject to proof at trial, but not less than $500,000;

2.　　For punitive damages against Defendant in an amount to be determined at trial; and

3.    For such other relief as the Court deems just and proper.

On the Fourth Cause of Action

1.    For general compensatory and consequential damages against Defendant in an amount subject to proof at trial, but not less than $500,000;

2.    For punitive damages against Defendant in an amount to be determined at trial; and

3.    For such other relief as the Court deems just and proper.

On the Fifth Cause of Action

1.    For general compensatory and consequential damages against Defendant in an amount subject to proof at trial, but not less than $500,000;

2.    For such other relief as the Court deems just and proper.

On the Sixth Cause of Action

1.    For general compensatory and consequential damages against Defendant in an amount subject to proof at trial, but not less than $500,000;

2.    For punitive damages against Defendant in an amount to be determined at trial; and

3.    For such other relief as the Court deems just and proper.

On the Seventh Cause of Action

1.    For a permanent injunction against Defendant, ordering Defendant to:

a.    Return all physical copies of all Confidential Documents to Plaintiff;

b.    Destroy all electronic copies of all Confidential Documents and certify the same in writing to Plaintiff;

15

c.      Immediately cease using, sharing, transmitting, exploiting, or accessing or attempting to access, directly or indirectly, any of Plaintiff's Confidential Documents;

d.      Immediately cease using, sharing, transmitting, exploiting, or accessing or attempting to access, directly or indirectly, any confidential client information as required by the Utah Rules of Professional Conduct; and

e.      Identify in writing all third parties with whom Defendant has shared or transmitted Plaintiff's Confidential Documents and to obtain any such shared or transmitted copies from such third parties.

2.      For such other relief as the Court deems just and proper.

DATED:  June 13, 2021.

STOEL RIVES LLP

*/s/ David J. Jordan*
David J. Jordan
Mark E. Hindley
Jordan C. Hilton
*Attorneys for OL Private Counsel, LLC*

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 13th day of July, 2021, a true and correct copy of the

foregoing **FIRST AMENDED COMPLAINT AND JURY DEMAND** was served on the

following via the Court's electronic filing system:

> Scott M. Lilja
> Sarah C. Vaughn
> FABIAN VANCOTT
> 215 South State Street, Ste. 1200
> Salt Lake City, UT 84111-2323
> Telephone: (801) 531-8900
> slilja@fabianvancott.com
> svaughn@fabianvancott.com
> *Attorneys for Defendant*

> */s/ Wendi O. Wacker*

17

# EXHIBIT D

```
                        3RD DISTRICT COURT
                SALT LAKE COUNTY, STATE OF UTAH


            OL PRIVATE COUNSEL LLC vs. EPHRAIM OLSON
```
CASE NUMBER 210901401 Intentional Tort
```

CURRENT ASSIGNED JUDGE
        JAMES GARDNER

PARTIES
        Plaintiff - OL PRIVATE COUNSEL LLC
        Represented by: DAVID JORDAN
        Represented by: MARK HINDLEY
        Represented by: JORDAN HILTON


        Defendant - EPHRAIM OLSON
        Represented by: SARAH VAUGHN
        Represented by: SCOTT LILJA



ACCOUNT SUMMARY
            Total Revenue Amount Due:        625.00
                        Amount Paid:         625.00
                      Amount Credit:           0.00
                            Balance:           0.00
        REVENUE DETAIL - TYPE: COMPLAINT 10K-MORE
                  Original Amount Due:       375.00
                  Amended Amount Due:        375.00
                        Amount Paid:         375.00
                      Amount Credit:           0.00
                            Balance:           0.00


        REVENUE DETAIL - TYPE: JURY DEMAND - CIVIL
                  Original Amount Due:       250.00
                  Amended Amount Due:        250.00
                        Amount Paid:         250.00
                      Amount Credit:           0.00
                            Balance:           0.00



CASE NOTE



PROCEEDINGS
03-12-2021   Filed: Complaint and Jury Demand
03-12-2021   Case filed by efiler
03-12-2021   Fee Account created Total Due: 375.00
03-12-2021   Fee Account created Total Due: 250.00
03-12-2021   COMPLAINT 10K-MORE Payment Received:  375.00
03-12-2021   JURY DEMAND - CIVIL Payment Received:  250.00
03-12-2021   Judge JAMES GARDNER assigned.
03-12-2021   Note: discovery tier set to 3
```

```
03-12-2021   Filed: Return of Electronic Notification
03-16-2021   Filed return: Summons on Return
                 Party Served: EPHRAIM OLSON
                 Service Type: Personal
                 Service Date: March 12, 2021
                    Garnishee:
03-16-2021   Filed: Return of Electronic Notification
03-31-2021   Filed: Answer
                 Answer Party: EPHRAIM OLSON
03-31-2021   Note: Certificate of Readiness for Trial due 04/13/2022
03-31-2021   Filed: Return of Electronic Notification
03-31-2021   Filed: NOTICE OF EVENT DUE DATES
04-01-2021   Filed: Return of Electronic Notification
04-01-2021   Filed: Appearance of Counsel/Notice of Limited Appearance Scott
             M Lilja
04-01-2021   Filed: Return of Electronic Notification
04-14-2021   Filed: Certificate of Service re OL Private Counsels Initial
             Disclosures
04-14-2021   Filed: Return of Electronic Notification
07-12-2021   Filed: Motion Stipulated Motion for Leave to File Amended
             Complaint
                 Filed by: OL PRIVATE COUNSEL LLC
07-12-2021   Filed: Order (Proposed) Granting Motion for Leave to File
             Amended Complaint
07-12-2021   Filed: Request/Notice to Submit for Decision Stipulated Motion
             for Leave to File Amended Complaint
07-12-2021   Filed: Return of Electronic Notification
07-12-2021   Filed: Return of Electronic Notification
07-12-2021   Note: efiled order sent to judge
07-12-2021   Filed order: Order Granting Motion for Leave to File Amended
             Complaint
                 Judge JAMES GARDNER
                 Signed July 12, 2021
07-12-2021   Filed: Return of Electronic Notification
07-13-2021   Filed: Amended Complaint First Amended Complaint and Jury
             Demand
07-13-2021   Filed: Return of Electronic Notification
```

# EXHIBIT E

3RD DISTRICT COURT
SALT LAKE COUNTY, STATE OF UTAH

| OL PRIVATE COUNSEL LLC, | : | |
| Plaintiff | : | |
| | : | |
| | : | |
| vs. | : | NOTICE OF EVENT DUE DATES |
| | : | |
| | : | |
| | : | |
| EPHRAIM OLSON, | : | Case No: 210901401 TI |
| Defendant | : | Discovery Tier: 3 |
| | : | Judge: JAMES GARDNER |

To Counsel and Parties:

The district court case management system has automatically generated this notice, calculating the dates set forth below under Utah Rule of Civil Procedure 26. These dates will constitute the schedule for disclosures, fact discovery, expert discovery, ADR and readiness for trial. This schedule does not govern extraordinary discovery.

Based on the date the answer was filed, the following event due dates apply in this case. If any date is a Saturday, Sunday or legal holiday, the due date is the following business day.

| | | |
|---|---|---|
| Date Answer filed: | 31-Mar-21 | |
| * Moving party's initial disclosures due: | 14-Apr-21 | (Date answer filed plus 14 days) |
| * Responding party's initial disclosures due: | 12-May-21 | (Date answer filed plus 42 days) |
| * Fact discovery completed: | 08-Dec-21 | (Date responding party's disclosures due plus 120, 180, or 210 days, depending on the discovery tier.) |
| * Expert discovery completed: | 13-Apr-22 | (Date fact discovery completed plus 126 days) |
| * ADR completed (unless exempt): | 13-Apr-22 | (Date expert discovery completed) |
| * Certificate of Readiness for Trial due: | 13-Apr-22 | (Date expert discovery completed) |

The parties shall promptly notify the Court of any settlements or stipulations. Self Help Resources are available at www.utcourts.gov.

CERTIFICATE OF NOTIFICATION

I certify that a copy of the attached document was sent to the following people for case 210901401 by the method and on the date specified.

EMAIL: SARAH VAUGHN

EMAIL: DAVID JORDAN

EMAIL: MARK HINDLEY

EMAIL: JORDAN HILTON

Date:  March 31, 2021                          /s/ CHRIS DAVIES

                                                              Clerk/Clerk of Court

# EXHIBIT F

Scott M. Lilja #4231
Sarah C. Vaughn #14615
FABIAN VANCOTT
215 South State Street, Ste. 1200
Salt Lake City, UT 84111-2323
Telephone: (801) 531-8900
slilja@fabianvancott.com
svaughn@fabianvancott.com
*Attorneys for Defendant*

## IN THE THIRD JUDICIAL DISTRICT COURT, SALT LAKE COUNTY
## STATE OF UTAH

| | |
|---|---|
| OL PRIVATE COUNSEL, LLC, a Utah limited liability company, <br> Plaintiff, <br><br> v. <br><br> EPHRAIM OLSON, an individual, <br> Defendant. | **NOTICE OF APPEARANCE OF COUNSEL** <br><br> Case No. 210901401 <br><br> Judge James Gardner |

PLEASE TAKE NOTICE that Scott M. Lilja of Fabian VanCott hereby enters his appearance as counsel of record for Defendant Ephraim Olson and hereby requests that service of all documents, notices and filings in this case be directed to and served upon him at the following address:

Scott M. Lilja
FABIAN VANCOTT
215 South State Street, Ste. 1200
Salt Lake City, UT 84111-2323
slilja@fabianvancott.com
Facsimile: (801) 596-2814

In addition to Mr. Lilja, Ephraim Olson is currently represented by Sarah C. Vaughn.

DATED this 1st day of April, 2021.

FABIAN VANCOTT

*/s/ Scott M. Lilja*
Scott M. Lilja
Sarah C. Vaughn
*Attorneys for Ephraim Olson*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of April, 2021, a true and correct copy of the foregoing

**NOTICE OF APPEARANCE OF COUNSEL** was served through the court's efiling system

which caused notice of filing to be sent to all counsel of record.

*/s/ Scott M. Lilja*

David J. Jordan (1751)
Mark E. Hindley (07222)
Jordan C. Hilton (17506)
STOEL RIVES LLP
201 S. Main Street, Suite 1100
Salt Lake City, UT  84111
Telephone:  801.328.3131
*david.jordan@stoel.com*
*mark.hindley@stoel.com*
*jordan.hilton@stoel.com*

*Attorneys for OL Private Counsel, LLC*

## IN THE THIRD JUDICIAL DISTRICT COURT IN AND FOR
## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| OL PRIVATE COUNSEL, LLC, a Utah limited liability company,<br><br>                    Plaintiff,<br><br>          v.<br><br>EPHRAIM OLSON, a Utah resident,<br><br>                    Defendant. | **CERTIFICATE OF SERVICE RE OL PRIVATE COUNSEL, LLC'S INITIAL DISCLOSURES**<br><br>Case No. 210901401<br><br>Judge James Gardner<br><br>Tier III |

I hereby certify that on April 14, 2021 I served a copy of  the above referenced document to the following counsel of record via email.

Scott M. Lilja
Sarah C. Vaughn
FABIAN VANCOTT
slilja@fabianvancott.com
svaughn@fabianvancott.com
*Attorneys for Defendant*

STOEL RIVES LLP

*/s/ David Jordan*

David Jordan
Mark Hindley
Jordan Hilton
*Attorneys for OL Private Counsel*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 14th day of April, 2021, a true and correct copy of the

foregoing **CERTIFICATE OF SERVICE RE OL PRIVATE COUNSEL, LLC'S INITIAL**

**DISCLOSURES** was served on counsel of record via electronic filing.


_/s/ Rachel L.H. DiFrancesco_

2

David J. Jordan (1751)
Mark E. Hindley (07222)
Jordan C. Hilton (17506)
STOEL RIVES LLP
201 S. Main Street, Suite 1100
Salt Lake City, UT 84111
Telephone: 801.328.3131
*david.jordan@stoel.com*
*mark.hindley@stoel.com*
*jordan.hilton@stoel.com*

*Attorneys for OL Private Counsel, LLC*

**IN THE THIRD JUDICIAL DISTRICT COURT IN AND FOR
SALT LAKE COUNTY, STATE OF UTAH**

| | |
|---|---|
| OL PRIVATE COUNSEL, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>EPHRAIM OLSON, a Utah resident,<br><br>Defendant. | **STIPULATED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Case No. 210901401<br><br>Judge James Gardner<br><br>Tier III |

Pursuant to Rules 7(k) and 15 of the Utah Rules of Civil Procedure, Plaintiff OL Private

Counsel, LLC ("OLPC") moves the Court for leave to file an amended complaint, a copy of

which is attached hereto as **Exhibit A**, in the above-captioned action ("Motion"). Pursuant to

Utah Rule of Civil Procedure 15(a)(2), Defendant Ephraim Olson has stipulated to this Motion.

Rule 15 states that the "court should freely give permission [to amend] when justice

requires." Utah R. Civ. P. 15(a)(2). Granting leave to amend here is in the interest of justice

because the proposed amended complaint incorporates facts OLPC has learned since filing its

complaint, and because the parties have conducted no formal discovery beyond exchanging

initial disclosures. A proposed order and request to submit for decision are submitted herewith.

DATED:  July 12, 2021.


STOEL RIVES LLP

*/s/ David Jordan*

David Jordan
Mark Hindley
Jordan Hilton

*Attorneys for OL Private Counsel*


FABIAN VANCOTT

*/s/ Scott Lilja (with permission via email)*

Scott M. Lilja
Sarah C. Vaughn

*Attorneys for Ephraim Olson*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 12th day of July, 2021, a true and correct copy of the

foregoing **STIPULATED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

was served on the following via the Court's electronic filing system:

> Scott M. Lilja
> Sarah C. Vaughn
> FABIAN VANCOTT
> 215 South State Street, Ste. 1200
> Salt Lake City, UT 84111-2323
> Telephone: (801) 531-8900
> slilja@fabianvancott.com
> svaughn@fabianvancott.com
> *Attorneys for Defendant*

> */s/ Wendi O. Wacker*

# EXHIBIT A

David J. Jordan (1751)
Mark E. Hindley (07222)
Jordan C. Hilton (17506)
STOEL RIVES LLP
201 S. Main Street, Suite 1100
Salt Lake City, UT 84111
Telephone: 801.328.3131
*david.jordan@stoel.com*
*mark.hindley@stoel.com*
*jordan.hilton@stoel.com*

*Attorneys for OL Private Counsel, LLC*

## IN THE THIRD JUDICIAL DISTRICT COURT IN AND FOR
## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| OL PRIVATE COUNSEL, LLC, a Utah limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> EPHRAIM OLSON, a Utah resident, <br><br> Defendant. | **FIRST AMENDED COMPLAINT AND JURY DEMAND** <br><br> Civil No. 210901401 <br><br> The Honorable James Gardner <br><br> Tier 3 |

Plaintiff OL Private Counsel ("OLPC" or "Plaintiff") hereby complains against defendant

Ephraim Olson ("Defendant") and for its causes of action alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1.    OLPC is a Utah limited liability company.

2.    Ephraim Olson is an attorney licensed to practice law in the State of Utah and a
resident of Salt Lake County, Utah.

3.    This Court has jurisdiction over this matter pursuant to Utah Code Ann. § 78A-5-
102.

4.    Venue lies in this Court pursuant to Utah Code Ann. § 78B-3-307.

## GENERAL ALLEGATIONS

### Plaintiff Owns and Protects Its Confidential Documents

5.      OLPC is a law firm based in Utah.

6.      OLPC associates with and serves clients in common with OL Private Corporate

Counsel International Ltd., ("OLPCCI") and International Tax Counsel Ltd. ("ITC").

7.      As a law firm, and as a result of its association with OLPCCI and ITC, OLPC

owns and possesses many confidential documents ("Confidential Documents"). These

Confidential Documents include but are not limited to client documents such as trust and tax

documents.

8.      Plaintiff secures its Confidential Documents in its offices, electronically stores

such documents on password-protected, encrypted servers, and limits access to its Confidential

Documents.

9.      Plaintiff also requires staff and employees to execute an employment agreement

that strictly prohibits the employee or staff member from sharing OLPC's Confidential

Documents. The confidentiality obligations in such agreements last indefinitely.

### Defendant Agrees to Maintain Confidential Documents in Strict Confidence

10.     Defendant is a lawyer and a member of the Utah State Bar.

11.     Defendant was employed as an attorney with OLPC from approximately 2015

until approximately June 2019.

12.     As an employee of OLPC, Defendant helped draft and enforce OLPC's general

staff agreement form, which OLPC executed with its staff. The form staff agreement prohibited a

staff member or employee from disclosing OLPC's Confidential Documents—including client

information—both during and after his or her work for OLPC.

2

13.     Having assisted with drafting OLPC's form employment agreement, Defendant was, at all relevant times, aware of OLPC's express requirement that all staff and employees maintain all Confidential Documents—including client information—in strict confidence.

14.     Defendant agreed with OLPC that, as a condition of his employment with OLPC, Defendant would maintain all the Confidential Documents in strict confidence both during and after his employment with OLPC ("Employment Agreement").

15.     As an attorney employed with Plaintiff, Defendant owed Plaintiff a fiduciary duty, which included, at a minimum, a duty to maintain Plaintiff's confidential information in strict confidence and a duty of honest and ethical behavior.

16.     Moreover, beyond any contractual and fiduciary obligations, Defendant had independent ethical obligations under the Utah Rules of Professional Conduct to maintain confidentiality. Specifically, as a member of the Utah State Bar, Defendant is subject to Rule 1.6 of the Utah Rules of Professional Conduct, which states that "[a] lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent."

17.     As a member of the Utah State Bar, Defendant is also subject to Rule 1.9(c) of the Utah Rules of Professional Conduct, which states that "[a] lawyer who has formerly represented a client in a matter . . . shall not thereafter: (c)(1) use information relating to the representation to the disadvantage of the former client . . . or (c)(2) reveal information relating to the representation" except as the rules of professional conduct allow.

18.     As a member of the Utah State Bar, Defendant is additionally subject to Rule 8.4 of the Utah Rules of Professional Conduct, which provides that a lawyer shall not "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

3

19.     At all relevant times, Defendant has been aware of his ethical obligations under the Utah Rules of Professional Conduct.

### Defendant Accesses Plaintiff's Confidential Documents Without Justification

20.     Defendant's employment with OLPC ceased in June 2019.

21.     When Defendant's employment with OLPC ceased, OLPC blocked Defendant's access to OLPC's Confidential Documents and removed Defendant's login credentials from OLPC's computer network. By August 2019, Defendant no longer had access to OLPC's (or ITC's or OLPCCI's) offices or servers.

22.     On or around June 2020, Defendant devised a scheme to wrongfully access Plaintiff's Confidential Documents, in violation of state and federal law, Defendant's contractual obligations, ethical and fiduciary duties, and Plaintiff's express company policies.

23.     Upon information and belief, Defendant sought such Confidential Documents in connection with an ongoing dispute between Defendant's father, Thomas Olson, and Defendant's mother, Carolyn Olson (the "Marital Dispute").

24.     On or around June 2020, Defendant, through a secure application called "Telegram," began messaging a former employee of ITC ("Former Employee"). The Former Employee had left ITC's employ in May 2020.

25.     As an employee of ITC, the Former Employee had executed an employment agreement ("ITC Employment Agreement"), which prohibited the Former Employee from at any time sharing, disclosing, copying, or otherwise disseminating any confidential information to which he had access as a result of the Former Employee's employment with ITC.

26.     At all relevant times, Defendant was aware of the Former Employee's confidentiality obligations under the ITC Employment Agreement.

4

27.    During his employment with ITC, the Former Employee had access to OLPC's Confidential Documents through ITC's computer network and servers. The computer servers on ITC's network were used in and affected interstate or foreign commerce or communication because ITC and OLPC used such computers to store and transmit confidential client information, communications (including emails) and other documents to and from the United States and throughout the world.

28.    Upon information and belief, after he left ITC's employ, the Former Employee improperly and wrongfully retained electronic access to certain Confidential Documents through ITC's computer network and servers.

29.    On June 12, 2020, despite Defendant's knowledge of the ITC Employment Agreement and its prohibition against the disclosure of confidential information, his fiduciary duties to Plaintiff, and his ethical obligations as a Utah attorney, Defendant conspired and formed a plan with the Former Employee to obtain OLPC's Confidential Documents

30.    Specifically, Defendant messaged the Former Employee on Telegram and asked the Former Employee to access ITC's computer servers to obtain any information relevant to the Marital Dispute.

31.    At the request and enticement of Defendant, the Former Employee agreed to use his access to ITC's computer servers to access many of Plaintiff's Confidential Documents. The Former Employee would not have agreed to access ITC's computer servers but for the encouragement and enticement of Defendant.

32.    On or around June 12, 2020, the Former Employee used his wrongfully-retained access to ITC's computer servers to access the Confidential Documents.

5

33.   On or around June 12, 2020, Defendant asked the Former Employee to transmit those files to Defendant, which the Former Employee did.

34.   After receiving those wrongly transferred Confidential Documents, Defendant accessed, copied, and possessed such documents.

35.   Defendant had no authorization, right, or justification to access, copy, or possess Plaintiff's Confidential Documents.

**Defendant Shares Plaintiff's Converted Documents with Others**

36.   After wrongfully obtaining Plaintiff's Confidential Documents, Defendant began sharing such information with others, including Carolyn Olson.

37.   For example, on or before June 18, 2020, Defendant communicated to Carolyn Olson that the Former Employee had Plaintiff's Confidential Documents. Defendant also provided Carolyn Olson with contact information for the Former Employee and assisted Carolyn Olson to obtain the Confidential Documents from the Former Employee.

38.   As a direct result of Defendant's conduct, the Former Employee and Defendant shared Confidential Documents with Carolyn Olson (together with the Confidential Documents Defendant obtained from the Former Employee, the "Converted Documents").

39.   The Converted Documents that Defendant, in conjunction with the Former Employee, shared with Carolyn Olson are highly sensitive and confidential. Such documents include asset protection trusts, whose value to Plaintiff's clients is dependent, in part, on the extent such documents remain confidential.

6

**Defendant Intends to Share Additional Confidential Information**
**in Violation of His Contractual, Fiduciary, and Ethical Duties**

40.     Upon information and belief, in addition to misappropriating and sharing the Converted Documents, Defendant continues to share further Confidential Documents regarding Plaintiff and Plaintiff's clients.

41.     Plaintiff is aware of documents and/or information that, upon information and belief, Defendant has which, if published, would reveal confidential business relationships, business practices, revenue information, and corporate structures related to Plaintiff's business, all of which Defendant obtained or learned of while employed with OLPC.

## FIRST CAUSE OF ACTION
### (Conversion)

42.     Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of the Complaint, as though fully set forth herein.

43.     Plaintiff is the rightful owner of its Confidential Documents, including the Converted Documents.

44.     By encouraging, enticing, conspiring, and working with the Former Employee to transmit the Converted Documents to Defendant and to other third parties, and by copying, retaining, and sharing the Converted Documents, Defendant willfully interfered with Plaintiff's rights to sole use and possession of its Confidential Documents.  For example, Defendant's actions interfered with Plaintiff's rights to restrict access to, and dissemination of, its Confidential Documents.

45.     Defendant has no right or justification to take the Converted Documents or to assist third parties to wrongfully obtain the Converted Documents.

7

46.    The Converted Documents derive a significant portion of their value by remaining confidential. Defendant's actions to misappropriate, and then share, the Converted Documents have caused the Converted Documents to decrease in value and usefulness.

47.    Defendant's actions to misappropriate and then share the Converted Documents violate numerous Utah Rules of Professional Conduct.  For example:

a.    Defendant's actions to convert and then share the Converted Documents violate Rule 1.6 of the Utah Rules of Professional Conduct, which states that "[a] lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent."

b.    Defendant's actions to convert and then share the Converted Documents violate Rule 1.9(c) of the Utah Rules of Professional Conduct, which states that "[a] lawyer who has formerly represented a client in a matter . . . shall not thereafter: (c)(1) use information relating to the representation to the disadvantage of the former client . . . or (c)(2) reveal information relating to the representation" except as the rules of professional conduct allow.

c.    Defendant's actions to convert and then share the Converted Documents violate Rule 8.4 of the Utah Rules of Professional Conduct, which states that a lawyer shall not "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

48.    Defendant's actions to convert, share, and assist others to convert the Converted Documents were willful, malicious, and made with reckless disregard for Plaintiff's rights in the Converted Documents.

49.    As a direct result of Defendant's willful and malicious conversion of the Converted Documents, Defendant is liable to Plaintiff: (i) for actual damages in an amount to be determined at trial, but not less than $500,000; and (ii) for punitive damages in an amount to be determined at trial.

8

## SECOND CAUSE OF ACTION
**(Breach of Contract)**

50.     Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of the Complaint, as though fully set forth herein.

51.     Defendant entered into the Employment Agreement with OLPC that, as a condition of his employment with OLPC, Defendant would indefinitely maintain all the Confidential Documents in strict confidence.

52.     At all times, OLPC has performed its obligations under the Employment Agreement.

53.     Defendant breached the Employment Agreement by intentionally disclosing the Converted Documents to third parties.

54.     As a direct and proximate result of Defendant's breaches of the Employment Agreement, Plaintiff has suffered damages in an amount to be proven at trial, but not less than $500,000.

## THIRD CAUSE OF ACTION
**(Intentional Interference with Economic Relations)**

55.     Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of the Complaint, as though fully set forth herein.

56.     By encouraging, enticing, and conspiring with the Former Employee to share the Converted Documents with him, and by encouraging others to obtain Converted Documents from the Former Employee, Defendant intentionally interfered with Plaintiff's existing and potential economic relations, including but not limited to its relationships with its clients.

57.     Defendant's intentional encouragement to, enticement of, and conspiracy with the Former Employee to breach the ITC Employment Agreement and disseminate, copy, and share

9

the Converted Documents was done through improper means. Defendant had no justification for encouraging and enticing the Former Employee to share the Converted Documents, and Defendant's primary intent in encouraging, enticing, and conspiring with the Former Employee to share the Converted Documents was to injure Plaintiff.

58.     Defendant's interference with Plaintiff's other current and future economic relations has injured Plaintiff, which injuries include but are not limited to: damage to Plaintiff's reputation as a result of the disclosure of the Converted Documents; a reduced ability to assure clients that all information will be kept strictly confidential; and the loss of prospective new clients as a result of Defendant's wrongful interference.

59.     Defendant's intentional interference with Plaintiff's current and future economic relations was willful, malicious, and made with reckless disregard for Plaintiff's rights.

60.     As a result of Defendant's intentional interference with Plaintiff's current and future economic relations, Defendant is liable to Plaintiff: (i) for actual damages in an amount to be determined at trial, but not less than $500,000; and (ii) for punitive damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (Breach of Fiduciary Duty)

61.     Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of the Complaint, as though fully set forth herein.

62.     As an employee and associate of the Plaintiff (a law firm), Defendant owed Plaintiff a fiduciary duty.

63.      This fiduciary duty included, at a minimum, a duty to maintain all of Plaintiff's confidential information—including the Confidential Documents—in strict confidence, a duty to act in the best interests of the Plaintiff, and a duty of honest and ethical behavior.

111474160.1 0074788-00001

64.    Defendant breached his fiduciary duties to Plaintiff by, *inter alia*: wrongfully accessing Plaintiff's Confidential Documents without justification; encouraging, enticing, and conspiring with the Former Employee to access Plaintiff's Confidential Documents without justification; and sharing Plaintiff's Confidential Documents without justification or authorization from Plaintiff.

65.    Defendant's breaches of fiduciary duties were willful and malicious and made with reckless disregard for Plaintiff's rights.

66.    As a direct and proximate result of Defendant's willful and malicious breaches of fiduciary duties to Plaintiff, Defendant is liable to Plaintiff: (i) for actual damages in an amount to be determined at trial, but not less than $500,000; and (ii) for punitive damages in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (CFAA Conspiracy)

67.    Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of the Complaint, as though fully set forth herein.

68.    ITC's computer servers are "protected computers" under the meaning of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*

69.    Upon information and belief, neither the Former Employee nor Defendant had any authority to access the Confidential Documents in June 2020 or at any time thereafter.

70.    Neither the Former Employee nor Defendant had any reason to believe that either had authority to access the Confidential Documents in June 2020 or at any time thereafter.

71.    Upon information and belief, at the request of and in concert with Defendant, the Former Employee accessed ITC's computer servers to obtain the Confidential Documents.

11

72.     Through the Former Employee's unauthorized access of the Confidential Documents, the Former Employee and Defendant obtained information, including OLPC's confidential client information.

73.     Through the Former Employee's unauthorized access of the Confidential Documents, Plaintiff has been harmed, in an amount to be proved at trial, but no less than $5,000.

74.     Upon information and belief, Defendant conspired with and enticed the Former Employee to access ITC's computer servers. The Former Employee would not have accessed ITC's computer servers but for Defendant's encouragement and enticement.

75.     Through communicating via Telegram and other messaging applications and using the Former Employee's wrongfully-retained access to ITC's computer networks to access the Confidential Documents, the Former Employee and Defendant engaged in common activities in furtherance of their conspiracy to obtain Confidential Documents in violation of the CFAA.

## SIXTH CAUSE OF ACTION
### (Aiding and Abetting Conversion)

76.     Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of the Complaint, as though fully set forth herein.

77.     The Former Employee's copying, possessing, and sharing of Converted Documents with Carolyn Olson constitutes conversion.

78.     Defendant knowingly and intentionally encouraged, enticed, and conspired with the Former Employee to convert Plaintiff's Converted Documents and participated with and joined the Former Employee in converting Plaintiff's Converted Documents.

79.     But for Defendant's conduct toward the Former Employee, the Former Employee would not have converted Plaintiff's Converted Documents.

12

80.     Defendant's aiding and abetting the Former Employee to convert Plaintiff's

Converted Documents was willful and malicious and made with reckless disregard for Plaintiff's

rights.

81.     As a direct and proximate result of Defendant's aiding and abetting the Former

Employee to convert Plaintiff's Converted Documents, Defendant is liable to Plaintiff: (i) for

actual damages in an amount to be determined at trial, but not less than $500,000; and (ii) for

punitive damages in an amount to be determined at trial.

**SEVENTH CAUSE OF ACTION**
**(Injunctive Relief)**

82.     Plaintiff hereby incorporates by reference the allegations contained in the

preceding paragraphs of the Complaint, as though fully set forth herein.

83.     Defendant's conversion of the Converted Documents has caused and will cause

irreparable harm to Plaintiff, for which money damages are inadequate. Such irreparable harm

includes but is not limited to Plaintiff's loss of clients' goodwill and damage to Plaintiff's

reputation.

84.     The injuries to Plaintiff from the continued conversion of the Converted

Documents are substantial, severe, and outweigh the minimal burdens a narrowly tailored

injunction might place on Defendant.

85.     Defendant's actions, including the conversion of the Converted Documents have

violated or would violate at least Rules 1.6, 1.9, and 8.4 of the Utah Rules of Professional

Conduct.

86.     The public interest favors a narrowly tailored injunction prohibiting Defendant

from further converting more of Plaintiff's Confidential Documents, from sharing any of

13

Plaintiff's confidential information, and from sharing any client information protected by the Rules of Professional Conduct or any other law, rule, or regulation.

87.     There is a substantial likelihood that Plaintiff will prevail on its claims against Defendant.

## **JURY DEMAND**

Plaintiff demands a jury trial on all issues triable by right of jury.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays this Court enter judgment against Defendant, and in favor of Plaintiff, as follows:

On the First Cause of Action

1.   For general compensatory and consequential damages against Defendant in an amount subject to proof at trial, but not less than $500,000;

2.   For punitive damages against Defendant in an amount to be determined at trial; and

3.   For such other relief as the Court deems just and proper.

On the Second Cause of Action

1.   For general compensatory and consequential damages against Defendant in an amount subject to proof at trial, but not less than $500,000; and

2.   For such other relief as the Court deems just and proper.

On the Third Cause of Action

1.   For general compensatory and consequential damages against Defendant in an amount subject to proof at trial, but not less than $500,000;

2.   For punitive damages against Defendant in an amount to be determined at trial; and

14

3.      For such other relief as the Court deems just and proper.

On the Fourth Cause of Action

1.      For general compensatory and consequential damages against Defendant in an amount subject to proof at trial, but not less than $500,000;

2.      For punitive damages against Defendant in an amount to be determined at trial; and

3.      For such other relief as the Court deems just and proper.

On the Fifth Cause of Action

1.      For general compensatory and consequential damages against Defendant in an amount subject to proof at trial, but not less than $500,000;

2.      For such other relief as the Court deems just and proper.

On the Sixth Cause of Action

1.   For general compensatory and consequential damages against Defendant in an amount subject to proof at trial, but not less than $500,000;

2.      For punitive damages against Defendant in an amount to be determined at trial; and

3.      For such other relief as the Court deems just and proper.

On the Seventh Cause of Action

1.      For a permanent injunction against Defendant, ordering Defendant to:

a.      Return all physical copies of all Confidential Documents to Plaintiff;

b.      Destroy all electronic copies of all Confidential Documents and certify the same in writing to Plaintiff;

15

c.    Immediately cease using, sharing, transmitting, exploiting, or accessing or attempting to access, directly or indirectly, any of Plaintiff's Confidential Documents;

d.    Immediately cease using, sharing, transmitting, exploiting, or accessing or attempting to access, directly or indirectly, any confidential client information as required by the Utah Rules of Professional Conduct; and

e.    Identify in writing all third parties with whom Defendant has shared or transmitted Plaintiff's Confidential Documents and to obtain any such shared or transmitted copies from such third parties.

2.    For such other relief as the Court deems just and proper.

DATED: _____, 2021.


STOEL RIVES LLP

*/s/ David J. Jordan*
David J. Jordan
Mark E. Hindley
Jordan C. Hilton
*Attorneys for OL Private Counsel, LLC*

16

David J. Jordan (1751)
Mark E. Hindley (07222)
Jordan C. Hilton (17506)
STOEL RIVES LLP
201 S. Main Street, Suite 1100
Salt Lake City, UT  84111
Telephone:  801.328.3131
david.jordan@stoel.com
mark.hindley@stoel.com
jordan.hilton@stoel.com

*Attorneys for OL Private Counsel, LLC*

**IN THE THIRD JUDICIAL DISTRICT COURT IN AND FOR
SALT LAKE COUNTY, STATE OF UTAH**

| | |
|---|---|
| OL PRIVATE COUNSEL, LLC, a Utah limited liability company,<br><br>       Plaintiff,<br><br>  v.<br><br>EPHRAIM OLSON, a Utah resident,<br><br>       Defendant. | **ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Case No. 210901401<br><br>Judge James Gardner<br><br>Tier III |

This matter is before the Court on Plaintiff OL Private Counsel, LLC's Stipulated Motion to for Leave to File Amended Complaint (the "Motion").  The Court, after having considered the Motion and for good cause appearing, HEREBY ORDERS THAT:

1.      The Motion is GRANTED. Plaintiff shall have 14 days from the date of this Order to file its amended complaint.

\*      \*      \*      **END OF ORDER**      \*      \*      \*

**Pursuant to Rule 10(e) of the Utah Rules of Civil Procedure, this Order will be
entered by the Clerk of the Court and/or the Court's signature at the top of the first page**

APPROVED AS TO FORM VIA EMAIL:

*/s/ Scott Lilja (signed with permission)*
*Attorney for Defendant*



David J. Jordan (1751)
Mark E. Hindley (07222)
Jordan C. Hilton (17506)
STOEL RIVES LLP
201 S. Main Street, Suite 1100
Salt Lake City, UT  84111
Telephone:  801.328.3131
*david.jordan@stoel.com*
*mark.hindley@stoel.com*
*jordan.hilton@stoel.com*

*Attorneys for OL Private Counsel, LLC*

## IN THE THIRD JUDICIAL DISTRICT COURT IN AND FOR
## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| OL PRIVATE COUNSEL, LLC, a Utah limited liability company,<br><br>        Plaintiff,<br><br>   v.<br><br>EPHRAIM OLSON, a Utah resident,<br><br>        Defendant. | **REQUEST TO SUBMIT FOR DECISION STIPULATED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Case No. 210901401<br><br>Judge James Gardner<br><br>Tier III |

Pursuant to Rule 7(g) and Rule 7(k) of the Utah Rules of Civil Procedure, Plaintiff OL Private Counsel, LLC ("OLPC") hereby requests that the Stipulated Motion for Leave to File Amended Complaint (the "Motion") be submitted to the Court for decision.

Defendant Ephraim Olson stipulated to the Motion on July 12, 2021.  No opposition to the Stipulated Motion has been filed, and no hearing is requested.

DATED:  July 12, 2021.

STOEL RIVES LLP

*/s/ David Jordan*

David Jordan
Mark Hindley
Jordan Hilton

*Attorneys for OL Private Counsel*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 12th day of July, 2021, a true and correct copy of the

foregoing **REQUEST TO SUBMIT FOR DECISION STIPULATED MOTION FOR**

**LEAVE TO FILE AMENDED COMPLAINT** was served on the following via the Court's

electronic filing system:

      Scott M. Lilja
      Sarah C. Vaughn
      FABIAN VANCOTT
      215 South State Street, Ste. 1200
      Salt Lake City, UT 84111-2323
      Telephone: (801) 531-8900
      slilja@fabianvancott.com
      svaughn@fabianvancott.com
      *Attorneys for Defendant*

                              */s Wendi O. Wacker     /*

**The Order of the Court is stated below:**
**Dated:** July 12, 2021          /s/  JAMES GARDNER
          04:41:16 PM                  District Court Judge

David J. Jordan (1751)
Mark E. Hindley (07222)
Jordan C. Hilton (17506)
STOEL RIVES LLP
201 S. Main Street, Suite 1100
Salt Lake City, UT 84111
Telephone: 801.328.3131
david.jordan@stoel.com
mark.hindley@stoel.com
jordan.hilton@stoel.com

*Attorneys for OL Private Counsel, LLC*

## IN THE THIRD JUDICIAL DISTRICT COURT IN AND FOR

## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| OL PRIVATE COUNSEL, LLC, a Utah limited liability company, | **ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** |
| Plaintiff, | Case No. 210901401 |
| v. | Judge James Gardner |
| EPHRAIM OLSON, a Utah resident, | Tier III |
| Defendant. | |

This matter is before the Court on Plaintiff OL Private Counsel, LLC's Stipulated Motion to for Leave to File Amended Complaint (the "Motion"). The Court, after having considered the Motion and for good cause appearing, HEREBY ORDERS THAT:

1.      The Motion is GRANTED. Plaintiff shall have 14 days from the date of this Order to file its amended complaint.

*  *  *      **END OF ORDER**      *  *  *

111542588.1 0074788-00001

**Pursuant to Rule 10(e) of the Utah Rules of Civil Procedure, this Order will be entered by the Clerk of the Court and/or the Court's signature at the top of the first page**

APPROVED AS TO FORM VIA EMAIL:

*/s/ Scott Lilja (signed with permission)*
*Attorney for Defendant*

111542588.1 0074788-00001