THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| OL PRIVATE COUNSEL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>EPHRAIM OLSON,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING [27] DEFENDANT'S MOTION TO VOLUNTARILY DISMISS COUNTERCLAIMS**<br><br>Case No. 2:21-cv-455<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

This case is before the court on Defendant Ephraim Olson's motion to voluntarily dismiss his counterclaims against Plaintiff Ol Private Counsel, LLC (Ol Private) under Federal Rule of Civil Procedure 41.[1] Ol Private has filed a response opposing the motion,[2] and Olson has replied.[3] For the reasons that follow, the motion is GRANTED.

## BACKGROUND

Ol Private commenced this action in the Third Judicial District Court of Utah on March 12, 2021, asserting various state law claims against Olson.[4] On July 13, 2021, Ol Private amended its complaint to assert a claim under the federal Computer Fraud and Abuse Act[5]

---

[1] ECF No. 27, filed March 17, 2022.

[2] ECF No. 30, filed March 31, 2022.

[3] ECF No. 31, filed April 5, 2022.

[4] *See* ECF No. 2-2 at 1–17.

[5] 18 U.S.C. § 1030 *et seq.*

(CFAA).[6] Olson subsequently removed the action to this court on grounds of federal question jurisdiction due to Ol Private's CFAA claim.[7]

Shortly thereafter, Olson filed his answer and asserted counterclaims against Ol Private.[8] He also filed a motion to join Thomas Olson, the sole member and manager of Ol Private,[9] as a co-counterclaim defendant with Ol Private.[10] The court referred the motion for joinder to United States Magistrate Judge Daphne A. Oberg who, in a Report and Recommendation (R&R) issued on February 10, 2022, recommended that the court deny the motion due to the absence of jurisdiction over the counterclaims Olson wished to assert against Thomas.[11] Neither party filed objections to the R&R, and the court adopted it without modification on March 3, 2022.[12] About two weeks later, Olson filed the motion to voluntarily dismiss his counterclaims against Ol Private that is currently before the court.[13]

## STANDARD

Under Federal Rule of Civil Procedure 41(c), a defendant may voluntarily dismiss a counterclaim under the same general conditions a plaintiff may voluntarily dismiss his or her claims. A counterclaim can be dismissed without a court order if it is done "before a responsive pleading is served" or, if no responsive pleading is required, "before evidence is introduced at a

---

[6] *See* ECF No. 2-2 at 35–51.

[7] ECF No. 2 at 2.

[8] ECF Nos. 7, 15.

[9] Thomas Olson is also Defendant Olson's father. ECF No. 8-1 at 8. To avoid confusion, the court will refer to him as "Thomas."

[10] ECF Nos. 7, 8.

[11] ECF No. 20 at 10.

[12] ECF No. 24.

[13] ECF No. 27.

hearing or trial."[14] However, if these conditions are not met, a counterclaim can be voluntarily dismissed "only by court order" and "on terms that the court considers proper."[15]

## DISCUSSION

Olson argues that he should be permitted to voluntarily dismiss his counterclaims against Ol Private for three main reasons. First, he argues that dismissal of the counterclaims is just and proper because they are virtually the same counterclaims he seeks to assert against Thomas, which, due to his failed motion for joinder, can be brought only in state court.[16] Olson asserts that allowing him to litigate his claims against Ol Private and Thomas together in state court will promote efficiency and save judicial resources.[17] Second, Olson argues that voluntarily dismissal is warranted because the court's findings with regard to the proposed counterclaims against Thomas—that the court lacked supplemental jurisdiction over them—suggest that the court also lacks jurisdiction over the virtually identical counterclaims against Ol Private.[18] Third, and finally, Olson argues that Ol Private will not suffer prejudice if his counterclaims are dismissed.[19] He asserts that discovery related to his counterclaims is still in its infancy and that dismissal will have no effect on Ol Private's rights in this actions or the court's jurisdiction over it.[20]

Ol Private opposes Olson's motion for two reasons. First, Ol Private asserts that because Olson has previously claimed that the court has subject matter jurisdiction over his

---

[14] Fed. R. Civ. P. 41(c).

[15] Fed. R. Civ. P. 41(a)(2).

[16] ECF No. 27 at 3.

[17] *Id.*

[18] *Id.* at 3–4.

[19] *Id.* at 5–7.

[20] *Id.*

3

counterclaims, he cannot now argue that it does not as an attempt to forum shop.[21] Second, Ol Private argues that it will be prejudiced if Olson is permitted to dismiss his counterclaims because it would be required to conduct litigation against Olson in two different forums.[22] Ol Private also argues that it will be prejudiced because although Olson argues that state court is the proper forum and has instigated a case against Ol Private there, he has nonetheless continued to engage in discovery related to his counterclaims in this action.[23]

Although the parties spend most of their briefs arguing about the propriety of voluntary dismissal and whether Ol Private would suffer prejudice if it is allowed, neither of these issues matters until the jurisdictional questions regarding Olson's counterclaims are resolved. If the court lacks jurisdiction over Olson's counterclaims, they must be dismissed even if allowing Olson to voluntarily dismiss them is otherwise unwarranted.[24]

Because Olson's counterclaims are based on state law, the court may exercise jurisdiction over them if they are so related to the claims over which the court has "original jurisdiction that they form part of the same case or controversy."[25] The counterclaims are part of the same case or controversy if they "derive from a common nucleus of operative fact" with the claim over which the court has original jurisdiction.[26]

For the same reasons Judge Oberg identified in her R&R with respect to Olson's counterclaims against Thomas, with which the court agreed, the court now finds that it lacks

---

[21] ECF No. 30 at 5–6.

[22] *Id.* at 6–8.

[23] *Id.*

[24] *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 305 (2006) ("Subject-matter jurisdiction . . . concerns a court's competence to adjudicate a particular category of cases; a matter far weightier than venue . . . .").

[25] *See* 28 U.S.C. § 1367(a).

[26] *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997).

jurisdiction over Olson's counterclaims against Ol Private. Ol Private alleges in its claim under the CFAA—the claim over which the court has original jurisdiction—that Olson employed a scheme to unlawfully access its confidential documents.[27] Olson's counterclaims, on the other hand, are based on an alleged contract between himself and Ol Private.[28] The facts relevant to Ol Private's CFAA claim are thus essentially unrelated to the facts relevant to Olson's counterclaims. The claims are simply too unrelated to be deemed part of the same case or controversy for jurisdictional purposes.

Ol Private disagrees with this conclusion, arguing that the court's adoption of Judge Oberg's R&R on Olson's motion for joinder was somehow a tacit acceptance of jurisdiction over Olson's counterclaims against it.[29] But that is simply not the case. Judge Oberg's R&R, and thus the court's adoption thereof, related to Olson's motion for joinder alone. If anything, Judge Oberg's and the court's agreement that jurisdiction over Olson's counterclaims against Thomas was lacking surely gave the parties notice as to what was in store for his virtually identical counterclaims against Ol Private. Indeed, had Olson not moved to voluntarily dismiss his counterclaims for lack of jurisdiction, it would have been necessary for the court to dismiss them for lack of jurisdiction sua sponte.[30]

Ol Private's accusations about Olson's flip-flop with regard to the court's jurisdiction over his counterclaims changes nothing. Olson removed this action to this court based on a federal claim Ol Private chose to assert. And although he subsequently attempted to assert

---

[27] *See* ECF No. 2-2 at 46–47.

[28] *See* ECF No. 15 at 23–28.

[29] ECF No. 30 at 6 (arguing that "the Court reviewed the jurisdictional considerations and retained jurisdiction over Olson's counterclaim[s]").

[30] *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Wachovia*, 546 U.S. at 305 ("[S]ubject-matter jurisdiction must be considered by the court on its own motion, even if no party raises an objection.").

counterclaims against Ol Private and Thomas, and in so doing argued that the court had jurisdiction over them, he cannot be blamed for now making an argument that is consistent with the court's prior decision regarding his desired counterclaims. Olson sought to have both sets of counterclaims heard here. But now that he knows one set cannot be, it makes sense to argue that both sets should be heard together in state court.

In any event, because the court does not have jurisdiction over Olson's counterclaims, all other considerations related to voluntary dismissal under Rule 41 are irrelevant, and the counterclaims must be dismissed.

## ORDER

For reasons stated herein, Olson's motion requesting that his counterclaims against Ol Private be dismissed under Federal Rule of Civil Procedure 41(a)(2) is GRANTED, and IT IS HEREBY ORDERED that those counterclaims are dismissed.

Signed June 1, 2022.

BY THE COURT

_____
David Barlow
United States District Judge