UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| OL PRIVATE COUNSEL, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>EPHRAIM OLSON, an individual,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE MOTION FOR ALTERNATIVE SERVICE OF SUBPOENAS (DOC. NO. 35)**<br><br>Case No. 2:21-cv-00455<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Defendant Ephraim Olson moves for an order authorizing alternative service of deposition subpoenas and subpoenas duces tecum on nonparties Thomas Olson, Hyrum Olson, and Timothy Akarapanich.[1] ("Mot.," Doc. No. 35.)  The deadline for a response has passed and no response has been filed.  Because the motion fails to establish Thomas and Mr. Akarapanich are subject to the subpoena power of this court and more information is necessary as to the addresses suggested for Hyrum, the motion is denied without prejudice.

## BACKGROUND

Plaintiff OL Private Counsel ("OLPC"), a law firm, initiated this action against Ephraim, who worked at OLPC from approximately 2014 to 2019.  (First Am. Compl. and Jury Demand ("Am. Compl."), Doc. No. 2-2, Ex. C.)  Ephraim is the son of Thomas, the sole member/manager of OLPC.  (Mot. ¶ 2, Doc. No. 35.)  Hyrum is Ephraim's brother.  (*Id.* ¶ 23.)

---

[1] This order refers to Ephraim, Thomas, and Hyrum by their first names, for clarity.

1

The motion, supporting affidavit, and exhibits provide the following information about Ephraim's attempts to locate the nonparties and serve the subpoenas. OLPC's initial disclosures identified Thomas, Hyrum, and Mr. Akarapanich as individuals with discoverable information and stated they should be contacted only through OLPC's counsel. (Ex. 1 to Aff. of Sarah C. Vaughn ("Vaughn Aff."), OL Private Counsel, LLC's Initial Disclosures, Doc. No. 35-1 at 9.) OLPC is represented by two attorneys from the law firm of Foley & Lardner, one of whom has represented OLPC throughout this lawsuit. (*See generally* Docket.) On March 23, 2022, Ephraim's counsel asked OLPC's counsel to accept service of the subpoenas at issue, but OLPC's counsel stated they were not authorized to accept service. (Mot. ¶¶ 10–11, Doc. No. 35.) Ephraim's counsel also asked Thomas's counsel in his divorce case if they would accept service, but they declined. (*Id.* ¶¶ 17–18.)

According to Ephraim's motion, Thomas is a licensed attorney in Colorado who has an address in Canada on file with the Colorado State Bar. (*Id.* ¶¶ 14–15; Ex. 2 to Vaughn Aff., Doc. No. 35-1 at 14.) OLPC also provided an address in Thailand for Thomas. (Mot. ¶ 13, Doc. No. 35.) Ephraim seeks leave to serve the subpoenas on Thomas via mail to these foreign addresses, email to tom@oltax.com, and email to OLPC's counsel. Ephraim notes two other courts have recently authorized alternative service of process on Mr. Olson via these methods.[2]

---

[2] On March 18, 2022, a Canadian court authorized service of a "claim" on Thomas Olson by regular mail to his Canada address; by leaving a copy of the claim at the property; and by email to tom@oltax.com. (*See* Mot. ¶ 19, Doc. No. 35; Ex. 3 to Vaughn Aff., Order in Case No. 2101-05282, Doc. No. 35-1 at 17–18.) On May 26, 2022, a Utah state court granted a motion for alternative service of process on Thomas Olson in a case filed by Ephraim against Thomas and OLPC. (*See* Mot. ¶ 20, Doc. No. 35.) The court found Thomas appeared to be avoiding service and permitted Ephraim to serve the complaint and summons on him by: (1) email to OLPC's Foley & Lardner attorneys; (2) FedEx to the Thailand or Canada address; or (3) email to tom@oltax.com. (*See* Mot. ¶¶ 20–21; Ex. B to Mot., Order in Case No. 220901919, Doc. No. 35-2.)

OLPC provided an address in Canada for Hyrum. (Mot. ¶ 22, Doc. No. 35.) Ephraim, Hyrum's brother, knew of another address for Hyrum in Virginia. (*Id.* ¶ 23.) Ephraim hired a process server who made four unsuccessful attempts to personally serve Hyrum at the Virginia address. (*Id.* ¶¶ 24–25.) The process server observed a package addressed to Hyrum's wife at the front door during one attempt, but no one answered the door during any of the attempts. (*Id.* ¶¶ 25–26; Ex. 5 to Vaughn Aff., Return of Non-Service, Doc. No. 35-1 at 25–26.) Ephraim now seeks leave to serve the subpoena on Hyrum via mail to the Canada and Virginia addresses and via email to OLPC's counsel.

OLPC did not provide a physical address for Mr. Akarapanich but provided a gmail.com email address for him. (Mot. ¶ 27, Doc. No. 35.) Ephraim's counsel emailed a copy of the subpoenas to Mr. Akarapanich and asked him to accept service via email and provide dates for a deposition. (*Id.* ¶ 28.) A few days later, Mr. Akarapanich viewed Ephraim's LinkedIn profile. (*Id.* ¶ 29.) According to Mr. Akarapanich's LinkedIn profile, he is located in Bangkok, Thailand. (*Id.* ¶ 30.) Ephraim seeks leave to serve Mr. Akarapanich via email to the gmail.com address and via email to OLPC's counsel.

## LEGAL STANDARDS

Rule 45 of the Federal Rules of Civil Procedure provides that subpoenas may be served "at any place within the United States." Fed. R. Civ. P. 45(b)(2). It also states "28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country." Fed. R. Civ. P. 45(b)(3). This statute permits a United States court to "order the issuance of a subpoena" to a United States national or resident who is in a foreign country "if the court finds that particular testimony or the production of the document or other thing by him is necessary in the interest of justice, and . . . it is not possible to obtain his

3

testimony in admissible form without his personal appearance or to obtain the production of the document or other thing in any other manner." 28 U.S.C. § 1783(a). A subpoena under this statute must be served "in accordance with the provisions of the Federal Rules of Civil Procedure relating to service of process on a person in a foreign country." *Id.* § 1783(b).

For service of a subpoena within the United States, Rule 45 requires "delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). Courts have interpreted this rule as allowing service by means other than personal service under Rule 4 of the Federal Rules of Civil Procedure. *See, e.g.*, *Ross v. Jenkins*, No. 17-2547, 2019 U.S. Dist. LEXIS 127518, at *2–3 (D. Kan. July 31, 2019) (unpublished) (noting Rule 45 service "can include methods of service other than direct, hand-over-hand personal service"); *E.A. Renfroe & Co. v. Moran*, No. 08-cv-00733, 2008 U.S. Dist. LEXIS 123018, at *4, 19–20 (D. Colo. Apr. 21, 2008) (unpublished) (holding that "effective service under Rule 45 is not limited to hand-to-hand personal service in every case" and finding that leaving the subpoena at the recipient's home after his wife refused to accept service was adequate under Rule 45); *Yost v. K. Truck Lines, Inc.*, No. 03-2086, 2006 WL 8440101, at *2 (D. Kan. Jan. 11, 2006) (unpublished) (finding Rule 45 does not mandate personal delivery or prohibit alternative service and requires only that "service be made in a manner that reasonably insures actual receipt of the subpoena by the trial witness," including certified mail). Even if personal service under Rule 4 is required, courts may authorize service by alterative means as permitted under applicable state law. *See* Fed. R. Civ. P. 4(e)(1) (providing that service of an individual may be completed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made").

Rule 45 contains no provision permitting service of a subpoena upon an individual in a foreign country who is not a United States national or resident. Thus, "foreign nationals living abroad are not subject to subpoena service outside the United States." *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*, 262 F.R.D. 293, 305 (S.D.N.Y. 2009).

## ANALYSIS

Ephraim's motion fails to establish Thomas and Mr. Akarapanich are subject to the subpoena power of this court. According to the motion, both Thomas and Mr. Akarapanich are located outside the United States. Thus, they are only subject to the court's subpoena power if the requirements of 28 U.S.C. § 1783 are met. But the motion does not allege Thomas and Mr. Akarapanich are United States nationals or residents, such that 28 U.S.C. § 1783 would apply. Even assuming this statute applies, the motion does not address the requirement to show the testimony and documents sought are necessary in the interest of justice and cannot be obtained in any other manner. *See* 28 U.S.C. § 1783(a).

The fact that a Canadian court and a Utah state court authorized service of process on Thomas via alternative means is irrelevant because those orders do not address the legal standards applicable to service of subpoenas in federal civil cases. Likewise, Ephraim's reliance on provisions governing service of process under Rule 4 is misplaced. Although subpoenas under 28 U.S.C. § 1783 must be served in accordance with Rule 4, *see* 28 U.S.C. § 1783(b), Ephraim has failed to show 28 U.S.C. § 1783 applies to Thomas and Mr. Akarapanich in the first instance.

The motion is also deficient as to Hyrum. Ephraim provides addresses for Hyrum both within and outside the United States and seeks leave to serve the subpoena via mail to both addresses, as well as email to OLPC's counsel. As to the request to serve Hyrum outside the

5

United States, the motion is deficient for the same reasons identified above: it does not allege Hyrum is a United States national or resident and it fails to address the other requirements of 28 U.S.C. § 1783.  As to the request to serve Hyrum at the Virginia address, the motion contains insufficient information to support a finding that mail to this address would ensure actual receipt of the subpoena.  The motion does not explain the basis for Ephraim's knowledge of this address, and it does not adequately establish Hyrum lives in Virginia rather than Canada.  The process server's observation of a package addressed to Hyrum's wife does not establish Hyrum himself lives there or receives mail there.  Where two potential addresses were identified, more information is needed to show the Virginia address is correct.  Additionally, the motion does not state whether Ephraim is aware of an email address for Hyrum.  Finally, Ephraim has not demonstrated email to OLPC's counsel, on its own, would ensure Hyrum's actual receipt of the subpoena.

## CONCLUSION

For these reasons, Ephraim's motion for alternative service is denied without prejudice. Ephraim may file a new motion which addresses the deficiencies identified above.

DATED this 27th day of June, 2022.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge