UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| OL PRIVATE COUNSEL, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>EPHRAIM OLSON, an individual,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART RENEWED MOTION FOR ALTERNATIVE SERVICE OF SUBPOENAS (DOC. NO. 42)**<br><br>Case No. 2:21-cv-00455<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Defendant Ephraim Olson brings a renewed[1] motion for an order authorizing alternative service of deposition subpoenas and subpoenas duces tecum on nonparties Thomas Olson and Hyrum Olson.[2] (Mot., Doc. No. 42.) Ephraim seeks leave to serve the subpoenas by mail, email, and/or through Plaintiff's counsel. (*Id.* at 9.) Plaintiff OL Private Counsel, LLC ("OLPC") filed a response opposing the motion as to Hyrum but indicating Thomas agrees to accept service of a subpoena by mail to his address in Thailand. (Resp., Doc. No. 46.) OLPC filed a supporting declaration from Thomas confirming he does not object to service of a subpoena by this method. (Decl. of Thomas Olson ("Thomas Decl.") ¶ 8, Doc. No. 46-1.)

---

[1] Ephraim's previous motion for alternative service, (Doc. No. 35), was denied because he failed to establish Thomas, who resides outside the United States, was subject to the court's subpoena power, and because more information was necessary regarding the address suggested for Hyrum. (Mem. Dec., Doc. No. 41.)

[2] This order refers to Ephraim, Thomas, and Hyrum by their first names, for clarity.

1

For the reasons explained below, the motion is granted in part and denied in part. Based on Thomas' express agreement, Ephraim is granted leave to serve subpoenas on Thomas by mail to Thomas' address in Thailand. The motion is denied as to the other proposed methods of service for Thomas. Because Ephraim fails to present sufficient evidence that Hyrum is in the United States or subject to the court's subpoena power outside the United States, the motion is denied without prejudice as to Hyrum.

## BACKGROUND

OLPC, a law firm, initiated this action against Ephraim, who worked at OLPC from approximately 2014 to 2019. (First Am. Compl., Doc. No. 2-2, Ex. C.) Ephraim is the son of Thomas, the sole member/manager of OLPC. (Mot. ¶ 2, Doc. No. 42.) Hyrum is Ephraim's brother. (*Id.* ¶ 33.)

OLPC's initial disclosures identified Thomas and Hyrum as individuals with discoverable information and stated they should be contacted only through OLPC's counsel. (Ex. 1 to Decl. of Sarah C. Vaughn ("Vaughn Decl."), OLPC's Initial Disclosures, Doc. No. 42-1 at 9.) On April 5, 2022, Ephraim's counsel asked OLPC's counsel to accept service of the subpoenas at issue, but OLPC's counsel stated they were not authorized to accept service. (Vaughn Decl. ¶¶ 12–13, Doc. No. 42-1.)

OLPC provided an address in Thailand for Thomas. (Vaughn Decl. ¶ 15, Doc. No. 42-1.) In his declaration, Thomas states he generally resides at this address. (Thomas Decl. ¶ 6, Doc. No. 46-1.) Ephraim also presented evidence that Thomas is a licensed attorney in Colorado who has an address in Canada on file with the Colorado State Bar. (Ex. 2 to Vaughn Decl., Doc. No. 42-1 at 14.)

OLPC provided an address in Canada for Hyrum. (Vaughn Decl. ¶ 26, Doc. No. 42-1.) Thomas states in his declaration that Hyrum currently resides at this address. (Thomas Decl. ¶ 13, Doc. No. 46-1.) However, Ephraim claims Hyrum resides at an address in Virginia. (Mot. ¶ 33, Doc. No. 42.) Ephraim filed a declaration stating he visited Hyrum and his family at the Virginia address in March 2020, he "understood at the time that it was Hyrum's primary residence," and he has not received any evidence that Hyrum no longer resides there. (Ex. B to Mot., Decl. of Ephraim Olson ("Ephraim Decl.") ¶¶ 3–4, Doc. No. 42-2.) Another brother, Elijah Olson, provided a declaration stating he visited Hyrum and his family at the Virginia address in November 2021, he understood it to be Hyrum's primary residence, and he observed Hyrum list it as his address on a car title transfer document. (Ex. C to Mot., Decl. of Elijah Olson ("Elijah Decl.") ¶¶ 3–5, Doc. No. 42-3.) Ephraim also filed a May 2022 search result from a county property records website listing Hyrum as the owner of the Virginia property. (Ex. 5 to Vaughn Decl., Doc. No. 42-1 at 23.)

Ephraim hired a process server who made four unsuccessful attempts to personally serve Hyrum at the Virginia address in April and May 2022. (Mot. ¶¶ 34–35, doc. No. 42; Ex. 6 to Vaughn Decl., Return of Non-Service, Doc. No. 42-1 at 28–29.) The process server observed a package addressed to Hyrum's wife at the front door during one attempt, but no one answered the door during any of the attempts. (Mot. ¶¶ 35–36, Doc. No. 42; Return of Non-Service, Doc. No. 42-1 at 28–29.)

## LEGAL STANDARDS

Rule 45 of the Federal Rules of Civil Procedure provides that subpoenas may be served "at any place within the United States." Fed. R. Civ. P. 45(b)(2). Service of a subpoena within the United States requires "delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1).

Courts have interpreted this rule as allowing service by means other than personal service under Rule 4 of the Federal Rules of Civil Procedure. *See, e.g.*, *Ross v. Jenkins*, No. 17-2547, 2019 U.S. Dist. LEXIS 127518, at *2–3 (D. Kan. July 31, 2019) (unpublished) (noting Rule 45 service "can include methods of service other than direct, hand-over-hand personal service").

Rule 45 also provides "28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country." Fed. R. Civ. P. 45(b)(3). This statute permits a United States court to "order the issuance of a subpoena" to a United States national or resident who is in a foreign country "if the court finds that particular testimony or the production of the document or other thing by him is necessary in the interest of justice, and . . . it is not possible to obtain his testimony in admissible form without his personal appearance or to obtain the production of the document or other thing in any other manner." 28 U.S.C. § 1783(a). A subpoena under this statute must be served "in accordance with the provisions of the Federal Rules of Civil Procedure relating to service of process on a person in a foreign country." *Id.* § 1783(b).

Rule 45 contains no provision permitting service of a subpoena upon an individual in a foreign country who is not a United States national or resident. Thus, "foreign nationals living abroad are not subject to subpoena service outside the United States." *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*, 262 F.R.D. 293, 305 (S.D.N.Y. 2009).

## ANALYSIS

**1. Thomas Olson**

Ephraim seeks leave to serve deposition and document subpoenas on Thomas by mail to his addresses in Canada and Thailand, by email, and/or through OLPC's counsel. (Mot. 9, 13–

4

14, Doc. No. 42.) Ephraim contends Thomas is a United States national and, therefore, may be served with subpoenas outside the United States under 28 U.S.C. § 1783. (*Id.* at 15.)

In its response, OLPC asserts Thomas is "a Canadian citizen and not a resident of the United States." (Resp. 2, Doc. No. 46.) In his supporting declaration, Thomas states he is a Canadian citizen, he is not a resident of the United States, and he "[does] not now and [has] never held a United States passport." (Thomas Decl. ¶ 5, Doc. No. 46-1.) Nevertheless, Thomas "agrees to accept service of the subpoena directed to him personally via mail" to his address in Thailand. (Resp. 2, Doc. No. 46; *see also* Thomas Decl. ¶ 8, Doc. No. 46-1 (stating he "[does] not object to receiving service by mail of a personal subpoena at [his] Thai [a]ddress").)

Based on Thomas' express agreement, Ephraim is granted leave to serve the subpoenas on Thomas by mail to his address in Thailand. Notably, OLPC and Thomas do not expressly deny that Thomas is a United States national and do not argue Thomas is beyond the court's subpoena power. In these circumstances, where Thomas does not challenge the court's subpoena power over him and agrees to one of the proposed methods of service, Ephraim's motion is granted as to this method. The motion is denied as to the other proposed methods, as service by alternate methods is unnecessary.

   **2. Hyrum Olson**

Ephraim seeks leave to serve deposition and document subpoenas on Hyrum by mail to his addresses in Canada and Virginia, by email, and/or through OLPC's counsel. (Mot. 9, 13–14, Doc. No. 42.) Ephraim contends Hyrum resides at the Virginia address, based on the declarations and other evidence described above. (*Id.* at 12; Ephraim Decl. ¶¶ 3–4, Doc. No. 42-2; Elijah Decl. ¶¶ 3–5, Doc. No. 42-3; Ex. 5 to Vaughn Decl., Doc. No. 42-1 at 23.) Ephraim

5

also asserts Hyrum is a United States national and, therefore, may be served with subpoenas outside the United States under 28 U.S.C. § 1783. (Mot. 15, Doc. No. 42.)

OLPC opposes the motion as to Hyrum. (Resp., Doc. No. 46.) In his supporting declaration, dated August 10, 2022, Thomas states he has personal knowledge of Hyrum's citizenship and residency status as Hyrum's father and as the manager of OLPC, which employed Hyrum from July 2019 to March 2022. (Thomas Decl. ¶ 10, Doc. No. 46-1.) He states Hyrum is a Canadian citizen, has never held a United States passport, "has not been adjudicated to be a U.S. citizen," and "currently resides in Canada." (*Id.* ¶¶ 11, 13–14.)

Ephraim has failed to present sufficient evidence that Hyrum is "within the United States," as required for service of a subpoena under Rule 45(b)(2). The most recent evidence Ephraim presents in support of his claim that Hyrum resides in Virginia is from nine months ago, when Elijah visited Hyrum in November 2021. Evidence that Hyrum owned the Virginia property as of May 2022 and that his wife received mail there does not demonstrate Hyrum, himself, currently resides there. Further, OLPC presented contrary evidence from Thomas stating Hyrum currently resides in Canada. In the absence of any recent evidence contradicting Thomas' statement, evidence that Hyrum resided in Virginia nine months ago is insufficient to support a finding that Hyrum resides within the United States.

Ephraim has also failed to present evidence that Hyrum is a United States national, as required for service of a subpoena outside the United States under 28 U.S.C. § 1783. Ephraim relies on purported deposition testimony from his and Hyrum's mother, claiming she testified that Hyrum is a United States citizen by birth. (Mot. ¶ 38, Doc. No. 42; Vaughn Decl. ¶ 36, Doc. No. 42-1 at 5 (citing Ex. 7 to Vaughn Decl., Dep. of Carolyn Olson 117:21–117:1 [sic], Doc. No. 42-1 at 36).) But neither the page cited nor the other attached portions of the deposition address

6

Hyrum's citizenship. (*See* Ex. 7 to Vaughn Decl., Dep. of Carolyn Olson, Doc. No. 42-1 at 31–37.) Ephraim failed to correct this deficiency even after OLPC pointed it out in its response. (*See* Resp. 3 n.2, Doc. No. 46.) And Ephraim presents no other evidence of Hyrum's nationality. Therefore, Ephraim has not demonstrated Hyrum is subject to the court's subpoena power under 28 U.S.C. § 1783.

Accordingly, the motion is denied as to Hyrum.

## CONCLUSION

Ephraim's renewed motion for alternative service is granted in part and denied in part. Based on Thomas' express agreement, Ephraim is granted leave to serve subpoenas on Thomas by mail to Thomas' address in Thailand. The motion is denied as to the other proposed methods of service for Thomas. Because Ephraim fails to present sufficient evidence that Hyrum is in the United States or subject to the court's subpoena power outside the United States, the motion is denied without prejudice as to Hyrum.

DATED this 29th day of August, 2022.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge