UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| OL PRIVATE COUNSEL, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>EPHRAIM OLSON, an individual,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA (DOC. NO. 51)**<br><br>Case No. 2:21-cv-00455<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Defendant Ephraim Olson moves to compel nonparty Bruce Lemons to comply with two subpoenas for production of documents.[1] Mr. Lemons opposes the motion.[2] The court held a hearing on the motion on September 26, 2022, and ordered supplemental briefing.[3] For the reasons explained below, the motion is granted in part and denied in part. The motion is granted as to the first subpoena, and Mr. Lemons is ordered to search his oltax.com email account and produce nonprivileged documents responsive to the first subpoena within thirty days. Mr. Lemons must provide a privilege log for any documents withheld based on a claim of privilege or work-product protection. The motion is denied as to the second subpoena's request for documentation of wire transfers to Mr. Lemons.

---

[1] (*See* Def.'s DUCivR 37.1 Mot. to Compel Compliance with Subpoena ("Mot."), Doc. No. 51.)

[2] (Resp. to Def.'s DUCivR 37.1 Mot. to Compel Compliance with Subpoena ("Opp'n"), Doc. No. 54.)

[3] (*See* Minute Entry, Doc. No. 59.)

1

## BACKGROUND

Plaintiff OL Private Counsel, LLC ("OLPC"), an entity which provides legal services,[4] initiated this action against Ephraim Olson, who worked at OLPC from approximately 2014 to 2019.[5] Ephraim is the son of Thomas Olson,[6] the sole member/manager of OLPC.[7] OLPC alleges that after Ephraim was no longer employed at OLPC, Ephraim worked with another former employee, Timothy Akarapanich, to improperly access OLPC's confidential documents to assist his mother, Carolyn Olson, in her divorce case.[8] OLPC asserts claims for conversion, breach of contract, and breach of fiduciary duty, among other claims.[9]

Bruce Lemons is an attorney who worked for OLPC or a related entity.[10] Ephraim issued two subpoenas to Mr. Lemons. As relevant here, the first subpoena required production of certain communications between Mr. Lemons and specified individuals, including Thomas and other OLPC employees.[11] The scope of the requests was limited to communications from 2018 to 2021 relating to Ephraim Olson, Timothy Akarapanich, Carolyn Olson, and "the allegations in this [a]ction," as well as communications regarding other specified topics from 2018 to the

---

[4] The parties dispute whether OLPC is a law firm.

[5] (*See* First Am. Compl., Ex. C to Notice of Removal, Doc. No. 2-2 at 35–52.)

[6] This order refers to Ephraim and Thomas by their first names, for clarity.

[7] (*See* Renewed Mot. for Alternative Service ¶ 2, Doc. No. 42.)

[8] (*See* First Am. Compl. ¶¶ 22–34, Ex. C to Notice of Removal, Doc. No. 2-2 at 35–52.)

[9] (*See id.* ¶¶ 42–87.)

[10] Mr. Lemons' opposition brief states he is a former employee of OLPC. (*See* Opp'n 1, Doc. No. 54.) But, as explained in further detail below, Mr. Lemons testified in his deposition that he did not recall which law firm he worked for. (Ex. D to Mot., Dep. of Bruce Lemons ("Lemons Dep.") 43:2–11; 64:9–65:8, Doc. No. 51-4.)

[11] (*See* Ex. A to Mot., Subpoena (dated 3/31/2022) ("First Subpoena"), Doc. No. 51-1 at 6–8.)

present.[12] These other topics include alteration of trusts for which Ephraim was a beneficiary or trustee and monitoring of Ephraim's communications.[13] Request Number 4 of the second subpoena required production of "[d]ocuments evidencing all wire transfers to [Mr. Lemons'] Wells Fargo account for [his] provision of legal services for OLPCCI, ITC, or OLPC from 2018 to the present."[14]

Mr. Lemons asserted various objections in response to the first subpoena[15] and produced only one document.[16] Mr. Lemons also objected to Request Number 4 of the second subpoena and produced no documents in response.[17]

During his deposition, Mr. Lemons testified he did not search his oltax.com work email account in responding to the first subpoena, stating "[t]hat's up to the law firm."[18] He explained he didn't believe he "had the authority to go searching law firm data" in response to a personal subpoena.[19] However, he said he did not know which law firm owns or operates the oltax.com email domain, he had no written contract with whoever owns the domain, and he didn't recall if he had signed any documents regarding confidentiality requirements for the domain.[20] He also

---

[12] (*See id.*)

[13] (*See id.* at 7–8.)

[14] (Ex. B to Mot., Subpoena (dated 7/19/2022) ("Second Subpoena"), Doc. No. 51-2 at 6–7.)

[15] (*See* Ex. E to Mot., Resp. and Objections to Subpoena to Bruce Lemons, Doc. No. 51-5.)

[16] (*See* Mot. 1, Doc. No. 51.)

[17] (*See* Ex. F. to Mot., Resp. and Objections to Second Subpoena to Bruce Lemons 5, Doc. No. 51-6.)

[18] (Lemons Dep. 109:11–13, 111:16–112:1, Doc. No. 51-4.)

[19] (*Id.* at 110:5–13.)

[20] (*Id.* at 39:14–19, 41:14–18.)

testified he renders services through a personal entity, "Olson Lemons, PC," using the oltax.com email account.[21]

Regarding his employment, Mr. Lemons testified he did not remember which law firm he worked for, although he believed it was either OLPC or OL Private Corporate Counsel International, LTD.[22] He testified he was paid via wire transfers from a foreign bank account, but he didn't know whose account it was.[23] When presented with various emails in which he identified himself as general counsel, Mr. Lemons initially stated he did not recall which entity he was general counsel for, and later testified it was either OLPC or "the Bahamian OL Private Corporate Counsel International, LTD."[24]

## LEGAL STANDARDS

The scope of discovery under the federal rules encompasses "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[25]

Subpoenas to nonparties are governed by Rule 45 of the Federal Rules of Civil Procedure. A subpoena may command a person to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control."[26] "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the

---

[21] (*Id.* at 40:16–25.)

[22] (*Id.* at 43:2–11; 64:9–65:8.)

[23] (*Id.* at 65:9–18.)

[24] (*Id.* at 35:11–19, 37:4–6, 54:7–13.)

[25] Fed. R. Civ. P. 26(b)(1).

[26] Fed. R. Civ. P. 45(a)(1)(A)(iii).

subpoena," and the court must enforce this duty.[27] Additionally, an order compelling production in response to a subpoena "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance."[28]

## ANALYSIS

### A. First Subpoena

Ephraim seeks to compel Mr. Lemons to search his oltax.com email account for documents responsive to the first subpoena.[29] In response, Mr. Lemons argues he does not possess or control emails on this account because it is a work account, and he lacks legal authority to search the account in response to a personal subpoena.[30] Mr. Lemons also argues a search would be unduly burdensome because it would require him to review "thousands of emails that are likely privileged or attorney work product."[31] He argues imposing such a burden on a nonparty is not proportional to the needs of the case.[32] Finally, he contends the subpoena is unduly burdensome because Ephraim "has already sought the same information from the plaintiff law firm and the [p]laintiff has responded," noting OLPC produced an email from an oltax.com email account in discovery.[33]

---

[27] Fed. R. Civ. P. 45(d)(1).

[28] Fed. R. Civ. P. 45(d)(2)(B)(ii).

[29] (Mot. 1–2, Doc. No. 51.)

[30] (Opp'n 2, Doc. No. 54.)

[31] (*Id.*)

[32] (*Id.*)

[33] (*Id.*)

Mr. Lemons' contention that he does not have possession, custody, or control of emails from his oltax.com account is unpersuasive, given his deposition testimony. "Courts will find documents to be within a party's control if the party has actual possession, custody, control, or the legal right to obtain the documents on demand."[34] Mr. Lemons does not claim he is unable to search the account, but only that he lacks legal authority to do so. But Mr. Lemons testified he did not know which law firm owns or operates the account, or even which law firm he worked for. He has not identified any contract or policy from an employer limiting his use of the account. And he testified he also uses the account to render services through his personal firm, Olson Lemons PC. Where Mr. Lemons has not identified who he works for or who controls the email account, and he uses the account for purposes other than performing work for his employer, his claim that he lacks legal authority to search the account is unpersuasive.[35] Mr. Lemons' emails from his oltax.com account are within his possession, custody, and control.

The cases Mr. Lemons relies on are unavailing.[36] For instance, Mr. Lemons cites *Contardo v. Merrill Lynch, Pierce, Fenner and Smith*,[37] in which the plaintiff served a subpoena on the defendant's employee for documents within the defendant's possession, custody, or control.[38] The court found this was an improper attempt to obtain documents from the

---

[34] *Braun v. Medtronic Sofamor Danek, Inc.*, No. 2:10-cv-1283, 2013 U.S. Dist. LEXIS 875, at *31 (D. Utah Jan. 2, 2013) (unpublished) (internal quotations omitted).

[35] *Cf. Torrey v. Infectious Diseases Soc'y of Am.*, 334 F.R.D. 79, 85–86 (E.D. Tex. 2019) (rejecting argument that doctors did not have possession, custody, or control of their work emails, where they also used their work emails to perform work for a different entity and had access to the emails on their personal electronic devices).

[36] (*See* Notice of Suppl. Authority in Support of Bruce Lemons' Resp., Doc. No. 61.)

[37] 119 F.R.D. 622 (D. Mass. 1988).

[38] *Id.* at 625.

defendant, contrary to a prior order extending discovery solely for purposes of depositions.[39] But here, it is not clear if OLPC employed Mr. Lemons or if OLPC possesses or controls the emails from the oltax.com account,[40] and there is no order limiting the scope of discovery to depositions. Mr. Lemons next cites *American Maplan Corporation v. Heilmayr*,[41] in which a court found the defendant was not required to produce corporate records from a nonparty corporation in response to discovery requests, where the defendant did not have actual possession of the records and the plaintiff could subpoena the documents directly from the corporation.[42] This case is not analogous to the circumstances presented here for numerous reasons: Ephraim's subpoena seeks Mr. Lemons' own email communications, not another entity's corporate records; Mr. Lemons uses the email account for purposes other than performing work for his employer; and it is unclear which entity owns or operates the account. Finally, Mr. Lemons cites a footnote from *Invesco Institutional (N.A.), Inc. v. Paas*,[43] where the court noted certain requested documents were not in an attorney's possession but, rather, in the possession, custody, and control of the attorney's current and former law firms.[44] But the *Invesco* decision contains no information regarding the underlying facts supporting this

---

[39] *Id.* at 624–25.

[40] Mr. Lemons' counsel, who also represents OLPC, stated at the hearing that OLPC controls the oltax.com account and has legal authority to search it, although she later clarified she does not know which entity owns the account. Aside from these statements from counsel, neither Mr. Lemons nor OLPC presented evidence that OLPC has possession, custody, or control of the email account.

[41] 203 F.R.D. 499 (D. Kan. 2001).

[42] *Id.* at 501–02.

[43] 244 F.R.D. 374 (W.D. Ky. 2007).

[44] *Id.* at 377 n.5.

conclusion. Accordingly, it does not support a finding that Mr. Lemons lacks possession, custody, or control of the emails at issue here.

Mr. Lemons also has not demonstrated the subpoena imposes undue burden or expense. Mr. Lemons provided no estimate of the cost or time required to search his oltax.com account and produce responsive emails. The opposition states Mr. Lemons would need to review thousands of emails for potential privilege and work-product protection,[45] but there is no affidavit or other evidence supporting this assertion, and no estimate of the time or cost required for this review.[46] Further, this statement appears to be based on a misreading of the scope of the subpoena. The opposition describes the subpoena as "broad," noting it requests six years of communications with staff and lawyers.[47] But the subpoena does not request *all* communications between Mr. Lemons and these individuals; rather, it is limited to communications concerning specified persons and topics related to the allegations in this case. Presumably, Mr. Lemons could use search terms to obtain emails potentially responsive to these topics, limiting the number of emails requiring review. There is no evidence that requiring Mr. Lemons to search his oltax.com account in this manner would impose undue burden or expense.

---

[45] (Opp'n 2, Doc. No. 54.)

[46] *See Dernier v. Gilbert*, No. 16-mc-223-JAR-GEB, 2017 U.S. Dist. LEXIS 14057, at *11 (D. Kan. Jan. 31, 2017) (unpublished) ("The party asserting undue burden [under Rule 45] must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request." (internal quotation marks omitted); *see also In re Works*, No. 18-cv-2637-DDC-TJJ, 2018 U.S. Dist. LEXIS 214673, at *6–7 (D. Kan. Dec. 21, 2018) (unpublished) (finding a subpoena recipient failed to demonstrate compliance would cause undue burden where he "offer[ed] no affidavit with facts demonstrating the burden he would suffer").

[47] (Opp'n 2, Doc. No. 54.)

Mr. Lemons' assertion that Ephraim has "already sought the same information" from OLPC, and that OLPC responded,[48] lacks support. Mr. Lemons points to a single email from Thomas Olson to Mr. Lemons, both using oltax.com email accounts, which OLPC produced in discovery.[49] But this email does not demonstrate OLPC searched Mr. Lemons' oltax.com account for documents responsive to the same categories listed in the subpoena, nor that all responsive documents from this account have been produced. To the extent Mr. Lemons suggests Ephraim should first be required to seek such discovery from OLPC, the evidence before the court on this motion does not establish OLPC possesses or controls the account, as explained above. Under these circumstances, Ephraim is not required to first request the documents from OLPC.

Finally, Mr. Lemons has not made a showing, at this stage, that emails responsive to the subpoena are privileged or work-product protected. If, after conducting a search, Mr. Lemons believes responsive emails are privileged or protected, he must follow the procedures set forth in Rule 45 for claiming privilege or protection.[50]

For these reasons, Ephraim's motion is granted as to the first subpoena. Mr. Lemons is ordered to search his oltax.com email account and produce nonprivileged documents responsive to the subpoena within thirty days. If Mr. Lemons withholds documents based on a claim of

---

[48] (*Id.*)

[49] (*See* Ex. C to Mot., Doc. No. 51-3.)

[50] *See* Fed. R. Civ. P. 45(e)(2) (requiring the subpoena recipient to "expressly make the claim" of privilege or protection and "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim").

privilege or work-product protection, he must provide a privilege log which complies with Rule 45.

### B. Second Subpoena

Ephraim seeks to compel Mr. Lemons to produce documents evidencing wire transfers to Mr. Lemons' bank account for provision of legal services for OLPC and related entities from 2018 to the present, as requested in the second subpoena.[51] Ephraim argues these documents are necessary to determine which entity employed Mr. Lemons.[52] Ephraim contends this information is relevant to (1) Mr. Lemons' "broad claims of privilege with several other attorneys who work at unknown corporate entities" and (2) Mr. Lemons' "bias and prejudice in this litigation."[53] Ephraim's counsel clarified at the hearing that he was not seeking information regarding the amount of compensation received by Mr. Lemons, but only the identity of his employer. In response, Mr. Lemons argues which specific entity employed him is irrelevant and asserts the request for payment records is intended to harass him.[54]

Ephraim has not demonstrated documentation of payments to Mr. Lemons is relevant to the claims or defenses in this action. First, Ephraim's argument that these documents relate to Mr. Lemons' potential bias as a witness is insufficient to demonstrate relevance to the claims or defenses. Courts have found employment records of potential witnesses are not relevant or

---

[51] (Mot. 2–3, Doc. No. 51.)

[52] (*Id.* at 3.)

[53] (*Id.*)

[54] (Opp'n 3, Doc. No. 54.)

discoverable where such records relate solely to the witnesses' bias or credibility.[55] Although Ephraim maintains he is seeking only the identity of Mr. Lemons' employer, he has not articulated how this information is relevant to the claims or defenses in this action. Mr. Lemons was not listed as a potential witness by OLPC in its initial disclosures. Only Ephraim has identified him as a potential witness, and Ephraim has not explained the relevance of Mr. Lemons' testimony in this case. Therefore, Ephraim has not established the relevance of Mr. Lemons' potential bias.

Second, Ephraim's argument that the identity of Mr. Lemons' employer is relevant to Mr. Lemons' claims of privilege is premature. No dispute regarding any claim of privilege by Mr. Lemons is currently before the court. As set forth above, Mr. Lemons is ordered to search for documents responsive to the first subpoena and produce a privilege log if documents are withheld based on claims of privilege or protection. If a dispute arises regarding any such privilege claims, and Ephraim believes the identity of Mr. Lemons' employer is relevant to the dispute, he may raise the issue again at that time. At this stage, Ephraim has not demonstrated the identity of Mr. Lemons' employer is relevant.

For these reasons, the motion is denied as to the second subpoena.

---

[55] *See, e.g.*, *P.S. v. Farm, Inc.*, No. 07-2210-JWL-DJW, 2008 U.S. Dist. LEXIS 60371, at *17–18 (D. Kan. July 28, 2008) (unpublished) ("[T]he fact that an individual may be a witness at trial does not, by itself, render the individual's employment records relevant and therefore discoverable."); *Multimedia Cablevision, Inc. v. Cal. Sec. Co-Op, Inc.*, No. 94-1130-MLB, 1995 U.S. Dist. LEXIS 4490, at *3 (D. Kan. Apr. 5, 1995) ("The fact that the credibility of these witnesses will be in issue clearly does not justify the production of personnel files.").

## CONCLUSION

Ephraim's motion to compel[56] is granted as to the first subpoena, and Mr. Lemons is ordered to search his oltax.com email account and produce nonprivileged documents responsive to the first subpoena within thirty days. Mr. Lemons must provide a privilege log for any documents withheld based on a claim of privilege or work-product protection. The motion is denied as to the second subpoena's request for documentation of wire transfers to Mr. Lemons.

DATED this 1st day of November, 2022.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge

---

[56] (Doc. No. 51.)