UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| OL PRIVATE COUNSEL, LLC, a Utah limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>EPHRAIM OLSON, an individual,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SHORT FORM DISCOVERY MOTION REGARDING DEFENDANT'S PRIVILEGE LOG (DOC. NO. 64)**<br><br>Case No. 2:21-cv-00455<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff OL Private Counsel ("OLPC") filed this discovery motion challenging the adequacy of Defendant Ephraim Olson's privilege log.[1] OLPC seeks an order (1) either deeming privilege waived or requiring Mr. Olson to provide an adequate privilege log; and (2) requiring Mr. Olson to produce the "Joint Defense Agreement" supporting his claim of "joint defense/common interest privilege."[2] Mr. Olson opposes the motion, arguing the documents withheld are not relevant and the privilege log is adequate.[3] The court held a hearing on November 10, 2022, and took the motion under advisement.[4]

---

[1] (Short Form Disc. Mot. Regarding Def.'s Privilege Log ("Mot."), Doc. No. 64.)

[2] (*Id.*)

[3] (Opp'n to Pl.'s Short Form Disc. Mot. ("Opp'n"), Doc. No. 70.)

[4] (*See* Doc. No. 86.)

1

For the reasons explained below, OLPC's motion[5] is granted in part and denied in part. Mr. Olson is ordered to provide a revised privilege log which identifies the privilege or protection claimed for each withheld document and adequately describes the nature of each withheld document. To the extent Mr. Olson is withholding documents responsive to Request for Production (RFP) 8, Mr. Olson need only include documents responsive to a narrowed version of RFP 8 in his revised privilege log, as described below. OLPC's motion is denied without prejudice insofar as it seeks to compel Mr. Olson to produce the Joint Defense Agreement.

## BACKGROUND

OLPC, an entity which provides legal services,[6] brought this action against Ephraim Olson, who worked at OLPC from approximately 2015 to 2019.[7] Ephraim Olson is the son of Thomas Olson, the sole member/manager of OLPC.[8] OLPC alleges that after Ephraim Olson was no longer employed at OLPC, he worked with another former employee to improperly access OLPC's confidential documents to assist his mother, Carolyn Olson, in her divorce case.[9] OLPC asserts claims for conversion, breach of contract, and breach of fiduciary duty, among others.[10]

---

[5] (Doc. No. 64.)

[6] The parties dispute whether OLPC is a law firm.

[7] (*See* First Am. Compl., Ex. C to Notice of Removal, Doc. No. 2-2 at 35–52.)

[8] (*See* Renewed Mot. for Alternative Service ¶ 2, Doc. No. 42.)

[9] (*See* First Am. Compl. ¶¶ 22–34, Doc. No. 2-2 at 35–52.)

[10] (*See id.* ¶¶ 42–87.)

Mr. Olson provided the privilege log at issue in response to OLPC's RFP 8,[11] which requests "[a]ll documents relating to or concerning communications with counsel for Carolyn Olson (whether in Carolyn's personal[] capacity or as trustee or any other fiduciary role) at any time, including but not limited to[] communications with Patricia Kuendig and any person in the office of Dentons in Alberta, Canada."[12] Mr. Olson objected to this request on various grounds including relevance, attorney-client privilege, work-product doctrine, and "common interest privilege."[13] Mr. Olson did not initially provide a privilege log for documents withheld in response to RFP 8,[14] but he eventually provided the privilege log at issue here.[15]

## ANALYSIS

Because the challenged privilege log was produced in response to RFP 8, Mr. Olson's relevance objection to RFP 8 is addressed first. The court then turns to the adequacy of Mr. Olson's privilege log and OLPC's request to compel Mr. Olson to produce the Joint Defense Agreement.

A. Relevance of RFP 8

The scope of discovery under the federal rules encompasses "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[16] RFP

---

[11] (*See* Opp'n 1, Doc. No. 70.)

[12] (Ex. A to Opp'n, Pl.'s First Set of Disc. Reqs. 13, Doc. No. 70-1.)

[13] (Ex. B to Opp'n, Def.'s Resps. to Pl.'s First Set of Reqs. for Prod. 11–12, Doc. No. 70-2.)

[14] (*See* Mot. 1, Doc. No. 64.)

[15] (*See* Ex. A to Mot., Privilege Log, Doc. No. 64-1.)

[16] Fed. R. Civ. P. 26(b)(1).

8 requests "[a]ll documents relating to or concerning communications with counsel for Carolyn Olson . . . at any time."[17] While this request encompasses some relevant documents, it is overly broad. OLPC has not demonstrated *all* communications between Mr. Olson and his mother's attorneys "at any time" are relevant to the claims and defenses in this action. OLPC's claims are based on allegations that Mr. Olson misappropriated "OLPC's confidential documents" and shared them with Carolyn Olson and others.[18] Thus, to the extent the requested communications relate to OLPC's confidential documents, these communications are relevant. However, communications between Mr. Olson and his mother's counsel which are unrelated OLPC's confidential documents are not relevant to the claims or defenses in this action. Additionally, at the hearing OLPC agreed to limit the temporal scope of RFP 8 to 2018 through the filing of this lawsuit.

For these reasons, the permissible scope of RFP 8 is limited to documents relating to or concerning communications with counsel for Carolyn Olson *relating to, concerning, or transmitting OLPC's confidential documents, from 2018 through the filing of this lawsuit*. Subject to these limitations, RFP 8 is relevant. With respect to RFP 8, Mr. Olson's obligation to produce documents or provide a privilege log is limited to documents responsive to this narrowed version of the request.

---

[17] (Ex. A to Opp'n, Pl.'s First Set of Disc. Reqs. 13, Doc. No. 70-1.)

[18] (*See* First Am. Compl. ¶¶ 9, 12, 21–22, 27, 29, 31, 34–37, Doc. No. 2-2 at 35–52 (describing the documents at issue as "OLPC's Confidential Documents" or "Plaintiff's Confidential Documents").)

B. <u>Adequacy of Mr. Olson's Privilege Log</u>

Rule 26 of the Federal Rules of Civil Procedure requires a party withholding documents based on a claim of privilege or work-product protection to "(i) expressly make the claim[] and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."[19]

Mr. Olson's privilege log fails to meet either requirement of this rule. First, the log fails to adequately identify the privilege or protection claimed for each document. For every document listed, Mr. Olson identifies the privilege claimed as "joint defense/common interest privilege."[20] But the joint defense and common interest doctrines are merely defenses to a claim that privilege or protection has been waived based on disclosure to a third party—they are not independent privileges.[21] Mr. Olson has not identified any underlying privilege or protection for the documents listed.

Second, Mr. Olson's privilege log fails to adequately describe the nature of the documents withheld. The log lists fifty emails and provides the date, subject line, sender,

---

[19] Fed. R. Civ. P. 26(b)(5)(A).

[20] (Ex. A to Mot., Privilege Log, Doc. No. 64-1.)

[21] *See, e.g., United States ex rel. (Redacted) v. (Redacted)*, 209 F.R.D. 475, 479 (D. Utah 2001) (describing common interest doctrine as "a shield to preclude waiver of the attorney-client privilege when a disclosure of confidential information is made to a third party who shares a community of interest with the represented party") (internal quotation marks omitted) (emphasis removed); *Cessna Fin. Corp. v. JetSuite, Inc.*, No. 18-1095-EFM-KGG, 2020 U.S. Dist. LEXIS 34195, at *4 (D. Kan. Feb. 28, 2020) (unpublished) (explaining the joint defense doctrine prevents waiver based on disclosure, but the proponent must first establish either attorney-client or work-product privilege).

5

recipient, copied parties, and names of attachments for each email.[22] This information is insufficient to enable OLPC (or the court) to assess Mr. Olson's claims of privilege. As OLPC points out, ten subject lines are merely "RE: Olson," and one subject line is "Fed Ex Label."[23] These subject lines provide no indication that the communications involved seeking or providing legal advice, as required for attorney-client privilege.[24] Further, the mere fact that an attorney is a party to a communication is insufficient to demonstrate a communication is attorney-client privileged. Likewise, the subject lines and identities of senders and recipients are insufficient to permit a determination of whether work-product protection applies. For these reasons, Mr. Olson's privilege log is deficient under Rule 26.

OLPC urges the court to deem privilege waived as a result of these deficiencies. However, where the deficiencies may be remedied by providing a revised log, Mr. Olson is not deemed to have waived his claims of privilege. Mr. Olson must provide a revised privilege log which specifically identifies the privilege or protection claimed for each withheld document and adequately describes the nature of each withheld document. The descriptions must be sufficient to enable OLPC to assess the claim of privilege or protection.

---

[22] (Ex. A to Mot., Privilege Log, Doc. No. 64-1.)

[23] (*Id.*, Doc. No. 64-1 at 2–4.)

[24] In the Tenth Circuit, "attorney-client privilege protects confidential communications by a client to an attorney made in order to obtain legal assistance from the attorney in his capacity as a legal advisor." *In re Grand Jury Proceedings*, 616 F.3d 1172, 1182 (10th Cir. 2010) (internal quotation marks omitted). Similarly, under Utah law, a party claiming attorney-client privilege must establish: "(1) an attorney-client relationship, (2) the transfer of confidential information, and (3) the purpose of the transfer was to obtain legal advice." *S. Utah Wilderness All. v. Automated Geographic Reference Ctr., Div. of Info. Tech.*, 2008 UT 88, ¶ 33, 200 P.3d 643, 655 (Utah 2008).

### C. Joint Defense Agreement

OLPC seeks to compel Mr. Olson to produce the "Joint Defense Agreement" involving Mr. Olson and Carolyn Olson. In its motion, OLPC does not argue this document is responsive to any discovery request; instead, OLPC argues this document is necessary to assess Mr. Olson's reliance on the joint defense/common interest doctrine.[25] Alternatively, OLPC requests that the agreement be reviewed *in camera* to assess Mr. Olson's claims of privilege.

OLPC's request is premature. OLPC has challenged the adequacy of Mr. Olson's privilege log, but the merits of Mr. Olson's claims of privilege are not before the court. Further, Mr. Olson has been ordered to provide a revised privilege log with additional information to enable OLPC to assess his privilege claims. If, after reviewing the revised log, a dispute remains regarding the Joint Defense Agreement and/or Mr. Olson's privilege claims, OLPC may file a new motion.

## CONCLUSION

OLPC's motion[26] is granted in part and denied in part. Mr. Olson is ordered to provide a revised privilege log which identifies the privilege or protection claimed for each withheld document and adequately describes the nature of each withheld document. To the extent Mr. Olson is withholding documents responsive to RFP 8, Mr. Olson need only include documents responsive to RFP 8 as narrowed in this order in his revised privilege log. OLPC's motion is

---

[25] (Mot. 2–3, Doc. No. 64.) OLPC argued at the hearing that the Joint Defense Agreement is responsive to RFP 8 and other requests. Because OLPC did not move to compel production of the agreement on this basis, this issue is not properly before the court.

[26] (Doc. No. 64.)

denied without prejudice insofar as it seeks to compel Mr. Olson to produce the Joint Defense Agreement.

DATED this 29th day of November, 2022.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge