UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| OL PRIVATE COUNSEL, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>EPHRAIM OLSON, an individual,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE OF SUBPOENAS (DOC. NO. 65)**<br><br>Case No. 2:21-cv-00455<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff OL Private Counsel, LLC ("OLPC") moves for leave to serve subpoenas on nonparties Elijah Olson and Isaiah Olson by email and by delivering a copy to counsel for Defendant Ephraim Olson.[1] Elijah and Isaiah are Ephraim Olson's brothers.[2] Ephraim Olson opposes the motion, arguing OLPC must show the requirements of 28 U.S.C. § 1783 for service of subpoenas outside the United States are met, and that OLPC has failed to do so.[3]

OLPC's motion is granted. As explained below, 28 U.S.C. § 1783 is inapplicable because there is no evidence Elijah or Isaiah is outside the United States. OLPC has demonstrated alternative service is warranted under the applicable rules, and the proposed methods are likely to provide actual notice of the subpoenas. Therefore, OLPC is granted leave

---

[1] (Ex Parte Mot. for Alternative Service of Subpoenas for Elijah Olson and Isaiah Olson ("Mot."), Doc. No. 65.)

[2] Because the lawsuit and this motion involve several members of the Olson family, first names are used in this order.

[3] (Resp. to Pl.'s Mot. for Alternative Service ("Opp'n"), Doc. No. 66.)

1

to serve the subpoenas on Elijah and Isaiah by email and by delivery to Ephraim Olson's counsel.

## LEGAL STANDARDS

Rule 45 of the Federal Rules of Civil Procedure provides that subpoenas may be served "at any place within the United States."[4] Service of a subpoena within the United States requires "delivering a copy to the named person."[5] Courts have interpreted this rule as allowing service by means other than personal service under Rule 4 of the Federal Rules of Civil Procedure.[6] Even if personal service under Rule 4 were required, courts may authorize service by alternative means as permitted under applicable state law.[7] Utah law permits service by alternative means if the "whereabouts of the person to be served [is] unknown and cannot be ascertained through reasonable diligence, . . . or if there is good cause to believe that the person to be served is avoiding service."[8]

---

[4] Fed. R. Civ. P. 45(b)(2).

[5] Fed. R. Civ. P. 45(b)(1).

[6] *See, e.g.*, *Ross v. Jenkins*, No. 17-2547, 2019 U.S. Dist. LEXIS 127518, at *2–3 (D. Kan. July 31, 2019) (unpublished) (noting Rule 45 service "can include methods of service other than direct, hand-over-hand personal service"); *E.A. Renfroe & Co. v. Moran*, No. 08-cv-00733, 2008 U.S. Dist. LEXIS 123018, at *19 (D. Colo. Apr. 21, 2008) (unpublished) (holding that "effective service under Rule 45 is not limited to hand-to-hand personal service in every case"); *Yost v. K. Truck Lines, Inc.*, No. 03-2086, 2006 WL 8440101, at *2 (D. Kan. Jan. 11, 2006) (unpublished) (finding Rule 45 does not mandate personal delivery or prohibit alternative service and requires only that "service be made in a manner that reasonably insures actual receipt of the subpoena").

[7] *See* Fed. R. Civ. P. 4(e)(1) (providing that service of an individual may be completed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made").

[8] Utah R. Civ. P. 4(d)(5)(A).

Rule 45 also provides "28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country."[9] This statute permits such individuals to be subpoenaed "if the court finds that particular testimony or the production of the document or other thing by him is necessary in the interest of justice, and . . . it is not possible to obtain his testimony in admissible form without his personal appearance or to obtain the production of the document or other thing in any other manner."[10]

## BACKGROUND

OLPC, an entity which provides legal services,[11] initiated this action against Ephraim, a former OLPC employee.[12] Ephraim is the son of Thomas Olson, the sole member/manager of OLPC.[13]

As described in OLPC's motion and the attached declarations, OLPC made multiple attempts to personally serve a subpoena on Elijah Olson at four addresses.[14] These included a California address which Elijah provided in a declaration filed in July 2022, as well as three Connecticut addresses obtained through OLPC's counsel's research of public records.[15] An

---

[9] Fed. R. Civ. P. 45(b)(3).

[10] 28 U.S.C. § 1783(a).

[11] The parties dispute whether OLPC is a law firm.

[12] (*See* First Am. Compl., Ex. C to Notice of Removal, Doc. No. 2-2 at 35–52.)

[13] (*See* Renewed Mot. for Alternative Service ¶ 2, Doc. No. 42.)

[14] (*See* Mot. ¶¶ 6–16, Doc. No. 65.)

[15] (*See* Ex. B to Mot., Decl. of Monica S. Call in Support of Ex Parte Mot. for Alternative Service ("Call Decl.") ¶¶ 4–11, Doc. No. 65-2; *see also* Ex. C to Renewed Mot. for Alternative Service, Decl. of Elijah Olson, Doc. No. 42-3 at 3.)

3

occupant at the California address reported Elijah no longer lived there.[16] In Connecticut, multiple service attempts were made at an apartment, where the process server observed packages addressed to Elijah.[17] A process server also attempted to serve Elijah at a law school and a church.[18]

OLPC attempted to serve a subpoena on Isaiah Olson at four Utah addresses.[19] These included a Lehi address believed to be Isaiah's residence based on OLPC's counsel's research, two different addresses believed to be his mother's and his sister's residences, and a location believed to be Isaiah's place of employment.[20] An occupant of the Lehi address reported Isaiah did not live there, and service attempts at the other locations were unsuccessful.[21]

OLPC's motion provides gmail.com email addresses for Elijah and Isaiah.[22] Thomas Olson, Elijah and Isaiah's father, provided a supporting declaration stating he believes these are valid and current email addresses, and he attached emails he received from Elijah and Isaiah using these email addresses.[23]

---

[16] (*See* Call Decl. Ex. 1, Aff. of Billy O. Pena, Doc. No. 65-2 at 7–9.)

[17] (*See* Call Decl. Ex. 2, Affs. of Chris Angle, Doc. No. 65-2 at 10–12.)

[18] (*See* Call Decl. Exs. 3–4, Affs. of Stephen T. Foley, Doc. No. 65-2 at 13–16.)

[19] (*See* Mot. ¶¶ 17–22, Doc. No. 65.)

[20] (*See* Call Decl. ¶¶ 12–17, Doc. No. 65-2.)

[21] (*See* Call. Decl. Exs. 5–8, Affs. of Troy Martinez, Dax Wilson, and Crystal Williams, Doc. No. 65-2 at 17–27.)

[22] (*See* Mot. ¶¶ 4–5, Doc. No. 65.)

[23] (*See* Decl. of Tom Olson in Support of OL Pl.'s Mot. for Alternative Service ("Tom Olson Decl.") ¶¶ 5, 11, Doc. No. 80-1; Tom Olson Decl. Exs. 1–4, 6–7, Doc. No. 80-1 at 5–12, 16–19.)

Ephraim Olson's opposition brief states "on information and belief, [Ephraim] Olson believes Isaiah has recently moved to Europe."[24] Ephraim did not file a declaration or other evidence supporting this statement.

## ANALYSIS

OLPC argues Elijah and Isaiah cannot be located despite OLPC's diligent efforts, and it seeks leave to serve subpoenas on Elijah and Isaiah by email and by delivery to Ephraim's counsel.[25] Ephraim opposes the motion solely on the ground that OLPC fails to show the requirements of 28 U.S.C. § 1783 are met.[26]

As an initial matter, 28 U.S.C. § 1783 is inapplicable to OLPC's motion. As Rule 45 states, this statute governs service of subpoenas on United States nationals or residents in a foreign country.[27] Here, there is no evidence either Elijah or Isaiah is in a foreign country. OLPC presented a declaration from counsel indicating counsel's research revealed addresses for Elijah and Isaiah in the United States.[28] In opposition, Ephraim presented only a bare assertion, unsupported by any declaration or other evidence, that Isaiah moved to Europe. And Ephraim provided no information suggesting Elijah is outside the United States. On this record, there is

---

[24] (Opp'n 2, Doc. No. 66.)

[25] (Mot., Doc. No. 65.)

[26] (Opp'n, Doc. No. 66.)

[27] Fed. R. Civ. P. 45(b)(3); *see also* 28 U.S.C. § 1783.

[28] (*See* Call Decl. ¶¶ 5, 12–16, Doc. No. 65-2.)

no basis to conclude Elijah or Isaiah is in a foreign country.[29] Accordingly, 28 U.SC. § 1783 does not apply, and OLPC need not demonstrate the requirements of this statute are met.

OLPC has demonstrated service of the subpoenas by the alternative methods proposed is appropriate under Rule 45. As described above, OLPC has presented evidence of diligent efforts to personally serve Elijah and Isaiah at the addresses revealed by counsel's research, but these efforts proved unsuccessful. OLPC has also shown the proposed methods of service are reasonably calculated to ensure actual receipt of the subpoenas.[30] OLPC presented evidence the email addresses provided are actually used by Elijah and Isaiah; thus, service by email to these addresses reasonably ensures receipt. Although there is no evidence Ephraim's counsel represents Elijah and Isaiah, Ephraim's counsel has previously filed a declaration from Elijah in this case,[31] suggesting counsel is in contact with Elijah regarding this case. While this might be insufficient to permit service *solely* by delivery to Ephraim's counsel, requiring OLPC to send the subpoenas to Ephraim's counsel in addition to emailing the subpoenas directly to Elijah and

---

[29] Ephraim notes the court previously applied 28 U.S.C. § 1783 to Ephraim's motions for alternative service of subpoenas. (*See* Mem. Decision and Order Den. Without Prejudice Mot. for Alternative Service of Subpoenas, Doc. No. 41; Mem. Decision and Order Granting in Part and Den. in Part Renewed Mot. for Alternative Service of Subpoenas, Doc. No. 48.) But this is because Ephraim himself provided addresses outside the United States for the individuals he was seeking to serve with subpoenas. (*See* Ex Parte Mot. for Alternative Service of Subpoenas, Doc. No. 35.) Here, by contrast, OLPC only provided addresses in the United States for Elijah and Isaiah, and Ephraim presented no contrary evidence suggesting they are in a foreign country.

[30] *Cf. Yost*, 2006 WL 8440101, at *2 (permitting service of subpoenas under Rule 45 "in a manner that reasonably insures actual receipt of the subpoena").

[31] (*See* Ex. C to Renewed Mot. for Alternative Service, Decl. of Elijah Olson, Doc. No. 42-3 at 3.)

Isaiah will increase the likelihood of receipt. Under these circumstances, alternative service is warranted.

## CONCLUSION

OLPC's motion for alternative service of subpoenas on Elijah Olson and Isaiah Olson[32] is granted, and the court orders as follows:

1. OLPC may serve a subpoena on Elijah Olson by emailing the subpoena and a copy of this order to both Elijah's email address stated in the motion and Ephraim's counsel. Service on Elijah shall be complete when these documents are emailed to both recipients.

2. OLPC may serve a subpoena on Isaiah Olson by emailing the subpoena and a copy of this order to both Isaiah's email address stated in the motion and Ephraim's counsel. Service on Isaiah shall be complete when these documents are emailed to both recipients.

DATED this 29th day of November, 2022.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[32] (Doc. No. 65.)