UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| OL PRIVATE COUNSEL, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>EPHRAIM OLSON, an individual,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE OF DEPOSITION SUBPOENAS (DOC. NO. 111)**<br><br>Case No. 2:21-cv-00455<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff OL Private Counsel, LLC ("OLPC") moves for leave to serve deposition subpoenas on nonparties Elijah Olson and Isaiah Olson by email.[1] Elijah and Isaiah are defendant Ephraim Olson's brothers.[2] The court granted OLPC's prior motion for leave to serve Elijah and Isaiah with document subpoenas by email to their personal email addresses and to Ephraim's counsel.[3] OLPC now seeks leave to serve deposition subpoenas on Elijah and Isaiah by email to (1) their personal email addresses, (2) the attorney representing them in responding to the document subpoenas, and (3) Ephraim's counsel. No opposition has been filed. Because OLPC has demonstrated service by email is warranted and reasonably calculated to provide actual notice of the subpoenas, OLPC's motion is granted.

---

[1] (Ex Parte Mot. for Alternative Service of Deposition Subpoenas for Elijah Olson and Isaiah Olson ("Mot."), Doc. No. 111.)

[2] Because the lawsuit and this motion involve several members of the Olson family, first names are used in this order.

[3] (*See* Mem. Decision and Order Granting Pl.'s Mot. for Alternative Service of Subpoenas ("Order Granting Alternative Service of Document Subpoenas"), Doc. No. 96.)

1

## LEGAL STANDARDS

Rule 45 of the Federal Rules of Civil Procedure provides that subpoenas may be served "at any place within the United States."[4] Service of a subpoena within the United States requires "delivering a copy to the named person."[5] Courts have interpreted this rule as allowing service by means other than personal service under Rule 4 of the Federal Rules of Civil Procedure.[6] Even if personal service under Rule 4 were required, courts may authorize service by alternative means as permitted under applicable state law.[7] Utah law permits service by alternative means if the "whereabouts of the person to be served [is] unknown and cannot be ascertained through reasonable diligence, . . . or if there is good cause to believe that the person to be served is avoiding service."[8]

---

[4] Fed. R. Civ. P. 45(b)(2).

[5] Fed. R. Civ. P. 45(b)(1).

[6] *See, e.g.*, *Ross v. Jenkins*, No. 17-2547, 2019 U.S. Dist. LEXIS 127518, at *2–3 (D. Kan. July 31, 2019) (unpublished) (noting Rule 45 service "can include methods of service other than direct, hand-over-hand personal service"); *E.A. Renfroe & Co. v. Moran*, No. 08-cv-00733, 2008 U.S. Dist. LEXIS 123018, at *19 (D. Colo. Apr. 21, 2008) (unpublished) (holding that "effective service under Rule 45 is not limited to hand-to-hand personal service in every case"); *Yost v. K. Truck Lines, Inc.*, No. 03-2086, 2006 WL 8440101, at *2 (D. Kan. Jan. 11, 2006) (unpublished) (finding Rule 45 does not mandate personal delivery or prohibit alternative service and requires only that "service be made in a manner that reasonably insures actual receipt of the subpoena").

[7] *See* Fed. R. Civ. P. 4(e)(1) (providing that service of an individual may be completed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made").

[8] Utah R. Civ. P. 4(d)(5)(A).

BACKGROUND

OLPC previously moved for leave to serve document subpoenas on Elijah and Isaiah by email, after numerous attempts to personally serve them at various addresses were unsuccessful.[9] OLPC's motion was granted,[10] and OLPC served the subpoenas by email to Elijah and Isaiah's personal email addresses and to Ephraim's counsel.[11] Elijah and Isaiah responded to the document subpoenas through an attorney, who contacted OLPC's counsel by email.[12] But when OLPC's counsel inquired about their availability for depositions, the attorney indicated he had not been retained for that purpose.[13]

OLPC then attempted to personally serve deposition subpoenas on Elijah and Isaiah at two addresses where OLPC had previously tried to serve the document subpoenas, but these attempts were again unsuccessful.[14] A process server made three attempts to serve Elijah at an apartment in Connecticut, where packages addressed to Elijah had been observed during previous service attempts, but no one answered the intercom.[15] A process server also tried to

---

[9] (See Ex. Parte Mot. for Alternative Service of Subpoenas for Elijah Olson and Isaiah Olson ("Mot. for Alternative Service of Document Subpoenas"), Doc. No. 65.)

[10] (Order Granting Alternative Service of Document Subpoenas, Doc. No. 96.)

[11] (See Mot. ¶ 8, Doc. No. 111.)

[12] (See id. ¶ 11; Ex. B to Mot., Email from J. Hoffman to M. Call (Dec. 13, 2022), Doc. No. 111-2.)

[13] (See Mot. ¶¶ 12–13, Doc. No. 111; Ex. B to Mot., Emails between J. Hoffman and M. Call (Feb 8–15, 2022), Doc. No. 111-2.)

[14] (See Mot. ¶¶ 15–16, Doc. No. 111; Ex. C to Mot., Aff. of Stephen Foley ("Foley Aff."), Doc. No. 111-3; Ex. D to Mot., Aff. of Crystal Williams ("Williams Aff."), Doc. No. 111-4.)

[15] (See Mot. ¶ 15, Doc. No. 111; Ex. C to Mot., Foley Aff., Doc. No. 111-3; see also Aff. of Chris Angle, Doc. No. 65-2 at 12.)

serve Isaiah at an address in Utah (which OLPC describes as the only address it could identify as a possible residence), but the occupant stated she did not know Isaiah.[16]

## ANALYSIS

OLPC seeks to serve deposition subpoenas on Elijah and Isaiah by email to (1) their email addresses used for service of the document subpoenas, (2) the attorney representing them in responding to the document subpoenas, and (3) Ephraim's counsel.

OLPC has demonstrated service of deposition subpoenas by this method is warranted here. As described above, OLPC made diligent efforts to personally serve Elijah and Isaiah with both the document subpoenas and the deposition subpoenas, but these efforts have proved unsuccessful. OLPC has also shown the proposed method of service is reasonably calculated to ensure actual receipt of the deposition subpoenas.[17] Service by email to Elijah and Isaiah's personal email addresses and to Ephraim's counsel is likely to ensure actual receipt, as evidenced by the fact that Elijah and Isaiah previously responded to document subpoenas served by this method. And emailing the attorney representing Elijah and Isaiah on the document subpoenas further increases the likelihood of receipt. Under these circumstances, email service of the subpoenas is warranted.

## CONCLUSION

OLPC's motion for alternative service of deposition subpoenas on Elijah Olson and Isaiah Olson[18] is granted, and the court orders as follows:

---

[16] (*See* Mot. ¶ 16, Doc. No. 111; Ex. D to Mot., Williams Aff., Doc. No. 111-4.)

[17] *Cf. Yost*, 2006 WL 8440101, at *2 (permitting service of subpoenas under Rule 45 "in a manner that reasonably insures actual receipt of the subpoena").

[18] (Doc. No. 111.)

1. OLPC may serve a deposition subpoena on Elijah Olson by emailing the subpoena and a copy of this order to (1) Elijah's email address stated in the motion, (2) the attorney representing Elijah in responding to the subpoena duces tecum, and (3) Ephraim's counsel. Service on Elijah shall be complete when these documents are emailed to these recipients.

2. OLPC may serve a deposition subpoena on Isaiah Olson by emailing the subpoena and a copy of this order to (1) Isaiah's email address stated in the motion, (2) the attorney representing Isaiah in responding to the subpoena duces tecum, and (3) Ephraim's counsel. Service on Isaiah shall be complete when these documents are emailed to these recipients.

DATED this 5th day of April, 2023.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge