UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| OL PRIVATE COUNSEL, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>EPHRAIM OLSON, an individual,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION REGARDING CAROLYN OLSON AND NAOMI BURTON'S PRIVILEGE LOG (DOC. NO. 101), AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SECOND MOTION REGARDING DEFENDANT'S PRIVILEGE LOG AND PRODUCTION OF DOCUMENTS (DOC. NO. 102)**<br><br>Case No. 2:21-cv-00455<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff OL Private Counsel, LLC ("OLPC") filed two discovery motions: (1) a motion challenging the sufficiency of responses and privilege logs provided by nonparties Carolyn Olson and Naomi Burton in response to OLPC's subpoenas,[1] and (2) a motion to compel production of documents previously claimed by defendant Ephraim Olson as privileged in response to OLPC's Request for Production 8.[2] Carolyn, Naomi, and Ephraim[3] filed oppositions

---

[1] (Short Form Disc. Mot. Re. Carolyn Olson and Naomi Burton's Privilege Log ("Mot. re Nonparties' Privilege Log"), Doc. No. 101.)

[2] (Pl.'s Second Short Form Disc. Mot. Re. Def.'s Privilege Log and Production of Docs. Responsive to Req. No. 8 ("Second Mot. re Def.'s Privilege Log"), Doc. No. 102.)

[3] Because the lawsuit and these motions involve several members of the Olson family, for clarity, first names are used in this order.

1

to the first motion,[4] and Ephraim filed an opposition to the second motion.[5] The court held a hearing on February 14, 2023, and issued an oral ruling with a written order to follow. This is that order.

For the reasons stated at the hearing and set forth below, OLPC's motion regarding the subpoenas to Carolyn Olson and Naomi Burton is denied without prejudice, and OLPC's motion regarding Ephraim's privilege log and production of documents is granted in part and denied in part.

BACKGROUND

OLPC, an entity which provides legal services,[6] brought this action against Ephraim, who worked at OLPC from approximately 2015 to 2019.[7] Ephraim is the son of Thomas Olson, the sole member/manager of OLPC. Carolyn is Ephraim's mother, and Naomi is Ephraim's sister. OLPC alleges that after Ephraim was no longer employed at OLPC, he worked with another former employee, Timothy Akarapanich, to improperly access OLPC's confidential documents to assist Carolyn in divorce proceedings against Thomas.[8] OLPC asserts claims for conversion, breach of contract, and breach of fiduciary duty, among others.[9]

---

[4] (See Ephraim's Opp'n to Mot. re Nonparties' Privilege Log, Doc. No. 103; Carolyn Olson's and Naomi Burton's Resp. to Pl.'s Short Form Disc. Mot. Re: Privilege Log ("Nonparties' Opp'n"), Doc. No. 106.)

[5] (See Ephraim's Opp'n to Second Mot. re Def.'s Privilege Log, Doc. No. 109.)

[6] The parties dispute whether OLPC is a law firm.

[7] (See First Am. Compl., Ex. C to Notice of Removal, Doc. No. 2-2 at 35–52.)

[8] (See First Am. Compl. ¶¶ 22–34, Doc. No. 2-2 at 35–52.)

[9] (See id. ¶¶ 42–87.)

*Request for Production 8*

OLPC previously filed a motion challenging the sufficiency of a privilege log which Ephraim provided in response to OLPC's Request for Production (RFP) 8.[10] RFP 8 sought "[a]ll documents relating to or concerning communications with counsel for Carolyn Olson (whether in Carolyn's personal[] capacity or as trustee or any other fiduciary role) at any time, including but not limited to[] communications with Patricia Kuendig [Carolyn's attorney] and any person in the office of Dentons in Alberta, Canada."[11] Ephraim objected to this request on various grounds including relevance, attorney-client privilege, work-product protection, and "common interest privilege,"[12] and eventually provided a privilege log listing fifty documents.[13] OLPC filed a discovery motion challenging the sufficiency of the privilege log, asking the court to either deem privilege waived or order Ephraim to produce an adequate log.[14]

The court issued an order granting the motion in part and denying it in part on November 29, 2022.[15] The court found that while RFP 8 encompassed some relevant documents, the request was overly broad because OLPC had not "demonstrated *all* communications between [Ephraim] and his mother's attorneys 'at any time' [were] relevant to the claims and defenses in

---

[10] (*See* Short Form Disc. Mot. Regarding Def.'s Privilege Log ("First Mot. re Def.'s Privilege Log"), Doc. No. 64.)

[11] (Ex. A to Opp'n to First Mot. re Def.'s Privilege Log, Pl.'s First Set of Disc. Reqs. 13, Doc. No. 70-1.)

[12] (Ex. B to Opp'n, Def.'s Resps. to Pl.'s First Set of Reqs. for Prod. 11–12, Doc. No. 70-2.)

[13] (*See* Ex. A to Second Mot. re Def.'s Privilege Log, Privilege Log, Doc. No. 102-1.)

[14] (First Mot. re Def.'s Privilege Log, Doc. No. 64.)

[15] (Mem. Decision and Order Granting in Part and Den. in Part Pl.'s Short Form Disc. Mot. Re. Def.'s Privilege Log ("Nov. 29, 2022 Order"), Doc. No. 95.)

this action."[16]  Thus, the court limited the permissible scope of RFP 8 to "documents relating to or concerning communications with counsel for Carolyn Olson *relating to, concerning, or transmitting OLPC's confidential documents, from 2018 through the filing of this lawsuit*."[17]  The court then determined Ephraim's privilege log was inadequate and ordered him to provide a revised log, but clarified Ephraim "need only include documents responsive to RFP 8 as narrowed in this order in his revised privilege log."[18]

Thereafter, Ephraim produced four emails (plus attachments) from his privilege log but refused to provide a revised privilege log, asserting the other forty-six documents were not responsive to RFP 8 as narrowed.[19]  OLPC then filed the instant discovery motion against Ephraim, seeking to compel Ephraim to produce the remaining documents previously claimed as privileged.[20]

*Subpoenas to Carolyn Olson and Naomi Burton*

Before the court's November 29 order, OLPC had issued document subpoenas to Carolyn and Naomi.  The subpoena to Carolyn included requests for "all Documents that constitute, concern, evidence, refer to, or relate to Communications with Ephraim Olson, Naomi Burton or any third party (other than your counsel of record) from December 1, 2018 through the present" concerning the divorce proceeding in Utah state court (Request 5), and "all Documents that

---

[16] (*Id.* at 4.)

[17] (*Id.*)

[18] (*Id.* at 7.)

[19] (*See* Ex. C to Second Mot. re Def.'s Privilege Log, Def.'s Suppl. Resp. to RFP 8, Doc. No. 102-3.)

[20] (*See* Second Mot. re Def.'s Privilege Log, Doc. No. 102.)

constitute, concern, evidence, refer to, or relate to Communications with Ephraim Olson, Naomi Burton or any third party from December 1, 2018 through the present concerning *any legal action*, including the Alberta, Canada statement of claim" (Request 6).[21] The subpoena to Naomi included a similar request for communications with Ephraim, Carolyn, or any third party (other than counsel of record) concerning the divorce case (Request 5), and also requested "Communications with Ephraim Olson, Carolyn Olson, or any third party from December 1, 2018 through the present concerning *any legal or regulatory action* in which You, Ephraim Olson, or Carolyn Olson are a party or complainant in any capacity" (Request 6).[22]

Carolyn and Naomi objected to these requests on grounds of relevance and privilege, and initially provided privilege logs.[23] But after the November 29 order was issued, Carolyn and Naomi withdrew their privilege logs and provided supplemental responses to the subpoenas, asserting none of the listed documents were within the scope of permissible discovery established in the order.[24] OLPC then filed the instant discovery motion challenging Carolyn and Naomi's responses.[25]

---

[21] (Ex. A to Mot. re Nonparties' Privilege Log, Subpoena to Carolyn Olson, Reqs. 5 and 6, Doc. No. 101-1 at 11 (emphasis added).)

[22] (Ex. B to Mot. re Nonparties' Privilege Log, Subpoena to Naomi Burton, Reqs. 5 and 6, Doc. No. 101-2 at 11 (emphasis added).)

[23] (*See* Ex. C to Mot. re Nonparties' Privilege Log, Carolyn Olson's Resp. and Obj. to Subpoena, Doc. No. 101-3; Ex. D to Mot. re Nonparties' Privilege Log, Naomi Burton's Resp. and Obj. to Subpoena, Doc. No. 101-4.)

[24] (*See* Ex. E to Mot. re Nonparties' Privilege Log, Carolyn Olson's Suppl. Resp. and Obj. to Subpoena, Doc. No. 101-5; Ex. F to Mot. re Nonparties' Privilege Log, Naomi Burton's Suppl. Resp. and Obj. to Subpoena, Doc. No. 101-6.)

[25] (*See* Mot. re Nonparties' Privilege Log, Doc. No. 101.)

ANALYSIS

**A. Motion Regarding Subpoenas to Carolyn Olson and Naomi Burton**

In its motion regarding the subpoenas to Carolyn and Naomi, OLPC argues the privilege logs initially provided by Carolyn and Naomi were inadequate, and Carolyn and Naomi have improperly withheld documents responsive to Requests 5 and 6.[26] OLPC seeks an order (1) either deeming privilege waived for the documents listed in the logs or requiring Carolyn and Naomi to provide adequate logs, and (2) requiring production of a joint defense agreement referenced in the logs.[27]

In opposition, Carolyn and Naomi argue they have adequately responded to the subpoenas and provided all responsive documents (or a privilege log) for documents within the permissible scope of discovery, as defined by the November 29 order.[28] They noted that they responded to other requests in the subpoenas seeking documents related to communications with Mr. Akarapanich (Request 1) and communications concerning information or documents obtained by Ephraim through his employment with OLPC (Request 7), and the sufficiency of those responses is unchallenged.[29] Carolyn and Naomi argue Requests 5 and 6 are overbroad as written, and they indicate they have identified no relevant, responsive documents as defined by the November 29 order.[30] Therefore, they argue they are not required to provide a privilege

---

[26] (*See* Mot. re Nonparties' Privilege Log, Doc. No. 101.)

[27] (*See id.* at 1.)

[28] (*See* Nonparties' Opp'n, Doc. No. 106.)

[29] (*See id.* at 2–3.)

[30] (*See id.*)

log.[31] They also argue the documents listed in their withdrawn logs are not relevant under the November 29 order and need not be produced.[32] At the hearing, Carolyn and Naomi noted they are involved in other litigation against Thomas, including the divorce and other matters, and they suggest Requests 5 and 6 are an impermissible fishing expedition for documents which are irrelevant to OLPC's claims in this case but which could be used against them in other litigation. Finally, they argue the joint defense agreement is also irrelevant and unresponsive because it does not relate to OLPC's allegedly misappropriated documents.[33]

Rule 45 of the Federal Rules of Civil Procedure governs subpoenas to nonparties. "[W]hile Rule 45 does not include relevance as an enumerated reason for quashing a subpoena[,] [i]t is well settled that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b)."[34] Under Rule 26(b), discovery must be "relevant to any party's

---

[31] (*See id.*)

[32] (*See id.*)

[33] (*See id.* at 3.)

[34] *Consumer Fin. Prot. Bureau v. Integrity Advance, LLC*, No. 21-mc-206-DDC-TJJ, 2022 U.S. Dist. LEXIS 126523, at *18 (D. Kan. July 15, 2022) (unpublished) (second and third alterations in original) (internal quotation marks omitted) (considering a relevance objection to a subpoena asserted by both parties and nonparty recipients); *see also Stewart v. Mitchell Transp.*, No. 01-2546-JWL, 2002 U.S. Dist. LEXIS 12958, at *11 (D. Kan. July 11, 2002) (unpublished) ("Overbreadth and irrelevance are not contained within Rule 45's list of enumerated reasons for quashing a subpoena. It is well settled, however, that the scope of discovery under a subpoena is the same as the scope of discovery under Rules 26(b) and 34.").

claim or defense and proportional to the needs of the case."[35] Thus, courts have declined to enforce subpoenas based on overbreadth and lack of relevance.[36]

As written, Requests 5 and 6 in the subpoenas to Carolyn and Naomi are overbroad and unenforceable. These requests seek all of Carolyn and Naomi's communications with any person (other than counsel) regarding the divorce case and any other legal action. On their face, these requests encompass documents and communications having nothing to do with OLPC's allegedly misappropriated documents—and thus, irrelevant to OLPC's claims in this case. Accordingly, Requests 5 and 6 will not be enforced as written. Further, OLPC has not shown any basis to require Carolyn and Naomi to produce the joint defense agreement at this stage, where their privilege logs referencing it have been withdrawn.

Nevertheless, it may be possible for OLPC to narrow its requests to cover documents permissibly within the scope of discovery in this case. At the hearing, OLPC's counsel described the allegedly misappropriated documents as falling into three "buckets": (1) documents obtained from the other former employee, Mr. Akarapanich, (2) documents Ephraim forwarded to his own personal email address during his employment at OLPC, and (3) boxes of physical documents from OLPC's Utah office. OLPC indicated these documents are known, identified documents. The allegedly misappropriated documents, and any communications related to them, are relevant to OLPC's claims in this action. Carolyn and Naomi's counsel indicated he had never been provided with a list of the documents falling in

---

[35] Fed. R. Civ. P. 26(b)(1).

[36] *See, e.g., Ennis v. Alder Prot. Holdings, LLC*, No. 2:19-cv-512, 2022 U.S. Dist. LEXIS 169131, at *10 (D. Utah Sept. 16, 2022) (unpublished) (quashing subpoenas based on "their overbreadth and questionable relevance of some of the information sought").

these "buckets," and if provided with this information, he would be willing to conduct a new search for these documents and related communications.

Therefore, OLPC's motion regarding the subpoenas to Carolyn and Naomi is denied without prejudice. Counsel for OLPC and Carolyn and Naomi are ordered to meet and confer to allow OLPC to identify the allegedly misappropriated documents, and to allow Carolyn and Naomi to conduct a search for such documents and related communications, and either produce them or provide a privilege log. If this process does not resolve the dispute regarding the subpoenas, OLPC or the nonparties may file a new motion.

### B. Second Motion Regarding Ephraim's Privilege Log and Production of Documents Responsive to RFP 8

In OLPC's second motion challenging Ephraim's response to RFP 8, OLPC seeks to compel Ephraim to produce all documents previously claimed as privileged.[37] OLPC asserts Ephraim is improperly withholding documents which are relevant and responsive to RFP 8, as narrowed in the November 29 order.[38] OLPC argues that, while Ephraim's withdrawn privilege log did not contain descriptions of the withheld documents, the timing and individuals involved in the logged communications "strongly imply that those communications are responsive to narrowed RFP 8."[39] OLPC also argues that the four emails produced by Ephraim from the privilege log demonstrate there was no basis for the claim of privilege in the first instance.[40] OLPC further argues the joint defense agreement referenced in the log should be produced

---

[37] (*See* Second Mot. re Def.'s Privilege Log, Doc. No. 102.)

[38] (*Id.* at 1–2.)

[39] (*Id.* at 2.)

[40] (*Id.* at 3.)

because it "may have been used in an attempt to cloak the sharing of OLPC's confidential information from discovery."[41] Finally, OLPC seeks an award of attorney fees and costs incurred in bringing this motion.[42]

In opposition, Ephraim contends he is not withholding any relevant, responsive documents.[43] Ephraim explains he produced four emails and attachments listed in the withdrawn privilege log based on OLPC's representation that the attachments were OLPC's confidential documents—although he disagrees with OLPC's characterization.[44] But he argues the remaining forty-six logged documents are not relevant or responsive to RFP 8, as narrowed by the court.[45] Ephraim contends OLPC has "improperly claimed that a large swath of documents are (1) documents which belong to OLPC and (2) are confidential," and he argues OLPC has "yet to provide any support for those claims."[46] Ephraim also maintains the joint defense agreement is not relevant or responsive to RFP 8 as narrowed.[47] Finally, Ephraim requests an award of fees and costs for defending the motion.[48]

As an initial matter, Ephraim's argument that OLPC's claims regarding its confidential documents are unsupported goes to the merits of the case—not the scope of discovery. Under

---

[41] (*Id.*)

[42] (*Id.* at 1, 3.)

[43] (*See* Opp'n to Second Mot. re Def.'s Privilege Log, Doc. No. 109.)

[44] (*See id.* at 2.)

[45] (*See id.*)

[46] (*Id.* at 3.)

[47] (*See id.* at 2–3.)

[48] (*See id.* at 3.)

the federal rules, discovery is permitted on "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[49] Thus, disputes about the merits of OLPC's claims do not preclude OLPC from pursuing discovery relevant to those claims. Discovery regarding the documents OLPC alleges were misappropriated, as well as communications related to those documents, is relevant and permissible—notwithstanding any factual disputes regarding the merits of OLPC's allegations. Thus, Ephraim may not withhold documents responsive to RFP 8, as narrowed, based on a factual dispute regarding whether the documents at issue were actually OLPC's confidential documents.

With this understanding, OLPC's motion is granted in part and denied in part. As set forth above, OLPC represented at the hearing that the allegedly misappropriated documents are known, identified documents. OLPC must identify these documents to Ephraim. Ephraim must then conduct a new search and either produce or provide a privilege log for the documents identified by OLPC and communications related to these documents.

Ephraim must also either produce or provide a revised, adequate privilege log for all documents listed in his withdrawn log. Ephraim may maintain his relevance objection for any logged documents, but he must provide a description of each document sufficient to enable OLPC to assess his claim of privilege and any relevance objection.[50] Although logging documents withheld based on relevance is not normally required, this procedure is warranted

---

[49] Fed. R. Civ. P. 26(b)(1).

[50] See Fed. R. Civ. P. 26(b)(5)(A)(ii) (requiring a party withholding documents based on a claim of privilege or work-product protection to "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.").

here where the arguments Ephraim has advanced regarding relevance are inconsistent with the Rule 26(b)(1) standard.

OLPC's request to compel production of the joint defense agreement is denied. OLPC's suspicion that this agreement was somehow used improperly to shield information from discovery is insufficient to demonstrate the agreement is relevant or discoverable—particularly where Ephraim has withdrawn the privilege log relying on it. However, if Ephraim relies on the joint defense agreement in a revised privilege log as a basis to withhold documents, OLPC's request may be renewed.

Both parties' requests for fees and costs are denied. Because the motion is granted in part and denied in part, a reasonable apportionment is for each party to bear its own fees and costs.[51]

## CONCLUSION

The court ORDERS as follows:

1. OLPC's motion regarding the subpoenas to Carolyn Olson and Naomi Burton[52] is denied without prejudice. Counsel for OLPC and Carolyn and Naomi are ordered to meet and confer to allow OLPC to identify the allegedly misappropriated documents, and to allow Carolyn and Naomi to conduct a search for such documents and related communications, and either produce them or provide a privilege log. If this process does not resolve the dispute regarding the subpoenas, OLPC or the nonparties may file a new motion.

2. OLPC's motion regarding Ephraim's privilege log and production of documents responsive to RFP 8[53] is granted in part and denied in part. OLPC must identify the allegedly

---

[51] *See* Fed. R. Civ. P. 37(a)(5)(C).

[52] (Doc. No. 101.)

[53] (Doc. No. 102.)

misappropriated documents, and Ephraim must conduct a new search and either produce or provide a privilege log for the documents identified by OLPC and communications related to these documents. Ephraim must also either produce or provide a revised, adequate privilege log for all documents listed in his withdrawn log, subject to any relevance objection, as set forth above.

3. Both OLPC's and Ephraim's requests for an award of fees and costs are denied.

DATED this 5th day of May, 2023.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge