Scott M. Lilja #4231
Sarah C. Vaughn #14615
FABIAN VANCOTT
95 South State Street, Ste. 2300
Salt Lake City, UT 84111-2323
Telephone: (801) 531-8900
slilja@fabianvancott.com
svaughn@fabianvancott.com
*Attorneys for Defendant Ephraim Olson*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF UTAH

| | |
|---|---|
| OL PRIVATE COUNSEL, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>EPHRAIM OLSON, an individual,<br><br>Defendant. | **DEFENDANT'S SHORT FORM DISCOVERY MOTION TO COMPEL FURTHER 30(b)(6) DEPOSITION OF OLPC AND FOR SANCTIONS**<br><br>Case No. 2:21-cv-00455-DBB<br><br>Judge David Barlow<br>Magistrate Judge Daphne A. Oberg |

Pursuant to Fed. R. Civ. P. 30(b)(6) and DUCiv R 37-1, Defendant Ephraim moves to compel the further deposition of Plaintiff and for sanctions.

Topics 14 and 16 of the 30(b)(6) Notice (Exhibit A) required OLPC to produce a witness to testify to how Ephraim and Timothy Akarapanich accessed OLPC's servers. *Id.* In OLPC's Objection, it stated its designee would be prepared to discuss "what documents Ephraim Olson wrongfully converted and how" and "how Mr. Akarapanich obtained" of the "Converted Documents." (Exhibit B, 11-12). But Thomas Olson ("**Thomas**"), OLPC's designee, did not know whether the "Converted Documents" came from OLPC's server. (Depo. 89:4-7, Exhibit C). Thomas did not know what information OLPC's IT team investigated to determine whether the

1

"Converted Documents" came from OLPC's server, in fact he did not even speak to the IT team about this topic prior to the deposition (*Id.* 89:8-90:19, 96:2-97:9). Thomas did not know whether the server could be accessed through any computer or only specific devices (*Id.* 38:14-39:22) or the name of the program that monitored server access. (*Id.* 40:21-42:7). Thomas did not know if the Security Access List for the server had been modified (*Id.* 68:12-22). Thomas could not recall how emails were accessed and whether VPN access was required (*Id.* 110:13-111:22).

Topic 17 required OLPC to produce a witness to testify regarding a declaration from Tim A. Ex. A. OLPC's Objection stated its "witness will be prepared to discuss how OLPC obtained" the declaration." (Ex. B, 12-13).  But Thomas did not know who was present when the declaration was obtained, who drafted the declaration, or even who asked for it. (Ex. C. 204:3-205:11). Thomas also did not know the date OLPC obtained Tim A.'s phone (228:16-24) or if Tim A.'s computer was retained. (230:10-13). Thomas also did not know whether anyone at OLPC reviewed Tim A.'s cloud storage before Tim A. deleted it at OLPC's request. (201:8-23).

Topic 1 required OLPC to produce a witness to testify regarding OLPC's responses to discovery. OLPC stated it's "witness will be prepared to discuss the information in OLPC's discovery responses . . . ." (Ex. B, 3-4). Thomas did not know the source of the information logged in Exhibit 1 to OLPC's written discovery responses (Ex. C., 69:13-71:20).

Topic 4 required OLPC to produce a designee to address each "converted document" Ephraim allegedly obtained. (Ex. A) One such document comes from a CD in the claimed "Box of Documents." But, Thomas did not know whether Ephraim ever accessed the CD. (Ex. C, 122:22-124:17). In fact, Mr. Olson had never seen the "Box of Documents" himself (Ex. C. 176:25-177:4).

OLPC's failure to produce a prepared designee or voluntarily substitute a prepared designee necessitated this Motion. Ephraim is therefore entitled to sanctions for OLPC's failure to comply with its duties under Rule 30(b)(6) in the form of an additional 5 hours of 30(b)(6) testimony on the above topics at OLPC's sole cost and expense. Ephraim also requests fees for bringing this motion.

The DUCivR 37-1(b)(2) Certification is appended hereto as Exhibit D.

DATED this 22nd day of May, 2023.

FABIAN VANCOTT

/s/ Sarah C. Vaughn
Scott M. Lilja
Sarah C. Vaughn
*Attorneys for Ephraim Olson*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of May, 2023, a true and correct copy of the foregoing was served through the court's efiling system which caused notice of filing to be sent to all counsel of record.

/s/ Sarah C. Vaughn

4856-2450-6467, v. 1