David J. Jordan (1751)
*djordan@foley.com*
David L. Mortensen (8242)
*dmortensen@foley.com*
Monica S. Call (11361)
*mcall@foley.com*
FOLEY & LARDNER LLP
95 South State Street, Suite 2500
Salt Lake City, UT  84111
Telephone: (801) 401-8900

*Attorneys for Plaintiff OL Private Counsel, LLC*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF UTAH

| | |
|---|---|
| OL PRIVATE COUNSEL, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>EPHRAIM OLSON, an individual,<br><br>Defendant. | **OL PRIVATE COUNSEL, LLC'S RESPONSE IN OPPOSITION TO DEFENDANT'S SHORT FORM DISCOVERY MOTION TO COMPEL FURTHER 30(b)(6) DEPOSITION OF OLPC AND FOR SANCTIONS (DKT. 143)**<br><br>Civil No. 2:21-cv-00455-DBB-DAO<br><br>The Honorable David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Pursuant to DUCivR 37-1, OLPC opposes Ephraim Olson's Motion to Compel Further 30(b)(6) Deposition and for Sanctions.

On December 30, 2022, OLPC served its Objections to Defendant's Amended Notice of 30(b)(6) Deposition. (Ex. A.) Instead of addressing those objections, Defendant proceeded with the 30(b)(6) deposition and deposed Thomas Olson ("Thomas") for 7 hours. Indeed, Thomas was deposed individually and as the designee over two days. While OLPC spent days preparing, and

Thomas provided the information in OLPC's possession, Defendants seek 5 more hours to depose Thomas about minutia on 5 topics. (Dep. 10:20-12:25, Ex. B.) Thomas was prepared and provided the information in OLPC's possession.

Topic 1 sought information about OLPC's efforts in responding to Defendant's discovery responses. (Ex. A, 3-4.) It did not identify any specific responses, seek substantive information about the responses, or identify Exhibit C to OLPC's Second Supplemental Discovery Responses. (*Id.*) Despite that, Thomas testified that the information came from OLPC's computer logs and OLPC confirmed the source of the information in an email. (Dep. 69:12-71:3; Ex. C.)

Topic 4 sought information about the converted documents. (Ex. A, 2, 4.) It did not seek testimony about how Defendant accessed any CD. OLPC provided the information in its possession. (Dep. 123:14-126:11.) The fact that defense counsel argued with the witness or disputes his testimony does not justify another deposition. And whether Thomas personally saw the box of documents is irrelevant.

Topics 14 and 16 sought information about Defendant's and Tim Akarapanich's "access to OLPC . . . servers post May 2020." (Ex. A at 11-12.) OLPC objected that the topics were overbroad, were vague in their use of "access," and sought information outside of OLPC's knowledge. (*Id.*) Despite that, Thomas testified extensively, including that (1) he spoke with OLPC's IT team to prepare; (2) OLPC does not own servers; (3) access to the servers was password protected through a VPN; (4) phone access required the user to access the servers; and (5) access was limited to certain individuals. (Dep. 38:10-44:11, 60:13-24, 89:4-18, 96:2-98:97:24, 105:7-106:25, 111:2-112:25.) He also testified that (6) OLPC hired Crucial Logics to

investigate how Akarapanich accessed the documents, (7) OLPC uses software to monitor access to the servers; and (8) OLPC obtained and reviewed Akarapanich's cell phone. (*Id.*; 207:10-208:6, 228:16-229:9). Lastly, he explained that (9) the actual technical issues are outside of OLPC's possession; (10) the technical issues are still being investigated; and (11) information will be provided during expert discovery. (*Id.*)[1] That is the information in OLPC's possession.

Topic 17 was OLPC's acquisition of Akarapanich's declaration. (Ex. A, 6.) Again, OLPC provided the information in its possession. OLPC does not remember who drafted the declaration, who was there when it was signed, or who asked Tim to provide it. (Dep. 204:1-205:11.) The remaining arguments in OLPC's motion are about Akarapanich's telephone and computer, which were not in Topic 17.

Dated this 30th day of May 2023.

FOLEY & LARDNER LLP

*/s/ David L. Mortensen*
David J. Jordan
David L. Mortensen
Monica S. Call

*Attorneys for OLPC OL Private Counsel, LLC*

---

[1] OLPC provided the additional technical information by email and offered to provide a declaration. Ex. C.

3

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2023, a true and correct copy of the foregoing **OL PRIVATE COUNSEL, LLC'S RESPONSE IN OPPOSITION TO DEFENDANT'S SHORT FORM DISCOVERY MOTION TO COMPEL FURTHER 30(b)(6) DEPOSITION OF OLPC AND FOR SANCTIONS (DKT. 143)** was served through the court's e-filing system which caused notice of filing to be sent to all counsel of record.

_/s/ Stacy Kamaya_