THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| OL PRIVATE COUNSEL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>EPHRAIM OLSON,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER OVERRULING [136] OBJECTION TO MAGISTRATE JUDGE ORDER**<br><br>Case No. 2:21-cv-455<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

In the order[1] issued by United States Magistrate Judge Daphne A. Oberg on May 5, 2023, Magistrate Judge Oberg denied without prejudice Ol Private Counsel, LLC's (OLPC) motion[2] regarding subpoenas to Carolyn Olson and Naomi Burton and granted in part and denied in part OLPC's motion regarding Ephraim Olson's privilege log and production of documents responsive to request for production number 8.[3]

---

[1] Mem. Dec. and Order Denying Without Prejudice Pl.'s Mot. Regarding Carolyn Olson and Naomi Burton's Privilege Log (Doc. No. 101), and Granting in Part and Denying in Part Pl.'s Second Mot. Regarding Def.'s Privilege Log and Production of Documents (Doc. No. 102) ("Order"), ECF No. 134, filed May 5, 2023.
[2] ECF No. 101, filed January 27, 2023. There was no objection to the disposition of this motion.
[3] ECF No. 102, filed January 31, 2023. The motion sought an order compelling Defendant to produce all documents previously claimed as privileged. Judge Oberg's Order required OLPC to identify the allegedly misappropriated documents to Defendant and that Defendant must then search and either produce or provide a privilege log for these documents and communications related to the documents. The Order also required Defendant to produce a revised privilege log for all documents listed in his withdrawn log. The Order denied OLPC's request to compel production of the joint defense agreement, but provided that the request may be renewed if Defendant relies on the agreement as a basis to withhold documents in the revised privilege log. *See* Order at 11–12.

A hearing on the motions was held on February 14, 2023, at which time the court ruled on the record and indicated it would issue a written order.[4] The written order was issued on May 5, 2023.[5] Defendant objected on May 9, 2023.[6]

## STANDARD

F.R.C.P. 72(a) provides that a district court "must consider timely objections and modify or set aside any part of [a magistrate judge's nondispositive] order that is clearly erroneous or is contrary to law." The clearly erroneous standard "requires that the reviewing court affirm unless [the court] on the entire evidence is left with the definite and firm conviction that a mistake has been committed."[7] "Under the 'contrary to law' standard, the district court conducts a plenary review of the magistrate judge's purely legal determinations, setting aside the magistrate judge's order only if it applied an incorrect legal standard."[8]

## DISCUSSION

Defendant argues that Magistrate Judge Oberg's decision is clearly erroneous because the documents he is withholding do not meet the Rule 26(b)(1) standard for relevance *as limited by court order*.[9] This is essentially the same argument he made at the hearing. Judge Oberg determined that Defendant's argument that OLPC made unsupported claims that certain documents were confidential was an argument relating to the merits of the case rather than to the scope of discovery.[10] Thus, even *as limited by court order*, she determined that OLPC could pursue some discovery as outlined in the Order relevant to the withheld documents notwithstanding Defendant's factual disputes about the merits of OLPC's confidentiality

---

[4] ECF No. 110.
[5] Order, ECF No. 134.
[6] Objection, ECF No. 136.
[7] *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988) (internal quotation marks omitted).
[8] *Raytheon Company v. Cray, Inc.*, 2017 WL 823558 at *2 (D. Utah Mar. 2, 2017) (unpublished).
[9] Objection at 3.
[10] Order at 10.

allegations.[11] Nothing in the Objection challenges this conclusion; Defendant simply reasserts that the identified documents are not responsive within the scope of the limiting order and thus not inconsistent with the Rule 26(b)(1) standard.[12] But the Objection, however, does not make it clear that Judge Oberg's finding that Defendant's arguments "are inconsistent with the Rule 26(b)(1) standard" is in error, much less provide support sufficient for the court to have a "definite and firm conviction that a mistake has been committed."

Defendant next argues that Judge Oberg's ruling is contrary to law. He cites to *Oceana, Inc. v. Ross*, a D.C. Circuit case, for the proposition that a party need not include irrelevant documents on its privilege log because they are not otherwise discoverable.[13] In *Oceana*, no abuse of discretion was found when a district court declined to require a party to include predecisional and deliberative documents on a privilege log when those documents were excluded from the administrative record being reviewed. That situation is dissimilar to the situation here, where the magistrate judge had already ruled that the documents in question must be produced or logged.[14] It may be unusual for a court to order allegedly irrelevant documents to be produced or logged, but Defendant provides no authority for the idea that this approach was beyond the court's broad authority to manage discovery, and Judge Oberg explained why she was taking this step.[15]

---

[11] *Id.* at 10–11 ("[D]isputes about the merits of OLPC's claims do not preclude OLPC from pursuing discovery relevant to those claims. Discovery regarding the documents OLPC alleges were misappropriated, as well as communications related to those documents, is relevant and permissible—notwithstanding any factual disputes regarding the merits of OLPC's allegations. Thus, Ephraim may not withhold documents responsive to RFP 8, as narrowed, based on a factual dispute regarding whether the documents at issue were actually OLPC's confidential documents.").
[12] Objection at 3–4.
[13] Objection at 5, citing *Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019).
[14] The Order further permitted Defendant to "maintain his relevance objection for any logged documents," and simply required him to "provide a description of each document sufficient to enable OLPC to assess his claim of privilege and any relevance objection." Order at 11.
[15] Order at 10–11 ("Although logging documents withheld based on relevance is not normally required, this procedure is warranted here where the arguments Ephraim has advanced regarding relevance are inconsistent with the Rule 26(b)(1) standard.")

Defendant also cites *Entek GRB, LLC v. Stull Ranches, LLC*, a 10th Circuit case, for the proposition that law of the case doctrine precludes the magistrate judge's decision.[16] As *Entek* notes, law of the case doctrine "permits a court to decline the invitation to reconsider issues already resolved earlier in the life of a litigation."[17] It is not a bar on a court reconsidering or modifying a prior discovery ruling, and *Entek*, which had nothing to do with discovery at all, does not suggest otherwise. Therefore, Defendant has provided no basis for a finding that Judge Oberg's order was contrary to law.

## ORDER

Accordingly, the court OVERRULES Plaintiff's Objection to Magistrate Judge's Report and Recommendation.[18]

Signed June 28, 2023.

BY THE COURT

_____
David Barlow
United States District Judge

---

[16] Objection at 4–5, citing *Entek GRB, LLC v. Stull Ranches, LLC*, 840 F.3d 1239, 1241 (10th Cir. 2016).
[17] *Entek*, 840 F.3d at 1240.
[18] ECF No. 136.