UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| OL PRIVATE COUNSEL, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>EPHRAIM OLSON, an individual,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION REGARDING DODD & KUENDIG, LLP'S DOCUMENT PRODUCTION AND PRIVILEGE LOG, AND PATRICIA KUENDIG'S DEPOSITION (DOC. NO. 186); AND DENYING MS. KUENDIG'S MOTION FOR PROTECTIVE ORDER (DOC. NO. 188)**<br><br>Case No. 2:21-cv-00455<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff OL Private Counsel ("OLPC") filed a short form discovery motion related to nonparty Dodd & Kuendig, LLP's discovery responses and the deposition of nonparty Patricia Kuendig.[1] Specifically, OLPC seeks an order (1) requiring Dodd & Kuendig, LLP ("D&K") to produce documents or provide an adequate privilege log and (2) requiring Ms. Kuendig to schedule and sit for a deposition.[2] Nonparties D&K and Ms. Kuendig oppose the motion.[3] Ms. Kuendig also filed a separate motion seeking a protective order "barring or limiting" OLPC from

---

[1] (Short Form Disc. Mot. Regarding Dodd & Kuendig LLP's Doc. Produc. and Privilege Log and Depo. of Patricia Kuendig ("Mot. to Compel"), Doc. No. 186.)

[2] (*Id.*)

[3] (Opp'n to Pl.'s Short Form Disc. Mot. ("Opp'n to Mot. to Compel"), Doc. No. 187.)

1

taking her deposition under the *Shelton* criteria.[4] OLPC opposes the motion for a protective order, arguing the *Shelton* criteria do not apply to Ms. Kuendig.[5]

OLPC's motion to compel[6] is granted in part and denied in part. OLPC's motion is denied to the extent it asks the court to deem D&K's claims of privilege waived and the extent it seeks a substantive ruling as to request for production ("RFP") 3, but is granted in all other respects. Specifically, D&K is ordered to: (1) produce documents responsive to RFPs 1 and 2 and provide a privilege log for withheld documents, identifying the specific privilege or protection claimed and adequately describing the nature of each document and (2) provide a revised privilege log identifying the specific privilege or protection claimed and adequately describing the nature of each withheld document responsive to RFP 3. Ms. Kuendig is ordered to provide dates on which she is available to sit for a deposition. Where the *Shelton* criteria do not apply to counsel for a nonparty, Ms. Kuendig's motion[7] for a protective order is denied.

## BACKGROUND

OLPC, an entity which provides legal services,[8] brought this action against Ephraim Olson, who worked at OLPC from approximately 2015 to 2019.[9] Ephraim Olson is the son of

---

[4] (Patricia Kuendig's Mot. for Protective Order ("Mot. for PO") 1, Doc. No. 188); *see also Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986).

[5] (OLPC's Resp. in Opp'n to Patricia Kuendig's Mot. for Protective Order ("Opp'n to Mot. for PO"), Doc. No. 189.)

[6] (Doc. No. 186.)

[7] (Doc. No. 188.)

[8] The litigants dispute whether OLPC is a law firm.

[9] (*See* First Am. Compl., Ex. C to Notice of Removal, Doc. No. 2-2 at 35–52.)

2

Thomas Olson, the sole member/manager of OLPC.[10] OLPC alleges that after Ephraim Olson was no longer employed at OLPC, he improperly accessed OLPC's confidential documents (with the help of another former employee) to assist his mother, Carolyn Olson, in her divorce case.[11] OLPC asserts claims against Ephraim Olson for conversion, breach of contract, and breach of fiduciary duty, among others.[12]

In March 2023, OLPC served subpoenas on nonparties D&K and Ms. Kuendig, requiring D&K to produce documents which OLPC contends are relevant to its claims in this case and requiring Ms. Kuendig to sit for a deposition.[13] Ms. Kuendig is an attorney at D&K who represents Carolyn Olson in her divorce action against Thomas Olson.[14] D&K and Ms. Kuendig hired outside counsel to assist with responding to the subpoenas.[15] On April 18, 2023, D&K responded to OLPC's subpoena with a letter detailing its efforts to search for responsive documents, raising objections, and providing a limited privilege log.[16] The privilege log D&K

---

[10] (*See* Renewed Mot. for Alternative Service ¶ 2, Doc. No. 42.)

[11] (*See* First Am. Compl. ¶¶ 22–34, Doc. No. 2-2 at 35–52.)

[12] (*See id.* ¶¶ 42–87.)

[13] (Mot. to Compel 1, Doc. No. 186; *see also* Ex. 1 to Mot. to Compel, Patricia Kuendig Subpoena to Testify at a Depo. ("Kuendig Subpoena"), Doc. No. 186-1; Ex. 2 to Mot. to Compel, Dodd & Kuendig Subpoena to Produce Documents ("D&K Subpoena"), Doc. No. 186-2.)

[14] (*See* Mot. for PO 1, 3, Doc. No. 188.)

[15] (Opp'n to Mot. to Compel 2, Doc. No. 187.)

[16] (*See generally* Ex. 3 to Mot. to Compel, Letter from Karra J. Porter to Monica Call (April 18, 2023), Doc. No. 186-3.)

produced identifies five documents withheld in response to RFP 3—it does not identify or address any of the documents withheld in response to RFPs 1 and 2.[17]

OLPC also subpoenaed Ms. Kuendig to sit for a deposition on March 31, 2023.[18] According to OLPC, the litigants later agreed to move the deposition and Ms. Kuendig agreed to provide alternative dates.[19] OLPC contends it has since proposed numerous, alternative dates but Ms. Kuendig has failed to confirm any of the proposed dates and failed to provide any alternative dates of her own.[20] Ms. Kuendig contends she should not be required to sit for a deposition under the *Shelton* criteria.[21]

OLPC filed the instant motion on August 18, 2023, arguing D&K's discovery responses are insufficient and Ms. Kuendig should be ordered to provide a date for her deposition.[22] The sufficiency of D&K's discovery responses is addressed first followed by the issue of Ms. Kuendig's deposition.

---

[17] (*See id.* at 2–5; *see also* Mot. to Compel 1–3, Doc. No. 186; Opp'n to Mot. to Compel 1–2, Doc. No. 187.)

[18] (Ex. 1 to Mot. to Compel, Kuendig Depo., Doc. No. 186-1.)

[19] (Mot. to Compel 2, Doc. No. 186.)

[20] (*Id.* (proposing the following dates: April 10, May 8, May 10, May 17, May 25, May 31, June 6, June 12, June 30, and July 11).)

[21] (*See generally* Mot. for PO, Doc. No. 188); *see also Shelton*, 805 F.2d 1323.

[22] (*See generally* Mot. to Compel, Doc. No. 186.)

**ANALYSIS**

I. <u>Sufficiency of D&K's Discovery Responses</u>

D&K and Ms. Kuendig argue D&K has conducted an exhaustive search in an attempt to comply with OLPC's discovery requests—which they characterize as a fishing expedition.[23] They contend the requests are neither reasonable nor proportional, particularly where OLPC's requests are irrelevant and OLPC refuses to clarify them.[24]

RFPs 1 and 2 are relevant, and as explained below, D&K's discovery responses are deficient. Rule 45 of the Federal Rules of Civil Procedure requires a privilege log for withheld information, but D&K provided no privilege log in response to RFPs 1 and 2, and the privilege log D&K provided in response to RFP 3 is incomplete and inadequate.

    a. *RFPs 1 and 2*

RFP 1 requests: "[a]ll [c]ommunications between [D&K and/or Ms. Kuendig] and Ephraim Olson, Elijah Olson, Isaiah Olson, and/or Naomi Burton relating to any legal actions against Thomas Olson, excluding *Olson v. Olson*, Case No. 204904555, Third Judicial District Court in and for Salt Lake County, State of Utah (the 'Marital Dispute')."[25]

RFP 2 requests: "[a]ny and all [d]ocuments provided to [D&K and/or Ms. Kuendig] from Ephraim Olson, Elijah Olson, Isaiah Olson, Naomi Burton or any third-party in support of or relating to any legal actions against Thomas Olson, including without limitation *Olson v. Olson*,

---

[23] (Opp'n to Mot to Compel 2, Doc. No. 187.)

[24] (*Id.* at 2–3.)

[25] (Ex. 2 to Mot. to Compel, D&K Subpoena, Doc. No. 186-2 at 11.)

Case No. 2001-14224, filed in the Court of Queen's Bench of Alberta, Canada ('Mareva Injunction'), but excluding the Marital Dispute."[26]

D&K admits its search for documents responsive to RFPs 1 and 2 produced a pool of "approximately 207 documents."[27] But D&K contends there are "no responsive documents" to produce after screening these documents for privilege.[28] D&K has withheld all 207 documents, arguing they are subject to the "attorney-client/work product" privileges or the "Joint Defense Agreement / common interest" privileges.[29] Specifically, D&K contends all "communications solely between [D&K] and its client" are protected under the "attorney-client/work product privileges" and "[e]mails exclusively between [D&K] and [joint defense agreement] participants were carved out" under the joint defense agreement/common interest privileges.[30] D&K did not produce a privilege log for the 207 withheld documents.[31]

OLPC argues D&K's response to RFPs 1 and 2 is insufficient because D&K "neither logged nor produced documents it claims are subject to a [joint defense agreement]"; OLPC contends D&K "should either produce or properly log the withheld documents."[32] As for D&K

---

[26] (*Id.*)

[27] (Ex. 3 to Mot. to Compel, Letter from Karra J. Porter to Monica Call (April 18, 2023) 3, Doc. No. 186-3.)

[28] (*Id.*)

[29] (*Id.* at 2–3.)

[30] (*Id.* at 3.)

[31] (*See id.* at 2–3; Mot. to Compel 1–3, Doc. No. 186; Opp'n to Mot. to Compel 1–2, Doc. No. 187.)

[32] (Mot. to Compel 3, Doc. No. 186.)

6

and Ms. Kuendig, they argue D&K responded sufficiently by conducting "a detailed search of written communications, identifying 27 key search terms and providing a privilege log."[33] Moreover, they argue Ms. Kuendig "has already spent about 10 hours trying to comply with OLPC's requests," and D&K hired independent counsel to assist with the response.[34] D&K and Ms. Kuendig contend D&K (a small law firm) should not be required to "provide[] a privilege log for each and every [responsive] communication" as doing so is "not a reasonable or proportional demand" and is "cost prohibitive."[35] They also question how "attorney-client communications in a state court divorce action [are] pertinent to this lawsuit."[36]

As explained below, the requests are relevant, and D&K has not sufficiently shown they are disproportional. Accordingly, D&K must produce all relevant documents and produce an adequate privilege log for all documents withheld.

**Relevance and Proportionality.** Rule 26 of the Federal Rules of Civil Procedure provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

---

[33] (Opp'n to Mot. to Compel 2, Doc. No. 187.) Notably, the privilege log was produced in response to RFP 3, not RFPs 1 and 2. (*See* Ex. 3 to Mot. to Compel, Letter from Karra J. Porter to Monica Call (April 18, 2023) 3–5, Doc. No. 186-3.)

[34] (Opp'n to Mot. to Compel 2, Doc. No. 187.)

[35] (*Id.* at 1–2.)

[36] (*Id.* at 3.)

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.[37]

Relevance in the discovery context is "to be construed broadly to encompass any matter that bears on, or that reasonably could bear on any party's claim or defense."[38]

D&K and Ms. Kuendig's argument regarding relevance relates solely to relevancy of the divorce case between Thomas and Carolyn Olson to this action.[39] But this ignores the language of the RFPs. Both RFPs explicitly *exclude* documents and communications about the marital dispute from the scope of the request.[40] Where the only relevance argument raised is negated by the language of the requests, there is no basis to find the requests irrelevant. Put differently, RFPs 1 and 2 are relevant to the extent they exclude the marital dispute.[41] Further, the requested documents and communications are relevant, given OLPC's allegations that Ms. Kuendig (and by extension, D&K) possessed "an entire box (or more) of OLPC's documents."[42] Moreover, while D&K and Ms. Kuendig suggest OLPC's requests are not proportional to the needs of the

---

[37] Fed. R. Civ. P. 26(b)(1).

[38] *Allegis Inv. Servs. v. Arthur J. Gallagher & Co.*, No. 2:17-cv-00515, 2018 U.S. Dist. LEXIS 243885, at *6 (D. Utah May 25, 2018) (unpublished).

[39] (*See* Opp'n 2, Doc. No. 187 ("How are attorney-client communications in a state court divorce action pertinent to this lawsuit?").)

[40] RFPs 1 and 2 seek "[a]ll communications . . . relating to any legal actions against Thomas Olson" and "[a]ny and all documents provided . . . in support of or relating to any legal actions against Thomas Olson, including without limitation *Olson v. Olson*, Case No. 2001-14224, filed in the Court of Queen's Bench of Alberta, Canada." (*See* Ex. 2 to Mot. to Compel, D&K Subpoena, Doc. No. 186-2 at 11.)

[41] (*See* Ex. 2 to Mot. to Compel, D&K Subpoena, Doc. No. 186-2 at 11.)

[42] (Opp'n to PO 2 & n.2. Doc. No. 189.)

case, they fail to provide sufficient information to support any such finding. D&K and Ms. Kuendig suggest responding to the requests would be "cost prohibitive" but provide no estimate of the time needed to respond, let alone how that translates into cost.[43] Their singular assertion is insufficient to show OLPC's requests are disproportional or would pose a burden likely to exceed any benefit.[44] Accordingly, where RFPs 1 and 2 are both relevant and proportional, D&K is ordered to produce responsive documents—and, as explained below, to produce an adequate privilege log for any documents withheld.

**Privilege Log.** Rule 45 of the Federal Rules of Procedure governs duties when responding to a subpoena.[45] Rule 45 requires the "creation of a privilege log when a person withholds subpoenaed information under a claim that it is privileged."[46] A person "objecting to a subpoena on the basis of privilege bears the burden of establishing that privilege applies."[47] And "blanket claim[s] as to the applicability of a privilege" will not satisfy that burden.[48] Rather, a respondent withholding information based on a claim of privilege must: "(i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will

---

[43] (*See* Opp'n to Mot. to Compel 2, Doc. No. 187.)

[44] *See* Fed. R. Civ. P. 26(b)(1).

[45] Fed. R. Civ. P. 45(e).

[46] *Lindsey v. Bowlin*, No. 07-3067-EFM, 2010 U.S. Dist. LEXIS 157737, at *11 (D. Colo. Feb. 1, 2010) (unpublished).

[47] *Id.* at *10.

[48] *Id.* at *10–11 (quoting *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Serv. Ctr.*, 211 F.R.D. 658, 661 (D. Kan. 2003)).

enable the parties to assess the claim."[49] D&K's responses are insufficient under these standards.

First and foremost, D&K failed to produce a privilege log in response to RFPs 1 and 2. Instead, D&K has done nothing more than make a blanket claim that all 207 documents responsive to these RFPs are privileged. This generalized claim is insufficient. First, it fails to specifically identify what privilege D&K is asserting on behalf of which documents. Without a privilege log, there is no way to determine whether D&K is withholding documents based on attorney-client privilege, work-product doctrine, the joint-defense doctrine, common-interest doctrine, some combination of the four, or all of the above. Second, D&K has failed to describe the nature of each document withheld. Without a privilege log describing each withheld document in sufficient detail, OLPC and the court are unable to assess the applicability of any privilege(s).[50] This is insufficient under the rules.

The insufficiency of D&K's response is also apparent from its reference to joint-defense and common-interest doctrines as a basis for withholding documents. The joint-defense and common-interest doctrines are not independent privileges; they are merely defenses to a claim that privilege or protection has been waived based on disclosure to a third party with shared

---

[49] Fed. R. Civ. P. 45(e)(2)(A).

[50] *See* Fed. R. Civ. P. 45(e)(2)(A)(ii); (*see also* Mem. Decision and Order Granting In Part and Den. In Part Pl.'s Short Form Disc. Mot. Regarding Def.'s Privilege Log ("Order re: Def.'s Privilege Log") 5–6, Doc. No. 95 (ordering Ephraim Olson to produce a privilege log "which identifies the privilege or protection claimed for *each withheld document* and adequately describes the nature of *each withheld document*" (emphasis added)).)

interests.[51]  Before these doctrines can apply, there must be a claim of waiver—and D&K must first establish an underlying privilege or protection applies to the withheld documents, which it has not done.

For these reasons, D&K's response to RFPs 1 and 2 is deficient.  D&K is ordered to produce the communications and documents responsive to these requests and to produce an adequate privilege log for any documents withheld.  Any privilege log must clearly identify the specific privilege(s) or protection(s) asserted and describe the nature/contents of each withheld document sufficiently to allow OLPC (and the court) to assess each claim.

    b. RFP 3

RFP 3 requests: "[a]ny [d]ocuments that reference or relate to Exhibit 21 to Carolyn Olson's affidavit in the Mareva Injunction."[52]  D&K produced a privilege log in response to this RFP identifying five documents withheld based on "Attorney-Client Privilege / Work Product / JDA / common interest."[53]  To the extent D&K and Ms. Kuendig's relevance and proportionality arguments extend to RFP 3, neither litigant submitted sufficient information to permit the court

---

[51] *See, e.g.*, *U.S. ex rel. (Redacted) v. (Redacted)*, 209 F.R.D. 475, 479 (D. Utah 2001) (describing common-interest doctrine as "a shield to preclude waiver of the attorney-client privilege when a disclosure of confidential information is made to a third party who shares a community of interest with the represented party" (internal quotation marks and emphasis omitted)); *Cessna Fin. Corp. v. JetSuite, Inc.*, No. 18-1095-EFM-KGG, 2020 U.S. Dist. LEXIS 34195, at *4 (D. Kan. Feb. 28, 2020) (unpublished) (explaining the joint defense-doctrine prevents waiver based on disclosure, but the proponent must first establish either attorney-client or work-product privilege).

[52] (Ex. 2 to Mot. to Compel, D&K Subpoena, Doc. No. 186-2 at 11.)

[53] (Ex. 3 to Mot. to Compel, Letter from Karra J. Porter to Monica Call (April 18, 2023) 3–5, Doc. No. 186-3.)

11

to make any determination beyond the sufficiency of the privilege log produced by D&K. This privilege log is deficient for reasons described below.

OLPC argues the privilege log is deficient because it does not adequately describe the nature of the documents being withheld so as to allow OLPC to assess the claimed privileges.[54] The log lists four "Email[s]" and one "Email and Attachment" and provides the date, subject line, sender, recipient, and a "detail" column identifying the privileges being asserted—but no description of the documents.[55] All five subject lines read, "[s]canned image from Kuendig Law Offices PLLC."[56] This information is insufficient to enable an assessment of D&K's claims of privilege. This description provides no indication that the communications involved seek or provide legal advice or relate to topics which might qualify as legal advice, as required for attorney-client privilege.[57] The mere fact that an attorney is a party to a communication is insufficient to demonstrate a communication is privileged.[58] Similarly, the subject lines and identities of senders and recipients are insufficient to permit a determination of whether the

---

[54] (Mot. to Compel 2, Doc. No. 186.)

[55] (Ex. 3 to Mot. to Compel, Letter from Karra J. Porter to Monica Call (April 18, 2023) 3–5, Doc. No. 186-3.)

[56] (*Id.*)

[57] "[A]ttorney-client privilege protects confidential communications by a client to an attorney made in order to obtain legal assistance from the attorney in his capacity as a legal advisor." *In re Grand Jury Proceedings*, 616 F.3d 1172, 1182 (10th Cir. 2010) (internal quotation marks omitted); *see also S. Utah Wilderness All. v. Automated Geographic Reference Ctr., Div. of Info. Tech.*, 2008 UT 88, ¶ 33, 200 P.3d 643, 655 (Utah 2008) (noting a party claiming attorney-client privilege must establish: "(1) an attorney-client relationship, (2) the transfer of confidential information, and (3) the purpose of the transfer was to obtain legal advice").

[58] *See In re Grand Jury Proceedings*, 616 F.3d 1172, 1182 (10th Cir. 2010).

work-product protection applies.[59] And reliance on the joint-defense and common-interest doctrines as a means of asserting privilege or protection is improper for the reasons described above. Accordingly, D&K's privilege log produced in response to RFP 3 is deficient.[60]

OLPC urges the court to deem the asserted privileges waived as a result of the above deficiencies.[61] Where the deficiencies might be remedied by a revised privilege log, D&K is not yet deemed to have waived its claims of privilege.[62] Instead, D&K must produce a revised privilege log identifying the specific privilege(s) or protection(s) claimed for each withheld document and adequately describing the nature of each withheld document. The descriptions provided must be sufficient to enable an assessment of the claimed privilege or protection consistent with this order.

### c. Cost-Shifting

D&K and Ms. Kuendig contend that "if the [c]ourt is inclined to allow further discovery," such discovery "should be conditioned on OLPC paying the regular hourly rate" for D&K and Ms. Kuendig's outside counsel.[63]

---

[59] *See Doe v. Intermountain Health Care, Inc.*, 2:18-cv-807, 2021 U.S. Dist. LEXIS 9078, at *17–18 (D. Utah Jan. 16, 2021) (unpublished) (noting that work-produce privilege requires showing "that the documents were prepared principally or exclusively to assist in anticipated or ongoing litigation").

[60] (*See, e.g.*, Order re: Def.'s Privilege Log 5–6, Doc. No. 95.)

[61] (Mot. to Compel 2, Doc. No. 186.)

[62] (*See, e.g.*, Order re: Def.'s Privilege Log 6, Doc. No. 95.)

[63] (Opp'n to Mot. to Compel 3, Doc. No. 187.)

13

Courts "will not deny a party access to relevant discovery because compliance inconveniences a nonparty or subjects it to some expense."[64] But under Rule 45 of the Federal Rules of Civil Procedure, "once an order to compel is in place, the court must 'protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.'"[65] The party seeking an award of cost bears the burden of showing that the cost of compliance is "significant."[66] Courts will "deny cost-shifting in the absence of evidence sufficient to demonstrate that compliance will impose undue expense on the producing party."[67] In determining whether the cost of compliance should be shifted under Rule 45, courts consider: (1) whether the nonparty has an interest in the outcome of the underlying litigation; (2) whether the nonparty can more readily bear the cost than the requesting party, and (3) whether the litigation is of public interest.[68] Courts also consider the scope of discovery and the extent to

---

[64] *In re EpiPen Mktg., Sales & Antitrust Litig.*, Nos. 17-md-2785-DDC-TJJ; MDL No: 2785, 2019 U.S. Dist. LEXIS 16959, at *13 (D. Kan. Feb. 4, 2019) (unpublished) (quoting *Booth v. Davis*, No. 10-4010, 2011 U.S. Dist. LEXIS 58747, at *24 (D. Kan. May 23, 2011) (unpublished) (citing *Equal Emp. Opportunity Comm'n v. Citicorp Diners Club, Inc.*, 985 F.2d 1036, 1040 (10th Cir. 1993))).

[65] *In re EpiPen Mktg., Sales & Antitrust Litig.*, 2019 U.S. Dist. LEXIS 16959, at *13–14 (quoting Fed. R. Civ. P. 45(d)(2)(B)(ii)).

[66] *See In re Application of Michael Wilson & Partners, Ltd*, No. 06-cv-02575-MSK-KMT, 2012 U.S. Dist. LEXIS 72963, at *18 (D. Colo. Mar. 19, 2012) (unpublished); *see also* Fed. R. Civ. P. 45(d)(2)(B)(ii).

[67] *In re EpiPen Mktg., Sales & Antitrust Litig.*, 2019 U.S. Dist. LEXIS 16959, at *13.

[68] *See, e.g.*, *Mylan Inc. v. Analysis Grp., Inc.*, No. 18-mc-209-DDC-TJJ, 2019 U.S. Dist. LEXIS 17265, at *2 (D. Kan. Feb. 4, 2019) (unpublished) (noting this "widely-applied standard"); *W. Convenience Stores, Inc. v. Suncore Energy (U.S.A.) Inc.*, No. 11-cv-01611-MSK-CBS, 2014 WL 1257762, at *80 (D. Colo. March 27, 2014) (unpublished); *In re Application of Michael Wilson & Partners, Ltd*, 2012 U.S. Dist. LEXIS 72963, at *14.

which the nonparty was required to separate responsive information from privileged or irrelevant material, and the reasonableness of the cost of production incurred.[69]

D&K and Ms. Kuendig's cost-shifting request is denied without prejudice. First, D&K and Ms. Kuendig cite no legal authority to support their position that cost-shifting is warranted. Second, D&K and Ms. Kuendig first raised the issue of cost-shifting in their opposition, not as a motion, as required by the District of Utah's Local Rules of Civil Practice.[70] Finally, beyond a few statements that D&K is a "small law firm," and "what OLPC is requesting would be cost prohibitive," they fail to address cost-shifting factors or offer evidence demonstrating that compliance will impose undue expense.[71] Where D&K and Ms. Kuendig's request does not comply with the local rules and where they fail to satisfy their burden of establishing undue burden or expense under Rule 45, their request to shift the cost of further discovery to OLPC is denied without prejudice.

II. Ms. Kuendig's Deposition

Both Ms. Kuendig and D&K argue Ms. Kuendig should not be compelled to sit for a deposition because she is "the divorce attorney for one of the parties" in this action and OLPC has not satisfied the *Shelton* criteria, permitting the deposition of opposing counsel.[72] OLPC

---

[69] *See, e.g.*, *Lambland, Inc. v. Heartland Biogas, LLC*, No. 18-cv-01060-RM-KLM, 2019 U.S. Dist. LEXIS 198426, at *8 (D. Colo. Nov. 15, 2019) (unpublished); *In re Application of Michael Wilson & Partners, Ltd*, 2012 U.S. Dist. LEXIS 72963, at *27.

[70] *See* DUCivR 7-1(a)(3) ("A party may not make a motion . . . or a cross-motion in a response or reply. Any motion must be separately filed.")

[71] (Opp'n to Mot. to Compel 1–2, Doc. No. 187.)

[72] (Mot. for PO 1, Doc. No. 188; *see also id.* at 3; Opp'n to Mot. to Compel 4, Doc. No. 187.)

contends the *Shelton* criteria do not apply because Ms. Kuendig "is not opposing counsel in *this action*."[73] OLPC argues Ms. Kuendig's "role as divorce counsel to Carolyn Olson, a non-party, does not shield [her] from being deposed on her receipt, use and subsequent transmittal of OLPC's confidential documents."[74]

"Barring extraordinary circumstances, courts rarely [] grant a protective order which totally prohibits a deposition."[75] However, "'[f]orcing trial counsel to testify as a witness' is disfavored"[76] because doing so "not only disrupts the adversarial system and lowers the standards of the profession, but [] also adds to the already burdensome time and costs of litigation."[77] Relying on the criteria from *Shelton v. American Motors Corporation*,[78] the Tenth Circuit has concluded parties seeking to depose opposing counsel must first show: "(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the

---

[73] (Opp'n to Mot. for PO 2, Doc. No. 189 (emphasis in original).)

[74] (*Id.*) OLPC's alleges Ms. Kuendig possessed "an entire box (of more) of OLPC's documents" and "has direct knowledge of the transmittal and use of OLPC's confidential documents." (*Id.* at 2 & n.2.)

[75] *Sorenson v. Riffo*, No. 2:06-cv-749, 2008 U.S. Dist. LEXIS 46642, at *19 (D. Utah June 16, 2008) (unpublished) (quoting *Simmons Foods, Inc. v. Willis*, 191 F.R.D. 625, 630 (D. Kan 2000)).

[76] *Malcolm D. Smithson and Christine B. Smithson Trusts v. Amerada Hess Corp.*, No. CIV 06-624 JB, 2007 U.S. Dist. LEXIS 97729, at *15 (D.N.M. Dec. 19, 2007) (unpublished) (quoting *Archuleta v. City of Santa Fe*, No. CIV 04-0247 JB/DJS, 2005 U.S. Dist. LEXIS 21924, at *5 (D.N.M. Aug. 10, 2005) (quoting *Shelton*, 805 F.2d at 1327 (alteration in original))).

[77] *Boughton v. Cotter Corp.*, 65 F.3d 823, 829 (10th Cir. 1995) (quoting *Shelton*, 805 F.2d at 1327).

[78] 805 F.2d 1323, 1327 (8th Cir. 1986).

case."[79] When any one of the *Shelton* criteria is unsatisfied, courts have discretion to issue a protective order to prevent the deposition of opposing counsel.[80] Importantly, however, the *Shelton* criteria "only apply to depositions of trial counsel—or counsel directly representing [a] party in the pending litigation—and then only if the deposition would reveal litigation strategy in the pending case."[81]

Ms. Kuendig and D&K's arguments fail on a basic level because Ms. Kuendig is not counsel directly representing a party in this litigation; she is not opposing counsel. Her claim that she is counsel for one of the parties to this case in a separate divorce action is insufficient to meet this standard—and is not technically true.[82] Ms. Kuendig represents Carolyn Olson, a nonparty, in a divorce case against Thomas Olson, another nonparty, who is the member/manager of the plaintiff company in this case. In other words, Ms. Kuendig does not represent any party to this litigation in this, or any other, case. Accordingly, the *Shelton* criteria

---

[79] *Boughton*, 65 F.3d at 829.

[80] *Id.* at 830 (emphasis omitted); *see also Gebremedhin v. Am. Family Mut. Ins. Co.*, No. 1:13-cv-02813-CMA-NYW, 2015 U.S. Dist. LEXIS 91948, at *16 (D. Colo. July 15, 2015) (unpublished) ("In *Boughton v. Cotter Corp.*, the Tenth Circuit held that a district court may properly exercise its broad discretion to limit discovery" by requiring a party to satisfy the *Shelton* criteria); Fed. R. Civ. P. 26(c).

[81] *See Luster v. Schafer*, No. 08-cv-02399-PAB-KMT, 2009 U.S. Dist. LEXIS 130033, at *6 (D. Colo. July 23, 2009) (unpublished) (collecting cases); *see also Gulf Coast Shippers L.P. v. DHL Express (USA), Inc.*, No. 2:09-cv-221, 2011 U.S. Dist. LEXIS 125096, at *9 (D. Utah Oct. 25, 201) (unpublished) (concluding the *Shelton* criteria did not apply when the subpoenaed individual was "not trial counsel" and his deposition would not "reveal litigation strategy in the instant case").

[82] (*See* Mot. for PO 1, Doc. No. 188.)

do not apply. As counsel for a nonparty in a separate case, it is unclear how Ms. Kuendig's deposition could reveal litigation strategy *in this case*.

Where the *Shelton* criteria do not apply and where courts are loath to prohibit depositions absent extraordinary circumstances, the final inquiry is whether a protective order is necessary to protect Ms. Kuendig from annoyance, embarrassment, oppression, or undue burden.[83] Ms. Kuendig has not shown these factors apply where her deposition could reasonably bear on OLPC's claims. Indeed, Ms. Kuendig's deposition is directly relevant to OLPC's allegations that she possessed "an entire box (or more) of OLPC's documents" and "has direct knowledge of the transmittal and use of OLPC's confidential documents."[84]

Ms. Kuendig questions the subject matter about which OLPC expects her testify, suggesting it may relate to the divorce action.[85] But OLPC's deposition of Ms. Kuendig is limited to questions related to this litigation. Ms. Kuendig also contends she should be protected from a deposition because her answers will implicate privileged information.[86] However, to the extent Ms. Kuendig's deposition could implicate matters protected by attorney-client privilege or

---

[83] (*See id.* at 2.)

[84] (*See* Opp'n to PO 2 & n.2, Doc. No. 189); *see also Allegis Inv. Servs.*, 2018 U.S. Dist. LEXIS 243885, at *6 (noting relevance in the discovery context is "to be construed broadly to encompass any matter that bears on, or that reasonably could bear on any party's claim or defense"); Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."); Fed. R. Civ. P. 30(a)(1) ("A party may, by oral questions, depose any person . . . without leave of court . . . . The deponent's attendance may be compelled by subpoena under Rule 45.").

[85] (*See* Mot. for PO 2–3, Doc. No. 188.)

[86] (*See id.* at 3; *see also* Opp'n to Mot to Compel 4, Doc. No. 187.)

work-product doctrine, such claims are premature.[87]

For these reasons, Ms. Kuendig's motion for a protective order is denied and she must provide OLPC with dates on which she is available to sit for a deposition.

## CONCLUSION

Where the *Shelton* criteria do not insulate counsel for a nonparty from being deposed, and Ms. Kuendig has not otherwise established a protective order should be issued, Ms. Kuendig's motion for a protective order[88] is denied. OLPC's motion to compel[89] is granted to the extent D&K's responses to RFPs 1 and 2 are deficient. D&K must produce the requested documents and communications—and must provide an adequate privilege log for all documents withheld in response to RFPs 1, 2, and 3. However, OLPC's motion is denied to the extent it requests D&K's claims of privilege be deemed waived for failure to produce a sufficient privilege log. It is also denied to the extent it asks for anything more than an adequate privilege log with regard to RFP 3. Specifically, the court orders as follows:

---

[87] *See AMTRAK v. Cimarron Crossing Feeders, LLC*, No. 16-cv-1094-JTM-TJJ, 2017 U.S. Dist. LEXIS 213505, at *12–13 (D. Kan. Dec. 29, 2017) (unpublished) ("Court[s] will deny motions for protective order based on objections that the information sought in the deposition is protected by work product immunity or attorney-client privilege . . . the Court will ordinarily require the deponent to appear for the deposition and raise any such objections to the specific questions posed."); *see also Lifetime Prods. v. Russell Brands, LLC*, No. 1:12-cv-00026, 2016 U.S. Dist. LEXIS 168691, at *15 (D. Utah June 3, 2016) (unpublished) (ordering a deposition to proceed noting the deponent "may raise privilege objections" during the deposition so long as "such objections [] relate to a privileged communication,—a communication that is provided to an attorney for the purpose of securing primarily legal opinion, or legal services, or assistance in legal proceeding." (internal quotation marks omitted)).

[88] (Doc. No. 188.)

[89] (Doc. No. 186.)

1. With respect to RFPs 1 and 2, Dodd & Kuendig, LLP is ordered to: (a) produce responsive documents within fourteen days of this order, and (b) produce a privilege log specifically identifying a proper privilege or protection and adequately describing the nature of any documents withheld within fourteen days of this order.

2. With respect to RFP 3 Dodd and Kuendig, LLP is ordered to provide a revised privilege log specifically identifying a proper privilege or protection and adequately describing the nature of each withheld document within fourteen days of this order.

3. Within seven days of this order, Ms. Kuendig is ordered to provide dates on which she is available to sit for a deposition.

DATED this 2nd day of October, 2023.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge