UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| OL PRIVATE COUNSEL, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>EPHRAIM OLSON, an individual,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S SHORT FORM DISCOVERY MOTIONS REGARDING DEPOSITIONS OF JOSHUA OLSON, HYRUM OLSON, AND TIMOTHY AKARAPANICH (DOC. NOS. 116, 117, 118)**<br><br>Case No. 2:21-cv-00455<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Defendant Ephraim Olson filed three discovery motions seeking to compel Plaintiff OL Private Counsel, LLC ("OLPC") to produce three nonparty witnesses for depositions or, in the alternative, barring their testimony at trial.[1] These witnesses are Joshua Olson and Hyrum Olson (Ephraim's brothers), and Timothy Akarapanich.[2] OLPC opposes the motions, arguing these individuals are not OLPC employees and are beyond OLPC's control.[3] Because Ephraim has

---

[1] (*See* Doc. Nos. 116, 117, 118; *see also* Mem. in Supp. of Mots. to Compel Dep. of Hyrum Olson, Joshua Olson, and Timothy Akarapanich Under Fed. R. Civ. P. 30(b)(1) ("Suppl. Mem."), Doc. No. 120.)

[2] Because this lawsuit and these motions involve several members of the Olson family, first names are used in this order, for clarity.

[3] (*See* Pl.'s Opp'n to Def.'s Short Form Disc. Mots. Re: the Deps. of Joshua Olson, Hyrum Olson, and Tim Akarapanich Under Fed. R. Civ. P. 30(b)(1) ("Opp'n"), Doc. No. 122.)

1

not demonstrated any of these individuals are officers, directors, or managing agents of OLPC or otherwise within OLPC's control, Ephraim's motions are denied.[4]

## BACKGROUND

OLPC brought this action against Ephraim, a former employee who worked for OLPC from approximately 2015 to 2019.[5] According to the complaint, OLPC is a law firm based in Utah which "associates with and serves clients in common with" two other entities: OL Private Corporate Counsel International, Ltd. ("OLPCCI") and International Tax Counsel Ltd. ("ITC").[6] Ephraim is the son of Thomas Olson, the sole member/manager of OLPC.[7] OLPC alleges that after Ephraim was no longer employed at OLPC, he improperly accessed OLPC's confidential documents to assist his mother in her divorce case against Thomas.[8] Specifically, OLPC alleges Ephraim contacted a former ITC employee, Timothy Akarapanich, and asked him to obtain OLPC's confidential documents from ITC servers where they were stored.[9] OLPC claims Mr. Akarapanich transmitted the documents to Ephraim without authorization, and Ephraim then shared them with others, including his mother.[10] OLPC brings claims against Ephraim for

---

[4] Oral argument is unnecessary; this decision is based on the parties' written memoranda. *See* DUCivR 7-1(g). The court permitted both parties to file overlength briefs. (*See* Doc. No. 119.)

[5] (*See* First Am. Compl. ¶ 11, Ex. C to Notice of Removal, Doc. No. 2-2 at 35–52.)

[6] (*Id.* ¶¶ 5–6.) The parties dispute whether OLPC is a law firm.

[7] (*See* Renewed Mot. for Alt. Service ¶ 2, Doc. No. 42.)

[8] (*See* First Am. Compl. ¶¶ 20–34, Doc. No. 2-2 at 35–52.)

[9] (*See id.* ¶¶ 24–33; *see also* Suppl. Mem. ¶ 6, Doc. No. 120 (identifying the former ITC employee as Timothy Akarapanich).)

[10] (*See* First Am. Compl. ¶¶ 33–36, Doc. No. 2-2 at 35–52.)

conversion, breach of contract, breach of fiduciary duty, and violation of the Computer Fraud and Abuse Act,[11] among others.[12]

Hyrum and Joshua are Ephraim's brothers and Thomas's sons. Hyrum was employed by OLPC from 2018 to 2020.[13] In its initial disclosures, OLPC identified Hyrum and Mr. Akarapanich as individuals likely to have discoverable information and instructed that they "should be contacted only through [OLPC's] counsel."[14] According to Ephraim, OLPC has provided two declarations from Mr. Akarapanich in discovery, which contain statements supporting OLPC's claims.[15] Ephraim also contends depositions of Thomas Olson and OLPC have revealed that Joshua possesses "vital information about [OLPC's] data systems,"[16] and that both Hyrum and Joshua are conducting OLPC's internal investigation into the alleged misappropriation of documents.[17]

In March 2022, Ephraim notified OLPC of his intent to serve deposition subpoenas on Hyrum and Mr. Akarapanich, but OLPC's counsel declined to accept service.[18] In February 2023, Ephraim asked OLPC to voluntarily produce Hyrum, Joshua, and Mr. Akarapanich for depositions, but OLPC responded that it does not control these individuals and cannot make

---

[11] 18 U.S.C. § 1030, *et seq.*

[12] (*See* First Am. Compl. ¶¶ 42–87, Doc. No. 2-2 at 35–52.)

[13] (*See* Suppl. Mem. ¶ 1, Doc. No. 120.)

[14] (Ex. D to Suppl. Mem., OLPC's Initial Disclosures 3–4, Doc. No. 120-4.)

[15] (*See* Suppl. Mem. ¶ 8, Doc. No. 120; Ex. F to Suppl. Mem., Decl. of Timothy Akarapanich, Doc. No. 120-6.)

[16] (*See* Suppl. Mem. 5, Doc. No. 120.)

[17] (*See id.* ¶ 12.)

[18] (*See id.* ¶ 13.)

them appear for depositions.[19]  Ephraim then filed the instant motions to compel OLPC to produce Hyrum, Joshua, and Mr. Akarapanich for depositions.[20]

## ANALYSIS

Ephraim contends OLPC must produce Hyrum, Joshua, and Mr. Akarapanich for depositions because they are "effectively under [OLPC's] control."[21]  Ephraim also argues OLPC must produce Mr. Akarapanich because OLPC relies on declarations from him to support its claims in this action.[22]  Ephraim asks the court to either compel OLPC to produce these individuals for depositions or bar OLPC from relying on their testimony or declarations at trial.[23]

In response, OLPC asserts it cannot be compelled to produce these individuals for depositions because they are not officers, directors, or managing agents of OLPC.[24]  OLPC notes none of these individuals are even current employees of OLPC.[25]  OLPC also contends these individuals are not effectively under its control and, therefore, it has no authority to produce them for depositions.[26]

As relevant here, Rule 30(b)(1) of the Federal Rules of Civil Procedure provides that "[a] party who wants to depose a person by oral questions must give reasonable written notice to

---

[19] (*See id.* ¶ 24.)

[20] (Doc. Nos. 116, 117, 118.)

[21] (Suppl. Mem. 7–8, Doc. No. 120.)

[22] (*Id.* at 6–7.)

[23] (*See id.* at 1, 7.)

[24] (Opp'n 8–9, Doc. No. 122.)

[25] (*Id.* at 2–4.)

[26] (*Id.* at 1–2, 9–11.)

every other party."[27] This rule "authorizes a party to compel the deposition of an adversary corporation or other business entity through one of its officers, directors, or managing agents which the party names in its deposition notice."[28] "A corporation is responsible for producing its officers, managing agents, and directors if notice is given[,] and sanctions may be imposed against the corporation if they fail to appear."[29] But "[i]f the individual designated in a notice of deposition is not an officer, director, or managing agent, the deposition must proceed as for an ordinary nonparty witness," whose attendance may only be compelled by subpoena.[30]

Ephraim does not argue or attempt to show that Hyrum, Joshua, or Mr. Akarapanich are directors, officers, or managing agents of OLPC. Instead, he contends some courts have required parties to produce nonparty witnesses for deposition in other circumstances where the witness is deemed to be under the party's control, and he urges the court to do so here.[31] As explained below, the cases Ephraim relies on are distinguishable, and Ephraim has not demonstrated OLPC effectively controls Hyrum, Joshua, or Mr. Akarapanich.

Ephraim first relies on *Robbins v. Abrams*,[32] in which a court ordered the defendants to either produce a defendant's mother-in-law for a deposition in the United States or pay the costs

---

[27] Fed. R. Civ. P. 30(b)(1).

[28] *Centurion Silver, LLC v. Silverberg Dev. Corp.*, No. 07-1091 RB/ACT, 2008 WL 11415878, at *2 (D.N.M. June 26, 2008) (unpublished).

[29] *Brunson v. PHH Mortg. Corp.*, 342 F.R.D. 315, 320 (M.D. Fla. 2022) (internal quotation marks omitted).

[30] 7 Moore's Federal Practice § 30.03 (3d ed. 2023); *see also* Fed. R. Civ. P. 30(a)(1) ("The deponent's attendance may be compelled by subpoena under Rule 45."); Fed. R. Civ. P. 45 (governing subpoenas).

[31] (*See* Suppl. Mem. 7–8, Doc. No. 120.)

[32] 79 F.R.D. 600 (S.D.N.Y. 1978).

of deposing her in Europe.[33] The court found the defendants had concealed the fact that the mother-in-law owned the stock which was the subject of the parties' dispute, causing the plaintiff to waste "incalculable sums" on tangential discovery.[34] The court reasoned that, although the mother-in-law was not an officer, director, or managing agent, "defendants know exactly where the witness[] may be found; additionally, the familial relationship involved here makes it appropriate for defendants to secure [her] presence."[35]

Ephraim argues that, as in *Robbins*, OLPC knows where Hyrum, Joshua, and Mr. Akarapanich may be found because OLPC is in "regular contact" with them and previously indicated two of them may be contacted through OLPC's counsel.[36] But even assuming OLPC knows these individuals' whereabouts, this fact alone is insufficient to require OLPC to produce them for depositions. Unlike *Robbins*, there is no record of deliberate concealment of these witnesses which could justify requiring OLPC to undertake the burden of producing them. And unlike *Robbins*, Hyrum and Joshua have a familial connection on both sides of this dispute— they are sons of OLPC's member/manager Thomas, but they are also Ephraim's brothers. Thus, their family connection does not weigh in favor of one side or the other.

Ephraim also relies on *Martin Engineering Company v. Vibrators, Inc.*,[37] in which a court ordered the plaintiff corporation to produce for deposition a former employee who had

---

[33] *Id.* at 603.

[34] *Id.* at 601–03.

[35] *Id.* at 602.

[36] (Suppl. Mem. 8, Doc. No. 120.)

[37] No. LR-75-C-5, 1975 U.S. Dist. LEXIS 12274 (E.D. Ark. May 19, 1975) (unpublished).

6

since become president of a wholly-owned subsidiary of the plaintiff.[38] The court found, under those circumstances, the witness was "subject to the control of the plaintiff corporation and ha[d] an identity of interest with the plaintiff to the degree that compelling his attendance pursuant to the present notice would fall within the principle of the Rules."[39]

Ephraim argues that, as in *Martin Engineering*, Hyrum, Joshua, and Mr. Akarapanich have sufficient "identit[ies] of interest" with OLPC to compel OLPC to produce them.[40] In support of this argument, he asserts (1) Hyrum and Mr. Akarapanich are former OLPC employees;[41] (2) Hyrum and Joshua are employed by "associated entities" and are involved in OLPC's investigation of misappropriated documents; and (3) Mr. Akarapanich has provided declarations to OLPC and "recently discussed this case" with Thomas.[42] But these assertions, even if true, fail to establish OLPC effectively controls these individuals such that it has authority to produce them for depositions. None of these individuals are current employees of OLPC or an OLPC subsidiary. The fact that OLPC is in contact with them or that they work for associated entities is does not establish these individuals are subject to OLPC's control.

Ephraim also cites *Sali v. Corona Regional Medical Center*,[43] a Ninth Circuit opinion which recognized in dicta that some courts had required parties to produce "witnesses who are

---

[38] *Id.* at *4.

[39] *Id.*

[40] (Suppl. Mem. 8, Doc. No. 120 (alteration in original).)

[41] OLPC disputes that it ever employed Mr. Akarapanich. (*See* Opp'n ¶ 3, Doc. No. 122.) Rather, OLPC asserts Mr. Akarapanich was an employee of another entity, ITC, which served clients in common with OLPC. (*See id.*)

[42] (Suppl. Mem. 8, Doc. No. 120.)

[43] 884 F.3d 1218 (9th Cir. 2018).

effectively under the party's control"—citing *Robbins* and *Martin Engineering*.[44] However, *Sali* addressed the imposition of sanctions against a party who failed to comply with an order to produce its own retained expert witness for a deposition.[45] None of the individuals Ephraim seeks to depose are expert witnesses retained by OLPC, and the sanctions issue addressed in *Sali* is distinct from the issue presented here.

Finally, Ephraim relies on *Inventus Power v. Shenzhen Ace Battery*,[46] which required a defendant corporation to produce its own CEO and employees for depositions where the defendant relied on affidavits from these employees in support of its litigation positions.[47] But here, none of the individuals Ephraim seeks to depose are current employees of OLPC. Thus, regardless of whether OLPC has obtained affidavits from these individuals, Ephraim has not established OLPC has authority to require them to attend depositions.

In sum, Ephraim's reliance on these cases is misplaced. All are distinguishable, and Ephraim has not demonstrated Hyrum, Joshua, or Mr. Akarapanich are effectively under OLPC's control. Under these circumstances, OLPC cannot be compelled to produce these individuals for depositions.

Ephraim's request to exclude testimony from these individuals at trial is premature. The court will not address evidentiary issues at this juncture. Instead, Ephraim may file an appropriate pretrial motion seeking this relief.

---

[44] *Id.* at 1222 n.4.

[45] *Id.* at 1220, 1225.

[46] 339 F.R.D. 487 (N.D. Ill. 2021).

[47] *Id.* at 496–97.

CONCLUSION

Because Ephraim has not demonstrated the individuals he seeks to depose are officers, directors, or managing agents of OLPC or otherwise within OLPC's control, OLPC cannot be compelled to produce them for depositions. Therefore, Ephraim Olson's motions[48] regarding the depositions of Joshua Olson, Hyrum Olson, and Timothy Akarapanich are denied.

DATED this 20th day of November, 2023.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[48] (Doc. Nos. 116, 117, 118.)