UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| OL PRIVATE COUNSEL, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>EPHRAIM OLSON, an individual,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S SHORT FORM DISCOVERY MOTION TO COMPEL FURTHER 30(b)(6) DEPOSITION OF OLPC AND FOR SANCTIONS (DOC. NO. 143)<br><br>Case No. 2:21-cv-00455<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Defendant Ephraim Olson filed a motion to compel a continued Rule 30(b)(6) deposition of Plaintiff OL Private Counsel, LLC ("OLPC") and for sanctions.[1] Ephraim[2] argues OLPC failed to adequately prepare its designee, Thomas Olson, to testify regarding several topics, and failed to voluntarily substitute a prepared designee.[3] Ephraim seeks an additional five hours of Rule 30(b)(6) testimony at OLPC's sole expense, and Ephraim's fees for bringing this motion.[4] OLPC opposes the motion, arguing Thomas was adequately prepared and provided the

---

[1] (Def.'s Short Form Disc. Mot. to Compel Further 30(b)(6) Dep. of OLPC and for Sanctions ("Mot."), Doc. No. 143.)

[2] Because this lawsuit and this motion involve several members of the Olson family, first names are used in this order, for clarity.

[3] (Mot. 3, Doc. No. 143.)

[4] (*Id.*)

1

information in OLPC's possession.[5] For the reasons set forth below, the motion is granted in part and denied in part.

BACKGROUND

OLPC brought this action against Ephraim, a former employee who worked for OLPC from approximately 2015 to 2019.[6] According to the complaint, OLPC is a law firm based in Utah which "associates with and serves clients in common with" two other entities: OL Private Corporate Counsel International, Ltd. ("OLPCCI") and International Tax Counsel Ltd. ("ITC").[7] Ephraim is the son of Thomas Olson, the sole member/manager of OLPC.[8] OLPC alleges that after Ephraim's employment at OLPC ended, he improperly accessed OLPC's confidential documents to assist his mother in her divorce case against Thomas.[9] Specifically, OLPC alleges Ephraim contacted a former ITC employee, Timothy Akarapanich, and asked him to obtain OLPC's confidential documents from ITC servers where they were stored.[10] OLPC claims Mr. Akarapanich transmitted the documents to Ephraim without authorization, and Ephraim then shared them with others, including his mother.[11] OLPC brings claims against Ephraim for

---

[5] (OL Private Counsel, LLC's Resp. in Opp'n to Def.'s Short Form Disc. Mot. to Compel Further 30(b)(6) Dep. of OLPC and for Sanctions ("Opp'n"), Doc. No. 146.)

[6] (*See* Ex. C to Notice of Removal, First Am. Compl. ¶ 11, Doc. No. 2-2 at 35–52.)

[7] (*Id.* ¶¶ 5–6.) The parties dispute whether OLPC is a law firm.

[8] (*See* Renewed Mot. for Alternative Service ¶ 2, Doc. No. 42.)

[9] (*See* First Am. Compl. ¶¶ 20–36, Doc. No. 2-2 at 35–52.)

[10] (*See id.* ¶¶ 24–33.)

[11] (*See id.* ¶¶ 33–36.)

conversion, breach of contract, breach of fiduciary duty, and violation of the Computer Fraud and Abuse Act,[12] among others.[13]

Ephraim served a Rule 30(b)(6) deposition notice on OLPC on December 23, 2022.[14] OLPC served objections to the noticed topics on December 30, 2022.[15] Ephraim proceeded with the deposition on February 15, 2023.[16] Ephraim deposed OLPC through its designee, Thomas Olson, for seven hours.[17]

## LEGAL STANDARDS

Rule 30(b)(6) of the Federal Rules of Civil Procedure requires a corporation or other entity being deposed to designate persons to testify on its behalf "about information known or reasonably available to the organization."[18]  Entities must "make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter."[19] "[C]orporations have an affirmative duty to make available as many persons as necessary to give complete,

---

[12] 18 U.S.C. § 1030 *et seq.*

[13] (*See* First Am. Compl. ¶¶ 42–87, Doc. No. 2-2 at 35–52.)

[14] (*See* Ex. A to Mot., Notice of 30(b)(6) Dep. of OL Private Counsel, LLC ("30(b)(6) Notice"), Doc. No. 143-1.)

[15] (*See* Ex. B to Mot., Objs. to Def.'s Am. Notice of 30(b)(6) Dep. of OL Private Counsel, LLC ("Objections"), Doc. No. 143-2.)

[16] (*See* Ex. C to Mot., 30(b)(6) Dep. of OL Private Counsel, LLC through Thomas Olson ("OLPC Dep."), Doc. No. 143-3.)

[17] (*See* Opp'n 1, Doc. No. 146.)

[18] Fed. R. Civ. P. 30(b)(6).

[19] *Starlight Int'l, Inc. v. Herlihy*, 186 F.R.D. 626, 639 (D. Kan. 1999).

knowledgeable, and binding answers on the corporation's behalf."[20] "If the designated persons do not possess personal knowledge of the matters set out in the deposition notice, the [entity] is obligated to prepare the designees so that they may give knowledgeable and binding answers for the [organization]."[21] "If it becomes obvious during the course of a deposition that the designee is deficient, the [organization] is obligated to provide a substitute."[22]

## ANALYSIS

Ephraim contends Thomas was inadequately prepared to testify as to five noticed topics, addressed in turn below.

### A. Topics 14 and 16

Topic 14 is "Ephraim Olson's access to OLPC, OLPCCI, ITC, or ICS's servers post May 2020."[23] Topic 16 is "Timothy Akarapanich's access to OLPC, OLPCCI, ITC, or ICS's servers post May 2020 to obtain the alleged 'Converted Documents,' including how OLPC learned of the alleged improper access."[24]

Thomas, as OLPC's designee, testified that OLPC had retained a company called Crucial Logics to investigate Mr. Akarapanich's alleged misappropriation of documents from the servers.[25] However, Thomas testified that he had not personally spoken to anyone at Crucial

---

[20] *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1146 (10th Cir. 2007) (internal quotation marks omitted).

[21] *Starlight Int'l*, 186 F.R.D. at 639 (alterations in original) (internal quotation marks omitted).

[22] *Id.* (alteration in original) (citation omitted).

[23] (Ex. A to Mot., 30(b)(6) Notice 5, Doc. No. 143-1.)

[24] (*Id.* at 5–6.)

[25] (*See* Ex. C to Mot., OLPC Dep. 89:4–21, Doc. No. 143-2.)

4

Logics regarding the investigation.[26] Instead, he said he believed Hyrum or Joshua Olson (his sons) or "one of the other IT people" had communicated with Crucial Logics.[27] Thomas was unable to provide additional information about the investigation.[28]

Ephraim argues OLPC failed to adequately prepare Thomas to testify about OLPC's investigation regarding the allegedly misappropriated documents.[29] OLPC argues Thomas was adequately prepared on Topics 14 and 16 and testified to the information in OLPC's possession, including testifying that he spoke with OLPC's IT team to prepare and testifying regarding how the servers are protected and how users access them.[30]

OLPC's investigation regarding the alleged misappropriation falls squarely within Topics 14 and 16, and Thomas was unprepared to testify about OLPC's knowledge of the investigation. Thomas testified he had not personally spoken to Crucial Logics, the company OLPC hired to perform the investigation, but Thomas' personal knowledge is irrelevant. Thomas' testimony suggests other individuals were communicating with Crucial Logics on behalf of OLPC regarding the investigation. To the extent anyone at OLPC (or anyone communicating on OLPC's behalf) has knowledge of the investigation, that information is "known or reasonably available to the organization."[31]

---

[26] (*Id.* at 90:7–10.)

[27] (*Id.* at 90:11–19.)

[28] (*See id.* at 89:4–90:19.)

[29] (*See* Mot. 1–2, Doc. No. 143.)

[30] (*See* Opp'n 2–3, Doc. No. 146.)

[31] Fed. R. Civ. P. 30(b)(6).

Accordingly, the motion is granted as to Topics 14 and 16. Ephraim is entitled to a continued deposition of OLPC regarding its investigation into the alleged misappropriation, including the investigation by Crucial Logics. OLPC must prepare a designee to testify about information known to OLPC regarding this investigation.

### B. Topic 17

Topic 17 is "OLPC's acquisition of Timothy Akarapanich's Declaration" produced by OLPC in discovery, "including but not limited to the name of [the] individual who communicated with Mr. Akarapanich on OLPC's behalf, the form of those communications and the substance of those communications."[32] Thomas, as OLPC's designee, testified he did not recall whether any OLPC, ITC, or OLPCCIL employees were present when Mr. Akarapanich's declaration was signed, although he "suspect[ed] there were."[33] He also did not recall who drafted the declaration for Mr. Akarapanich or who asked him to prepare the declaration.[34]

This information falls within Topic 17, and Thomas was unprepared to testify about it. Thomas' testimony indicates he lacks personal knowledge but suggests others at OLPC may have been present when the declaration was signed and either drafted it or asked Mr. Akarapanich to prepare it.[35] Ephraim is entitled to a continued deposition regarding OLPC's knowledge of these matters.

---

[32] (Ex. A to Mot., 30(b)(6) Notice 6, Doc. No. 143-1.)

[33] (Ex. C to Mot., OLPC Dep. 204:19–205:2, Doc. No. 143-3.)

[34] (*See id.* at 205:3–11.)

[35] An email from OLPC's counsel after the Rule 30(b)(6) deposition appears to confirm OLPC has additional information regarding this topic, stating: "OLPC believes [Mr. Akarapanich's] declaration was drafted by counsel." (*See* Ex. C to Opp'n, Email from E. Ostrow to S. Vaughn, et al. (Mar. 30, 2023), Doc. No. 146-3.) Ephraim is entitled to obtain OLPC's testimony on this topic; an email from counsel is not an adequate substitute.

Ephraim argues Thomas' testimony with regard to Topic 17 was also inadequate because Thomas did not know the date OLPC obtained Mr. Akarapanich's phone, whether Mr. Akarapanich's computer was retained, or whether anyone at OLPC reviewed Mr. Akarapanich's cloud storage before Mr. Akarapanich deleted it at OLPC's request.[36] But none of this information falls under Topic 17, which only addresses Mr. Akarapanich's declaration. OLPC was not required to prepare a designee to testify regarding these matters outside the scope of the topic.

Accordingly, the motion is granted in part and denied in part as to Topic 17. Ephraim is entitled to a continued deposition regarding OLPC's acquisition of Mr. Akarapanich's declaration produced by OLPC in discovery—but not other information regarding Mr. Akarapanich's phone, computer, or cloud storage.

### C. Topic 1

Topic 1 is "OLPC's efforts in responding to [Ephraim's] discovery requests, including responding to [Ephraim's] interrogatories, admissions, and production requests."[37] Ephraim contends Thomas was inadequately prepared on this topic because he did not know the source of the information logged in Exhibit 1 to OLPC's written discovery responses.[38] Thomas, as OLPC's designee, testified that he "assume[d]" the source of the information in Exhibit 1 was "the computer logs" or "computer records," but he was unable to provide specifics regarding the source of the information or further information regarding how the exhibit was prepared.[39] The

---

[36] (*See* Mot. 2, Doc. No. 143.)

[37] (Ex. A to Mot., 30(b)(6) Notice 4, Doc. No. 143-1.)

[38] (*See* Mot. 2, Doc. No. 143.)

[39] (*See* Ex. C to Mot., OLPC Dep. 69:13–70:8, 70:25–71:20, Doc. No. 143-3.)

source of the information in Exhibit 1, and how the exhibit was prepared, falls within Topic 1 and is information known or reasonably available to OLPC. Accordingly, the motion is granted as to Topic 1, and Ephraim is entitled to a continued deposition of OLPC regarding Exhibit 1.

### D. Topic 4

Topic 4 is "[e]ach 'Converted Document' which Ephraim Olson allegedly accessed or obtained, including the name, creation date, custodian, and owner of each Converted Document."[40] Ephraim argues Thomas was inadequately prepared to testify on this topic because he stated he did not know whether Ephraim had ever accessed a CD in a physical box of documents which OLPC claims Ephraim misappropriated.[41] However, whether and how Ephraim accessed the documents is not expressly listed in Topic 4. Instead, Topic 4 encompasses information regarding the documents themselves—including name, creation date, custodian, and owner. The wording of Topic 4 does not give OLPC the notice it would need to prepare a designee for an inquiry into Ephraim's access to the CD.

Ephraim also argues Thomas was inadequately prepared on this topic because Thomas testified he had not personally seen the box of allegedly misappropriated documents.[42] However, as noted, Thomas' personal knowledge is irrelevant. The fact that Thomas had not personally seen the box does not demonstrate he was unprepared to testify regarding OLPC's knowledge.

For these reasons, the motion is denied as to Topic 4.

---

[40] (Ex. A to Mot., 30(b)(6) Notice 4, Doc. No. 143-1.)

[41] (Mot. 2, Doc. No. 143.)

[42] (*Id.*)

### E. Requests for Fees and Costs

Ephraim requests that OLPC be required to bear the costs of the continued Rule 30(b)(6) deposition, as well as his fees in bringing this motion. As explained below, both requests are denied.

Rule 30 of the Federal Rules of Civil Procedure permits the court to "impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent."[43] Rule 37 authorizes sanctions if a party's officer or 30(b)(6) designee "fails, after being served with proper notice, to appear for that person's deposition."[44] Such sanctions include payment of "the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."[45] Producing an unprepared witness for a 30(b)(6) deposition "is tantamount to a failure to appear at a deposition."[46]

Ephraim has not shown OLPC's failure to adequately prepare its designee on the topics set forth above amounted to a failure to appear. Ephraim only established Thomas was unprepared in limited areas, over the course of a seven-hour deposition. Moreover, some topics—particularly Topic 1—are broad and provided little guidance as to where Ephraim's counsel would focus the inquiry. This does not appear to be a case involving largescale inadequate preparation, and the supplemental deposition permitted here is limited. Under these

---

[43] Fed. R. Civ. P. 30(d)(2).

[44] Fed. R. Civ. P. 37(d)(1)(A)(i).

[45] Fed. R. Civ. P. 37(d)(3).

[46] *Starlight Int'l*, 186 F.R.D. at 639 (citation omitted).

circumstances, sanctions are unwarranted, and OLPC is not required to bear the costs of the continued deposition.

Where Ephraim's motion is granted in part and denied in part, the court also declines to award Ephraim his costs of bringing this motion. The court granted more limited relief than Ephraim requested, and OLPC's position was substantially justified.[47]

## CONCLUSION

Ephraim Olson's motion[48] to compel a continued Rule 30(b)(6) deposition of OLPC is granted in part and denied in part. OLPC shall submit to a continued deposition of no longer than ninety minutes regarding Topics 1, 14, 16, and 17, to address the matters on which OLPC's designee was inadequately prepared, as set forth above. Ephraim's requests for fees and costs are denied.

DATED this 28th day of November, 2023.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[47] *See* Fed. R. Civ. P. 37(a)(5)(C) (noting the court may apportion expenses when granting a discovery motion in part); Fed. R. Civ. P. 37(a)(5)(A)(ii) (explaining that even when a motion is granted, the court must not award attorney's fees if the opposing party's position was "substantially justified").

[48] (Doc. No. 143.)