UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| OL PRIVATE COUNSEL, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>EPHRAIM OLSON, an individual,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SHORT FORM DISCOVERY MOTION TO COMPEL DEPOSITION OF EPHRAIM OLSON (DOC. NO. 161)**<br><br>Case No. 2:21-cv-00455<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

In this action, Plaintiff OL Private Counsel, LLC ("OLPC") alleges its former employee Ephraim Olson misappropriated OLPC's confidential client documents and shared them with his mother, Carolyn Olson, and/or her attorneys.[1] OLPC claims Carolyn used the misappropriated documents in litigation against Ephraim's father, Thomas Olson—who is OLPC's sole member/managing partner.[2] OLPC has filed a motion to compel Ephraim to sit for an additional deposition regarding questions he was instructed not to answer in his first deposition.[3] As explained below, the motion is granted in part and denied in part. Ephraim must sit for an additional deposition consistent with the parties' stipulation, but the scope of the deposition is limited to the stipulation.

---

[1] (*See* Ex. C to Notice of Removal, First Am. Compl., Doc. No. 2-2 at 35–52.)

[2] (*See id.*) Because this lawsuit and this motion involve several members of the Olson family, first names are used in this order, for clarity.

[3] (Pl.'s Short Form Disc. Mot. to Compel Dep. of Ephraim Olson ("Mot."), Doc. No. 161.)

1

BACKGROUND

During his deposition, Ephraim's counsel objected to certain questions on the basis of attorney-client privilege and work-product protection and instructed Ephraim not to answer.[4] After the deposition, the parties' counsel conferred regarding the privilege objection and stipulated to have Ephraim sit for a second deposition to answer the following three questions which he was previously instructed not to answer:

1. Did you provide any documents to Dentons in connection with or to facilitate their work on the Mareva injunction?

2. Did you provide any documents to your mother to provide to Dentons in connection with the Mareva injunction?

3. Did you provide any information to Dentons to facilitate their efforts in seeking a Mareva injunction?[5]

Specifically, the parties stipulated that Ephraim's second deposition would address these questions "and any questions that flow naturally from the responses thereto."[6]

---

[4] (*See* Ex. A to Mot., Dep. of Ephraim Olson (Feb. 13, 2023) 111:15–22, 114:8–21, Doc. No. 161-1.)

[5] (*See* Mot. 2–3, Doc. No. 161; Def.'s Opp'n to Pl.'s Short Form Mot. to Compel Dep. of Ephraim Olson ("Opp'n") 1–2, Doc. No. 167; Ex. B to Mot., Emails between M. Call and S. Vaughn (June 12–19, 2023), Doc. No. 161-2.) Although the emails indicate counsel initially disagreed as to the inclusion of the third question, the parties' briefing and the transcript of Ephraim's second deposition confirms he agreed to answer all three questions. (*See* Ex. C to Mot., Dep. of Ephraim Olson, Vol. II (June 28, 2023) 5:11–20, Doc. No. 161-3.)

[6] (Ex. B to Mot., Emails between M. Call and S. Vaughn (June 12–19, 2023), Doc. No. 161-2; *see also* Ex. C to Mot., Dep. of Ephraim Olson, Vol. II (June 28, 2023) 5:11–20, Doc. No. 161-3.)

At the beginning of Ephraim's second deposition, Ephraim's counsel reiterated that Ephraim had agreed to answer the three questions set forth above.[7] OLPC's counsel stated his position that OLPC was "not only entitled to ask those questions but any follow-up questions that we would have asked had we been able to ask those questions in the previous deposition."[8] Ephraim's counsel clarified that Ephraim had agreed to answer "any follow-up questions that come from the answer," but stated "[t]his is not a new deposition to talk about those topics broadly."[9] OLPC's counsel indicated he understood Ephraim's position and then began the deposition by asking the following question: "Mr. Olson, the subject matter of today's deposition is information or documents that you may have provided, either directly or indirectly, to the Dentons law firm to facilitate their efforts in seeking a Mareva injunction. Do you understand that?"[10] Ephraim's counsel objected that this was not one of the stipulated questions and asked OLPC's counsel to "stick to the three questions we've stipulated to."[11] OLPC's counsel responded: "No, I'm not going to do that, Counsel. And you can make your objection and give any instructions that you would choose, but I'm going to question him the way that I choose."[12] Ephraim's counsel then terminated the deposition.[13]

---

[7] (Ex. C to Mot., Dep. of Ephraim Olson, Vol. II (June 28, 2023) 5:11–20, Doc. No. 161-3.)

[8] (*Id.* at 6:6–10.)

[9] (*Id.* at 6:12–19.)

[10] (*Id.* at 6:23, 8:11–15.)

[11] (*Id.* at 8:17–20.)

[12] (*Id.* at 8:21–24.)

[13] (*Id.* at 8:25–9:2.)

In its motion, OLPC argues Ephraim's counsel improperly instructed him not to answer during the first deposition and placed unreasonable constraints on the order and manner of questioning in the second deposition.[14] OLPC contends it should be permitted to pursue the line of questioning that was improperly objected to in the first deposition, and asserts Ephraim's counsel cannot "dictate the wording of that questioning or the order."[15] OLPC contends the first question in the second deposition simply asked Ephraim to confirm his understanding of the subject matter and was "almost verbatim the questions that had been improperly objected to at the first deposition."[16] OLPC asks the court to order Ephraim to sit for an additional deposition and answer questions "reasonably related to those that were improperly objected to without inappropriate interference from counsel on the form or order of questions."[17]

In response, Ephraim argues OLPC improperly disregarded the parties' stipulation that Ephraim would only answer the three agreed-upon questions and any follow-up questions flowing from his responses.[18] Ephraim also argues an additional deposition would now be unreasonably cumulative and duplicative because he has answered the three questions via an

---

[14] (Mot. 1–3, Doc. No. 161.)

[15] (*Id.* at 3–4.)

[16] (*Id.* at 4.)

[17] (*Id.*)

[18] (Opp'n 2, Doc. No. 167.)

interrogatory response.[19]  Therefore, Ephraim asks the court to deny OLPC's request for an additional deposition.[20]

## ANALYSIS

The court is "vested with broad discretion" in deciding whether to enforce stipulations made by the parties during the course of litigation.[21]  This includes enforcement of discovery agreements.[22]  The parties' briefing and exhibits demonstrate the parties stipulated to a second deposition of Ephraim in which he would answer the three agreed-upon questions and any questions that flowed naturally from his responses—nothing more.  Thus, OLPC's first question to Ephraim in the second deposition was outside the stipulated deposition scope, because it was not one of the three agreed-upon questions or a follow-up question flowing from his response.  Further, OLPC's request to compel Ephraim to answer questions "reasonably related to" the agreed-upon questions also exceeds the scope of the stipulation, unless such questions are follow-up questions naturally flowing from Ephraim's responses to the agreed-upon questions.  On the other hand, Ephraim's argument that an interrogatory response is an adequate substitute for deposition testimony is also contrary to the parties' stipulation, because it deprives OLPC of the opportunity to ask follow-up questions flowing from Ephraim's responses.

---

[19] (*Id.* at 2–3; *see also* Ex. D to Opp'n, Def.'s Suppl. Resps. to Pl.'s Second Set of Interrogs., Doc. No. 167-4.)

[20] (Opp'n 3, Doc. No. 167.)

[21] *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1188 (10th Cir. 2018) (citation omitted).

[22] *See RCHFU, Inc. v. Marriott Vacations Worldwide Corp.*, No. 16-cv-01301-PAB-GPG, 2019 U.S. Dist. LEXIS 82848, at *17 (D. Colo. May 16, 2019) (unpublished) (finding enforcement of a discovery agreement was within a magistrate judge's discretion); *see also Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 104 (10th Cir. 2012) (unpublished) (noting courts have "broad discretion to manage discovery").

Both parties will be held to the terms of their stipulation regarding Ephraim's second deposition. OLPC is entitled to an additional deposition of Ephraim to answer the three agreed-upon questions and any questions that flow naturally from his responses. Although this somewhat restricts the order and manner of questioning, these are the terms OLPC agreed to. The restrictions simply reflect the parties' stipulation regarding the scope of the deposition.

OLPC's request for attorney fees incurred in bringing this motion is denied, where the motion is granted only in part and Ephraim's position is substantially justified.[23]

## CONCLUSION

OLPC's motion[24] is granted in part and denied in part. Ephraim is ordered to sit for an additional deposition to answer the three agreed-upon questions and any questions that flow naturally from his responses.

DATED this 7th day of December, 2023.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[23] *See* Fed. R. Civ. P. 37(a)(5)(C); Fed. R. Civ. P. 37(a)(5)(A)(ii) (permitting denial of a fee request even where a discovery motion is granted, if the opposing party's position was substantially justified).

[24] (Doc. No. 161.)