UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| OL PRIVATE COUNSEL, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>EPHRAIM OLSON, an individual,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S THIRD SHORT FORM DISCOVERY MOTION TO COMPEL PRODUCTION OF DOCUMENTS ON PRIVILEGE LOG (DOC. NO. 170)**<br><br>Case No. 2:21-cv-00455<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

In this action, Plaintiff OL Private Counsel, LLC ("OLPC") alleges its former employee, Ephraim Olson, misappropriated OLPC's confidential client documents and shared them with his mother, Carolyn Olson, and/or her attorneys.[1] OLPC claims Carolyn used the misappropriated documents in litigation against Ephraim's father, Thomas Olson (OLPC's sole member/managing partner).[2]

OLPC has filed a motion to compel Ephraim to produce documents listed on a "relevance log" and a prior, withdrawn privilege log.[3] Ephraim provided the relevance log pursuant to court orders finding a prior privilege log inadequate, requiring Ephraim to provide a revised privilege

---

[1] (*See* Ex. C to Notice of Removal, First Am. Compl., Doc. No. 2-2 at 35–52.)

[2] (*See id.*) Because this lawsuit and this motion involve several members of the Olson family, first names are used in this order, for clarity.

[3] (Pl.'s Third Short Form Disc. Mot. to Compel Produc. of Docs. on Privilege Log ("Mot."), Doc. No. 170.)

1

log for all previously-logged documents, and permitting Ephraim to maintain relevance objections in the revised log.[4] OLPC argues the documents listed in the log are all relevant and Ephraim has waived privilege by failing to assert any privilege claims in the revised log.[5] In opposition, Ephraim argues the logged documents are either irrelevant or unresponsive to the underlying discovery request at issue.[6] Ephraim also argues he did not waive privilege, relying on statements at a prior hearing which, he contends, permitted him to provide a separate relevance log before asserting privilege claims.[7]

OLPC's motion is granted in part and denied in part. As explained below, the court's prior order plainly required Ephraim to assert both privilege claims and any relevance objections in his revised log. Thus, Ephraim waived privilege by failing to assert privilege claims in his revised log. Aside from emails dated after the filing of this lawsuit, which are unresponsive to the underlying discovery request, all other documents listed in the relevance log are relevant. Therefore, Ephraim must produce the other documents listed in the relevance log, and any previously-logged documents not included in the relevance log.

---

[4] (See Mem. Decision and Order Granting in Part and Den. in Part Pl.'s Short Form Disc. Mot. re: Def.'s Privilege Log ("First Privilege Log Order"), Doc. No. 95; Mem. Decision and Order Den. Without Prejudice Pl.'s Mot. re: Carolyn Olson and Naomi Burton's Privilege Log, and Granting in Part and Den. in Part Pl.'s Second Mot. re: Def.'s Privilege Log and Produc. of Docs. ("Second Privilege Log Order"), Doc. No. 134.)

[5] (See Mot., Doc. No. 170; Pl.'s Suppl. Br., Doc. No. 177.)

[6] (See Opp'n to Pl.'s Third Short Form Disc. Mot. to Compel Produc. of Docs. on Privilege Log ("Opp'n"), Doc. No. 180.)

[7] (See id.)

BACKGROUND

OLPC's Request for Production ("RFP") 8 sought "[a]ll documents relating to or concerning communications with counsel for Carolyn Olson (whether in Carolyn's personal[] capacity or as trustee or any other fiduciary role) at any time, including but not limited to[] communications with Patricia Kuendig [Carolyn's divorce attorney] and any person in the office of Dentons in Alberta, Canada."[8] Ephraim objected to this request on various grounds including relevance, attorney-client privilege, work-product protection, and "common interest privilege."[9] He eventually provided a privilege log listing fifty emails and identifying the claimed privilege for each document as "Joint Defense/Common Interest Privilege."[10] OLPC filed a discovery motion challenging the sufficiency of the privilege log, asking the court to either deem privilege waived or order Ephraim to produce an adequate log.[11]

The court issued an order granting the motion in part and denying it in part on November 29, 2022.[12] The court found that while RFP 8 encompassed some relevant documents, the request was overly broad because OLPC had not "demonstrated *all* communications between [Ephraim] and his mother's attorneys 'at any time' [were] relevant to the claims and defenses in this action."[13] Thus, the court limited the permissible scope of RFP 8 to "documents relating to

---

[8] (Ex. 2 to Opp'n, Pl.'s First Set of Disc. Reqs. 13, Doc. No. 180-1.)

[9] (Ex. 3 to Opp'n, Def.'s Resps. to Pl.'s First Set of Reqs. for Produc. 11–12, Doc. No. 180-2.)

[10] (*See* Ex. 6 to Opp'n, Privilege Log, Doc. No. 180-6.)

[11] (Short Form Disc. Mot. re: Def.'s Privilege Log ("First Mot. re: Def.'s Privilege Log"), Doc. No. 64.)

[12] (First Privilege Log Order, Doc. No. 95.)

[13] (*Id.* at 4 (emphasis in original).)

or concerning communications with counsel for Carolyn Olson relating to, concerning, or transmitting OLPC's confidential documents, from 2018 through the filing of this lawsuit."[14] The court then determined Ephraim's privilege log was inadequate, first, because it failed to identify the privilege or protection claimed for each document.[15] The court noted the joint defense and common interest doctrines are merely defenses to a claim that privilege or protection has been waived by disclosure to a third party, but Ephraim failed to identify any underlying privilege or protection.[16] The court also found the privilege log failed to adequately describe the documents withheld to allow OLPC to assess the privilege claim.[17] The court ordered Ephraim to provide a revised log, but clarified he "need only include documents responsive to RFP 8 as narrowed in this order in his revised privilege log."[18]

Thereafter, Ephraim produced four emails (plus attachments) from his prior privilege log but refused to provide a revised privilege log, asserting the other forty-six documents were not relevant or responsive to RFP 8 as narrowed.[19] OLPC then filed a second discovery motion to

---

[14] (*Id.* (emphasis omitted).)

[15] (*Id.* at 5.)

[16] (*Id.*)

[17] (*Id.* at 5–6); *see also* Fed. R. Civ. P. 26(b)(5)(A)(ii) (requiring a party withholding documents based on a claim of privilege or work-product protection to "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.").

[18] (First Privilege Log Order 7, Doc. No. 95.)

[19] (*See* Ex. 10 to Opp'n, Def.'s Suppl. Resp. to RFP 8 (Dec. 8, 2022), Doc. No. 180-10; Ex. 14 to Opp'n, Def.'s Suppl. Resp. to RFP 8 (Dec. 21, 2022), Doc. No. 181-3.)

compel Ephraim to produce the remaining documents listed on the prior privilege log.[20] In opposition to the motion, Ephraim argued the previously-logged documents were not relevant, in part, because he disputed OLPC's allegations that misappropriated documents were confidential and belonged to OLPC.[21]

The court held a hearing on the second motion on February 14, 2023, and made an oral ruling granting the motion in part and denying it in part, with a written order to follow.[22] The written order was issued on May 5, 2023.[23] The court noted that Ephraim's relevance arguments were inconsistent with scope of discovery defined in the federal rules, and instead raised a factual dispute regarding the merits of OLPC's claims.[24] The court ordered Ephraim to "either produce or provide a revised, adequate privilege log for all documents listed in his withdrawn log."[25] The order stated:

> Ephraim may maintain his relevance objection for any logged documents, but he must provide a description of each document sufficient to enable OLPC to assess his claim of privilege and any relevance objection. Although logging documents withheld based on relevance is not normally required, this procedure is warranted here where the arguments Ephraim has advanced regarding relevance are inconsistent with the Rule 26(b)(1) standard.[26]

---

[20] (Pl.'s Second Short Form Disc. Mot. re: Def.'s Privilege Log and Produc. of Docs. Responsive to Req. No. 8 ("Second Mot. re: Def.'s Privilege Log"), Doc. No. 102.)

[21] (*See* Opp'n to Second Mot. re: Def.'s Privilege Log 2–3, Doc. No. 109.)

[22] (*See* Ex. 17 to Opp'n, Tr. of Feb. 14, 2023 Mot. Hrg., Doc. No. 181-6.)

[23] (Second Privilege Log Order, Doc. No. 134.)

[24] (*Id.* at 10–11.)

[25] (*Id.* at 11.)

[26] (*Id.* at 11–12.)

Ephraim objected to this order,[27] and the district judge overruled the objection.[28]

Thereafter, on June 29, 2023, Ephraim provided a log labeled "Ephraim Olson Relevance Log With General Descriptions."[29] The log lists forty-five emails from the prior privilege log, along with the date, subject line, sender and recipient, name of any attachments, and a "general description" of each document.[30] The log does not identify any privilege claim.[31] The log includes six documents which Ephraim has produced after a conferral (lines 30 through 35).[32] OLPC then filed the instant motion to compel production of the remaining logged documents.[33]

## ANALYSIS

OLPC's argument that Ephraim waived privilege is addressed first, before turning to the relevance of the logged documents.

### A. Waiver of Privilege

Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure requires a party withholding otherwise-discoverable information based on a claim of privilege to "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself

---

[27] (Def.'s Rule 72(a) Obj. to Magistrate Judge Order, Doc. No. 136.)

[28] (Mem. Decision and Order Overruling Obj. to Magistrate Judge Order, Doc. No. 160.)

[29] (Ex. B to Mot., Relevance Log, Doc. No. 170-2.)

[30] (*Id.*)

[31] (*Id.*)

[32] (Pl.'s Suppl. Br. 4, Doc. No. 177.)

[33] (Mot., Doc. No. 170.)

privileged or protected, will enable other parties to assess the claim."[34]  "The law is well-settled that, if a party fails to make the required showing, by not producing a privilege log, or by providing an inadequate one, the court may deem the privilege waived."[35]  "[A] failure to identify the specific privilege claimed may also result in waiver."[36]  However, "minor procedural violations, good faith attempts at compliance, and other such mitigating circumstances bear against finding waiver."[37]

OLPC contends Ephraim waived privilege by failing to assert any privilege claim in his revised log.[38]  Ephraim argues the documents in the relevance log "are being provisionally withheld pending a determination of relevance," and he contends he "placed disclaimers on the relevance log maintaining any privilege claims until *after* a finding of relevance."[39]  He argues this approach is consistent with a suggestion made by OLPC's counsel at the February 14, 2023 hearing and complies with the court's order.[40]

Ephraim's claim of privilege is waived due to his failure to provide an adequate privilege log as ordered, and his arguments to the contrary are unavailing.  First, the relevance log contains no disclaimer indicating Ephraim is maintaining a claim of privilege for the logged documents.

---

[34] Fed. R. Civ. P. 26(b)(5)(A).

[35] *Ennis v. Alder Prot. Holdings, LLC*, No. 2:19-cv-00512, 2021 U.S. Dist. LEXIS 33498, at *5 (D. Utah Feb. 22, 2021) (unpublished) (citation omitted).

[36] *Id.*

[37] *Id.* at *6 (citation omitted).

[38] (Mot. 2–3, Doc. No. 170.)

[39] (Opp'n 8–9, Doc. No. 180 (emphasis in original).)

[40] (*See id.*)

Ephraim asserts the disclaimers "were in the title of the Relevance Log," citing the log itself and the email transmitting it.[41] But the title of the log—"Ephraim Olson Relevance Log With General Descriptions"—contains no disclaimer regarding any privilege claim.[42] Likewise, the email transmitting the log contains no such disclaimer.[43] It appears Ephraim is referencing the *file title* of the relevance log attached to the email: "2023-06-29 Log with descriptions of non-relevant documents – all privilege protections reserved.pdf."[44] But this "reservation" in the file title of an attachment is wholly inadequate to preserve a privilege claim, where the court ordered Ephraim to provide a revised privilege log consistent with the requirements of Rule 26(b)(5)(A).

Contrary to Ephraim's argument, the court's order did not permit Ephraim to provide only a relevance log, while "reserving" a claim of privilege without logging it. Ephraim relies on the following statement made by OLPC's counsel during at the February 14 hearing:

> I guess if [Ephraim's counsel] wants to separate the log into two logs, those that are being withheld and conceding relevance and then those that are being withheld provisionally on a determination of relevance, maybe that's the way to do it to reserve her right to still object on relevance but to allow me to see the documents that are actually being withheld to determine whether we agree that they're relevant or not.[45]

However, OLPC's counsel clarified later in her argument that OLPC was seeking both a relevance log and an adequate privilege log: "I'm asking for only that which allows us to assess

---

[41] (*Id.* at 6.)

[42] (Ex. B to Mot., Relevance Log 1, Doc. No. 170-2.)

[43] (*See* Ex. 19 to Opp'n, Email from S. Vaughn to D. Jordan, et al. (June 29, 2023), Doc. No. 181-8.) The body of the email states, in full: "Counsel – Pursuant to the Court's order, attached please find Ephraim Olson's Relevance Log." (*Id.*)

[44] (*Id.*)

[45] (*See* Ex. 17 to Opp'n, Tr. of Feb. 14, 2023 Mot. Hr'g 82:25–83:6, Doc. No. 181-6.)

8

the relevance of the document, which would be the same you require for a privilege log, a description, and if they're still claiming a privilege, you know, the assertion of privilege and not just the joint defense agreement."[46]

More importantly, the initial suggestion from OLPC's counsel made during oral argument does not reflect the court's order, in either the oral ruling or the written order. After hearing argument from both counsel regarding whether Ephraim would be required to provide a revised privilege log even for documents he maintained were irrelevant, the court stated: "I am going to order a full privilege log of all the 50 documents that were previously identified."[47] The court continued: "[Y]ou can put any and all disclaimers on it that you need to. You can say that it was only being produced subject to a totally unfair court order or whatever you want to say . . . ."[48] Thereafter, the court's written order plainly stated Ephraim was required to "either produce or provide a revised, adequate privilege log for all documents listed in his withdrawn log."[49] The order continued: "Ephraim may maintain his relevance objection for any logged documents, but *he must provide a description of each document sufficient to enable OLPC to assess his claim of privilege* and any relevance objection."[50] To the extent Ephraim suggests the oral ruling was unclear, the written order plainly requires an adequate privilege log with sufficient information to assess his claim of privilege. Nothing in either the oral ruling or the

---

[46] (*Id.* at 86:2–6.)

[47] (*Id.* at 87:5–6.)

[48] (*Id.* at 88:1–4.)

[49] (Second Privilege Log Order 11, Doc. No. 134.)

[50] (*Id.* (emphasis added).)

written order indicates Ephraim was permitted to first provide only a relevance log, without also providing a full privilege log identifying his privilege claims.

Ephraim's failure to provide an adequate privilege log is not a minor procedural violation. Despite two prior orders requiring him to provide an adequate privilege log, Ephraim still has not identified the privilege he is claiming for the logged documents, let alone provided a description sufficient to allow OLPC to assess the claim of privilege. Ephraim failed to assert any privilege claim in his "relevance log," and he did not provide an adequate privilege log for the logged documents as ordered. Under these circumstances, Ephraim has waived any claim of privilege for the logged documents. Thus, the documents may not be withheld based on a claim of privilege.

### B. Relevance

OLPC contends the logged emails are relevant and responsive to RFP 8 because the information provided in the relevance log suggests they relate to the documents Ephraim allegedly misappropriated for use in other litigation.[51] Specifically, OLPC alleges the misappropriated documents were used in Thomas and Carolyn's divorce case and in a lawsuit filed by Carolyn in Alberta, Canada to freeze Thomas's assets (the "Mareva injunction" case).[52] The logged documents are emails between Ephraim (or his attorneys) and attorneys representing Carolyn in these cases, and OLPC contends the timing of the emails and descriptions provided in the log suggest they may relate to the misappropriated documents.[53] OLPC also argues all

---

[51] (Pl.'s Suppl. Br. 2, Doc. No. 177.)

[52] (*Id.* at 5–6.)

[53] (*See id.*; Ex. B to Mot., Relevance Log, Doc. No. 170-2.)

documents listed in the prior privilege log but not included in the relevance log must be produced because Ephraim failed to preserve his relevance objection.[54]

Ephraim argues none of the withheld emails are relevant because some are outside the temporal scope of RFP 8, and others do not relate to the allegedly misappropriated documents.[55]

### *Emails Dated After the Filing of this Lawsuit (Lines 15–24)*

The court's first privilege log order limited the temporal scope of RFP 8 to the period from 2018 through the filing of this lawsuit.[56] The emails listed in lines 15 through 24 of the relevance log are dated after the filing of this lawsuit.[57] Therefore, they are not responsive to RFP 8, as limited by the court's prior order. Ephraim need not produce these documents.

### *Emails Not Included in the Relevance Log (Privilege Log Lines 46–50)*

The prior privilege log listed fifty emails, while the relevance log lists only forty-five. Ephraim's counsel asserts this was due to a formatting error when the excel spreadsheet was converted to a pdf.[58] Regardless, the relevance log filed with the parties' briefing lists only forty-five documents; therefore, Ephraim failed to preserve his relevance objection as to any documents from the prior privilege log which are not included. Ephraim must produce any documents from the prior log which are not listed in the relevance log.

---

[54] (Pl.'s Suppl. Br. 2, Doc. No. 177.)

[55] (Opp'n 9–13, Doc. No. 180.)

[56] (First Privilege Log Order 4, Doc. No. 95.)

[57] (*See* Ex. B to Mot., Relevance Log, Doc. No. 170-2.) This lawsuit was filed in Utah state court on March 12, 2021. (*See* Ex. A to Notice of Removal, Compl., Doc. No. 2-2 at 4–17.)

[58] (*See* Opp'n 6 n.4, Doc. No. 180.)

*Emails with Carolyn's Attorneys Before September 2019 (Lines 25–29, 36–38)*

The emails listed in lines 25 through 29 and 36 through 38 are communications between Ephraim and Carolyn's divorce attorneys between October 2018 and March 2019.[59] They are described in the log as "scheduling meeting" or "confirming email address."[60]

Ephraim was employed at OLPC until September 2019.[61] According to OLPC, Ephraim represented Thomas in connection with the divorce and other matters during his employment.[62] OLPC alleges Ephraim improperly disclosed confidential draft settlement agreements to Carolyn's divorce attorneys during this time, beginning in August 2018, with additional disclosures in March and May 2019.[63] OLPC contends the emails with Carolyn's attorneys in lines 25 through 29 and 36 through 38 are likely relevant because they occurred during the same time period when Ephraim was allegedly sending confidential client documents to those attorneys.[64]

Ephraim contends most of these emails have already been produced to OLPC in a separate Utah state court case.[65] He asserts OLPC knows these emails do not relate to OLPC's

---

[59] (*See* Ex. B to Mot., Relevance Log, Doc. No. 170-2.) The divorce case was not filed until August 2020, but OLPC explains Carolyn and Thomas separated in 2015 and exchanged settlement proposals in the intervening years. (*See* Pl.'s Suppl. Br. 5, Doc. No. 177.)

[60] (Ex. B to Mot., Relevance Log, Doc. No. 170-2.)

[61] (*See* Pl.'s Suppl. Br. 7, Doc. No. 177.)

[62] (*See id.* at 5, 7.) Ephraim disputes that he represented Thomas in connection with the divorce. (Opp'n 10 n.9, Doc. No. 180.)

[63] (*See* Pl.'s Suppl. Br. 7, Doc. No. 177.)

[64] (*See id.*)

[65] (*See* Opp'n 9–10, Doc. No. 180.)

confidential documents, but he offers no further explanation as to why the emails are not relevant.[66]

OLPC has demonstrated the emails are relevant for purposes of discovery. Where OLPC asserts Ephraim sent confidential client documents to Carolyn's attorneys during his employment at OLPC, communications between Ephraim and Carolyn's attorneys during this time period are relevant. The fact that OLPC may already possess some of these emails has no bearing on their relevance and does not excuse Ephraim from producing them in this case. Therefore, Ephraim must produce the emails logged at lines 25 through 29 and 36 through 38.

*Emails with Carolyn's Attorneys April 2020 Through February 2021 (Lines 1–14, 39–45)*

The emails in lines 1 through 14 and 39 through 45 are emails between Ephraim (or his attorneys) and Carolyn's attorneys from April 2020 through February 2021.[67]

OLPC argues the timing of these emails suggests they are relevant. Specifically, OLPC alleges Ephraim misappropriated confidential documents from OLPC in May 2020, after his employment ended, by convincing a former employee of a related entity to access the documents and send them to him.[68] OLPC contends Carolyn then used the allegedly misappropriated documents to support an affidavit filed on November 13, 2020 and undertakings filed in

---

[66] (*See id.*)

[67] (Ex. B to Mot., Relevance Log, Doc. No. 170-2.)

[68] (*See* Ex. C to Notice of Removal, First Am. Compl., Doc. No. 2-2 at 35–52; Pl.'s Suppl. Br. 8–9, Doc. No. 177.)

December 2020 in the Mareva injunction case.[69] OLPC argues Ephraim's emails with Carolyn's attorneys during this time period (and the months before and after it) are relevant.[70]

Ephraim argues the emails are irrelevant for a variety of reasons, addressed in turn below. As explained below, OLPC has demonstrated all these emails are relevant and must be produced.

**Line 1:** Ephraim argues an email from Carolyn's attorney to Ephraim in October 2020, described in the log as "Relaying FedEx label from [Carolyn's attorney] to a location in Ohio," is not relevant.[71] But it is not apparent from this description whether the mailing relates to the allegedly misappropriated documents. Where this communication occurred a month before Carolyn used allegedly misappropriated documents in the Mareva injunction action, it is relevant to OLPC's claims. Therefore, Ephraim must produce the email in line 1.

**Lines 2–5 and 10–11:** Ephraim argues these emails between September 2020 and February 2021 relate to Ephraim's participation in the divorce case in his role as a trustee of certain trusts at issue in that case.[72] The emails are described as "Communicating with Ephraim Olson as Trustee of the Ruth Doxey Family Trust and Carolyn Olson Family Trust and relaying the attached documents" (line 2); "Discussing declaration in Olson v. Olson" (lines 3 through 5); and "[r]elaying" or "[d]iscussing" an "acceptance of service of subpoena in [the divorce case]" (lines 10 through 11).[73] But even assuming Ephraim was communicating in his role as trustee, this does not mean the communications do not relate to allegedly misappropriated documents.

---

[69] (Pl.'s Suppl. Br. 5–6, 8–9, Doc. No. 177.)

[70] (*See id.*)

[71] (Opp'n 12–13, Doc. No. 180; Ex. B to Mot., Relevance Log, Doc. No. 170-2.)

[72] (Opp'n 11, Doc. No. 180.)

[73] (Ex. B to Mot., Relevance Log, Doc. No. 170-2.)

Further, the timing of the emails renders them relevant for the reasons described above. Therefore, Ephraim must produce the emails in lines 2 through 5 and 10 through 11.

**Lines 6–9:** Ephraim argues these emails from January 2021 described in the log as "organizing conference call" are irrelevant because they merely discuss scheduling a conference call.[74] However, the subject line of the emails includes the phrase "Trust and Corporate Documents" or "Trust and Corporate Records."[75] OLPC alleges the misappropriated documents include trust and corporate records.[76] Given the subject lines and timing of the emails, they are relevant to OLPC's claims. Ephraim must produce the emails in lines 6 through 9.

**Lines 12–14:** These emails are dated between November 24, 2020 and December 18, 2020, and are described as "relaying" various orders related to the Mareva injunction case.[77] Ephraim argues these emails are irrelevant because they post-date Carolyn's affidavit in that case and the Mareva injunction order, and they concern the status of that order.[78] However, the timing of the emails coincides with the time period when OLPC alleges Carolyn used misappropriated documents in the Mareva injunction case, including in connection with undertakings filed in December 2020.[79] Based on this, the emails are relevant. Ephraim must produce the emails in lines 12 through 14.

---

[74] (Opp'n 12, Doc. No. 180; Ex. B to Mot., Relevance Log, Doc. No. 170-2.)

[75] (Ex. B to Mot., Relevance Log, Doc. No. 170-2.)

[76] (*See* Pl.'s Suppl. Br. 9, Doc. No. 177.)

[77] (*See* Ex. B to Mot., Relevance Log, Doc. No. 170-2.)

[78] (Opp'n 12, Doc. No. 180.)

[79] (*See* Pl.'s Suppl. Br. 5–6, 8–9, Doc. No. 177.)

**Lines 39–45:** Ephraim argues these emails from April 2020 are irrelevant because they relate to "publicly available information from either the Alberta Government Services Land Title Office or the Utah Division of Corporations."[80] However, OLPC contends one of the listed attachments to lines 40 and 41 was later used as an exhibit to Carolyn's affidavit in the Mareva injunction.[81] The timing of the emails and OLPC's representation that at least some of them included documents later used by Carolyn in the Mareva injunction action suggests they are relevant. Ephraim must produce the emails in lines 39 through 45.

* * *

In sum, Ephraim need not produce the emails listed in lines 15 through 24, which are not responsive to RFP 8 as limited by the court's prior order. However, all other emails listed in the log are relevant and must be produced. Ephraim must also produce any documents listed in the prior privilege log but not included in this log, as he failed to preserve any relevance objection for these documents.

### C. Fee Requests

Both parties' requests for attorney fees incurred in connection with this motion are denied, where the motion is granted in part and denied in part and both parties' positions were substantially justified.[82]

---

[80] (Opp'n 11, Doc. No. 180; *see also* Ex. B to Mot., Relevance Log, Doc. No. 170-2.)

[81] (Pl.'s Suppl. Br. 8, Doc. No. 177.)

[82] *See* Fed. R. Civ. P. 37(a)(5)(C) (providing a court "may" apportion reasonable expenses where a motion is granted in part and denied in part); Fed. R. Civ. P. 37(a)(5)(A)–(B) (providing expenses must not be awarded to the prevailing party on a discovery motion if the opposing party's position was substantially justified).

CONCLUSION

OLPC's motion[83] is granted in part and denied in part. Aside from the documents listed in lines 15 through 24 (which are not responsive to RFP 8) and lines 30 through 35 (which have already been produced), Ephraim must produce all other documents listed in his relevance log, and any documents logged in his prior privilege log which were not included in his relevance log.

DATED this 11th day of December, 2023.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[83] (Doc. No. 170.)