UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| OL PRIVATE COUNSEL, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>EPHRAIM OLSON, an individual,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S SHORT FORM DISCOVERY MOTION REGARDING TIM AKARAPANICH'S CELLULAR PHONE (DOC. NO. 206)**<br><br>Case No. 2:21-cv-00455<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

In this action, Plaintiff OL Private Counsel, LLC ("OLPC") alleges its former employee, Ephraim Olson, misappropriated OLPC's confidential client documents and shared them with his mother, Carolyn Olson, and/or her attorneys.[1] OLPC alleges Ephraim obtained some documents through Timothy Akarapanich, a former employee of a related entity, who accessed the documents and transmitted them to Ephraim at Ephraim's request.[2] OLPC claims Carolyn then used the misappropriated documents in litigation against Ephraim's father, Thomas Olson (OLPC's sole member/managing partner).[3]

---

[1] (*See* Ex. C to Notice of Removal, First Am. Compl., Doc. No. 2-2 at 35–52.)

[2] (*See id.*)  Because this lawsuit involves several members of the Olson family, first names are used in this order, for clarity.

[3] (*See id.*)

1

Ephraim now moves to compel OLPC to produce data from Mr. Akarapanich's cell phone, which OLPC obtained from a third-party forensic examination of the phone.[4] OLPC opposes the motion, arguing the data is voluminous and includes irrelevant, private, and privileged material.[5] OLPC contends Ephraim should be required to propose search terms to allow OLPC to review a narrowed universe of documents for relevance and privilege.[6]

As explained below, Ephraim's motion is granted in part and denied in part. The parties are ordered to confer regarding search terms to be applied to the image data on Mr. Akarapanich's phone. OLPC must then produce the image data obtained using the search terms and all other data obtained from Mr. Akarapanich's phone, or provide a privilege log for any withheld data.

BACKGROUND

Ephraim's Request for Production ("RFP") 19 seeks "Tim Akarapanich's physical cell phone for inspection."[7] OLPC objected to this request based on relevance and declined to produce the phone, but instead proposed hiring a third-party ESI vendor to image the phone.[8] The parties agreed on a vendor which imaged the phone and provided a spreadsheet to both parties detailing the information gathered.[9] Based on the spreadsheet, Ephraim identified

---

[4] (Short Form Disc. Mot. re: Tim Akarapanich Cellular Phone ("Mot."), Doc. No. 206.)

[5] (Opp'n to Short Form Disc. Mot. re: Tim Akarapanich Cellular Phone ("Opp'n," Doc. No. 209.)

[6] (*Id.*)

[7] (Ex. 1 to Mot., Def.'s Ninth Set of Written Disc. Reqs. 8, Doc. No. 206-1.)

[8] (*See* Ex. 2 to Mot., Resp. to Def.'s Eighth Set of Disc. Reqs. 9, Doc. No. 206-2.)

[9] (*See* Mot. 1, Doc. No. 206.) Ephraim notes that the vendor was unable to gather all data from the phone because it did not have the password. (*See id.* at 2.)

categories of data for production, including "[a]ll documents on the phone"; all contacts; all videos from 2020; all text files, locations, images, and audio files after April 30, 2020; and all calendar entries after May 14, 2020.[10]

The vendor provided the requested data to OLPC, and OLPC informed Ephraim that it comprised 9,353 files, including 8,750 images, 13 audio files, 114 "calendars," 88 contacts, 106 "documents," 122 installed applications, one instant message line, 117 "location data," and 42 videos.[11] OLPC suggested using search terms to narrow the number of files to enable OLPC to review them for relevance and privilege before production.[12] According to OLPC, a random inspection of these files revealed they include screenshots of OLPC's confidential and attorney-client communications, as well as irrelevant image files such as emojis, screenshots of Mr. Akarapanich's bank account, and nude photographs of unidentified individuals.[13] Ephraim did not agree to the use of search terms, and he maintains all data from the categories he identified are relevant and should be produced.[14]

## ANALYSIS

The scope of discovery includes "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[15] Proportionality considerations

---

[10] (*See id.* at 2; Ex. 4 to Mot., Email from S. Vaughn to M. Call, et al. (July 6, 2023), Doc. No. 206-4 at 6–7.)

[11] (Ex. 5 to Mot., Emails from M. Call to S. Vaughn, et al. (Aug. 1, 2023 and Aug. 23, 2023), Doc. No. 206-5 at 2–3.)

[12] (*See* Opp'n 2, Doc. No. 209.)

[13] (*See id.*)

[14] (*See* Mot. 2–3, Doc. No. 206.)

[15] Fed R. Civ. P. 26(b)(1).

3

include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[16]

Ephraim asserts all data OLPC obtained from Mr. Akarapanich's phone is relevant and should be produced.[17] In support of this assertion, he contends other discovery suggests Mr. Akarapanich obtained access to the allegedly misappropriated documents through his phone, not through a server, as OLPC alleged in its complaint.[18] He also contends Mr. Akarapanich had a "continuing dialog with Thomas Olson post litigation," and that these communications are relevant.[19] He asserts there is no basis to allow OLPC to perform a relevance review before producing the contents of the phone.[20] Finally, he argues any concerns regarding third-party privacy are adequately addressed by the Standard Protective Order.[21]

OLPC argues much of the data on Mr. Akarapanich's phone is irrelevant and private to Mr. Akarapanich.[22] OLPC contends the data also includes "OLPC's confidential information and attorney-client communications," which may or may not be relevant to this case.[23] OLPC

---

[16] *Id.*

[17] (Mot. 2–3, Doc. No. 206.)

[18] (*Id.* at 2.)

[19] (*Id.*)

[20] (*Id.*)

[21] (*Id.* at 2–3.)

[22] (Opp'n 1, Doc. No. 209.)

[23] (*Id.* at 1–2.)

argues it should be permitted to review the data for both relevance and privilege before production because it owes a duty to its clients to prevent further disclosure of clients' confidential documents and privileged communications to Ephraim.[24] OLPC suggests the universe of documents could reasonably be narrowed by using search terms and/or eliminating small files to weed out emojis.[25]

Based on OLPC's claim that Ephraim misappropriated documents from OLPC through Mr. Akarapanich, Mr. Akarapanich's phone likely contains information relevant to this case. But Ephraim has not demonstrated *all* data obtained from Mr. Akarapanich's phone is relevant. Based on OLPC's representations, the image data likely includes substantial irrelevant information. Further, OLPC has demonstrated the data includes at least some privileged information, meaning the data must be reviewed for privilege before disclosure. Given the volume of image files, the burden of this review would be disproportionate to the needs of the case unless search terms are used to narrow the scope of image data to be reviewed. The use of search terms is a reasonable method of identifying any images which are likely to be relevant to this case. However, the other data on the phone is much less voluminous, and OLPC has not demonstrated reviewing it would impose an undue burden.[26] Therefore, the parties must confer regarding search terms to be applied only to the image files on the phone; search terms need not be used for other categories of data.

---

[24] (*Id.*)

[25] (*Id.* at 2.)

[26] As noted above, according to OLPC, the other categories of data comprise 13 audio files, 114 "calendars," 88 contacts, 106 "documents," 122 installed applications, one instant message line, 117 "location data," and 42 videos. (Ex. 5 to Mot., Emails from M. Call to S. Vaughn, et al. (Aug. 1, 2023 and Aug. 23, 2023), Doc. No. 206-5 at 2–3.)

OLPC has not demonstrated a "relevance review" is warranted after application of search terms to the image files. Most of the files OLPC contends are irrelevant are images.[27] The use of search terms is an adequate method of identifying images which are likely relevant. The remainder of the data obtained from the phone is based on categories of information identified by Ephraim as relevant based on the spreadsheet provided by the ESI vendor. Given OLPC's claims in this case and the broad scope of discovery, this other data is relevant and discoverable.[28] Thus, after application of search terms to the image files, OLPC may not withhold data from Mr. Akarapanich's phone based on a relevance objection. OLPC may withhold data only based on privilege, and it must provide a privilege log. Concerns regarding confidentiality and privacy are adequately addressed by designating the documents as confidential or "attorneys' eyes only" under the Standard Protective Order.

Both parties request an award of fees incurred in connection with this motion. Both requests are denied, where the motion is granted in part and denied in part and both parties' positions were substantially justified.[29]

---

[27] OLPC argues irrelevant image files include emojis, screenshots of Mr. Akarapanich's bank account, and nude photographs of unidentified individuals. (*See* Opp'n 2, Doc. No. 209.)

[28] *See Allegis Inv. Servs., LLC v. Arthur J. Gallagher & Co.*, No. 2:17-cv-00515, 2018 U.S. Dist. LEXIS 243885, at *6 (D. Utah May 25, 2018) (unpublished) (Relevance in the discovery context is "to be construed broadly to encompass any matter that bears on, or that reasonably could bear on any party's claim or defense." (internal quotation marks omitted)).

[29] *See* Fed. R. Civ. P. 37(a)(5)(C) (providing a court "may" apportion reasonable expenses where a motion is granted in part and denied in part); Fed. R. Civ. P. 37(a)(5)(A)–(B) (providing expenses must not be awarded to the prevailing party on a discovery motion if the opposing party's position was substantially justified).

CONCLUSION

Ephraim Olson's motion[30] is granted in part and denied in part. The parties are ordered to confer regarding search terms to be applied to the image data on Mr. Akarapanich's phone. OLPC must then produce the image data obtained using the search terms and all other data obtained from Mr. Akarapanich's phone, or provide a privilege log for any data withheld based on privilege.

DATED this 11th day of December, 2023.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[30] (Doc. No. 206.)