UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| OL PRIVATE COUNSEL, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>EPHRAIM OLSON, an individual,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING SHORT FORM DISCOVERY MOTION REGARDING OLPC'S PRIVILEGE LOG (DOC. NO. 144)**<br><br>Case No. 2:21-cv-00455<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

In this action, Plaintiff OL Private Counsel, LLC ("OLPC") alleges its former employee, Ephraim Olson, misappropriated OLPC's confidential client documents and shared them with his mother, Carolyn Olson, and her attorneys.[1] OLPC claims Carolyn used the misappropriated documents in a divorce case and other litigation against Ephraim's father, Thomas Olson (OLPC's sole member/manager).[2]

Ephraim has filed a motion to compel OLPC to produce certain documents withheld as privileged.[3] These documents, which are listed in OLPC's January and May 2023 privilege logs, are communications between Thomas and attorneys who allegedly represented him in connection with divorce settlement negotiations: Ephraim, Hyrum Olson, and James Hanks.[4] Ephraim

---

[1] (*See* Ex. C to Notice of Removal, First Am. Compl., Doc. No. 2-2 at 35–52.)

[2] (*See id.*) Because this lawsuit and this motion involve several members of the Olson family, first names are used in this order, for clarity.

[3] (Short Form Disc. Mot. re: OLPC's Privilege Log ("Mot."), Doc. No. 144.)

[4] (*See id.*; Ex. A to Mot., OLPC Privilege Logs, Doc. No. 144-1.)

1

contends privilege is waived as to these communications because, in this case against Ephraim, OLPC voluntarily produced other communications concerning the same subject matter between the same client and attorneys.[5] In opposition, OLPC argues privilege has not been waived for these communications because privilege may only be waived by the client.[6]

For the reasons explained below, privilege has been waived for the withheld communications. Where Thomas is OLPC's sole member/manager, served as OLPC's sole Rule 30(b)(6) designee in this action, and signed OLPC's interrogatory responses identifying many of the previously-produced attorney-client communications, it can fairly be said that Thomas knowingly consented to OLPC's disclosure of these attorney-client communications. Indeed, this is the only reasonable inference. Therefore, Thomas (the client) has waived the privilege for the attorney-client communications which OLPC has produced in this action. Further, Ephraim has demonstrated the disclosed communications and withheld communications concern the same subject matter and ought, in fairness, be considered together. Therefore, Thomas' waiver operates as a subject-matter waiver for the other communications between Thomas and his attorneys regarding settlement of the divorce, which are listed in OLPC's privilege logs. Accordingly, Ephraim's motion is granted, and OLPC is ordered to produce the documents listed in its January and May 2023 privilege logs.

---

[5] (Mot., Doc. No. 144.)

[6] (Resp. in Opp'n to Short Form Disc. Mot. re: OLPC's Privilege Log ("Opp'n"), Doc. No. 151.)

BACKGROUND

According to OLPC, OLPC is a law firm which employed Ephraim as an attorney from approximately 2015 to 2019.[7] Thomas is OLPC's sole member/manager.[8] OLPC asserts that during Ephraim's employment, Ephraim represented Thomas in connection with Thomas and Carolyn's anticipated divorce.[9] OLPC alleges Ephraim misappropriated documents in various ways, including by improperly forwarding certain confidential, draft settlement proposals to Carolyn's attorneys while employed at OLPC and representing Thomas.[10] OLPC brings claims against Ephraim for conversion, breach of contract, intentional interference with economic relations, and breach of fiduciary duty, as well as a claim under the Computer Fraud and Abuse Act[11] ("CFAA").[12]

In this case, OLPC produced to Ephraim and his attorneys certain emails and attachments between Thomas and Thomas' alleged attorneys, which OLPC contends constitute or relate to

---

[7] (*See* Ex. C to Notice of Removal, First Am. Compl. ¶¶ 5, 10–11, Doc. No. 2-2 at 35–52.) Ephraim disputes that OLPC is a law firm, and he claims he was not employed in his capacity as an attorney.

[8] (*See* Mot. 2, Doc. No. 144.)

[9] (*See* Suppl. Br. on Pl.'s Third Short Form Disc. Mot. to Compel Produc. of Docs. on Privilege Log 5, Doc. No. 177.) Although the divorce action was not filed until August 2020, Carolyn and Thomas separated in 2015 and considered settlement in the intervening years. (*See id.*)

[10] (*See id.*) While the operative complaint focuses on alleged misappropriation after Ephraim's employment ended, the parties' subsequent filings indicate OLPC is also alleging Ephraim misappropriated documents during employment, by forwarding the settlement drafts to his mother's attorneys. (*See, e.g., id.*; Mot. 2, Doc. No. 144; Opp'n 1, Doc. No. 151.)

[11] 18 U.S.C. § 1030 *et seq.*

[12] (*See* Ex. C to Notice of Removal, First Am. Compl. ¶¶ 42–75, Doc. No. 2-2 at 35–52.)

the allegedly misappropriated documents.[13] These emails relate to Thomas and Carolyn's anticipated divorce and include as attachments draft settlement proposals.[14] However, OLPC has withheld other communications between Thomas and the same attorneys regarding settlement of the anticipated divorce, asserting they are privileged.[15]

## LEGAL STANDARDS

Under Rule 501 of the Federal Rules of Evidence, federal common law governs claims of privilege in federal court, "[b]ut in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."[16] When privilege is claimed as to evidence relating to both federal and state law claims, "most circuit courts have either held that federal privilege law governs or approved of such an approach without explicitly adopting it."[17] According to the Tenth Circuit, where a case involves both federal and state law claims, "[a]s to state causes of action, a federal court should look to state law in deciding privilege questions."[18] "This rule would require a court considering evidence relevant only to state claims to apply state privilege law, even if there were other federal claims in the case."[19] However, "the Tenth Circuit has not confronted the issue of which law applies where evidence allegedly subject to a privilege

---

[13] (*See* Mot., Doc. No. 144; Ex. B to Mot., Disclosed Docs., Doc. No. 145-2 (sealed).)

[14] (*See* Ex. B to Mot., Disclosed Docs., Doc. No. 145-2 (sealed).)

[15] (*See* Ex. A to Mot., OLPC's Privilege Logs, Doc. No. 144-1.)

[16] Fed. R. Evid. 501.

[17] *Entrata, Inc. v. Yardi Sys.*, No. 2:15-cv-00102, 2018 U.S. Dist. LEXIS 149239, at *6 (D. Utah Aug. 30, 2018) (unpublished) (citation omitted).

[18] *Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1551 (10th Cir. 1995); *see also Entrata*, 2018 U.S. Dist. LEXIS 149239, at *6.

[19] *Tanner v. McMurray*, 405 F. Supp. 3d 1115, 1187 (D.N.M. 2019).

is relevant to both the federal and state-law claims in the case."[20] District courts in this circuit have concluded, based on the weight of authority from other circuits and practical considerations, that federal privilege law applies in such circumstances.[21]

This case involves both a federal claim under the CFAA and pendent state-law claims. The parties do not address which claims the withheld evidence relates to, but OLPC's claims are all based on allegations that Ephraim misappropriated confidential documents to assist Carolyn in litigation against Thomas. As explained below, Ephraim has demonstrated the withheld evidence is relevant to these allegations. Accordingly, the evidence relates to both federal and state claims, and federal privilege law applies.

## ANALYSIS

Ephraim contends OLPC's disclosure of some communications between Thomas and his attorneys regarding the divorce constitutes an intentional waiver of privilege which extends to the other, withheld communications between Thomas and his attorneys regarding the same subject matter.[22] Ephraim argues, even if Thomas is the privilege-holder, privilege should be deemed waived because Thomas is OLPC's sole member/manager, testified as OLPC's corporate designee in this case, and testified that OLPC's damages stem from damages he suffered as a result of the use of misappropriated documents against him in other litigation.[23]

---

[20] *Entrata*, 2018 U.S. Dist. LEXIS 149239, at *6–7 (internal quotation marks omitted).

[21] *See, e.g.*, *Tanner*, 405 F. Supp. 3d at 1187.

[22] (Mot. 2, Doc. No. 144.)

[23] (*See id.* at 2–3.)

OLPC responds that it could not have waived privilege because privilege is held by the client.[24] OLPC contends that, as a law firm which represents clients including Thomas, it cannot waive its clients' privilege by disclosing their attorney-client communications.[25]

Rule 502(a) of the Federal Rules of Evidence governs waiver resulting from disclosure of communications and information covered by attorney-client privilege and work-product protection in federal proceedings. It provides:

> When the disclosure is made in a federal proceeding . . . , the waiver extends to an undisclosed communication or information in a federal or state proceeding only if:
> (1) the waiver is intentional;
> (2) the disclosed and undisclosed communications or information concern the same subject matter; and
> (3) they ought in fairness to be considered together.[26]

The advisory committee's note to Rule 502(a) refers to this as a "subject matter waiver" of attorney-client privilege.[27]

As an initial matter, Thomas is the client and the privilege holder with respect to both the disclosed and withheld communications. All these communications are between Thomas and attorneys who allegedly represented him in connection with the anticipated divorce.[28] Although

---

[24] (Opp'n 2, Doc. No. 151.)

[25] (*Id.*) OLPC also argues it has not placed attorney-client communications "at the heart of [the] case," as required for a finding of "at issue" waiver under Utah law. (*Id.*); *see also Terry v. Bacon*, 2011 UT App 432, ¶ 15, 269 P.3d 188. Because federal privilege law governs here, this argument is not addressed.

[26] Fed. R. Evid. 502(a).

[27] Fed. R. Evid. 502 advisory committee's note to subdivision (a).

[28] (*See* Ex. A to Mot., OLPC's Privilege Logs, Doc. No. 144-1; Ex. B to Mot., Disclosed Docs., Doc. No. 145-2 (sealed).)

OLPC vaguely refers to "clients (including Thomas),"[29] it identifies no other clients, and no other clients are apparent from a review of the disclosed documents or OLPC's privilege logs. Thus, Thomas is the only client at issue, and he holds the privilege.

Under the unique circumstances presented here, OLPC's voluntary disclosure of communications between Thomas and his attorneys constitutes an intentional waiver of privilege by Thomas. Thomas is not merely OLPC's client. Thomas is also the sole member/manager of OLPC.[30] He testified as OLPC's sole corporate designee on all topics in OLPC's Rule 30(b)(6) deposition, including OLPC's discovery responses and documents produced by OLPC in this litigation.[31] He also signed OLPC's interrogatory responses identifying the allegedly misappropriated documents—which include the attorney-client communications produced by OLPC.[32] Under these circumstances, OLPC's disclosure of Thomas' attorney-client communications regarding the anticipated divorce could not have been without Thomas' knowledge and consent. Thus, this disclosure constitutes an intentional waiver of privilege by Thomas. The first element is met.

The second element is also met because the disclosed and withheld communications all concern the same subject matter: settlement of Thomas and Carolyn's divorce. The documents

---

[29] (Opp'n 2, Doc. No. 151.)

[30] (Mot. 2, Doc. No. 144.)

[31] (*See id.* at 2–3; *see also* Ex. A to Def.'s Short Form Disc. Mot. to Compel Further 30(b)(6) Dep. of OLPC and for Sanctions, Notice of 30(b)(6) Dep. of OL Private Counsel, LLC, Doc. No. 143-1 (listing topics including "[t]he documents produced by OLPC in this litigation" and "OLPC's efforts in responding to [Ephraim] Olson's discovery requests, including responding to [Ephraim] Olson's interrogatories, admissions, and production requests").)

[32] (*See* Ex. D to Mot., Resp. to Def.'s Seventh Set of Disc. Reqs., Resp. to Interrog. No. 13 and Verification, Doc. No. 145-3 (sealed).)

listed in OLPC's privilege logs are described as requesting or discussing review of attached draft settlement agreements related to the divorce, or providing comments and revisions on those drafts.[33] This is the same subject matter as the disclosed emails and attachments.[34]

As to the third element, Ephraim has demonstrated the disclosed and withheld communications ought in fairness be considered together. The withheld communications cover the same time period when OLPC alleges Ephraim was misappropriating documents by sending them to Carolyn's attorneys.[35] According to Ephraim, some of the disclosed communications suggest certain draft settlement agreements were intended to be shared with Carolyn, and one such draft was shared with her by someone other than Ephraim.[36] Ephraim explains he needs to evaluate all correspondence between Thomas and his attorneys on this subject to fully and fairly defend against OLPC's claims that Ephraim's sharing of draft settlement agreements was unauthorized.[37] Indeed, Thomas and OLPC cannot be permitted to selectively disclose attorney-client communications which support OLPC's claims while withholding other attorney-client communications from the same time period regarding the same subject matter which may support Ephraim's defenses.[38] Rather, fairness dictates that all such communications must be considered together.

---

[33] (*See* Ex. A to Mot., OLPC Privilege Logs, Doc. No. 144-1.)

[34] (*See* Ex. B to Mot., Disclosed Docs., Doc. No. 145-2 (sealed).)

[35] (*See* Ex. A to Mot., OLPC Privilege Logs, Doc. No. 144-1 (logging emails from July 2018 to May 2020).)

[36] (Mot. 2, Doc. No. 144.)

[37] (*See id.*)

[38] *See* Fed. R. Evid. 502 advisory committee's note to subdivision (a) ("[S]ubject matter waiver . . . is reserved for those unusual situations in which fairness requires a further disclosure

For these reasons, all requirements for subject-matter waiver under Rule 502(a) are met. Under the circumstances presented here, OLPC's voluntary disclosure of attorney-client communications regarding the settlement of Thomas and Carolyn's anticipated divorce constitutes a subject-matter waiver by Thomas, the client, of other attorney-client communications regarding the same subject matter. Accordingly, privilege is waived for the logged documents under federal privilege law.

## CONCLUSION

Ephraim's motion[39] is granted. Because privilege has been waived as to communications between Thomas and his attorneys regarding settlement of the anticipated divorce, OLPC is ordered to produce the documents logged in its January and May 2023 privilege logs.

DATED this 19th day of December, 2023.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

of related, protected information, in order to prevent a selective and misleading presentation of evidence to the disadvantage of the adversary.").

[39] (Doc. No. 144.)