UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| OL PRIVATE COUNSEL, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>EPHRAIM OLSON, an individual,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL TIMOTHY AKARAPANICH'S DECLARATIONS AND EMPLOYMENT DOCUMENTS**<br>**(DOC. NOS. 123, 125, 127)**<br><br>Case No. 2:21-cv-00455<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

In this action, Plaintiff OL Private Counsel, LLC ("OLPC") alleges its former employee, Ephraim Olson, misappropriated OLPC's confidential client documents and shared them with his mother, Carolyn Olson, to use in litigation against his father, Thomas Olson (OLPC's sole member/manager).[1] OLPC alleges Ephraim obtained some documents through Timothy Akarapanich, a former employee of a related entity, who accessed the documents and transmitted them to Ephraim at Ephraim's request.[2]

Both parties have moved to seal two declarations from Mr. Akarapanich and certain documents concerning Mr. Akarapanich's employment.[3] These documents were filed as exhibits

---

[1] (*See* Ex. C to Notice of Removal, First Am. Compl., Doc. No. 2-2 at 35–52.)

[2] (*See id.*) Because this lawsuit involves several members of the Olson family, first names are used in this order, for clarity.

[3] (*See* Mot. for Leave to File Under Seal Exs. 5, 6, and 9 to Pl.'s Opp'n to Def.'s Short Form Disc. Mots. re: the Deps. of Joshua Olson, Hyrum Olson, and Tim Akarapanich ("OLPC Mot. to Seal Akarapanich Docs."), Doc. No. 123; Def.'s Mot. to Seal Docket Entry 118 ("Ephraim's

1

to briefing on Ephraim's motion to compel OLPC to produce Mr. Akarapanich for a deposition[4] (as well as subsequent motions and briefing, as discussed below).

The motions to seal[5] are granted in part and denied in part. As explained below, the parties have not demonstrated Mr. Akarapanich's declarations warrant sealing, and OLPC has shown only salary information in the employment documents warrants sealing. Therefore, Mr. Akarapanich's declarations shall be unsealed, and OLPC is ordered to file the employment documents with limited redactions consistent with this order by January 5, 2024.

## LEGAL STANDARDS

"Courts have long recognized a common-law right of access to judicial records."[6] However, this right is "not absolute."[7] "[T]he presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access."[8] "The burden is on the party seeking to restrict access to show some significant interest that outweighs the presumption."[9] "[W]here documents are used to determine litigants'

---

First Mot. to Seal Akarapanich Docs."), Doc. No. 125; Def.'s Mot. to File Exs. Under Seal for Docket Entry 120 ("Ephraim's Second Mot. to Seal Akarapanich Docs."), Doc. No. 127.)

[4] (*See* Def.'s Short Form Disc. Mot. re: Dep. of Timothy Akarapanich, Doc. No. 118; Mem. in Support of Mots. to Compel Dep. of Hyrum Olson, Joshua Olson, and Timothy Akarapanich, Doc. No. 120; Pl.'s Opp'n to Def.'s Short Form Disc. Mots. re: the Deps. of Joshua Olson, Hyrum Olson, and Tim Akarapanich, Doc. No. 122.)

[5] (Doc. Nos. 123, 125, 127.)

[6] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).

[7] *Id.* (citation omitted).

[8] *Id.* (internal quotation marks omitted).

[9] *Id.* (internal quotation marks omitted).

substantive legal rights, a strong presumption of access attaches."[10] But "a party may overcome the presumption in favor of public access to judicial records by demonstrating the pages contain 'sources of business information that might harm a litigant's competitive standing.'"[11]

The District of Utah's local rules provide that court records are "presumptively open to the public," and sealing of court records is "highly discouraged."[12] A motion to seal must "specify why the Document is privileged, protectable as a trade secret, or otherwise entitled to protection under the law"[13] and must be "narrowly tailored to seek protection of only the specific information that the party alleges is truly deserving of protection."[14] If the sole basis for seeking to seal a document is that another party designated it as confidential or "attorneys' eyes only," the motion must state this, and the designating party must file a separate motion to seal within seven days.[15] "If the designating party does not file a motion within [seven] days, the original motion may be denied, and the Document may be unsealed without further notice."[16]

---

[10] *Id.* at 1242 (alteration in original) (citation omitted).

[11] *Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1162 n.8 (10th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

[12] DUCivR 5-3(a)(1).

[13] DUCivR 5-3(b)(2).

[14] DUCivR 5-3(b)(2)(A).

[15] DUCivR 5-3(b)(2)(C)(i).

[16] *Id.*

ANALYSIS

### A. Mr. Akarapanich's Declarations

Mr. Akarapanich's two declarations were filed as exhibits to both parties' briefing on Ephraim's discovery motion to compel a deposition of Mr. Akarapanich.[17] Ephraim moved to seal the declarations based solely on OLPC's designation of them as confidential under the District of Utah's Standard Protective Order.[18] OLPC moved to seal the declarations based on the assertion that they contain "confidential business information," and cited an order granting a prior motion to seal the same declarations.[19]

The prior order related to OLPC's motion to maintain confidentiality designations for thirty-one documents produced by OLPC in discovery.[20] OLPC argued the documents at issue, including Mr. Akarapanich's declarations, were properly designated confidential because they "contain confidential proprietary information such as data security, descriptions of the relationship between corporate entities, false allegations against [OLPC] related to its client work, work regulations, or pricing information concerning the legal services OLPC provides."[21] OLPC argued "public disclosure of such information could put OLPC at a competitive disadvantage,

---

[17] The declarations were filed as Exhibit B to Ephraim's discovery motion, (Doc. No. 118-2); Exhibit F to Ephraim's supplemental brief, (Doc. No. 120-6); and Exhibits 6 and 9 to OLPC's opposition, (Doc. Nos. 124-2, 124-3).

[18] (*See* Ephraim's Mots. to Seal Akarapanich Docs., Doc. Nos. 125, 127.)

[19] (OLPC's Mot. to Seal Akarapanich Docs., Doc. No. 123; *see also* Docket Text Order, Doc. No. 93.)

[20] (*See* Pl.'s Short Form Mot. for Protective Order, Doc. No. 82.) Mr. Akarapanich's declarations were filed under seal as part of Exhibit 1 and Exhibit 24 to this motion. (Doc. Nos. 84-1, 84-24.)

[21] (Pl.'s Short Form Mot. for Protective Order 2, Doc. No. 82.)

create data security risks, or harm its reputation."[22] OLPC filed the thirty-one documents at issue as exhibits and moved to seal them for the reasons stated in the motion for protective order.[23] In the order granting OLPC's motion to maintain the confidentiality designations, the court noted Ephraim failed to offer any argument that particular documents or categories of documents were improperly designated.[24] The court found, "[i]n the absence of any meaningful challenge by [Ephraim], OLPC has met its initial burden to justify its confidentiality designations."[25] The court also granted the motion to seal, noting the documents were filed solely in connection with a motion seeking to maintain confidentiality designations.[26] However, the court stated "[t]his ruling may be revisited if these documents are filed in support of other, substantive motions."[27]

OLPC has not demonstrated Mr. Akarapanich's declarations contain confidential business information which warrants sealing. First, the standard for sealing documents that are part of the judicial record is "much higher" than the standard for designating discovery documents as confidential.[28] Thus, the court's prior order finding confidentiality designations warranted does not mean the documents warrant sealing when filed in support of substantive motions. Indeed, the order granting the prior motion to seal expressly acknowledged this in noting the ruling could

---

[22] (*Id.*)

[23] (Pl.'s Mot. for Leave to File Under Seal Exs. 1–31 to Pl.'s Mot. for Protective Order, Doc. No. 83.)

[24] (*See* Order Granting Pl.'s Short Form Disc. Mot. for Protective Order 2–3, Doc. No. 92.)

[25] (*Id.* at 3.)

[26] (Docket Text Order, Doc. No. 93.)

[27] (*Id.*)

[28] *Womack v. Del. Highlands AL Servs. Provider, LLC*, No. 10-2312-SAC, 2012 U.S. Dist. LEXIS 41313, at *2 (D. Kan. Mar. 27, 2012) (unpublished) (citation omitted).

be revisited. Both parties have now filed Mr. Akarapanich's declarations in support of briefing on the discovery motion and a motion for sanctions seeking dismissal.[29] Further, it is not apparent the declarations contain any confidential business information which justifies sealing them. They do not contain detailed data security information, descriptions of the relationship between corporate entities, work regulations, or pricing information—reasons OLPC previously advanced for designating them confidential.[30] To the extent the declarations address a data security breach, the information provided is similar to the allegations in OLPC's public pleadings regarding Ephraim's misappropriation of client documents.[31] Where this information is already in the public record and goes to the heart of OLPC's claims in this case, it does not justify sealing the declarations. Finally, one declaration contains a retraction of Mr. Akarapanich's prior statements alleging misconduct by OLPC personnel. However, allegations of misconduct do not, on their own, qualify as a countervailing interest which warrants sealing.[32] Moreover, it is unclear how Mr. Akarapanich's *retraction* of such allegations could cause competitive harm.

For all these reasons, OLPC has not demonstrated the presumption of public access is outweighed by countervailing interests. Accordingly, the motions to seal are denied as to Mr. Akarapanich's declarations, and these exhibits[33] shall be unsealed.

---

[29] (*See* Mot. for Spoliation Sanctions re: Tim Akarapanich Tel. and Cloud Data, Doc. No. 200.)

[30] (*See* Pl.'s Short Form Disc. Mot. for Protective Order 2, Doc. No. 82.)

[31] (*See* Ex. C to Notice of Removal, First Am. Compl., Doc. No. 2-2 at 35–52.)

[32] *See Liberty Mut. Fire Ins. Co. v. Michael Baker Int'l*, No. 2:19-cv-00881, 2022 U.S. Dist. LEXIS 43133, at *3 (D. Utah Mar. 9, 2022) (unpublished) ("[T]he presence of embarrassing and inflammatory facts in a case is not, without more, a qualifying countervailing interest." (citation omitted)).

[33] (Doc. Nos. 118-2, 120-6, 124-2, 124-3.)

### B. Employment Certificate

Both parties filed an "employment certificate" detailing Mr. Akarapanich's dates of employment, position, and salary as an exhibit to their briefing on the motion to compel Mr. Akarapanich's deposition.[34] Ephraim moved to seal this document based solely on OLPC's designation of it as confidential under the District of Utah's Standard Protective Order.[35] OLPC moved to seal it based on the assertion that it contains "business and financial information, including employee salary information."[36]

OLPC has demonstrated the salary information warrants sealing, particularly where Mr. Akarapanich's salary is not relevant to the underlying discovery motion. However, OLPC does not explain—and it is not apparent—how the other information in the employment certificate constitutes confidential business information. Thus, OLPC's confidentiality interests may be adequately protected by redacting only the salary information. Therefore, the motions are granted in part and denied in part as to the employment certificate, and OLPC is ordered to file a redacted version of this exhibit—redacting only Mr. Akarapanich's salary— by January 5, 2024.

### C. Employment Agreement and Resignation Email

Ephraim filed Mr. Akarapanich's employment agreement and resignation email as a combined exhibit to his briefing on the motion to compel Mr. Akarapanich's deposition.[37]

---

[34] This document was filed as part of Exhibit C to Ephraim's discovery motion, (Doc. No. 118-3); as part of Exhibit B to Ephraim's supplemental brief, (Doc. No. 120-2); and as Exhibit 5 to OLPC's opposition, (Doc. No. 124-1).

[35] (*See* Ephraim's Mots. to Seal Akarapanich Docs., Doc. Nos. 125, 127.)

[36] (OLPC's Mot. to Seal Akarapanich Docs., Doc. No. 123; *see also* Docket Text Order, Doc. No. 93.)

[37] These documents were filed as part of Exhibit C to Ephraim's discovery motion, (Doc. No. 118-3), and part of Exhibit B to Ephraim's supplemental brief, (Doc. No. 120-2).

Ephraim moved to seal these documents based solely on OLPC's confidentiality designations.[38] However, OLPC did not file its own motion to seal the documents within seven days, as required under the local rules to maintain them under seal.[39] Because the employment agreement states Mr. Akarapanich's salary, and this information warrants redaction in the employment certificate for the reasons stated above, the salary may also be redacted from the employment agreement. Otherwise, the employment agreement and resignation email shall be unsealed. OLPC is ordered to file a redacted version of the employment agreement and resignation email—redacting only Mr. Akarapanich's salary—by January 5, 2024.

## CONCLUSION

The motions to seal[40] Mr. Akarapanich's declarations and employment documents are granted in part and denied in part, and the court ORDERS as follows:

1. The clerk is directed to unseal Mr. Akarapanich's declarations filed at docket numbers 118-2, 120-6, 124-2, and 124-3.

2. OLPC shall file redacted versions of Mr. Akarapanich's employment certificate, employment agreement, and resignation email—redacting only Mr. Akarapanich's salary—by January 5, 2024.

DATED this 19th day of December, 2023.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[38] (*See* Ephraim's Mots. to Seal Akarapanich Docs., Doc. Nos. 125, 127.)

[39] *See* DUCivR 5-3(b)(2)(C)(i).

[40] (Doc. Nos. 123, 125, 127.)