UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| OL PRIVATE COUNSEL, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>EPHRAIM OLSON, an individual,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART OL PRIVATE COUNSEL, LLC'S MOTION TO SEAL IN RESPONSE TO COURT ORDER (DOC. NO. 243)**<br><br>Case No. 2:21-cv-00455<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

In this action, Plaintiff OL Private Counsel, LLC ("OLPC") alleges its former employee, Ephraim Olson, misappropriated OLPC's confidential client documents and shared them with his mother, Carolyn Olson, to use in litigation against his father, Thomas Olson (OLPC's sole member/manager).[1] OLPC alleges Ephraim obtained some documents through Timothy Akarapanich, a former employee of a related entity, who accessed the documents and transmitted them to Ephraim at Ephraim's request.[2]

OLPC has moved to seal numerous exhibits filed in connection with briefing on discovery motions and a motion for sanctions.[3] Ephraim filed an opposition arguing

---

[1] (See First Am. Compl., Ex. C to Notice of Removal, Doc. No. 2-2 at 35–52.)

[2] (See id.)  Because this lawsuit involves several members of the Olson family, first names are used in this order, for clarity.

[3] (OL Private Counsel, LLC's Mot. to Seal in Resp. to Ct. Order ("Mot."), Doc. No. 243.) The court denied without prejudice several prior motions to seal the same documents because they failed to address the applicable Tenth Circuit standards for sealing court records. (See Order Den. Without Prejudice Mots. to Seal, Doc. No. 237 (denying the

1

some of the exhibits do not warrant sealing.[4]  For the reasons explained below, the motion to seal is granted in part and denied in part.

## LEGAL STANDARDS

"Courts have long recognized a common-law right of access to judicial records."[5] Indeed, the District of Utah's local rules provide that court records are "presumptively open to the public," and sealing of court records is "highly discouraged."[6]  Particularly "[w]here documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches."[7]  However, the right of public access is "not absolute."[8]  "[T]he presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access."[9]  "The burden is on the party seeking to restrict access to show some significant interest that outweighs the presumption."[10]  Further, under the local rules, a motion to seal must be

---

motions at docket numbers 145, 158, 165, 178, 183, 201, and 213).)  Thereafter OLPC filed the motion to seal now before the court.

[4] (Opp'n to Pl.'s Mot. to Seal in Resp. to Ct. Order ("Opp'n"), Doc. No. 244.)

[5] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).

[6] DUCivR 5-3(a)(1).

[7] *Colony Ins. Co.*, 698 F.3d at 1242 (citation omitted).

[8] *Id.* at 1241 (citation omitted).

[9] *Id.* (internal quotation marks omitted).

[10] *Id.* (internal quotation marks omitted).

2

"narrowly tailored to seek protection of only the specific information that the party alleges is truly deserving of protection."[11]

## ANALYSIS

The parties' arguments as to each exhibit are considered in light of the standards outlined above. OLPC refiled the exhibits at issue and renumbered them as Exhibits 1 through 16 to the motion to seal, which is how they are referenced below.

   1. *Akarapanich Employment Agreement and Employment Certificate (Exhibits 1 and 2)*

The court previously ordered OLPC to refile exhibits containing Mr. Akarapanich's employment agreement and employment certificate with limited redactions.[12] OLPC refiled these documents as Exhibits 1 and 2 to the motion to seal, in compliance with the court's order. No further action is needed with respect to these exhibits.

   2. *Akarapanich Declaration with Attachments (Exhibit 3)*

Exhibit 3 is a declaration provided by Mr. Akarapanich to OLPC regarding his communications with Ephraim and Carolyn. OLPC previously filed a version of this document, which included more than 300 pages of attachments to the declaration, as an exhibit to OLPC's opposition to Ephraim's motion for sanctions.[13] The court found the declaration itself did not warrant sealing but permitted OLPC to file a renewed motion to

---

[11] DUCivR 5-3(b)(2)(A).

[12] (*See* Mem. Decision and Order Granting in Part and Den. in Part Mots. to Seal Timothy Akarapanich's Decls. and Emp. Docs., Doc. No. 236.)

[13] (*See* OL Private Counsel, LLC's Opp'n to Mot. for Spoliation Sanctions Re Tim Akarapanich Tel. and Cloud Data, Doc. No. 212.)

seal regarding the attachments.[14]  OLPC has now publicly filed Exhibit 3, which contains the declaration and only those portions of the attachments referenced in OLPC's opposition to the motion for sanctions.

Where the portions of the declaration and attachments relevant to the parties' briefing have now been filed publicly, the public interest in access is satisfied at this stage.  The prior version filed by OLPC[15] shall remain sealed until otherwise ordered.  If the parties later rely on other portions of the attachments to Mr. Akarapanich's declaration, this ruling may be revisited.

### 3. Akarapanich Emails and Attachments (Exhibits 4 and 5)

Exhibits 4 and 5 are emails from Mr. Akarapanich to other OLPC employees with attachments containing some of the allegedly misappropriated documents.  Ephraim originally filed these exhibits in support of his motion for sanctions, in which he alleged OLPC spoliated data from Mr. Akarapanich's phone.[16]  The version of Exhibit 4 filed by Ephraim includes 142 pages of trust documents attached to the emails.  And Exhibit 5 contains attachments of communications which OLPC contends are confidential and protected by attorney-client privilege.[17]

---

[14] (*See* Mem. Decision and Order Granting in Part and Den. in Part Mots. to Seal Timothy Akarapanich's Decls. and Emp. Docs., Doc. No. 236; Order Den. Without Prejudice Mots. to Seal, Doc. No. 237.)

[15] (Doc. No. 214-1.)

[16] (*See* Mot. for Spoliation Sanctions Re Tim Akarapanich Tel. and Cloud Data ("Mot. for Sanctions"), Doc. No. 200.)

[17] (*See* Mot. 7, Doc. No. 243.)

OLPC has now publicly filed Mr. Akarapanich's emails but argues the attachments should remain sealed.[18] OLPC contends the trust documents attached to Exhibit 4 are confidential, noting they contain confidentiality clauses and confidential information about the management and beneficiaries of various trusts.[19] OLPC also notes none of the trusts or trustees are parties to this litigation and asserts this weighs in favor of sealing.[20] With respect to Exhibit 5, OLPC argues the redacted attachments should be sealed because they are confidential and privileged attorney-client communications.[21]

Ephraim opposes sealing the attachments to Mr. Akarapanich's emails.[22] Ephraim argues OLPC has not established the communications are privileged, noting OLPC testified in a deposition that it does not represent two of the trusts at issue.[23] Ephraim also cites cases holding that confidentiality clauses alone are insufficient to warrant sealing documents.[24] Finally, Ephraim asserts the attachments should be unsealed because OLPC has placed these documents at the center of this case by claiming Ephraim misappropriated them.[25]

---

[18] (Mot. 7–10, Doc. No. 243.) OLPC filed Exhibit 4 without the attachments and Exhibit 5 with the attachments redacted.

[19] (*Id.* at 8.)

[20] (*Id.* at 8–9.)

[21] (*Id.* at 7.)

[22] (*See* Opp'n 3–4, Doc. No. 244.)

[23] (*Id.* at 3.)

[24] (*Id.* at 3–4 (citing *Sacchi v. IHC Health Servs., Inc.*, 918 F.3d 1155, 1160 (10th Cir. 2019); *Colony Ins. Co.*, 698 F.3d at 1241).)

[25] (*Id.* at 4.)

OLPC has demonstrated the attachments to Mr. Akarapanich's emails warrant sealing at this stage, given the context in which they were filed. The attachments contain some of the documents which OLPC alleges were misappropriated, which is the basis for OLPC's claims against Ephraim. But they were filed in connection with a spoliation dispute—not motions addressing the merits of OLPC's claims. And the attachments appear only marginally relevant to Ephraim's motion for sanctions. Each exhibit is cited only once in Ephraim's motion, in the fact section describing communications between Mr. Akarapanich and OLPC leading up to the deletion of data from Mr. Akarapanich's phone.[26] The actual content of the attachments is not discussed in detail in the briefing or the ruling on that motion. Thus, sealing the attachments does not deprive the public of the basis for the ruling on the spoliation dispute. In this context, the public interest in access to the attachments is minimal.[27]

Second, OLPC has articulated a substantial countervailing interest, namely, protecting confidential information in the trust documents and client communications attached to Mr. Akarapanich's emails. Ephraim's argument that OLPC fails to establish privilege is beside the point—privilege is not a requirement for sealing documents. Regardless of whether OLPC represents the trusts, OLPC asserts the trust documents contain confidential information—which Ephraim does not deny. And the other

---

[26] (*See* Mot. for Sanctions ¶ 17, Doc. No. 200 (referencing Exhibit 10 to the motion for sanctions, which corresponds to Exhibit 5 to OLPC's motion to seal); *id.* ¶ 29 (referencing Exhibit 16 to the motion for sanctions, which corresponds to Exhibit 4 to OLPC's motion to seal).)

[27] *See Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1162 n.8 (10th Cir. 2016) ("[T]he public's interest in access to judicial records is lessened when the contents are not 'used to determine [the] litigants' substantive legal rights.'" (quoting *Colony Ins. Co.*, 698 F.3d at 1242)).

communications attached to Mr. Akarapanich's emails appear to be communications with a law firm regarding legal matters, which OLPC contends are confidential. Regardless of whether these communications are privileged, OLPC has demonstrated they warrant protection from public disclosure, given their marginal relevance to the sanctions motion.

For these reasons, OLPC's motion to seal is granted as to the attachments to Mr. Akarapanich's emails in Exhibits 4 and 5. The original, unredacted versions of these exhibits[28] filed with Ephraim's motion for sanctions shall remain sealed until otherwise ordered.

### 4. Contracts Between OLPC-Related Entities (Exhibits 6, 7, and 8)

Exhibits 6, 7, and 8 contain contracts between various entities which served clients in common with OLPC. These documents were originally filed under seal in connection with Ephraim's motion for sanctions. OLPC has now filed these contracts publicly with only pricing terms redacted. OLPC maintains these pricing terms are confidential business information,[29] and Ephraim does not object to sealing these terms. The pricing terms are not mentioned in the briefing on the motion for sanctions and do not appear relevant to that dispute. Under these circumstances, the public interest in access is minimal and is outweighed by the confidentiality interests of OLPC and the nonparty entities at this stage. Accordingly, the unredacted versions of these exhibits[30] shall remain sealed until otherwise ordered.

---

[28] (Doc. Nos. 202-10, 202-16.)

[29] (*See* Mot. 10, Doc. No. 243.)

[30] (Doc. Nos. 202-2, 202-5, & 202-6.)

## 5. Emails Relaying Divorce Settlement Drafts (Exhibits 9, 10, 14, and 15)

Exhibits 9, 10, 14, and 15 are emails relaying draft settlement proposals in the divorce case. Some are between Thomas and his attorneys; others are between Thomas's attorneys and Carolyn or Carolyn's attorneys. These exhibits were originally filed under seal in connection with the parties' respective discovery motions seeking to compel production of documents listed on privilege logs.[31]

OLPC has now filed public, redacted versions of these exhibits. OLPC has redacted (1) Thomas's comments to his attorneys regarding changes to the drafts, and (2) portions of the draft settlement proposals identifying certain assets and proposed payments.[32] OLPC argues Thomas's comments are privileged, and the other redacted information warrants sealing to protect the privacy interests of Thomas and Carolyn, as nonparties.[33]

Ephraim argues these exhibits should be unsealed in their entirety because the draft settlement agreements are among the documents OLPC claims were misappropriated.[34] Ephraim contends OLPC has placed these documents at the center of this case and, therefore, the documents do not warrant sealing.[35]

---

[31] (*See* Short Form Disc. Mot. Re. OLPC's Privilege Log ("Ephraim's Privilege Log Mot."), Doc. No. 144; Pl.'s Third Short Form Disc. Mot. to Compel Produc. of Docs. on Privilege Log ("OLPC's Privilege Log Mot."), Doc. No. 170.)

[32] (*See* Mot. 10–12, Doc. No. 243.)

[33] (*Id.*)

[34] (*See* Opp'n 5, Doc. No. 244.)

[35] (*See id.*)

8

OLPC's motion to seal is granted in part and denied in part as to these exhibits. These exhibits were filed in the context of a discovery dispute, not dispositive motions. Further, the redacted information is irrelevant to the underlying discovery motions. Thus, the public interest in access is minimal at this stage. In light of this, OLPC has demonstrated the redacted information regarding assets and payment amounts in the draft settlement proposals warrants sealing. The nonparties' interests in maintaining the confidentiality of their private financial information outweighs the public interest in access under these circumstances. And OLPC's redactions appear narrowly tailored to protect this information.

However, OLPC has not demonstrated Thomas's comments regarding the settlement drafts warrant sealing. OLPC's only argument for sealing these comments is that they are privileged, but the court ruled privilege has been waived for communications between Thomas and his attorneys regarding settlement of the divorce.[36] Apart from arguing they are privileged, OLPC does not otherwise contend Thomas's comments contain confidential information. Nor is it apparent from a review of the exhibits that Thomas's comments reveal confidential financial or other private information. Therefore, these comments shall be unsealed. Because Exhibits 14 and 15 contain redacted comments from Thomas which do not warrant sealing, OLPC is ordered to file new versions of Exhibits 14 and 15 without those redactions.

Additionally, OLPC's redacted Exhibit 15 does not appear to be the same document as the original exhibit to which it corresponds: Exhibit B to Ephraim's Short

---

[36] (*See* Mem. Decision and Order Granting Short Form Disc. Mot. Re. OLPC's Privilege Log, Doc. No. 235.)

Form Discovery Motion Regarding OLPC's Privilege Log,[37] filed under seal at docket number 145-2. Although both Exhibit 15 and Exhibit B contain emails between Thomas and his attorneys with draft settlement proposals attached, the emails have different dates, and the exhibits have different numbers of pages.[38] Thus, OLPC is ordered to file a new, redacted version of Exhibit B consistent with the redactions permitted above.

The original, unredacted versions of Exhibits 9, 10, 14, and 15[39] shall remain sealed until otherwise ordered.

    *6. OLPC Discovery Responses (Exhibits 11, 12, and 13)*

Exhibits 11, 12, and 13 are OLPC's responses to certain discovery requests in this case. These exhibits were originally filed under seal in connection with the parties' privilege log motions.[40] OLPC has now filed these exhibits publicly, redacting only two interrogatory responses. Specifically, OLPC has redacted a portion of its response to Interrogatory 7, found in both Exhibits 11 and 12, which identifies the clients whose information is contained in the allegedly misappropriated documents. OLPC has also redacted a portion of its response to Interrogatory 13, found in Exhibit 13, which lists the documents OLPC alleges were misappropriated by Ephraim.

---

[37] (Doc. No. 144.)

[38] Exhibit B is 116 pages, while Exhibit 15 is seventy-seven pages.

[39] (Doc. Nos. 184-3, 184-4, 179-2, & 145-2.)

[40] (*See* Ephraim's Privilege Log Mot., Doc. No. 144; OLPC's Privilege Log Mot., Doc. No. 170.)

OLPC contends these interrogatory responses should be sealed because they reveal the identities of OLPC's clients.[41] OLPC asserts its clients' identities should be protected from public disclosure because the clients are nonparties, citing federal district court decisions permitting redaction of nonparties' names in court filings.[42] OLPC also explains that it specializes in providing tax and asset protection legal advice to predominantly Canadian clients, and it cites an advisory comment to the Law Society of Alberta Code of Conduct for the proposition that attorneys generally should not disclose that they have been retained by a particular client for a particular matter.[43] Ephraim does not oppose OLPC's proposed redactions.

The Alberta code of conduct cited by OLPC is inapposite: it does not govern whether information in federal court filings may be sealed. The cases cited by OLPC also do not support a blanket rule that nonparties' names may be redacted in court

---

[41] (Mot. 12–13, Doc. No. 243.)

[42] (*See id.* at 9–10, 12–13); *Navient Sols., LLC v. Law Offs. of Jeffrey Lohman, P.C.*, No. 1:19-cv-461, 2020 U.S. Dist. LEXIS 251479, at *5 (E.D. Va. June 25, 2020) (unpublished) (permitting redaction of the names of a law firms' former clients "who are not parties to this matter to protect their identities"); *Assessment Techs. Inst. v. Parkes*, No. 2:19-CV-2514, 2020 U.S. Dist. LEXIS 50483, at *5–6 (D. Kan. Mar. 24, 2020) (unpublished) (permitting redaction of customer names to protect a party's competitive business interests); *Am. Friends Serv. Comm. v. City & Cty. of Denver*, No. 02-N-740, 2004 U.S. Dist. LEXIS 18474, at *26 (D. Colo. Feb. 19, 2004) (unpublished) (permitting redaction of nonparties' names to protect their privacy where "[n]one of these individuals voluntarily joined the instant lawsuit or, presumably, expected to be referenced in documents filed with this court").

[43] (Mot. 9, Doc. No. 243); Law Society of Alberta Code of Conduct ¶ 3.3-1, advisory comment 5, https://documents.lawsociety.ab.ca/wp-content/uploads/2017/01/14211909/Code.pdf?_gl=1*1syytdg*_ga*OTI0NjM3NzQ5LjE3MDQ0NzM0NzM.*_ga_WEPFGJSHG5*MTcwNDQ3MzQ3My4xLjAuMTcwNDQ3MzQ3My42MC4wLjA [https://perma.cc/LNV8-KG7Y] ("Generally, unless the nature of the matter requires such disclosure, a lawyer should not disclose having been . . . retained by a person about a particular matter . . . .").

11

filings. Rather, they merely suggest nonparties' privacy interests should be considered in determining whether countervailing interests outweigh the public right of access to judicial records.[44] This determination will necessarily depend on the particular facts of the case and whether the nonparties' identities are relevant to the issues before the court.

Here, the list of client names in OLPC's response to Interrogatory 7 was not cited in the briefing on the privilege log motions or relied on in the court's ruling on those motions.[45] Under these circumstances, public interest in access to this interrogatory response is minimal and is outweighed by the privacy interests of nonparty clients identified therein. Thus, Exhibits 11 and 12 are appropriately redacted, and the unredacted versions[46] shall remain sealed.

However, the list of allegedly misappropriated documents identified in response to Interrogatory 13, and redacted from Exhibit 13, does not warrant sealing. For one thing, a nearly identical list is already in the public record, in an email that OLPC itself filed as

---

[44] *See, e.g.*, *Am. Friends Serv. Comm.*, 2004 U.S. Dist. LEXIS 18474, at *26, 30 (finding some nonparties had a "reasonable expectation of privacy which must be respected and which presents a compelling reason for overriding the public's right of access to court records," but other nonparties had voluntarily relinquished their privacy interests by filing public applications).

[45] Exhibits 11 and 12 to OLPC's motion to seal were originally filed by Ephraim as Exhibits 8 and 9 to his opposition to OLPC's privilege log motion. (*See* Opp'n to Pl.'s Third Short Form Disc. Mot. to Compel Produc. of Docs. on Privilege Log, Doc. No. 180.) The opposition cites only OLPC's response to Interrogatory 1, (*see id.* at 4 n.2), which is unredacted in the new, public versions of the exhibits which OLPC filed as Exhibits 11 and 12 to its motion to seal.

[46] (Doc. Nos. 184-1 & 184-2.)

12

an exhibit to its supplemental brief in support of its privilege log motion.[47] OLPC filed this email publicly in August 2023, five months before it filed the instant motion seeking to seal the same information in its interrogatory responses. OLPC fails to explain why information which OLPC itself placed in the public record should now be sealed. Further, this information goes to the heart of OLPC's claims in this case. Indeed, the identification of the misappropriated documents has been the subject of prior discovery disputes,[48] and the list of documents in OLPC's response to Interrogatory 13 is referenced in the court's ruling on one of the privilege log motions.[49] For all these reasons, the fact that the names of some of the documents may reveal client identities does not outweigh the presumption of public access. The unredacted version of Exhibit 13, filed at docket number 145-3,[50] shall be unsealed.

   7. *Mareva Injunction Affidavit (Exhibit 16)*

Exhibit 16 is an affidavit from Carolyn and nearly three hundred pages of attachments, which were originally filed in November 2020 in a lawsuit brought by Carolyn in Alberta, Canada to freeze Thomas's assets (the "Mareva injunction" case).

---

[47] (*See* Ex. B to Suppl. Br. on Pls.' Third Short Form Disc. Mot. to Compel Produc. of Docs. on Privilege Log, Email from M. Call to S. Vaughn, et al. (Mar. 2, 2023), Doc. No. 177-2.)

[48] (*See, e.g.*, Mem. Decision and Order Den. Without Prejudice Pl.'s Mot. Re. Carolyn Olson and Naomi Burton's Privilege Log, and Granting in Part and Den. in Part Pl.'s Second Mot. Re. Def.'s Privilege Log and Produc. of Docs. 8–9, Doc. No. 134 (ordering further conferral "to allow OLPC to identify the allegedly misappropriated documents" to facilitate a search for documents responsive to OLPC's third-party subpoena).)

[49] (*See* Mem. Decision and Order Granting Short Form Disc. Mot. Re. OLPC's Privilege Log 7 & n.32, Doc. No. 235.)

[50] The filing at docket number 143-3 is Exhibit D to Ephraim's Short Form Discovery Motion Regarding OLPC's Privilege Log, (Doc. No. 144).

Various versions of this document have been filed in connection with briefing on several discovery motions in this case.[51]

OLPC seeks to seal portions of Carolyn's affidavit and four attachments: (1) a trust document, (2) bank records for an account in Thomas's name, (3) a motion for temporary orders in the Utah divorce case, and (4) a document OLPC describes as a "private intermediate tax court ruling."[52] OLPC has redacted these portions of the affidavit and attachments in Exhibit 16. OLPC argues the redacted portions should be sealed because they contain personal bank records and financial records of nonparties and names of corporate entities and trusts.[53] OLPC also represents that the judge in the Mareva injunction case advised counsel on the record that he was prepared to grant an order sealing trust documents, and OLPC states the parties to that case are "now in the process of filing a formal application" to seal the documents.[54] OLPC also notes the motion for temporary orders is sealed in the divorce case, and the tax court ruling is "not public record."[55] In its reply, OLPC attached what appears to be a recent filing in the Mareva injunction case in which the parties to that case have stipulated to the sealing of

---

[51] (*See* Doc. Nos. 159, 166, 179-1, 184-5.) Some versions did not include the attachments to the affidavit. The underlying discovery motions are OLPC's privilege log motion, (Doc. No. 170), and OLPC's motion for issuance of letters rogatory, (Doc. No. 153).

[52] (*See* Mot. 13–14, Doc. No. 243.)

[53] (*Id.* at 13.)

[54] (*Id.*)

[55] (*Id.*)

the trust document and tax court ruling attached to Carolyn's affidavit.[56]  Ephraim, for his part, opposes sealing of any portion of Carolyn's affidavit or attachments, noting these documents were filed on the public record in the Mareva injunction case, and arguing OLPC has placed the affidavit at the center of this case.[57]

The fact that the entirety of Carolyn's affidavit and attachments have been in the public record in the Mareva injunction case for three-and-a-half years severely undermines OLPC's arguments for sealing any portion of this exhibit.  It is difficult to conceive how any information in this exhibit could still be considered confidential under these circumstances.  Nevertheless, where the parties to that case are now pursuing an order to seal two of the attachments in that case—the trust document and the tax court ruling—the court considers whether these two attachments should be sealed in this case as well.  These attachments are among the documents which OLPC alleges Ephraim misappropriated.  However, their actual contents are not relevant to the underlying discovery motions for which they were filed in this case.  Although it is a close call, OLPC has narrowly demonstrated these attachments warrant sealing, where OLPC contends they contain confidential information, their contents are not relevant at this stage, and the parties to the Mareva injunction case are actively seeking to seal them in that case.

OLPC has not shown any other portion of Carolyn's affidavit or attachments should be sealed.  The remainder of these documents are in the public record in the Mareva injunction case, and OLPC does not claim any party is seeking to seal them in

---

[56] (*See* Ex. A to OLPC's Reply in Supp. of Mot. to Seal in Resp. to Ct. Order, Doc. No. 249-1.)

[57] (*See* Opp'n 5–6, Doc. No. 244.)

that case.  Further, the financial information which OLPC seeks to seal relates to Thomas's assets and finances.  While Thomas is not a party to this case, he is a party to the Mareva injunction case—but he has not, apparently, attempted to seal this information in that case (apart from the trust document and tax court ruling addressed above).  Therefore, OLPC's argument that this information should now be sealed in this case, to protect Thomas's privacy interests, rings hollow.  Other than the trust document and tax court ruling, the remainder of Carolyn's affidavit and exhibits shall be unsealed.

OLPC is ordered to refile a redacted version of Carolyn's affidavit and attachments from the Mareva injunction case, redacting only the trust document and tax court ruling.  Because the versions of Carolyn's affidavit filed at docket numbers 159, 166, and 184-5 do not include these attachments, these filings shall be unsealed.  The full, unredacted version of the affidavit and attachments filed at docket number 179-1 shall remain sealed until otherwise ordered.

* * *

Finally, a cautionary note: as explained above, several documents OLPC seeks to seal in the instant motion are the documents which OLPC alleges Ephraim misappropriated.  In other words, these documents are central to OLPC's claims in this action.  In this order, the court has determined several of these documents warrant sealing at this stage, where their actual contents are irrelevant to the underlying discovery disputes for which they were filed.  However, this order does not give blanket permission to file these documents under seal in other contexts, such as in support of dispositive motions.  Each time these documents are filed, any party seeking to seal them must file a motion to seal providing justification for maintaining the documents

under seal at that stage. The ruling that these documents warrant sealing may be revisited at any time, and a strong presumption of public access will apply if the documents' contents are used to determine the parties' substantive legal rights.[58]

## CONCLUSION

The motion to seal[59] is granted in part and denied in part, and the court orders as follows.

1. The clerk is directed to unseal the following documents:

    a. Docket number 145-3, which is the unredacted version of Exhibit 13 to OLPC's motion to seal.

    b. Docket numbers 159, 166, and 184-5, which contain unredacted versions of the affidavit in Exhibit 16 to OLPC's motion to seal.

2. OLPC is ordered to refile Exhibits 14 and 15 to the motion to seal, with only the redactions permitted in this order. Further, where Exhibit 15 does not appear to match the corresponding sealed exhibit at docket number 145-2 (Exhibit B to Ephraim's Short Form Discovery Motion Regarding OLPC's Privilege Log), OLPC is ordered to file a new, redacted version of Exhibit B consistent with the redactions permitted in this order.

---

[58] *See Colony Ins. Co.*, 698 F.3d at 1242. OLPC argues the court's substantive legal determinations in this case will require evaluating the propriety of Ephraim's conduct, not interpreting or applying the contents of the documents themselves. (*See* OLPC's Reply in Supp. of Mot. to Seal in Resp. to Ct. Order 5–6, Doc. No. 249.) However, Ephraim has argued the trust documents, for example, contain terms evidencing his right to possess those documents. (*See, e.g.*, Def.'s Short Form Disc. Mot. 3, Doc. No. 67.) Thus, it remains to be seen whether the contents of the allegedly misappropriated documents will be relevant to substantive legal determinations in this case.

[59] (Doc. No. 243.)

3. OLPC is ordered to refile Exhibit 16 to the motion to seal, with only the redactions permitted in this order.

DATED this 22nd day of May, 2024.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge