UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| OL PRIVATE COUNSEL, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>EPHRAIM OLSON, an individual,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS THROUGH DECEMBER 2023 (DOC. NO. 252)**<br><br>Case No. 2:21-cv-00455<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff OL Private Counsel, LLC ("OLPC") brought this action against its former employee, Ephraim Olson, in March 2021, alleging he misappropriated OLPC's confidential client documents and shared them with his mother, Carolyn Olson, and/or her attorneys.[1] OLPC claims Carolyn used the misappropriated documents in litigation against Ephraim's father, Thomas Olson (OLPC's sole member/manager).[2]

In a prior discovery order, the court limited the relevant time period for OLPC's Request for Production 8—seeking Ephraim's communications with Carolyn's attorneys—to the period before the filing of this lawsuit.[3] OLPC now moves to compel

---

[1] (*See* Ex. C to Notice of Removal, First Am. Compl., Doc. No. 2-2 at 35–52; Notice of Removal, Doc. No. 2.)  This case was originally filed in Utah state court and later removed to federal court.

[2] (*See* Ex. C to Notice of Removal, First Am. Compl., Doc. No. 2-2 at 35–52.)  Because this lawsuit and this motion involve several members of the Olson family, first names are used in this order, for clarity.

[3] (*See* Mem. Decision and Order Granting in Part and Den. in Part Pl.'s Short Form Disc. Mot. Re. Def.'s Privilege Log 4, Doc. No. 95.)

1

Ephraim to produce responsive documents though December 2023.[4] Because OLPC has not demonstrated requested communications from the period after the filing of this lawsuit are relevant, OLPC's motion is denied.

## BACKGROUND

Although not specified in the complaint, OLPC has maintained throughout this litigation that after receiving misappropriated documents, Carolyn used them to seek a "Mareva injunction" (freezing Thomas's assets) in a case filed in Alberta, Canada in November 2020. The Dentons law firm represented Carolyn in the Mareva injunction case.

OLPC's Request for Production ("RFP") 8 sought "[a]ll documents relating to or concerning communications with counsel for Carolyn Olson (whether in Carolyn's personal[] capacity or as trustee or any other fiduciary role) at any time, including but not limited to[] communications with Patricia Kuendig [Carolyn's divorce attorney] and any person in the office of Dentons in Alberta, Canada."[5] Ephraim objected to this request on various grounds, including relevance and privilege.[6]

The court addressed Ephraim's relevance objection in a November 2022 order on a prior motion to compel brought by OLPC.[7] The court found that while RFP 8

---

[4] (Pl.'s Short Form Disc. Mot. to Compel Produc. of Docs. Through Dec. 2023 ("Mot."), Doc. No. 252.)

[5] (Ex. A to Opp'n to Pl.'s Short Form Disc. Mot., Pl.'s First Set of Disc. Reqs. 13, Doc. No. 70-1.)

[6] (Ex. B to Opp'n to Pl.'s Short Form Disc. Mot., Def.'s Resps. to Pl.'s First Set of Reqs. for Produc. 11–12, Doc. No. 70-2.)

[7] (*See* Mem. Decision and Order Granting in Part and Den. in Part Pl.'s Short Form Disc. Mot. Re. Def.'s Privilege Log 3–4, Doc. No. 95.)

encompassed some relevant documents, the request was overly broad because OLPC had not "demonstrated *all* communications between [Ephraim] and his mother's attorneys 'at any time' [were] relevant to the claims and defenses in this action."[8] The court ruled communications between Ephraim and his mother's counsel which were unrelated to OLPC's confidential documents were irrelevant to OLPC's claims.[9] Further, OLPC had agreed to limit the temporal scope of the request to the time period from 2018 through the filing of this lawsuit.[10] Thus, the court limited the permissible scope of RFP 8 to "documents relating to or concerning communications with counsel for Carolyn Olson relating to, concerning, or transmitting OLPC's confidential documents, from 2018 through the filing of this lawsuit."[11]

OLPC now seeks to compel Ephraim to produce responsive communications through December 2023.[12] OLPC asserts that at the time of the prior order, OLPC "reasonably believed that the Confidential Documents had not been shared with others since the filing of this lawsuit."[13] But OLPC contends "it has recently become clear that [Ephraim] has continued to use and share the Confidential Documents with third parties since the inception of this litigation, and as recently as December 2023."[14] To support

---

[8] (*Id.* at 4 (emphasis in original).)

[9] (*See id.*)

[10] (*See id.*)

[11] (*Id.* (emphasis omitted).)

[12] (*See* Mot., Doc. No. 252.)

[13] (*Id.* at 2.)

[14] (*Id.*)

3

this assertion, OLPC states the confidential documents "have now been used in the March 16, 2023 Affidavit of Carolyn Olson and July 14, 2023 Affidavit of Naomi Burton [Ephraim's sister] filed in the *Olson v. Olson* case pending in Alberta and in the December 20, 2023 Affidavit of Carolyn Olson in litigation in the Cook Islands."[15]

Ephraim opposes the motion, arguing OLPC fails to provide factual support for its assertion that Ephraim has continued to use and share the confidential documents after the filing of this case.[16]

## ANALYSIS

OLPC fails to demonstrate Ephraim's communications with Carolyn's attorneys after the filing of this lawsuit are relevant to its claims.[17] OLPC's claims are based on allegations that Ephraim misappropriated documents and shared them with his mother and/or her attorneys—before this case was filed. In its motion, OLPC provides no new information suggesting Ephraim has "continued to use and share" the confidential documents after the filing of this case. OLPC points only to the fact that Carolyn and Naomi (Ephraim's sister) have continued to use the confidential documents in other litigation. But OLPC itself alleges Carolyn had already obtained these documents

---

[15] (*Id.*)

[16] (*See* Opp'n to Pl.'s Short Form Disc. Mot. to Compel Produc. of Docs. Through Dec. 2023, Doc. No. 254.) Ephraim also argues OLPC's motion is an "improper request for reconsideration" and fails to meet the requirements of Rule 60(b) of the Federal Rules of Civil Procedure. (*Id.* at 1–2.) However, Rule 60(b) is inapplicable because the prior discovery order is not a final order. *See* Fed. R. Civ. P. 60(b) (providing grounds for relief from "a final judgment, order, or proceeding").

[17] *See* Fed. R. Civ. P. 26(b)(1) (providing the scope of discovery encompasses "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case").

before this case was filed.  Thus, the fact that Carolyn or other family members have continued to use documents already in Carolyn's possession in no way suggests *Ephraim* has continued to use or share the documents.  OLPC provides no other basis to conclude Ephraim's communications with his mother's attorneys after the filing of this lawsuit are relevant to its claims.

Because OLPC has not demonstrated Ephraim's communications with his mother's attorneys after the filing of this lawsuit are relevant, OLPC's motion[18] to compel production of documents through December 2023 is denied.

DATED this 2nd day of July, 2024.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[18] (Doc. No. 252.)

5