UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| OL PRIVATE COUNSEL, LLC, a Utah limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>EPHRAIM OLSON, an individual,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER DENYING OLPC'S MOTION TO COMPEL (DOC. NO. 259)**<br><br>Case No. 2:21-cv-00455<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

In this action, Plaintiff OL Private Counsel, LLC ("OLPC") alleges its former employee, Ephraim Olson, misappropriated OLPC's confidential client documents and shared them with his mother, Carolyn Olson, and/or her attorneys.[1] OLPC claims Carolyn used the misappropriated documents in litigation against Ephraim's father, Thomas Olson—who is OLPC's sole member/managing partner.[2]

OLPC has now filed a motion to compel relating to a joint defense agreement ("JDA") between Ephraim and several third parties, including many members of the Olson family.[3] OLPC seeks an order compelling Ephraim and the third parties to

---

[1] (*See* Ex. C to Notice of Removal, First Am. Compl., Doc. No. 2-2 at 35–52.)

[2] (*See id.*)  Because this lawsuit and this motion involve several members of the Olson family, first names are used in this order when referring to the Olsons, for clarity.

[3] (OL Private Counsel, LLC's Mot. to Compel (1) Produc. of the Joint Def. Agreement *In Camera* and to Disclose Relevant Facts Concerning Joint Def. Agreement; and (2) Produc. of Docs. and Info. Improperly Withheld by Def. and Third Parties on the Basis of the Joint Def. Agreement ("Mot."), Doc. No. 259.)  Specifically, OLPC seeks documents or testimony from Carolyn Olson, Naomi Burton, Ephraim Olson, Isaiah Olson, Elijah

1

produce a large number of documents and additional deposition testimony allegedly withheld on the basis of the joint defense doctrine.[4]  OLPC also seeks to compel production of certain facts about the JDA itself—"its effective date, the date it was signed, the parties, and [its] scope."[5]  In the alternative, OLPC asks the court to review the JDA and the withheld documents and testimony in camera to determine what should be produced.[6]

OLPC's motion is denied because most of the challenges it makes are significantly untimely.  The few challenges OLPC raises in a timely fashion are also denied, for the reasons explained below.  Where its motion is not substantially justified, OLPC is ordered to pay the responding parties' attorneys' fees incurred in responding to the motion.

<u>THE JDA SAGA</u>

This motion reflects OLPC's fourth attempt to compel production of the JDA.  In October 2022, OLPC argued it could only assess Ephraim's privilege claims if the JDA were produced.[7]  Because the merits of Ephraim's privilege claims were not then before the court and because the court ordered Ephraim to provide a revised privilege log, the

---

Kukharuk, the Dodd & Kuendig law firm, Patricia Kuendig, and the Dentons law firm. (*See id.* at 5–6.)

[4] (*Id.* at 3.)

[5] (*Id.* at 9.)

[6] (*Id.*)

[7] (Short Form Disc. Mot. Regarding Def.'s Privilege Log, Doc. No. 64.)

court denied OLPC's request to compel production of the JDA.[8]  But the court explicitly permitted OLPC to refile its motion "[i]f, after reviewing the revised log, a dispute remain[ed] regarding the [JDA]."[9]

In January 2023, OLPC again filed two motions seeking to compel production of the JDA, arguing it was responsive to OLPC's discovery requests and contending Ephraim and Carolyn's privilege log relied on it.[10]  The court again denied OLPC's requests to compel production of the JDA, because OLPC's relevancy arguments were conjectural and the privilege logs relying on the JDA were withdrawn.[11]  But, again, the court again left the door open for OLPC to file a new motion if Ephraim relied "on the [JDA] in a revised privilege log as a basis to withhold documents."[12]

On April 1, 2024 (the last day of fact discovery), OLPC filed the instant motion, asserting Ephraim and the subpoenaed third parties improperly relied on the joint defense doctrine to withhold documents and information.  Carolyn, Ms. Burton,

---

[8] (Mem. Decision and Order Granting in Part and Den. in Part Pl.'s Short Form Disc. Mot. Regarding Def.'s Privilege Log 7, Doc. No. 95.)

[9] (*Id.*)

[10] (*See* Short Form Disc. Mot. Regarding Carolyn Olson and Naomi Burton's Privilege Log, Doc. No. 101; Pl.'s Second Short Form Disc. Mot. Regarding Def.'s Privilege Log and Produc. of Docs. Responsive to Req. No. 8, Doc. No. 102.)

[11] (Mem. Decision and Order Den. Without Prejudice Plaintiff's Mot. Regarding Carolyn Olson and Naomi Burton's Privilege Log, and Granting in Part and Den. in Part Pl.'s Second Mot. Regarding Def.'s Privilege Log and Produc. of Docs. 8, 12, Doc. No. 134.)

[12] (*Id.* at 12.)

Ephraim, Mr. Kukharuk, Isaiah, Dodd & Kuendig, LLP ("D&K"), and Patricia Kuendig all oppose OLPC's motion,[13] while the Dentons firm did not respond to the motion.

<u>UNTIMELINESS OF OLPC'S MOTION</u>

In its motion, OLPC includes a table identifying instances in which it alleges Ephraim and the subpoenaed third parties improperly withheld documents or deposition testimony based on the JDA.[14]  But most of OLPC's challenges are untimely and OLPC does not adequately explain its failure to raise its arguments in a timely manner.

OLPC filed its motion on the last day of fact discovery: April 1, 2024.  Among other things, in its motion, OLPC seeks to compel additional testimony and documents related to:

- Carolyn's deposition (July 2022)
- Ms. Burton's deposition (July 2022)
- Ephraim's first deposition (February 2023)
- Isaiah's deposition (May 2023)
- Mr. Kukharuk's deposition (May 2023)
- Ms. Kuendig's deposition (November 2023)
- D&K's privilege log (October 2023)

---

[13] (*See* Carolyn Olson and Naomi Burton's Combined Mem. in Opp'n ("Carolyn/Burton Opp'n"), Doc. No. 264; Def.'s Mem. in Opp'n ("Ephraim Opp'n"), Doc. No. 265; Elijah Kukharuk's Mem. in Opp'n ("Kukharuk Opp'n"), Doc. No. 269; Isaiah Olson's Mem. in Opp'n ("Isaiah Opp'n"), Doc. No. 270; Kuendig's Mem. Opposing OLPC's Mot. ("Kuendig Opp'n"), Doc. No. 287.)

[14] (Mot. 5–6, Doc. No. 259.)

In other words, OLPC seeks to compel additional testimony from depositions conducted from four to twenty-one months before it filed its motion—and documents from a privilege log produced nearly six months before.[15]  Each of these challenges is untimely and OLPC fails to adequately address its delays or to explain why it waited until the final day of fact discovery to bring its motion.[16]

Filing a discovery motion within the fact discovery period does not automatically make it timely.  This district's local rules require parties to *promptly* raise discovery disputes.[17]  A four-month delay is not prompt, let alone a twenty-one-month delay.  For instance, in this district, a delay of 140 days has been found to violate this promptness requirement.[18]  And even absent the local rules, OLPC's delays are fatal—particularly given the length of the delays, the numerous discovery extensions in this case, and the

---

[15] (*See id.*)  The only arguments OLPC brings in a timely manner are its challenges to Dentons' February 2024 supplemental privilege log (though it is unclear whether Dentons' previous privilege logs contained the same alleged defects), Ephraim's relevance log (though, as explained below, this challenge may also be untimely), and Ephraim's March 2024 deposition.

[16] *See, e.g.*, *Ridge Chrysler Jeep, L.L.C. v. Daimler Chrysler Servs. N. Am., L.L.C.*, No. 03 C 760, 2004 U.S. Dist. LEXIS 26861, at *18–19 (N.D. Ill. Dec. 29, 2004) (unpublished) ("Plaintiff waited to file its Motion to Compel until four days before the close of discovery.  Where a party has waited to bring a motion to compel until the eve of a discovery deadline, the court is justified in denying the motion.").

[17] *See* DUCivR 37-1(a) (providing "parties must make reasonable efforts to resolve a discovery dispute," including making "a *prompt* written communication sent to the opposing party identifying the discovery" dispute (emphasis added)).

[18] *See Ellis v. Salt Lake City Corp.*, No. 2:17-cv-00245, 2022 U.S. Dist. LEXIS 176772, at *7 (D. Utah Sep. 27, 2022) (unpublished) (holding a 140-day delay in bringing a discovery motion "is not 'prompt' under DUCivR 37-1").

fact that OLPC has already litigated over the JDA extensively (during which time it could have raised the issues it now complains about).[19]

To make matters worse, OLPC's only explanations for its delays in raising these challenges are inadequate.  It has not shown its delays were excusable or justified. First, OLPC implies its motion is proper where the court left the door open to further challenges to any reliance on the JDA.[20]  But motions must be timely.  Permitting further challenges is not same as permitting challenges anytime, anywhere, no matter how delayed.  Next, OLPC contends its motion is justified by newly discovered information. Specifically, it argues it received D&K's supplemental privilege log on October 23, 2023 and Dentons' revised privilege log on February 29, 2024—and before receiving these logs, "the full extent and volume of withholding was not apparent."[21]  But OLPC does not explain why it needed these privilege logs to challenge six separate depositions spanning the past two years (nor why it waited more than five months to challenge

---

[19] *See*, *e.g.*, *Keller v. Arrieta*, No. 20-259, 2022 U.S. Dist. LEXIS 166635, at *6 (D.N.M. Sept. 15, 2022) (unpublished) (denying as untimely a motion to compel deposition testimony filed six months after the deposition, even though the motion was filed a month before the discovery motion deadline); *Johnson v. Sector 10*, No. 2:10-cv-00092, 2013 U.S. Dist. LEXIS 116582, at *9–10 (D. Utah Aug. 15, 2013) (unpublished) (denying as untimely a motion to compel filed five months after receiving allegedly insufficient discovery responses); *Wells v. Sears Roebuck & Co.*, 203 F.R.D. 240, 241 (S.D. Miss. 2001) ("[I]f the conduct of a respondent to discovery necessitates a motion to compel, the requester of the discovery must protect himself by timely proceeding with the motion to compel.  If he fails to do so, he acts at his own peril.").

[20] (*See* OL Private Counsel, LLC's Consol. Reply to Mems. in Opp'n to Mot. to Compel *(*"Reply") 16, Doc. No. 293. (arguing "OLPC has had an open invitation from this Court to file a motion regarding the JDA if documents continued to be withheld on that basis").)

[21] (*Id.* at 20.)

D&K's supplemental privilege log). Either the responding parties improperly withheld information or they didn't—and OLPC does not explain why it was unable to discover the alleged withholding until the last day of fact discovery. Moreover, even assuming OLPC lacked the information necessary to challenge the depositions until it received D&K's privilege log in October 2023 (which OLPC has not shown), the motion would still be untimely.[22]

Overall, OLPC's decision is inexplicable—to wait twenty-one months to challenge Carolyn's and Ms. Burton's depositions, fourteen months to challenge Ephraim's and Isaiah's depositions, eleven months to challenge Mr. Kukharuk's deposition, four months to challenge Ms. Kuendig's deposition, and more than five months to challenge D&K's supplemental privilege log. At any time during that nearly two-year period, OLPC could have utilized the procedures for resolving deposition and discovery disputes.[23] But it did not. Instead, OLPC compiled each issue and added it to a list of grievances—which it waited to raise until the final day of fact discovery.

This choice to stockpile an ongoing list of problems instead of addressing them as they arose leaves the court, Ephraim, and the subpoenaed third parties in an impossible position. When challenges are brought in a timely fashion, all sides can

---

[22] *See, e.g.*, *Ellis*, 2022 U.S. Dist. LEXIS 176772, at *7.

[23] *See, e.g.*, DUCivR 37-1(e) (providing parties may resolve deposition disputes "by contacting the assigned judge by phone"); DUCivR 37-1(a)–(b) (providing "parties must make reasonable efforts to resolve a discovery dispute," including by sending "a prompt written communication" to the opposing party, and requiring parties to file a motion "no later than 45 days after the prompt written communication"); DUCivR 37-1(d) ("The parties may request that the court conduct a discovery dispute conference by contacting chambers or filing a stipulated one-page motion . . . .").

confer in an effort to reach a solution.  The court can make rulings and guide future actions after benefitting from a full adversarial exploration of the issues.  But when complaints are catalogued and piled up, then raised in aggregate at the eleventh hour, it undermines the discovery dispute process and deprives the court of the ability to prevent, mitigate, or resolve problems on an ongoing basis.

Because the motion cannot be considered timely as to Carolyn's and Ms. Burton's July 2022 depositions, Ephraim's and Isaiah's February 2023 depositions, Mr. Kukharuk's May 2023 depositions, Ms. Kuendig's November 2023 deposition, and D&K's October 2023 privilege log, the motion to compel is denied as to these depositions and D&K's privilege log.

<u>REMAINING CHALLENGES</u>

The only timely raised disputes are OLPC's challenges to Ephraim's final deposition, Ephraim's relevance log, and Dentons' privilege log.  The legal issues are simple with regard to these disputes, despite what the interminable battle over the JDA suggests.  The joint defense and common interest doctrines are not independent privileges.  They are defenses to a claim that privilege or protection has been waived based on disclosure to a third party.[24]  Accordingly, it is improper to withhold any

---

[24] *See United States v. Agnelio*, 135 F. Supp. 2d 380, 382 (E.D.N.Y. 2001); *Toranto v. Jaffurs*, No. 16cv1709, 2018 U.S. Dist. LEXIS 123885, at *18 (S.D. Cal. July 24, 2018) (unpublished); *In re Datacom Sys.*, No. 14-11096, 2014 Bankr. LEXIS 5348, at *17–18 (Bankr. D. Nev. July 25, 2014) (unpublished); *see also United States ex rel. (Redacted) v. (Redacted)*, 209 F.R.D. 475, 479 (D. Utah 2001) (describing common interest doctrine as "a shield to preclude waiver of the attorney-client privilege when a disclosure of confidential information is made to a third party who shares a community of interest with the represented party" (internal quotation marks and emphasis omitted)); *Cessna Fin. Corp. v. JetSuite, Inc.*, No. 18-1095, 2020 U.S. Dist. LEXIS 34195, at *4 (D. Kan.

document or testimony solely on the basis of the joint defense doctrine—absent the assertion of an underlying privilege.  Similarly, if an underlying privilege claim is improper, the joint defense doctrine is not a basis to withhold information, because it is not an independent privilege.

If Ephraim or the subpoenaed third parties withheld information based both on a properly raised privilege claim and the JDA, OLPC would need to show waiver of the underlying privilege for the joint defense doctrine to apply.  Because the joint defense doctrine is an exception or defense to waiver, without waiver, it is unnecessary to evaluate whether an exception to waiver applies.  In such a case, the underlying privilege would protect the information.[25]

This framework is provided as a backdrop for the denial of OLPC's remaining challenges.  As explained below, OLPC's challenge to Ephraim's final deposition is denied because OLPC failed to show Ephraim withheld testimony on the basis of the JDA.  OLPC's motion to compel documents from Ephraim's relevance log is denied because OLPC has not shown the requested documents are relevant.  And OLPC's

---

Feb. 28, 2020) (unpublished) (explaining the joint defense doctrine prevents waiver based on disclosure, but the proponent must first establish either attorney-client or work-product privilege).

[25] As noted above, the majority of the challenges OLPC makes are denied as untimely.  But in its motion, OLPC also largely neglects to argue waiver as to specific documents.  OLPC broadly claims "many of the documents do not qualify as privileged," and generally alleges Ephraim or the subpoenaed third parties withheld documents or testimony on the basis of the JDA in numerous instances (*see* Mot. 3, 5–6, Doc. No. 259)—while neglecting to show the asserted privileges were waived as to each document or piece of information.  Despite the fact that the JDA is irrelevant unless OLPC shows privilege was waived, OLPC only specifically challenges a few privilege claims.  (*See id.* at 7–8, 11–12.)

motion to compel documents from Dentons' privilege log is denied because OLPC did not certify it served Dentons with the motion.  Finally, OLPC's general request for information about the JDA is denied as unsupported.  In other words, even OLPC's timely-raised challenges fail.

## I.     Ephraim Olson's March 2024 Deposition

OLPC alleges Ephraim improperly withheld testimony based on the JDA in two depositions.[26]  As explained above, where OLPC's challenge to Ephraim's February 2023 deposition is untimely, only the dispute about Ephraim's final deposition is addressed on its merits.  Because OLPC has not shown Ephraim withheld any information based on the joint defense doctrine in his most recent deposition, OLPC is not entitled to additional deposition testimony from Ephraim.

By way of background, during Ephraim's initial deposition in February 2023, OLPC's counsel asked a number of questions relating to whether Ephraim provided information to Carolyn or her lawyers in connection with the "Mareva injunction" case.[27]  Ephraim's counsel objected on the grounds of attorney-client privilege and work-product protection, instructing Ephraim not to answer these questions.[28]  Upon conferral, the parties agreed to a second deposition of Ephraim for purposes of three specific

---

[26] (*Id.* at 5–6 (citing Ex. 3 to Mot., Feb. 2023 Dep. of Ephraim Olson 111:15–114:21, Doc. No. 259-3, and Ex. 10 to Mot., Mar. 2024 Dep. of Ephraim Olson 32:15–35:1, Doc. No. 259-10).)

[27] (Ex. 3 to Mot., Feb. 2023 Dep. of Ephraim Olson 111:15–114:21, Doc. No. 259-3.) Carolyn filed the Mareva injunction case in November 2020 in Alberta, Canada, seeking to obtain a "Mareva injunction" to freeze Thomas's assets.

[28] (*See id.*)

questions.[29]  After a contentious dispute during the second deposition, OLPC moved to compel a third deposition, seeking to again ask the three agreed-upon questions along with "reasonably related" questions.[30]  The court granted OLPC's motion in part, ordering Ephraim to sit for a third deposition "to answer the three agreed-upon questions and any questions that flow naturally from his responses."[31]  After yet another deposition dispute (culminating in OLPC's termination of the third deposition, in March 2024), OLPC moved for a fourth deposition, arguing Ephraim had improperly refused to answer certain "follow-up" questions—and contending OLPC should again be able to ask Ephraim the three agreed-upon questions, including the two it chose not to ask before terminating the deposition.[32]  The court denied OLPC's motion because many of OLPC's follow-up questions at the March 2024 deposition exceeded the permitted scope and OLPC affirmatively decided not to ask all the agreed-upon questions.[33]

OLPC now returns to Ephraim's March 2024 deposition, arguing Ephraim withheld testimony based on the JDA.  During this third deposition, OLPC asked

---

[29] (*See* Mem. Decision and Order Granting in Part and Den. in Part Pl.'s Short Form Disc. Mot. to Compel Dep. of Ephraim Olson 2, Doc. No. 225 ("After the deposition, the parties' counsel conferred regarding the privilege objection and stipulated to have Ephraim sit for a second deposition . . . .").)

[30] (Pl.'s Short Form Disc. Mot. to Compel Dep. of Ephraim Olson, Doc. No. 161.)

[31] (Mem. Decision and Order Granting in Part and Den. in Part Pl.'s Short Form Disc. Mot. to Compel Dep. of Ephraim Olson 6, Doc. No. 225.)

[32] (Pl.'s Second Short Form Disc. Mot. to Compel Dep. of Ephraim Olson 3, Doc. No. 260.)

[33] (*See* Mem. Decision and Order Den. Pl.'s Second Short Form Disc. Mot. to Compel Dep. of Ephraim Olson 11, Doc. No. 298 ("OLPC has had ample opportunity to 'fairly examine' Ephraim beyond the presumptive durational limits in the federal rules.").)

whether Ephraim communicated with Carolyn's lawyers through his lawyer.[34]  OLPC

claims Ephraim withheld this testimony "based on the claim of the common interest/joint

defense agreement."[35]  But the deposition transcript shows neither Ephraim nor his

counsel objected to the question on joint defense grounds.  Ephraim's counsel raised

attorney-client privilege and objected that the question exceeded the scope permitted by

the court—but did not object based on the JDA.[36]  In its reply, OLPC appears to

concede as much,[37] and instead pivots to a new argument.  OLPC argues the

communications are not protected by the attorney-client privilege and, therefore,

Ephraim *must* be withholding testimony based on the JDA.[38]

OLPC's argument fails.  As an initial matter, although OLPC broadly and

generally challenges Ephraim's privilege claims in its motion, OLPC first makes this

specific argument—that although Ephraim did not object based on the JDA, he must be

withholding on joint defense grounds—in its reply.  For this reason alone, OLPC's

---

[34] (Ex. 10 to Mot., Mar. 2024 Dep. of Ephraim Olson 32:15–16, Doc. No. 259-10.)

[35] (Mot. 5, Doc. No. 259.)

[36] (*See* Ex. 10 to Mot., Mar. 2024 Dep. of Ephraim Olson 32:15–35:1, Doc. No. 259-10.)

[37] (Reply 17, Doc. No. 293 ("Ephraim's counsel instructed him not to answer, citing relevance and privilege.").)

[38] (*See id.* ("[W]hether Ephraim communicated to Dentons through third parties, and even his lawyers, is not privileged. . . . But even if the fact of communicating with Carolyn's lawyers were somehow privileged, the only legitimate ground for objecting on that basis would be the existence of a joint defense between Ephraim and Carolyn (and their lawyers).").)

argument fails; arguments cannot be raised for the first time in a reply.[39]  Moreover,

OLPC's claim that Ephraim withheld testimony on joint defense grounds is speculative

where Ephraim did not object on that basis.  And more foundationally, OLPC's privilege

challenge fails because OLPC has not shown Ephraim improperly asserted privilege.

As stated above, OLPC's counsel asked Ephraim whether he communicated with

another firm through his own lawyer.[40]  Ephraim's counsel instructed Ephraim to

"answer to the extent you are able without divulging attorney-client communications."[41]

OLPC does not explain how this constitutes an improper instruction.

Finally, OLPC does not challenge the grounds for Ephraim's ultimate refusal to

answer the question: his counsel's objection that the question exceeded the limited

scope permitted by the court's order.  After Ephraim's counsel instructed him to answer

to the extent he could without revealing privileged communications, Ephraim asked

OLPC's counsel to clarify the question.[42]  Once OLPC's counsel did so, Ephraim's

counsel instructed Ephraim not to answer because the question exceeded the scope of

---

[39] *See Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000) ("This court does not ordinarily review issues raised for the first time in a reply brief.  The reasons are obvious.  It robs the [responding party] of the opportunity to demonstrate that the record does not support [the movant's] factual assertions and to present an analysis of the pertinent legal precedent that may compel a contrary result." (internal citations omitted)).

[40] (Ex. 10 to Mot., Mar. 2024 Dep. of Ephraim Olson 32:15–16, Doc. No. 259-10.)

[41] (*Id.* at 32:17–20 ("[Y]ou can go ahead and answer, Ephraim, as long as it does not call for the disclosure of any attorney-client communications you may have had with [your lawyer]."), 33:2–3 ("You can answer to the extent you are able without divulging attorney-client communications.").)

[42] (*Id.* at 33:4–11.)

the questions permitted by the court's order.[43]  OLPC does not explain how this
objection or instruction not to answer was improper or tied to the JDA.  Indeed, the court
later found many of OLPC's questions at the third deposition did exceed the permitted
scope.[44]

   For all these reasons, OLPC has not shown it should be permitted a fourth
opportunity to depose Ephraim.  The motion is denied to the extent it seeks additional
deposition testimony from Ephraim.

## II.   Ephraim's Relevance Log

   OLPC next seeks to compel Ephraim to produce documents listed on his
relevance log which postdate the filing of this lawsuit.  As an initial matter, this challenge
appears to be untimely.  According to OLPC's motion, Ephraim produced the log in
June 2023—nearly ten months before OLPC filed its motion.[45]  Even giving OLPC the
benefit of the doubt on timeliness (where Ephraim was ordered to produce some
documents from the log in December 2023),[46] OLPC's motion fails.  As noted in

---

[43] (*Id.* at 33:16–20 ("I don't think it goes toward the relaying of documents or information
with respect to the Mareva Injunction.  So on second and third thought, I'm not going to
allow you to answer, Ephraim.").)

[44] (*See* Mem. Decision and Order Den. Pl.'s Second Short Form Disc. Mot. to Compel
Dep. of Ephraim Olson 9, Doc. No. 298 ("The questions Ephraim's counsel instructed
him not to answer fell outside the scope of the deposition permitted in the prior order.").)

[45] (*See* Mot. 6, Doc. No. 259.)

[46] (*See* Mem. Decision and Order Granting in Part and Den. in Part Pl.'s Third Short
Form Disc. Mot. to Compel Produc. of Docs. on Privilege Log 17, Doc. No. 228.)

previous orders, OLPC has not shown documents postdating this suit are relevant.[47]
Accordingly, OLPC's motion is denied to the extent it seeks to compel Ephraim to
produce additional documents from his relevance log.

### III.    Dentons' Privilege Log

Finally, OLPC seeks to compel the Dentons law firm (Carolyn's lawyers in other
lawsuits) to produce hundreds of documents from a privilege log submitted in response
to OLPC's subpoena.[48]  Dentons did not respond to OLPC's motion.  OLPC contends
the court should construe Dentons' "failure to respond as non-opposition or as an
admission that the motion was meritorious."[49]  But Dentons is not a party to this case,
and the court record does not show OLPC served Dentons with its motion.  Moreover, it
is unclear from OLPC's motion that Dentons (which OLPC suggests is a Canadian law

---

[47] (*See* Mem. Decision and Order Granting in Part and Den. in Part Pl.'s Short Form
Disc. Mot. Regarding Def.'s Privilege Log 4, Doc. No. 95 (limiting the relevant time
period for the underlying discovery request to the period before the filing of this lawsuit);
Mem. Decision and Order Granting in Part and Den. in Part Pl.'s Third Short Form Disc.
Mot. to Compel Produc. of Docs. on Privilege Log 11, Doc. No. 228 (holding documents
postdating the filing of this lawsuit "are not responsive to [the underlying discovery
request], as limited by the court's prior order"); Mem. Decision and Order Den. Pl.'s Mot.
to Compel Produc. of Docs. Through Dec. 2023 4, Doc. No. 297 (denying motion to
compel documents postdating this lawsuit because "OLPC provides no new information
suggesting Ephraim has 'continued to use and share' the confidential documents after
the filing of this case").)

[48] (*See* Mot. 6, Doc. No. 259 (citing Ex. 9 to Mot., Dentons Revised Privilege Log, Doc.
No. 259-9).)

[49] (Reply 7, Doc. No. 293 (internal quotation marks omitted).)

firm)[50] is subject to jurisdiction or subpoena power in this district.[51]  Because OLPC

failed to certify service on Dentons[52] and failed to explain the basis of the court's

authority to order relief from Dentons, OLPC's motion is denied to the extent it seeks to

compel Dentons to produce additional documents.[53]

## IV.    OLPC's Other Arguments

In addition to its arguments that Ephraim and the third parties improperly withheld

information based on the JDA, OLPC seeks to compel Ephraim to disclose "relevant,

nonprivileged facts about the JDA—its effective date, the date it was signed, the parties,

and scope."[54]  This is "because OLPC is entitled to sufficient information to evaluate the

---

[50] (Mot. 4, Doc. No. 259 (stating "the Dentons law firm [are] Carolyn Olson's lawyers in the actions filed in Canada and Cook Islands").)

[51] *See* Fed. R. Civ. P. 45(b)(2) (providing for service of a subpoena "within the United States"); *see also Gucci Am. v. Bank of China*, 768 F.3d 122, 141 (2d Cir. 2014) ("A district court [] must have personal jurisdiction over a nonparty in order to compel it to comply with a valid discovery request under Federal Rule of Civil Procedure 45."). Although the existence of Dentons' privilege log seems to suggest Dentons agreed to produce documents, no one has addressed the court's jurisdiction or authority over the subpoena at issue.

[52] (*See* Mot. 20, Doc. No. 259 (noting the motion was served on "all counsel of record who have appeared in this case via the Court's e-filing system").)  Dentons has not appeared in this case.

[53] *See Knight v. Kansas*, No. 92-3363, No. 92-3370, 1993 U.S. App. LEXIS 21951, at *8 n.1 (10th Cir. Aug. 27, 1993) (unpublished) (noting "the failure to serve a party provides grounds for denial of the motion"); *T&H Landscaping, LLC v. CO. Structures, Inc.*, No. 06-cv-00891, 2007 U.S. Dist. LEXIS 9845, at *2 (D. Colo. Feb. 12, 2007) (unpublished) (noting Plaintiffs' motions for contempt for failure to respond to subpoena "were denied for failure to serve the motions on the respective non-parties"); *Cuthbertson v. Excel Indus.*, 179 F.R.D. 599, 602 (D. Kan. 1998) ("When a motion is filed requesting relief against [a] non-party, he is entitled to be served with a copy of the motion in order that a proper response may be filed on his behalf.").

[54] (Mot. 9, Doc. No. 259.)

claimed privilege."[55]  But where OLPC has failed to make a timely challenge showing any party withheld documents or information based on the JDA, the JDA is irrelevant to any privilege claims.

Finally, OLPC argues that even if the information and documents it seeks are privileged, "as a matter of policy and equity, Ephraim and the Third Parties should not be permitted to use the [JDA] to shield ongoing wrongdoing."[56]  While OLPC does not identify the relief it seeks in relation to this argument, it cites a case where a court vitiated attorney-client privilege based on the crime-fraud exception.[57]  And it cites a case where a bankruptcy court gave no effect to a JDA which purported to preserve privilege in later adverse proceedings, finding it would be unfair and invite collusion in the bankruptcy context.[58]  But OLPC has not established the crime-fraud exception applies here.  Nor has it made timely challenges to privilege claims.  And whether Ephraim wrongfully converted OLPC's documents is the central—and as yet, undecided—issue in this lawsuit.  Finally, "as a matter of policy and equity," the untimeliness of OLPC's motion warrants denial, as explained above.  Accordingly, to the

---

[55] (*Id.* (citing Fed. R. Civ. P. 26(b)(5)(A)).)

[56] (*See id.* at 17–18.)

[57] (*See id.* at 17 (citing *In re Grand Jury Subpoenas*, 144 F.3d 653, 660 (10th Cir. 1998)).)

[58] (*See id.* at 17–18 (citing *In re Ginn-LA St. Lucie Ltd., LLLP*, 439 B.R. 801, 807 (Bankr. S.D. Fla. 2010)).)

extent OLPC seeks relief from the court in section II.E[59] of its motion, OLPC's motion is denied.

## ATTORNEYS' FEES

The final remaining issue is attorneys' fees.  OLPC requested an award attorneys' fees incurred in bringing its motion, and each responding party requested an award of fees incurred in responding to the motion.[60]  As explained below, OLPC's fee request is denied and the responding parties' fee requests are granted.

Rule 37(a)(5)(B) of the Federal Rules of Civil Procedure provides that if a motion to compel is denied, the court:

> *must*, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.[61]

Here, all the requirements for ordering OLPC to pay the responding parties' fees are met.  First, OLPC's motion is denied.  Second, where the responding parties raised fee requests in their opposition briefs, OLPC had an opportunity to be heard by filing a reply

---

[59] (*Id.*)

[60] (*See id.* at 1; Carolyn/Burton Opp'n 2–3, Doc. No. 264; Ephraim Opp'n 2, Doc. No. 265; Kukharuk Opp'n 2–3, Doc. No. 269; Isaiah Opp'n 2–3, Doc. No. 270; Kuendig Opp'n 5, Doc. No. 287.)

[61] Fed. R. Civ. P. 37(a)(5)(B) (emphasis added).  Rule 37's fee provisions apply to nonparties.  *See, e.g.*, *Vitale & Assocs., LLC v. Lowden*, No. 2:12-cv-1400, 2014 U.S. Dist. LEXIS 61391, at *12 (D. Nev. May 2, 2014) (unpublished) (ordering the plaintiff to pay a responding nonparty's fees under Rule 37(a)(5)(B) where the plaintiff's motion to compel documents from that nonparty was denied); *Webb v. County of Stanislaus*, No. 2:21-mc-00696, 2022 U.S. Dist. LEXIS 78387, at *7 (D. Utah Apr. 29, 2022) (unpublished) (ordering a nonparty to pay the plaintiff's fees under Rule 37(a)(5)).

brief.[62]  Third, OLPC's motion was not substantially justified, and no other

circumstances make a fees award unjust.  "The Supreme Court has described the test

of 'substantially justified' under Rule 37 as 'a genuine dispute or if reasonable people

could differ as to the appropriateness of the contested action.'"[63]  Accordingly, "[t]o

avoid an attorney-fee award, the moving party must show that its motion had a

'reasonable basis both in law and fact.'"[64]

Here, OLPC's motion lacks reasonable basis.  The majority of OLPC's

challenges are significantly untimely, violating this district's local rules regarding prompt

resolution of discovery disputes and contravening well-established timeliness

standards.[65]  Moreover, OLPC made broad and general claims which it failed to support

with specific examples.  For instance, although OLPC argued Ephraim withheld

deposition testimony based on the joint defense doctrine, OLPC never cited any

testimony in support of this argument, and a review of the deposition transcript reveals

---

[62] *See Booker v. P.A.M. Transp. Inc.*, No. 2:23-cv-18, 2024 U.S. Dist. LEXIS 6388, at *7 (D.N.M. Jan. 11, 2024) (unpublished) ("Defendants had an opportunity to respond to Plaintiff's request for fees since Plaintiff raised the issue in response to Defendants' Motion to Compel."); *Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1230 (10th Cir. 2015) ("[A]n opportunity to be heard does not require an oral or evidentiary hearing on the issue; the opportunity to fully brief the issue is sufficient to satisfy due process requirements.").

[63] *Lester v. City of Lafayette*, 639 F. App'x 538, 542 (10th Cir. 2016) (unpublished) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

[64] *Id.* at 541.

[65] *See supra* section titled "Untimeliness of OLPC's Motion."  For example, Carolyn's and Ms. Burton's depositions occurred twenty-one months before OLPC's motion, Ephraim's initial deposition occurred fourteen months before the motion, and Isaiah's and Mr. Kukharuk's depositions occurred eleven months before the motion.

Ephraim did not rely on the JDA to withhold testimony.[66]  And OLPC raised a number of new arguments in its reply, also in violation of well-established principles.[67]  Finally, despite failing to even serve its motion on Dentons (a nonparty), OLPC argued Dentons' nonresponse should be construed "as nonopposition or as an admission that the motion was meritorious."[68]

Where OLPC's arguments are not substantially justified and no circumstances have been presented making a fee award unjust, the court must require OLPC to pay the responding parties' fees under Rule 37.  Accordingly, OLPC is ordered to pay Carolyn, Ms. Burton, Ephraim, Mr. Kukharuk, Isaiah, D&K, and Ms. Kuendig their reasonable expenses and fees incurred in opposing the motion.[69]  OLPC and these responding parties are ordered to meaningfully meet and confer in good faith within fourteen days regarding the amount of the fee award.  If the parties are unable to agree on the amount, the responding parties may file a motion for fees within fourteen days of the conferral.

---

[66] *See supra* section I.

[67] *See Stump*, 211 F.3d at 533.

[68] (Reply 7, Doc. No. 293 (internal quotation marks omitted).)

[69] Because Dentons did not file a response, OLPC need not pay Dentons any fees.  *See* Fed. R. Civ. P. 37(a)(5)(B) (requiring payment of fees only to "part[ies] or deponent[s] who opposed the motion").

<u>CONCLUSION</u>

OLPC's motion[70] is denied in its entirety.  As to Carolyn, Ms. Burton, Ephraim, Mr. Kukharuk, Isaiah, D&K, and Ms. Kuendig, the motion is denied because the challenges are untimely.  And the motion is denied as to Dentons because OLPC failed to serve Dentons.  Where OLPC's motion is denied in full, OLPC must pay the responding parties' reasonable fees and expenses incurred in opposing the motion.

DATED this 20th day of August, 2024.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[70] (Doc. No. 259.)