UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| OL PRIVATE COUNSEL, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>EPHRAIM OLSON, an individual,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART KUENDIGS' MOTION FOR COST OF COMPLIANCE WITH SUBPOENA (DOC. NO. 286)**<br><br>Case No. 2:21-cv-00455<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

In this action, OL Private Counsel, LLC ("OLPC") alleges its former employee, Ephraim Olson, misappropriated OLPC's confidential client documents and shared them with his mother, Carolyn Olson, and/or her attorneys.[1] OLPC claims Carolyn used the misappropriated documents in litigation against Ephraim's father, Thomas Olson—who is OLPC's sole member/managing partner.[2]

During the fact discovery period, OLPC served subpoenas on Carolyn Olson's lawyer and law firm—nonparties Dodd & Kuendig ("D&K") and Patricia Kuendig (collectively, "the Kuendig nonparties")—seeking documents and a deposition of Ms.

---

[1] (See Ex. C to Notice of Removal, First Am. Compl., Doc. No. 2-2 at 35–52.)

[2] (See id.)

1

Kuendig.[3]  The Kuendig nonparties produced documents and a privilege log in response to the subpoena, but objected to a deposition of Ms. Kuendig.[4]  In response, OLPC filed a motion to compel Ms. Kuendig to sit for a deposition and to require D&K to produce additional documents or an updated privilege log.[5]  The court granted OLPC's motion in part, ordering D&K to produce responsive documents or an adequate privilege log, and ordering Ms. Kuendig to provide deposition dates.[6]

The Kuendig nonparties have now filed a motion under Rule 45(d)(2)(B)(ii) of the Federal Rules of Civil Procedure, seeking reimbursement of the "significant expenses" they incurred in complying with the court's order.[7]  Specifically, the Kuendig nonparties

---

[3] (*See* Mem. Decision and Order Granting in Part Pl.'s Mot. Regarding Dodd & Kuendig, LLP's Doc. Produc. and Privilege Log, and Patricia Kuendig's Dep.; and Den. Ms. Kuendig's Mot. for Protective Order ("Order re Kuendig Subpoenas") 3, Doc. No. 195.) The Kuendig nonparties represent Carolyn Olson, another nonparty, in a divorce case against Thomas Olson (the member/manager of the plaintiff company in this case). (*See id.* at 3.)

[4] (*Id.* at 3–4.)

[5] (*See* OLPC's Short Form Disc. Mot. Regarding Dodd & Kuendig LLP's Doc. Produc. and Privilege Log, and Dep. of Patricia Kuendig, Doc. No. 186.)

[6] (*See* Order re Kuendig Subpoenas 19–20, Doc. No. 195.)  The court denied OLPC's motion as to one request for production.  (*See id.* at 11–13.)  Ms. Kuendig also filed a separate motion seeking a protective order "barring or limiting" OLPC from taking her deposition, pursuant to *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986).  (*See* Patricia Kuendig's Mot. for Protective Order 1, Doc. No. 188.)  The court denied the motion, finding the *Shelton* factors inapplicable where Ms. Kuendig does not represent a party in this case.  (*See* Order re Kuendig Subpoenas 15–19, Doc. No. 195.)

[7] (Kuendigs' Rule 45(d)(2)(B)(ii) Mot. for Cost of Compliance With Subpoena ("Mot."), Doc. No. 286); *see also* Fed. R. Civ. P. 45(d)(2)(B)(ii) (providing a court "must protect" a nonparty from "significant expense resulting from compliance" with an order to compel production).

seek $2,762.50 in costs associated with Ms. Kuendig's deposition, and $9,100 in costs associated with document and privilege log production, for a total of $11,862.50.[8] These costs are based on Ms. Kuendig's $325 hourly rate as an attorney.[9]

OLPC contends the Kuendig nonparties are not entitled to costs because their motion misconstrues Rule 45 in several ways.[10]  First, OLPC argues Ms. Kuendig cannot claim her hourly billing rate for deposition time because Rule 45(b)(1) and federal law provide uniform fees for depositions.[11]  As for the document production, OLPC contends (i) Rule 45(d)(2)(B)(ii) only permits reimbursement of *expenses* incurred, not reimbursement for *time*; (ii) the Kuendig nonparties have not demonstrated these costs are reasonable; and (iii) Rule 45 only permits recovery of attorney fees as a sanction for imposing an undue burden or expense through a subpoena, and OLPC's subpoenas were not unduly burdensome.[12]

## ANALYSIS

Rule 45(d)(2)(B)(ii) of the Federal Rules of Civil Procedure requires courts to protect nonparties from any "significant expense" resulting from compliance with orders

---

[8] (*See* Mot. 4, Doc. No. 286.)

[9] (*Id.*)

[10] (Opp'n to Kuendigs' Rule 45(d)(2)(B)(ii) Mot. for Cost of Compliance With Subpoena ("Opp'n") 3–6, Doc. No. 292.)

[11] (*Id.* at 5–6.)

[12] (*Id.* at 4–5.)

3

to compel production.[13] Applying this principle, the Kuendig nonparties' motion is granted in part and denied in part—Rule 45(d)(2)(B)(ii) entitles the Kuendig nonparties to reimbursement of the significant expense incurred in producing documents pursuant to the court's order, but the Kuendig nonparties have not shown entitlement to reimbursement of deposition costs.

### I.  Deposition expenses

The Kuendig nonparties seek reimbursement for the eight and a half hours Ms. Kuendig spent traveling to and attending her deposition, at Ms. Kuendig's hourly billing rate of $325, for a total of $2,762.50.[14] OLPC contends Ms. Kuendig is not entitled to her billing rate for deposition attendance because federal law provides standard fees for depositions.[15] Specifically, OLPC argues Rule 45(b)(1) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1821 provide for a $40 witness fee for deponents with a mileage allowance for a single-day deposition.[16] OLPC contends these rules apply uniformly and do not permit Ms. Kuendig to seek higher fees simply because she is an attorney.[17]

---

[13] *See* Fed. R. Civ. P. 45(d)(2)(B)(ii).

[14] (*See* Mot. 4, Doc. No. 286 (seeking reimbursement for seven hours of deposition time and one and a half hours of time traveling to and from the deposition).)

[15] (Opp'n 5–6, Doc. No. 292.)

[16] (*Id.* at 6.)

[17] (*Id.* at 6 (citing *Johnson v. Standard Registrar & Transfer Co.*, No. 2:22-cv-00591, 2023 U.S. Dist. LEXIS 165950, at *21 (D. Utah Sept. 18, 2023) (unpublished)).) OLPC also notes the federal rules permit seven-hour depositions, like Ms. Kuendig's. (*See id.* (citing Fed. R. Civ. P. 30(d)(1)).)

4

The Kuendig nonparties do not identify any authority supporting their contention a salary or hourly billing rate of a deponent may qualify as a "significant expense" reimbursable under Rule 45.[18]  Nor do the Kuendig nonparties explain why Rule 45(d)(2)(B)(ii) should be read to award costs beyond those Rule 45(b)(1) provides to deponents.  As OLPC notes, Rule 45(b)(1) provides that a party serving a subpoena which requires a person's attendance must pay the attendee "the fees for 1 day's attendance and the mileage allowed by law."[19]  Ms. Kuendig is entitled to these statutorily prescribed costs, and OLPC must pay them if it has not already done so.  But the Kuendig nonparties do not provide any authority suggesting they are also entitled to Ms. Kuendig's hourly billing rate.  The Kuendig nonparties' motion is denied to the extent it seeks reimbursement for costs associated with Ms. Kuendig's deposition.

## II.   Costs associated with document production

The Kuendig nonparties also seek reimbursement (at Ms. Kuendig's hourly rate) for the twenty-eight hours Ms. Kuendig spent "identifying and reviewing documents potentially responsive to the subpoena, preparing a detailed privilege log, and in

---

[18] Indeed, courts have implied otherwise.  *Cf. United States ex rel. D'Anna v. Lee Mem'l Health Sys.*, No. 2:20-mc-00196, 2021 U.S. Dist. LEXIS 166496, at *7 (D. Utah Sep. 1, 2021) (unpublished) (noting "[t]ypically, a significant expense is evident when a non-party is required to produce substantial documents or electronically stored information," but "[a]ppearing to testify at a deposition . . . is not a significant expense" (citing *Rhea v. Apache Corp.*, 833 F. App'x 186, 191 (10th Cir. 2020) (unpublished))).

[19] Fed. R. Civ. P. 45(b)(1).  Rule 45(b)(1) attendance and mileage fees are set by 28 U.S.C. § 1821(b) and 28 U.S.C. § 1821(c).

5

producing additional documents per this Court's order"—for a total of $9,100.[20]  OLPC argues the Kuendig nonparties fail to satisfy Rule 45's requirements for three reasons. First, OLPC contends Rule 45(d)(2)(B)(ii) "does not extend to opportunity costs such as claims for lost earnings."[21]  OLPC argues Ms. Kuendig's expense reflects only an opportunity cost from Ms. Kuendig's choice to use her own time to respond to the subpoenas.[22]  Second, OLPC argues the Kuendig nonparties have not demonstrated the time spent was reasonable.[23]  OLPC contends it was unreasonable for Ms. Kuendig to personally review, prepare, and produce the documents and privilege log "instead of delegating these tasks to a lower-rate attorney or staff member."[24]  Third, OLPC contends Rule 45 only permits an award of lost earnings and attorney fees as a sanction for imposing an undue burden or expense through a subpoena, and such a sanction would be improper here.[25]

Each of OLPC's arguments fails.  First, OLPC's attempt to distinguish between "time" and "expense" is beside the point.  Ms. Kuendig spent twenty-eight hours on document review and production—that Ms. Kuendig did this work herself instead of

---

[20] (Mot. 3–5, Doc. No. 286.)

[21] (Opp'n 3–4, Doc. No. 292.)

[22] (*See id.* at 4.)

[23] (*Id.* at 4–5.)

[24] (*Id.*)

[25] (*Id.* at 5 (citing Fed. R. Civ. P. 45(d)(1).)

paying outside counsel to do it does not mean Ms. Kuendig did not incur expense.[26] In fact, given Ms. Kuendig's familiarity with the documents (which relate to her cases), it likely would have cost more for outside counsel to perform the document review.[27] Ms. Kuendig is not precluded from seeking fees under Rule 45(d)(2)(B)(ii) simply because she completed the work herself.

Second, the Kuendig nonparties' request is reasonable.[28] OLPC summarily argues Ms. Kuendig "has not demonstrated that the time spent was reasonable," and she should have delegated document review and production to a junior staff member rather than completing it herself.[29] But this argument ignores the Kuendig nonparties' legitimate justification: Ms. Kuendig did not delegate these tasks because of "the seriousness of the attorney-client privilege, the hotly contested nature of this litigation, and the fact that OLPC had specifically demanded [Ms.] Kuendig's deposition along with

---

[26] *See, e.g.*, *In re Loeb & Loeb LLP*, 2019 U.S. Dist. LEXIS 97896, at *15 (S.D.N.Y. June 11, 2019) (unpublished) (shifting costs where the subpoenaed nonparty was a law firm "with the means to review efficiently the documents at issue, including, if [the nonparty] so elects, through deploying in-house legal staff to this exercise," because the nonparty's "use of its employees to undertake the search, review, and production of responsive documents unavoidably works an opportunity cost on [the nonparty] as a functioning law firm").

[27] *See In re Aggrenox Antitrust Litig.*, No. 3:14-md-02516, 2017 U.S. Dist. LEXIS 172231, at *33–35 (D. Conn. Oct. 18, 2017) (unpublished) (reducing expense award where subpoenaed nonparty incurred "unnecessary" costs by hiring third parties to review documents instead of using "its own employees to respond to the subpoena").

[28] *See Michael Wilson & Partners v. Sokol Holdings*, 520 F. App'x 736, 739 (10th Cir. 2013) (unpublished) (noting Rule 45(d)(2)(B)(ii) only permits recovery of "reasonable" expenses).

[29] (Opp'n 4–5, Doc. No. 292.)

the subpoena."[30]  Given Ms. Kuendig's familiarity with the documents and pending deposition, it was reasonable for Ms. Kuendig to personally complete these tasks.[31]

Finally, it is incorrect to say Rule 45 only permits awards of lost earnings and attorney's fees as a sanction for serving an unduly burdensome subpoena.  Rule 45(d) provides two paths to fee recovery.  First, under Rule 45(d)(1), if a party serving a subpoena imposes an "undue burden or expense on a person subject to the subpoena," the court may award fees.[32]  Second, Rule 45(d)(2)(B)(ii) protects a nonparty from any "significant expense" incurred in complying with an order to produce discovery.[33]  Where the Kuendig nonparties seek recovery of their "significant expense" under Rule 45(d)(2)(B)(ii), they need not show undue burden or otherwise rely on Rule 45(d)(1).[34]  Moreover, courts regularly award attorney's fees under Rule 45(d)(2)(B)(ii).[35]

In sum, Rule 45(d)(2)(B)(ii) entitles the Kuendig nonparties to the $9,100 they incurred in complying with the order compelling them to produce documents, as this

---

[30] (Mot. 4, Doc. No. 286.)

[31] Additionally, Ms. Kuendig's $325 hourly rate is reasonable.  *See JTP Recovery Servs., Inc. v. Hilti, Inc.*, No. 2:19-cv-00738, 2022 U.S. Dist. LEXIS 208267, at *5 (D. Utah Nov. 15, 2022) (unpublished) ("Counsel's fees were less than $350 per hour, which is a reasonable rate for Salt Lake City.").

[32] Fed. R. Civ. P. 45(d)(1).

[33] Fed. R. Civ. P. 45(d)(2)(B)(ii).

[34] *See Rhea*, 833 F. App'x 190–91 (holding district court erred by framing its Rule 45(d)(2)(B)(ii) analysis "in terms of undue burden, rather than significant expense" (quoting *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013))).

[35] *See, e.g.*, *Michael Wilson & Partners*, 520 F. App'x at 741 (affirming district court's award of attorney's fees as "significant expense" under 45(d)(2)(B)(ii)).

reflects a "significant expense."[36] OLPC's arguments to the contrary fail. OLPC is ordered to reimburse the Kuendig nonparties $9,100 within fourteen days.[37]

## CONCLUSION

The Kuendig nonparties' motion[38] is granted in part and denied in part: The Kuendig nonparties are awarded the expenses they incurred in producing documents, but they have not established entitlement to deposition costs beyond statutorily prescribed fees. OLPC is ordered to reimburse the Kuendig nonparties $9,100 within fourteen days.

DATED this 20th day of November, 2024.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[36] Courts typically apportion fees between the subpoenaing party and the nonparty under this rule, such that any remaining expense borne by the nonparty is "non-significant." *See, e.g.*, *Prairie Walk Condo. Ass'n v. Am. Ins. Co.*, No. 22-cv-00870, 2022 U.S. Dist. LEXIS 233941, at *7–9 (D. Colo. Dec. 30, 2022) (unpublished). However, OLPC did not argue any cost reimbursement should be apportioned. Nor did OLPC address the factors relevant to an apportionment evaluation. *See id.* (describing apportionment factors). Where any partial shifting of costs would require pure speculation (due to the lack of substantive argument) the costs are apportioned fully to OLPC.

[37] The Kuendig nonparties also ask the court to allow them to "supplement" their request for costs if "further actions associated with compliance are ordered by the Court or demanded by OLPC." (Mot. 5, Doc. No. 286.) If the Kuendig nonparties incur additional "significant expense" in complying with the court's order, they may file a new motion seeking payment of those expenses.

[38] (Doc. No. 286.)