# EXHIBIT 1

# EXHIBIT 1

David J. Jordan (1751)
Mark E. Hindley (07222)
Jordan C. Hilton (17506)
STOEL RIVES LLP
201 S. Main Street, Suite 1100
Salt Lake City, UT  84111
Telephone:  801.328.3131
david.jordan@stoel.com
mark.hindley@stoel.com
jordan.hilton@stoel.com

*Attorneys for OL Private Counsel, LLC*

**IN THE THIRD JUDICIAL DISTRICT COURT IN AND FOR
SALT LAKE COUNTY, STATE OF UTAH**

| | |
|---|---|
| OL PRIVATE COUNSEL, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>EPHRAIM OLSON, a Utah resident,<br><br>Defendant. | **COMPLAINT AND JURY DEMAND**<br><br>Civil No. _____<br><br>The Honorable _____<br><br>Tier 3 |

Plaintiff OL Private Counsel ("OLPC" or "Plaintiff") hereby complains against defendant Ephraim Olson ("Defendant") and for its causes of action alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. OLPC is a Utah limited liability company.

2. Ephraim Olson is an attorney licensed to practice law in the State of Utah and a resident of Salt Lake County, Utah.

3. This Court has jurisdiction over this matter pursuant to Utah Code Ann. § 78A-5-102.

4. Venue lies in this Court pursuant to Utah Code Ann. § 78B-3-307.

108662587.6 0073311-00001

## GENERAL ALLEGATIONS

### Plaintiff Owns and Protects Its Confidential Documents

5. OLPC is a law firm based in Utah.

6. OLPC associates with and serves clients in common with OL Private Corporate Counsel International Ltd., ("OLPCCI") and International Tax Counsel Ltd. ("ITC").

7. As a law firm, and as a result of its association with OLPCCI and ITC, OLPC owns and possesses many confidential documents ("Confidential Documents"). These Confidential Documents include but are not limited to client documents such as trust and tax documents.

8. Plaintiff secures its Confidential Documents in its offices, electronically stores such documents on password-protected, encrypted servers, and limits access to its Confidential Documents.

9. Plaintiff also requires staff and employees to execute an employment agreement that strictly prohibits the employee or staff member from sharing OLPC's Confidential Documents. The confidentiality obligations in such agreements last indefinitely.

### Defendant Agrees to Maintain Confidential Documents in Strict Confidence

10. Defendant is a lawyer and a member of the Utah State Bar.

11. Defendant was employed as an attorney with OLPC from approximately 2015 until approximately June 2019.

12. As an employee of OLPC, Defendant helped draft and enforce OLPC's general staff agreement form, which OLPC executed with its staff. The form staff agreement prohibited a staff member or employee from disclosing OLPC's Confidential Documents—including client information—both during and after his or her work for OLPC.

13. Having assisted with drafting OLPC's form employment agreement, Defendant was, at all relevant times, aware of OLPC's express requirement that all staff and employees maintain all Confidential Documents—including client information—in strict confidence.

14. Defendant agreed with OLPC that, as a condition of his employment with OLPC, Defendant would maintain all the Confidential Documents in strict confidence both during and after his employment with OLPC ("Employment Agreement").

15. As an attorney employed with Plaintiff, Defendant owed Plaintiff a fiduciary duty, which included, at a minimum, a duty to maintain Plaintiff's confidential information in strict confidence and a duty of honest and ethical behavior.

16. Moreover, beyond any contractual and fiduciary obligations, Defendant had independent ethical obligations under the Utah Rules of Professional Conduct to maintain confidentiality. Specifically, as a member of the Utah State Bar, Defendant is subject to Rule 1.6 of the Utah Rules of Professional Conduct, which states that "[a] lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent."

17. As a member of the Utah State Bar, Defendant is also subject to Rule 1.9(c) of the Utah Rules of Professional Conduct, which states that "[a] lawyer who has formerly represented a client in a matter . . . shall not thereafter: (c)(1) use information relating to the representation to the disadvantage of the former client . . . or (c)(2) reveal information relating to the representation" except as the rules of professional conduct allow.

18. As a member of the Utah State Bar, Defendant is additionally subject to Rule 8.4 of the Utah Rules of Professional Conduct, which provides that a lawyer shall not "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

19. At all relevant times, Defendant has been aware of his ethical obligations under the Utah Rules of Professional Conduct.

**Defendant Accesses Plaintiff's Confidential Documents Without Justification**

20. Defendant's employment with OLPC ceased in June 2019.

21. When Defendant's employment with OLPC ceased, OLPC blocked Defendant's access to OLPC's Confidential Documents and removed Defendant's login credentials from OLPC's computer network. By August 2019, Defendant no longer had access to OLPC's (or ITC's or OLPCCI's) offices or servers.

22. On or around June 2020, Defendant devised a scheme to wrongfully access Plaintiff's Confidential Documents, in violation of Defendant's contractual obligations, ethical and fiduciary duties, and Plaintiff's express company policies.

23. Upon information and belief, Defendant sought such Confidential Documents in connection with an ongoing dispute between Defendant's father, Thomas Olson, and Defendant's mother, Carolyn Olson (the "Marital Dispute").

24. On or around June 2020, Defendant, through a secure application called "Telegram," began messaging a former employee of ITC ("Former Employee"). The Former Employee had left ITC's employ in May 2020.

25. As an employee of ITC, the Former Employee had executed an employment agreement ("ITC Employment Agreement"), which prohibited the Former Employee from at any time sharing, disclosing, copying, or otherwise disseminating any confidential information to which he had access as a result of the Former Employee's employment with ITC.

26. At all relevant times, Defendant was aware of the Former Employee's confidentiality obligations under the ITC Employment Agreement.

108662587.6 0073311-00001

27. During his employment with ITC, the Former Employee had access to OLPC's Confidential Documents. After he left ITC's employ, the Former Employee improperly and wrongfully retained electronic access to certain Confidential Documents.

28. On June 12, 2020, despite Defendant's knowledge of the ITC Employment Agreement and its prohibition against the disclosure of confidential information, his fiduciary duties to Plaintiff, and his ethical obligations as a Utah attorney, Defendant messaged the Former Employee on Telegram and asked whether the Former Employee had any information relevant to the Marital Dispute. The Former Employee responded that he had downloaded many of Plaintiff's Confidential Documents onto his phone and still had access to such Documents.

29. After the Former Employee confirmed that he had Plaintiff's Confidential Documents, Defendant asked the Former Employee to transmit those files to Defendant, which the Former Employee did.

30. After receiving those wrongly transferred Confidential Documents, Defendant accessed, copied, and possessed such documents.

31. Defendant had no authorization, right, or justification to access, copy, or possess Plaintiff's Confidential Documents.

### Defendant Shares Plaintiff's Converted Documents with Others

32. After wrongfully obtaining Plaintiff's Confidential Documents, Defendant began sharing such information with others, including Carolyn Olson.

33. For example, on or before June 18, 2020, Defendant communicated to Carolyn Olson that the Former Employee had Plaintiff's Confidential Documents. Defendant also provided Carolyn Olson with contact information for the Former Employee and assisted Carolyn Olson to obtain the Confidential Documents from the Former Employee.

34. As a direct result of Defendant's conduct, the Former Employee and Defendant shared Confidential Documents with Carolyn Olson (together with the Confidential Documents Defendant obtained from the Former Employee, the "Converted Documents").

35. The Converted Documents that Defendant, in conjunction with the Former Employee, shared with Carolyn Olson are highly sensitive and confidential. Such documents include asset protection trusts, whose value to Plaintiff's clients is dependent, in part, on the extent such documents remain confidential.

### Defendant Intends to Share Additional Confidential Information in Violation of His Contractual, Fiduciary, and Ethical Duties

36. Upon information and belief, in addition to misappropriating and sharing the Converted Documents, Defendant continues to share further Confidential Documents regarding Plaintiff and Plaintiff's clients.

37. Plaintiff is aware of documents and/or information that, upon information and belief, Defendant has which, if published, would reveal confidential business relationships, business practices, revenue information, and corporate structures related to Plaintiff's business, all of which Defendant obtained or learned of while employed with OLPC.

### FIRST CAUSE OF ACTION
(Conversion)

38. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of the Complaint, as though fully set forth herein.

39. Plaintiff is the rightful owner of its Confidential Documents, including the Converted Documents.

40. By encouraging, enticing, conspiring, and working with the Former Employee to transmit the Converted Documents to Defendant and to other third parties, and by copying,

retaining, and sharing the Converted Documents, Defendant willfully interfered with Plaintiff's rights to sole use and possession of its Confidential Documents. For example, Defendant's actions interfered with Plaintiff's rights to restrict access to, and dissemination of, its Confidential Documents.

41. Defendant has no right or justification to take the Converted Documents or to assist third parties to wrongfully obtain the Converted Documents.

42. The Converted Documents derive a significant portion of their value by remaining confidential. Defendant's actions to misappropriate, and then share, the Converted Documents have caused the Converted Documents to decrease in value and usefulness.

43. Defendant's actions to misappropriate and then share the Converted Documents violate numerous Utah Rules of Professional Conduct. For example:

   a. Defendant's actions to convert and then share the Converted Documents violate Rule 1.6 of the Utah Rules of Professional Conduct, which states that "[a] lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent."

   b. Defendant's actions to convert and then share the Converted Documents violate Rule 1.9(c) of the Utah Rules of Professional Conduct, which states that "[a] lawyer who has formerly represented a client in a matter . . . shall not thereafter: (c)(1) use information relating to the representation to the disadvantage of the former client . . . or (c)(2) reveal information relating to the representation" except as the rules of professional conduct allow.

   c. Defendant's actions to convert and then share the Converted Documents violate Rule 8.4 of the Utah Rules of Professional Conduct, which states that a lawyer shall not "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

44. Defendant's actions to convert, share, and assist others to convert the Converted Documents were willful, malicious, and made with reckless disregard for Plaintiff's rights in the Converted Documents.

45. As a direct result of Defendant's willful and malicious conversion of the Converted Documents, Defendant is liable to Plaintiff: (i) for actual damages in an amount to be determined at trial, but not less than $500,000; and (ii) for punitive damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
**(Breach of Contract)**

46. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of the Complaint, as though fully set forth herein.

47. Defendant entered into the Employment Agreement with OLPC that, as a condition of his employment with OLPC, Defendant would indefinitely maintain all the Confidential Documents in strict confidence.

48. At all times, OLPC has performed its obligations under the Employment Agreement.

49. Defendant breached the Employment Agreement by intentionally disclosing the Converted Documents to third parties.

50. As a direct and proximate result of Defendant's breaches of the Employment Agreement, Plaintiff has suffered damages in an amount to be proven at trial, but not less than $500,000.

108662587.6 0073311-00001

## THIRD CAUSE OF ACTION
### (Intentional Interference with Economic Relations)

51. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of the Complaint, as though fully set forth herein.

52. By encouraging, enticing, and conspiring with the Former Employee to share the Converted Documents with him, and by encouraging others to obtain Converted Documents from the Former Employee, Defendant intentionally interfered with Plaintiff's existing and potential economic relations, including but not limited to its relationships with its clients.

53. Defendant's intentional encouragement to, enticement of, and conspiracy with the Former Employee to breach the ITC Employment Agreement and disseminate, copy, and share the Converted Documents was done through improper means. Defendant had no justification for encouraging and enticing the Former Employee to share the Converted Documents, and Defendant's primary intent in encouraging, enticing, and conspiring with the Former Employee to share the Converted Documents was to injure Plaintiff.

54. Defendant's interference with Plaintiff's other current and future economic relations has injured Plaintiff, which injuries include but are not limited to: damage to Plaintiff's reputation as a result of the disclosure of the Converted Documents; a reduced ability to assure clients that all information will be kept strictly confidential; and the loss of prospective new clients as a result of Defendant's wrongful interference.

55. Defendant's intentional interference with Plaintiff's current and future economic relations was willful, malicious, and made with reckless disregard for Plaintiff's rights.

56. As a result of Defendant's intentional interference with Plaintiff's current and future economic relations, Defendant is liable to Plaintiff: (i) for actual damages in an amount to

be determined at trial, but not less than $500,000; and (ii) for punitive damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (Breach of Fiduciary Duty)

57. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of the Complaint, as though fully set forth herein.

58. As an employee and associate of the Plaintiff (a law firm), Defendant owed Plaintiff a fiduciary duty.

59. This fiduciary duty included, at a minimum, a duty to maintain all of Plaintiff's confidential information—including the Confidential Documents—in strict confidence, a duty to act in the best interests of the Plaintiff, and a duty of honest and ethical behavior.

60. Defendant breached his fiduciary duties to Plaintiff by, *inter alia*: wrongfully accessing Plaintiff's Confidential Documents without justification; encouraging, enticing, and conspiring with the Former Employee to access Plaintiff's Confidential Documents without justification; and sharing Plaintiff's Confidential Documents without justification or authorization from Plaintiff.

61. Defendant's breaches of fiduciary duties were willful and malicious and made with reckless disregard for Plaintiff's rights.

62. As a direct and proximate result of Defendant's willful and malicious breaches of fiduciary duties to Plaintiff, Defendant is liable to Plaintiff: (i) for actual damages in an amount to be determined at trial, but not less than $500,000; and (ii) for punitive damages in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (Aiding and Abetting Conversion)

63. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of the Complaint, as though fully set forth herein.

64. The Former Employee's copying, possessing, and sharing of Converted Documents with Carolyn Olson constitutes conversion.

65. Defendant knowingly and intentionally encouraged, enticed, and conspired with the Former Employee to convert Plaintiff's Converted Documents and participated with and joined the Former Employee in converting Plaintiff's Converted Documents.

66. But for Defendant's conduct toward the Former Employee, the Former Employee would not have converted Plaintiff's Converted Documents.

67. Defendant's aiding and abetting the Former Employee to convert Plaintiff's Converted Documents was willful and malicious and made with reckless disregard for Plaintiff's rights.

68. As a direct and proximate result of Defendant's aiding and abetting the Former Employee to convert Plaintiff's Converted Documents, Defendant is liable to Plaintiff: (i) for actual damages in an amount to be determined at trial, but not less than $500,000; and (ii) for punitive damages in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### (Injunctive Relief)

69. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of the Complaint, as though fully set forth herein.

70. Defendant's conversion of the Converted Documents has caused and will cause irreparable harm to Plaintiff, for which money damages are inadequate. Such irreparable harm

includes but is not limited to Plaintiff's loss of clients' goodwill and damage to Plaintiff's reputation.

71. The injuries to Plaintiff from the continued conversion of the Converted Documents are substantial, severe, and outweigh the minimal burdens a narrowly tailored injunction might place on Defendant.

72. Defendant's actions, including the conversion of the Converted Documents have violated or would violate at least Rules 1.6, 1.9, and 8.4 of the Utah Rules of Professional Conduct.

73. The public interest favors a narrowly tailored injunction prohibiting Defendant from further converting more of Plaintiff's Confidential Documents, from sharing any of Plaintiff's confidential information, and from sharing any client information protected by the Rules of Professional Conduct or any other law, rule, or regulation.

74. There is a substantial likelihood that Plaintiff will prevail on its claims against Defendant.

## JURY DEMAND

Plaintiff demands a jury trial on all issues triable by right of jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays this Court enter judgment against Defendant, and in favor of Plaintiff, as follows:

On the First Cause of Action

1. For general compensatory and consequential damages against Defendant in an amount subject to proof at trial, but not less than $500,000;

2. For punitive damages against Defendant in an amount to be determined at trial; and

    3.    For such other relief as the Court deems just and proper.

On the Second Cause of Action

    1.    For general compensatory and consequential damages against Defendant in an amount subject to proof at trial, but not less than $500,000; and

    2.    For such other relief as the Court deems just and proper.

On the Third Cause of Action

    1.    For general compensatory and consequential damages against Defendant in an amount subject to proof at trial, but not less than $500,000;

    2.    For punitive damages against Defendant in an amount to be determined at trial; and

    3.    For such other relief as the Court deems just and proper.

On the Fourth Cause of Action

    1.    For general compensatory and consequential damages against Defendant in an amount subject to proof at trial, but not less than $500,000;

    2.    For punitive damages against Defendant in an amount to be determined at trial; and

    3.    For such other relief as the Court deems just and proper.

On the Fifth Cause of Action

    1.    For general compensatory and consequential damages against Defendant in an amount subject to proof at trial, but not less than $500,000;

    2.    For punitive damages against Defendant in an amount to be determined at trial; and

    3.    For such other relief as the Court deems just and proper.

On the Sixth Cause of Action

1. For a permanent injunction against Defendant, ordering Defendant to:

    a. Return all physical copies of all Confidential Documents to Plaintiff;

    b. Destroy all electronic copies of all Confidential Documents and certify the same in writing to Plaintiff;

    c. Immediately cease using, sharing, transmitting, exploiting, or accessing or attempting to access, directly or indirectly, any of Plaintiff's Confidential Documents;

    d. Immediately cease using, sharing, transmitting, exploiting, or accessing or attempting to access, directly or indirectly, any confidential client information as required by the Utah Rules of Professional Conduct; and

    e. Identify in writing all third parties with whom Defendant has shared or transmitted Plaintiff's Confidential Documents and to obtain any such shared or transmitted copies from such third parties.

2. For such other relief as the Court deems just and proper.

DATED: March 12, 2021.

                                    STOEL RIVES LLP

                                    */s/ David J. Jordan*
                                    David J. Jordan
                                    Mark E. Hindley
                                    Jordan C. Hilton
                                    *Attorneys for OL Private Counsel, LLC*