# EXHIBIT 4

# EXHIBIT 4

David J. Jordan (1751)
Mark E. Hindley (07222)
Jordan C. Hilton (17506
STOEL RIVES LLP
201 S Main Street, Suite 1100
Salt Lake City, UT  84111
Telephone:  801.328.3131
*david.jordan@stoel.com*
*mark.hindley@stoel.com*
*jordan.hilton@stoel.com*

*Attorneys for Plaintiff OL Private Counsel, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF UTAH

| | |
|---|---|
| OL PRIVATE COUNSEL, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>EPHRAIM OLSON, an individual,<br><br>Defendant. | **OL PRIVATE COUNSEL, LLC'S INITIAL DISCLOSURES**<br><br>Case No. 2:21-cv-00455-DDB-DAO<br><br>The Honorable David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff OL Private Counsel, LLC ("OLPC") hereby submits its Initial Disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure.  These disclosures do not constitute a waiver of any attorney-client privilege, attorney work-product doctrine, or objection to discovery that OLPC may be entitled to assert.

1

## Introductory Statement

The following disclosures are made based on the information reasonably available to OLPC as of the date of service. By making these disclosures, OLPC does not represent that it is identifying every document, tangible thing, or witness possibly relevant to this lawsuit. Nor does OLPC waive its right to object to production of any document or tangible thing disclosed herein on the basis of any privilege, the work-product doctrine, relevancy, undue burden, or any other valid objection or to object to the introduction into evidence of any such document or tangible thing. Rather, OLPC's disclosures represent a good faith effort to identify information that it reasonably believes is relevant to the factual disputes alleged in the pleadings, as required by Rule 26(a)(1) of the Federal Rules of Civil Procedure.

Finally, OLPC's disclosures are made without in any way waiving: (1) the right to object on the grounds of competency, privilege, relevance and materiality, hearsay, or any other proper ground, to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; and (2) the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures.

All of the disclosures set forth below are made subject to the above conditions and qualifications.

**A.      The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

OLPC believes the following individuals and/or groups of individuals may have discoverable information supporting its claims and defenses, unless solely for impeachment:

    **1.      Thomas Olson.**

Thomas Olson should be contacted only through Plaintiff's counsel. Thomas Olson has information regarding Plaintiff's claims and Defendant's counterclaims set forth in the pleadings on file with the Court, including Defendant's employment at OLPC.

    **2.      Hyrum Olson.**

Hyrum Olson should be contacted only through Plaintiff's counsel. Hyrum Olson has information regarding Plaintiff's claims and Defendant's counterclaims set forth in the pleadings on file with the Court.

    **3.      Ephraim Olson.**

Ephraim Olson has information regarding Plaintiff's claims and Defendant's counterclaims set forth in the pleadings on file with the Court.

    **4.**    **Carolyn Olson.**

Carolyon Olson has information regarding Plaintiff's claims and Defendant's counterclaims set forth in the pleadings on file with the Court.

    **5.**    **Timothy Akarapanich.**

Timothy Akarapanich should be contacted only through Plaintiff's counsel. Timothy Akarapanich has information regarding Plaintiff's claims and Defendant's counterclaims set forth in the pleadings on file with the Court.

**B.**    **A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

A copy of all documents OLPC has thus far located that it may offer in its case-in-chief were served on Defendant on April 14, 2021. In addition, OLPC may use documents that are produced by any party or third party in this matter. OLPC reserves the right to supplement its Initial Disclosures as additional information becomes available.

**C.**    **A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

OLPC seeks money damages in an amount to be determined at trial, including all reasonable and foreseeable damages that could have been avoided if

Defendant Ephraim Olson had not engaged in the wrongdoing described in the complaint. OLPC's damages consist of harm to its goodwill, loss of clients, and loss of its confidential information. OLPC also seeks punitive damages for Defendant's conversion, intentional interference with contractual relations, breach of fiduciary duty, and aiding and abetting conversion. OLPC reserves its right to assert and/or seek damages from Defendant or non-parties as the facts of the case develop and the case proceeds.

D. **For inspection and copying under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

OLPC is unaware of any insurance agreements implicated by its claims.

Dated this 25th day of August, 2021.

STOEL RIVES LLP

/s/ *David J. Jordan*
David J. Jordan
Mark A. Hindley
Jordan C. Hilton
*Attorneys for Plaintiff/Counterclaim-Defendant*