# EXHIBIT 11

# EXHIBIT 11

| | |
|---|---|
| COURT FILE NUMBER | 2001 - 14224 |
| COURT | COURT OF QUEEN'S BENCH OF ALBERTA |
| JUDICIAL CENTRE | CALGARY |
| PLAINTIFF(S) | CAROLYN OLSON and yet to be named parties who may be trustees, beneficiaries, shareholders and whose losses are not yet known |
| DEFENDANT(S) | THOMAS H. OLSON, INDIVIDUALLY and as PROTECTOR of THE OLSON ESTATE TRUST, WATERTON LAND TRUST, JOHN DOE and ABC CORPORATION and JANE DOE AS TRUSTEE OF XYZ TRUST |
| DOCUMENT | **MAREVA INJUNCTION / ATTACHMENT ORDER** |
| ADDRESS FOR SERVICE AND CONTACT INFORMATION OF PARTY FILING THIS DOCUMENT | Doris C.E. Bonora, Q.C, G. James Thorlakson and Meghan Bell Dentons Canada LLP 2500 Stantec Tower, 10220 - 103 Avenue NW Edmonton, Alberta T5J 0K4 Ph. (780) 423-723-7234  Fax (780) 423-7276 File No.: 583342-1 |

[Stamp: FILED NOV 23 2020 JUDICIAL CENTRE OF CALGARY CLERK]

I hereby certify this to be a true copy of the original ORDER

Dated this 23 day of Nov 2020

for Clerk of the Court

**DATE ON WHICH ORDER WAS PRONOUNCED:** November 18, 2020

**LOCATION WHERE ORDER WAS PRONOUNCED:** Edmonton

**NAME OF JUSTICE WHO MADE THIS ORDER:** Little, J.

UPON the *ex parte* application of the Plaintiff; AND UPON reading the Statement of Claim; AND UPON reading the Affidavit of Carolyn Olson; AND UPON reading the brief filed in support of this Application; AND UPON hearing the submissions of counsel for the Plaintiff; AND UPON being satisfied that there is a reasonable likelihood that the Plaintiff's claim against the Defendants will be established; AND UPON being satisfied that the Plaintiff has a strong *prima facie* case against the Defendants; AND UPON being satisfied that there are reasonable grounds for believing that the Defendants have assets in Alberta as well as elsewhere in Canada and in foreign jurisdictions worldwide; AND UPON being satisfied that this is a proper case to exercise the Court's *in personam* jurisdiction over the Defendants worldwide to ensure the injunction's effectiveness; AND UPON being satisfied that there are reasonable grounds for believing that the Defendants are dealing, or are likely to deal with the Defendant's exigible property otherwise than for

NATDOCS\50206275\V-3

2

the purposes of meeting their reasonable and ordinary business or living expenses and in a manner that would be likely to seriously hinder the Plaintiff in the enforcement of judgment against the Defendants; **AND UPON** being satisfied that there are reasonable grounds for believing that there is a risk that the Defendants' assets will be dissipated or removed before any judgment in this Action is awarded or satisfied; **AND UPON** noting the undertaking of the Plaintiff to abide by any Order this Court may make concerning damages arising from the enforcement of this Order in the form attached as Schedule "A"; **AND UPON** considering Part 3 of the *Civil Enforcement Act*, RSA 2000, c c-15, as amended; **AND UPON** being satisfied that the granting of this Order is warranted on an *ex parte* basis;

**IT IS HEREBY ORDERED THAT:**

**Freezing Order**

1. Other than as permitted by this Order, the Defendants are restrained from directly, or indirectly, by any means whatsoever, dealing with, transferring, mortgaging, charging, using, disposing of, creating an interest in or re-organizing any:

    (a) Assets owned by the trusts and entities identified in Schedule "B" hereto;

    (b) bank, investment or other account at any bank, financial or other institution in respect of the Defendants and in respect of the trusts and entities identified in Schedule "B" hereto; or

    (c) real property in which the trusts or entities identified in Schedule "B" have any interest ".

2. Without limiting the scope of paragraph 1:

    (a) the Defendants are prohibited and restrained from (directly or indirectly) exercising any powers (including changing, causing to be changed, counselling or participating in any changes to the trustees, protectors, beneficiaries, registered agents, secretaries, authorised signatories or attorneys, officers, directors, shareholders, beneficial owners, or other controlling persons) conferred by or over the trusts and entities described in Schedule "B" attached hereto or the property held (directly or indirectly) by such trusts and entities wherever situated.

    (b) the Defendants are further prohibited from dealing with or using in any manner any secured credit, including but not limited to any credit card, loan, or line of credit, for which payment is secured against any personal or real property in which the Defendants have any interest, or in which there is an interest by the trusts and entities identified in Schedule "B" hereto pending further Order of this Court.

**Third Parties**

3. Any person or entity with notice of this Order:

    (a) is prohibited from directly, or indirectly, by any means whatsoever dealing with, transferring, mortgaging, charging, using, disposing of, creating an interest in or doing anything to any property located in Alberta or elsewhere in Canada or in any foreign jurisdiction worldwide, by the trusts and entities identified in Schedule "B" hereto.

NATDOCS\50206275\V-3

3

(b) are prohibited and restrained from (directly or indirectly) exercising any powers (including changing, causing to be changed, counselling or participating in any changes to the trustees, protectors, beneficiaries, registered agents, secretaries, authorised signatories or attorneys, officers, directors, shareholders, beneficial owners, or other controlling persons) conferred by or over the trusts and entities described in Schedule "B" attached hereto or the property held (directly or indirectly) by such trusts and entities wheresoever situated.

(c) shall abide by the injunction set out above such that there shall not be any change of control of any trust listed in Schedule "B" whether in the role of Settlor, Trustee or protector or any other role which may be applicable to the administration of any trust.

(d) shall not as a Trustee, Settlor or Protector direct any distribution from any trust listed in Schedule "B" except as set out below.

(e) are enjoined from accepting any payment, loans, borrowing or distributions from the trust or otherwise including but not limited to being enjoined from accepting payment of any fees, disbursements, loans and specifically prohibiting any distributions of any property of any sort to any beneficiary of any trust described in Schedule "B" attached hereto, with the exception set out below.

4. Any branch(es) of the banks, financial institutions or other financial entities that is (are) served with a copy of this Order is (are) enjoined from disbursing or dealing with any funds or assets deposited in all accounts, including without limiting the generality of the foregoing, safety deposit box(es), investments, loans or other customer accounts held in the Defendant's name or such accounts in which the Defendant is authorized to conduct transactions or in such accounts in relation to the trusts and entities identified in Schedule "B" hereto.

**Disclosure of Assets**

5. The Defendants shall forthwith, and in any event, within fifteen (15) days of service of this Order, deliver to counsel for the Plaintiff sworn evidence of the nature and location of all of the assets of the trusts listed in Schedule "B", wheresoever located in Canada and in any foreign jurisdiction.

**Exceptions to this Order**

6. Notwithstanding the provisions herein:

(a) counsel for the Plaintiff and the Defendant may, by written agreement signed by all parties, temporarily or permanently exclude specified "exigible property" from the effect of this Order.

(b) The trusts and entities referenced in Schedule "B" hereto are not restricted from releasing funds to Carolyn Olson to be used for her support, to provide for the necessaries of life and for her legal fees.

**Duration of this Order**

7. Unless this Order is varied or discharged by a further Order of this Court, this Order will remain in force up to and including **December 9, 2020** unless the Order is extended on application on notice to the Defendants.

4

### Request to Foreign Courts for Aid and Assistance in Giving Effect to this Order

8. This Court hereby requests the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada or in any foreign jurisdiction worldwide, to give effect to this Order and to assist the Plaintiff and her respective agents or attorneys in carrying out the terms of this Order. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Plaintiff as may be necessary or desirable to give effect to or carry out the terms of this Order.

9. The Plaintiff and her agents and attorneys are at liberty and are hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located worldwide, for the recognition and carrying out of this Order in a jurisdiction outside Canada.

### No Writ Proceedings

10. Pursuant to s. 24(2) of the *Civil Enforcement Act*, until such time as this Order terminates no writ proceedings against any property that is subject to this Order shall be commenced or continued without leave of the Court, which shall be obtained on notice to the Plaintiff pursuant to paragraph 12.

### Variation or Discharge of this Order

11. Any interested person may apply to the Court at any time to vary or discharge this Order on giving no less than 24 hours' notice to the Plaintiff's solicitor of his or her intention to do so, but this Order will remain in force until further Order even if such an application is pending.

12. All applications to vary or discharge this Order, or arising out of the issuance or enforcement of this Order, shall be heard by the Judge who issued this Order unless otherwise directed by the Judge.

13. Costs of this application may be spoken to upon further application before this Court.

_____
Justice of the Court of Queen's Bench of Alberta

5

**Schedule "A" – Undertaking as to Damages**

| | | |
|---|---|---|
| COURT FILE NUMBER | | Clerk's Stamp |
| COURT | COURT OF QUEEN'S BENCH OF ALBERTA | |
| JUDICIAL CENTRE | | |
| PLAINTIFF(S) | | |
| DEFENDANT(S) | | |
| DOCUMENT | **UNDERTAKING BY PLAINTIFF(S)** | |
| ADDRESS FOR SERVICE AND CONTACT INFORMATION OF PARTY FILING THIS DOCUMENT | | |

I, Carolyn Olson undertake to abide by any Order that this Court may make as to damages in the event that the Court is hereafter of the opinion that the defendant, or any other person served with this Order, has sustained damages by reason of this Order which the Plaintiff is liable to pay.

DATED at the _____ of _____, in the Province of Alberta, this _____ day of November, 2020.

●

Per:_____
●

NATDOCS\50206275\V-3

EphraimOlson_008970

6

## Schedule "B" – List of Entities

1. White Buffalo Trust
2. The Waterton Land Trust also known as Waterton Land Trust
3. The Olson Estate Trust also known as Olson Estate Trust
4. 1482930 Alberta Ltd.

NATDOCS\50206275\V-3

EphraimOlson_008971