# EXHIBIT 17

# EXHIBIT 17

David J. Jordan (1751)
Monica S. Call (11361)
FOLEY & LARDNER LLP
299 S. Main Street, Suite 2000
Salt Lake City, UT 84111
Telephone: 801.401.8900
djordan@foley.com
mcall@foley.com

*Attorneys for Plaintiff OL Private Counsel,*
*LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF UTAH

| | |
|---|---|
| OL PRIVATE COUNSEL, LLC, a Utah limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> EPHRAIM OLSON, an individual, <br><br> Defendant. | **PLAINTIFF OL PRIVATE COUNSEL, LLC'S RESPONSE TO DEFENDANT'S FIRST AND SECOND SET OF DISCOVERY REQUESTS** <br><br> Case No. 2:21-cv-00455-DDB-DAO <br><br> The Honorable David Barlow <br><br> Magistrate Judge Daphne A. Oberg |

Pursuant to Federal Rules of Civil Procedure 26, 33, 34, and 36 OL Private Counsel, LLC

("OLPC"), by and through its undersigned counsel, hereby submits its responses and objections

to Defendant's First Set of Discovery Requests, as follows:

### PRELIMINARY STATEMENT

A.      OLPC has not completed its investigation in this matter and reserves the right,

without assuming any obligation, to amend, revise, clarify, or correct these responses as

1

**CONFIDENTIAL**

necessary, including if new information is uncovered. OLPC also reserves the right to introduce evidence from any source and testimony from any witness in any future proceedings in this action.

B.      OLPC will respond to the Requests and each Request contained therein as it interprets and understands them. OLPC reserves the right to supplement its objections and/or responses thereto if Defendant subsequently asserts an interpretation of any Request that differs from OLPC's understanding.

C.      OLPC makes these responses and/or objections solely for the purpose of, and in relation to, this action. Each response herein is made subject to all appropriate objections (including, but not limited to, objections concerning competency, relevance, materiality, propriety, and admissibility) that would require the exclusion of any information, document, or thing during the hearing or any other proceeding in this action. All such objections, and the grounds for such objections, are reserved and may be interposed during any proceeding in this action.

D.      Except for the facts explicitly admitted herein (if any), no admission of any nature whatsoever is to be implied or inferred from these responses. The fact that OLPC responds to a Request should not be taken as an admission, or concession of the existence of, any fact or document set forth, assumed, or implied by such Request, or that the Request is relevant or otherwise constitutes evidence of any fact thus set forth, assumed or implied.

E.      All responses are given based on present recollection.

F.      Without assuming any obligation to do so, OLPC expressly reserves the right to revise, correct, add to, clarify, and/or further supplement any of its responses herein. Also,

**CONFIDENTIAL**

without obligating itself to do so, OLPC reserves the right to change or supplement these responses as additional facts or documents are discovered and as further analysis and research discloses additional facts, contentions, or legal theories that may apply.  Moreover, if any information has been inadvertently omitted from these responses, OLPC reserves the right to change or supplement these responses.

G.    These responses are marked as CONFIDENTIAL pursuant to the Standard Protective Order that applies to this case pursuant to DUCivR 26-2(a).

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.    OLPC objects to Defendant's definitions and instructions to the extent the definitions and/or instructions seek to impose on OLPC any obligations in addition to or different from those set forth in the Federal Rules of Civil Procedure.

2.    OLPC objects to Paragraph 1 of the Instructions in that it contains incomplete sentences and seeks to impose obligations in addition or different from those set forth in the Federal Rules of Civil Procedure. OLPC will comply with its obligations to supplement under the Federal Rules of Civil Procedure in supplementing its discovery responses

3.    OLPC objects to Paragraph 2 of the Instructions because it contains detail not required by the Federal Rules of Civil Procedure. OLPC will comply with its obligation with respect to any privilege log per the terms of Rule 26(b)(5) of the Federal Rules of Civil Procedure. Many of Defendants' requests are impermissibly broad and seek confidential client information the disclosure of which violates the attorney/client privilege or work produce doctrine. Those documents would be too cumbersome and burdensome to log. Moreover, similar

**CONFIDENTIAL**

to the position Defendant has taken, OLPC will not log privileged communications that have occurred since this Litigation was filed.

4.      OLPC objects to Paragraph 3 of the Instructions because it requires more detail on particular objections than required by Rules 26 or 34 of the Federal Rules of Civil Procedure. OLPC will comply with the Federal Rules of Civil Procedure.

5.      OLPC objects to Paragraph 5 of the Instructions. The Federal Rules of Civil Procedure do not require the production of all files in native format. OLPC will produce documents as load files that can easily be uploaded into a discovery review platform. If Defendant seeks the native format of a particular document, OLPC will consider that request.

6.      OLPC objects to Paragraph 7 of the Instructions as it places on OLPC a burden in addition to or different from the Federal Rules of Civil Procedure. Moreover, some documents are responsive to multiple requests. Consistent with Rule 34(b)(2)(E) of the Federal Rules of Civil Procedure, OLPC will produce documents as they are kept in the usual course of business.

7.      OLPC objects to Paragraph 1 of the Definitions that defines the term "OLPC" to mean "Thomas Olson." OLPC will interpret the terms "OLPC" to refer to OL Private Counsel, LLC and any of its predecessors, successors, subsidiaries, affiliates, members, officers, agents, attorneys, employees, representatives, or others acting on its behalf.

8.      OLPC objects to Paragraph 2 of the Definitions that defines the term "OLPCCI" to mean "Thomas Olson." OLPC will interpret the terms "OLPCCI" to refer to OL Private Corporate Counsel International, Ltd. and any of its predecessors, successors, subsidiaries, affiliates, members, officers, agents, attorneys, employees, representatives, or others acting on its behalf.

**CONFIDENTIAL**

9.      OLPC objects to Paragraph 3 of the Definitions that defines the term "ITC" to mean "Thomas Olson". OLPC will interpret the terms "ITC" to refer International Tax Counsel Ltd. and any of its predecessors, successors, subsidiaries, affiliates, members, officers, agents, attorneys, employees, representatives, or others acting on its behalf.

10.     OLPC objects to the definition of the term "Document" in Paragraph 11 of the Definitions as inconsistent with the Federal Rules of Civil Procedure and other applicable law. OLPC will comply with the Federal Rules of Civil Procedure.

11.     OLPC objects to the definition of "relating to," "relate to," "referring to," "refer to," "reflecting," "reflect," "concerning," or "concern" in Paragraph 13 of the Definitions as facially overbroad and unduly burdensome and as seeking to impose burdens beyond those imposed by the Federal Rules of Civil Procedure.

12.     OLPC objects to the definition of "identify" or "identity" in Paragraphs 17 and 18 of the Definitions as it improperly expands the number of limited interrogatories in this matter to provide the detail requested. OLPC will respond to the Requests as written.

## <u>INTERROGATORIES</u>

**<u>INTERROGATORY NO. 1:</u>** Please identify each "Converted Document" which Ephraim Olson allegedly accessed or obtained, including the name, date, custodian, and owner of each Converted Document.

**<u>RESPONSE NO. 1:</u>**   In addition to the objections set forth above and incorporated herein by reference, OLPC objects to Interrogatory No. 1 on the grounds that it is overly broad and unduly burdensome in requiring OLPC to extract certain information from documents that is just as accessible to Defendant. Moreover, OLPC objects because Interrogatory No. 1 is vague and ambiguous because it does not define what it means by the terms "custodian" or "owner".

5

**CONFIDENTIAL**

OLPC has not completed its investigation in this matter and reserves the right, without assuming any obligation, to amend, revise, clarify, or correct these responses as necessary, including if new information is uncovered. OLPC also reserves the right to introduce evidence from any source and testimony from any witness in any future proceedings in this action.

OLPC objects to Interrogatory No. 1 as it requests information that is not in its possession custody or control. OLPC is uncertain of all "Converted Documents" that Defendant may have accessed or obtained and will not know unless and until Defendant is forthcoming in his discovery responses and deposition.

Subject to and based on these objections, OLPC responds that the Converted Documents contain information for clients for which OLPC was providing services. OLPC has already produced the "Converted Documents" currently known to it at as part of Timothy Akarapanich's Declaration. *See* OL Private Counsel-Ephraim Olson 0001-0324.  Concurrent with these responses, OLPC is also producing communications attaching documents that were converted. *See* OL Private Counsel-Ephraim Olson 0330-472, 0473-83, 485-86, 487-88, 501-643, 702-868, and 869-874. OLPC further responds that it will produce handwritten notes with client information that Ephraim Olson improperly converted. *See* OL Private Counsel-Ephraim Olson 0882-883. Finally, OLPC also believes certain documents reflecting client information were contained in a box that was stored in a house where Ephraim Olson resided also constitute "Converted Documents." OLPC has not yet gained access to that information.

**INTERROGATORY NO. 2:**  Please detail and describe the corporate relationship and/or association between OLPC, OLPCCI, and ITC, including but not limited to each client that they served in common from 2014 to 2020, and all contracts and documents between OLPC, OLPCCI, and ITC which permit the companies to serve clients in common, share fees, share documents, and or otherwise conduct joint business.

6

**CONFIDENTIAL**

**RESPONSE NO. 2:**  In addition to the objections set forth above and incorporated herein by reference, OLPC objects to Interrogatory No. 2 on the grounds that it (a) is vague and ambiguous because it does not define what is meant by "corporate relationship and/or association;" (b) is facially overbroad in that it does not have a reasonable limit in temporal scope and seeks information created both before and after the allegations in the Complaint (Defendant himself takes the position that the "only time period relevant to OLPC's claims is post May 2020," yet seeks information here for 6 years prior to that); (c) sweeps within its scope information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because the Interrogatory does not have a reasonable limit in substantive scope and the relationship between the corporate entities or their joint business relationship is not relevant to the allegations in this Action; (d) is overly broad and unduly burdensome in that it seeks highly confidential information identifying clients of a law firm over a 6 year period when such information is not relevant to the Action; and (e) is overly broad and not proportional to the needs of the case in seeking "all contracts and documents" between these business entities when the business relationship has no relevance in the Action.

Subject to and based on these objections, OLPC responds that OLPC and ITC provide legal and other professional services to OLPCCI and clients of OLPCCI.

**INTERROGATORY NO. 3**: Please detail and describe Timothy Akarapanich's employment history with OLPC, OLPCCI, and/or ITC, including but not limited to his dates of employment at each corporate entity from 2014 to the present, his title, and his job duties.

**RESPONSE NO. 3:**  In addition to the objections set forth above and incorporated herein by reference, OLPC objects to Interrogatory No. 3 on the grounds that it (a) is facially overbroad in that it does not have a reasonable limit in temporal scope and seeks information

7

**CONFIDENTIAL**

created both before and after the allegations in the Complaint (Defendant himself takes the position that the "only time period relevant to OLPC's claims is post May 2020," yet seeks information here for 6 years prior to that); (b) sweeps within its scope information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because the Interrogatory does not have a reasonable limit in substantive scope and the employment history of Timothy Akarapanich is not relevant to the Action; and (c) seeks detailed employment information that OLPC understands may be protected by privacy laws in Thailand.

Subject to and based on these objections, OLPC states that it understands Mr. Akarapanich's employment with OL Private Counsel Ltd. began on December 9, 2016 and he resigned from ITC on May 14, 2020. His title was Client Service Manager and his duties included communicating with clients, sending confidential documents to clients, receiving confidential documents from clients, and sending confidential documents to firms providing services to OLPCCI and its clients.

**INTERROGATORY NO. 4:** Please detail and describe OLPC's document retention policy and document management system, including but not limited to the location and ownership of its servers and its server providers from 2014 to 2020.

**RESPONSE NO. 4:** In addition to the objections set forth above and incorporated herein by reference, OLPC objects to Interrogatory No. 4 on the grounds that it (a) is facially overbroad in that it does not have a reasonable limit in temporal scope and seeks information created both before and after the allegations in the Complaint (Defendant himself takes the position that the "only time period relevant to OLPC's claims is post May 2020," yet seeks information here for 6 years prior to that); (b) sweeps within its scope information that is

**CONFIDENTIAL**

neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because the Interrogatory does not have a reasonable limit in substantive scope and ownership or location of servers is not relevant to the Action; and (c) is vague and ambiguous because it does not define what is meant by "document retention policy" or "document management system."

Subject to and based on these objections, OLPC states that as necessary for the professional services it provides, OLPC has access to documents which belong to OLPCCI or clients of OLPCCI. OLPC does not have any server or digital document management system. OLPC is permitted to retain documents relating to matters on which it works for as long as necessary to its provision of professional services to OLPCCI or its clients.

**INTERROGATORY NO. 5:** Please detail and describe ITC's document retention policy and document management system, including but not limited to the location and ownership of its servers and its server providers from 2014 to 2020.

**RESPONSE NO. 5:** In addition to the objections set forth above and incorporated herein by reference, OLPC objects to Interrogatory No. 5 on the grounds that it (a) is facially overbroad in that it does not have a reasonable limit in temporal scope and seeks information created both before and after the allegations in the Complaint (Defendant himself takes the position that the "only time period relevant to OLPC's claims is post May 2020," yet seeks information here for 6 years prior to that); (b) sweeps within its scope information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because the Interrogatory does not have a reasonable limit in substantive scope and ownership or location of servers is not relevant to the Action; and (c) is vague and ambiguous because it

**CONFIDENTIAL**

does not define what is meant by "document retention policy" or "document management system."

Subject to and based on these objections, OLPC states that OLPC understands that, as necessary for the professional services it provides, ITC has access documents which belong to OLPCCI or clients of OLPCCI. OLPC understands that ITC does not have any server or digital document management system. OLPC understands that ITC is permitted to retain documents relating to matters on which it works for as long as necessary to its provision of professional services to OLPCCI or its clients.

**INTERROGATORY NO. 6:** Please detail and describe OLPCCI's document retention policy and document management system, including but not limited to the location and ownership of its servers and its server providers from 2014 to 2020.

**RESPONSE NO. 6:**  In addition to the objections set forth above and incorporated herein by reference, OLPC objects to Interrogatory No. 6 on the grounds that it (a) is facially overbroad in that it does not have a reasonable limit in temporal scope and seeks information created both before and after the allegations in the Complaint (Defendant himself takes the position that the "only time period relevant to OLPC's claims is post May 2020," yet seeks information here for 6 years prior to that); (b) sweeps within its scope information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because the Interrogatory does not have a reasonable limit in substantive scope and ownership or location of servers is not relevant to the Action; and (c) is vague and ambiguous because it does not define what is meant by "document retention policy" or "document management system."

10

**CONFIDENTIAL**

Subject to and based on these objections, OLPC states that OLPC understands that OLPCCI retains a copies of documents relating to its provision of professional services to clients of OLPCCI, including, for example, client documents and communications with clients. OLPC understands that OLPCCI may, at times, discard documents which relate to former or inactive clients or in the ordinary course of business. OLPC understands that OLPCCI uses Worldox as its digital document management system. OLPC understand that access to servers used to store documents is through Microsoft Remote Desktop. OLPC understands that servers used by OLPCCI to store documents were owned by or on behalf of OLPCCI.

**INTERROGATORY NO. 7:** Please detail and describe all OLPC clients and/or contracts, both existing and potential, which Olson's actions have allegedly interfered with as alleged in the Complaint.

**RESPONSE NO. 7:** In addition to the objections set forth above and incorporated herein by reference, OLPC objects to Interrogatory No. 7 on the grounds that it seeks detailed information about attorney client relationships that are protected by the attorney client privilege and the work product doctrine.

Subject to and based on these objections, OLPC states that Ephraim Olson's actions have interfered with OLPC's relationship with OLPCCI and their joint clients because Ephraim Olson converted confidential client documents entrusted to OLPC.

The converted documents include client information for the following clients: Thomas Olson, The Olson Estate Trust, White Buffalo Trust, The Waterton Land Trust, The Thomas H. Olson Trust, William Bell Hardy Trust, The Ruth Doxey Family Trust, The George Whitehead Family Trust, OL Private Counsel PTE. LTD., Hans Maier, Orin Harker, Glenn Chan, Gordon

11

**CONFIDENTIAL**

Marsh, Faisal Kassam Brock Walberger, Brett Habijanac, RogerDavis, S. Robert Chad, Darcy Erickson, and John Robinson.

OLPC's prospective relationship with potential clients has also been harmed to the extent OLPC's reputation has been damaged and those potential clients choose not to retain OLPC's services because of the disclosure of client confidential information due to Ephraim Olson's actions.

**INTERROGATORY NO. 8:** Please detail and describe OLPC's compliance with Utah Rules of Professional Conduct 5.4 from 2014 the present, including but not limited to the names and Utah bar numbers of all lawyers who purport to share legal fees.

**RESPONSE NO. 8:** In addition to the objections set forth above and incorporated herein by reference, OLPC objects to Interrogatory No. 8 on the grounds that it (a) is facially overbroad in that it does not have a reasonable limit in temporal scope and seeks information created both before and after the allegations in the Complaint (Defendant himself takes the position that the "only time period relevant to OLPC's claims is post May 2020," yet seeks information here for 6 years prior to that); (b) sweeps within its scope information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because the Interrogatory does not have a reasonable limit in substantive scope and OLPC's compliance with any Rules of Professional Conduct is not relevant to the Action; and (c) is vague and ambiguous because it requires a legal conclusion as to the requirements of the cited rule.

Based on these objections, OLPC will not respond to this request.

**INTERROGATORY NO. 9:** Please detail and describe OLPC's compliance with the Rules Governing the Utah State Bar 14-1001 *et. seq*, from 2014 to the present, including but not limited to the IOLTA bank account number held by OLPC and the institution at which the account is held.

**CONFIDENTIAL**

**RESPONSE NO. 9:** In addition to the objections set forth above and incorporated herein by reference, OLPC objects to Interrogatory No. 9 on the grounds that it (a) is facially overbroad in that it does not have a reasonable limit in temporal scope and seeks information created both before and after the allegations in the Complaint (Defendant himself takes the position that the "only time period relevant to OLPC's claims is post May 2020," yet seeks information here for 6 years prior to that); (b) sweeps within its scope information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because the Interrogatory does not have a reasonable limit in substantive scope and OLPC's compliance with any Rules Governing the Utah State Bar is not relevant to the Action; and (c) is vague and ambiguous because it requires a legal conclusion as to the requirements of the cited rule.

Based on these objections, OLPC will not respond to this request.

**INTERROGATORY NO. 10:** Please detail and describe all persons and entities, including employees of any entities, who had access to OLPC, ITC, or OLPCCIL servers or documents at any time from 2014-2020, including but not limited to the time frame in which the person or entity had access.

**RESPONSE NO. 10:** In addition to the objections set forth above and incorporated herein by reference, OLPC objects to Interrogatory No. 10 on the grounds that it (a) is facially overbroad in that it does not have a reasonable limit in temporal scope and seeks information created both before and after the allegations in the Complaint (Defendant himself takes the position that the "only time period relevant to OLPC's claims is post May 2020," yet seeks information here for 6 years prior to that); (b) sweeps within its scope information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because the Interrogatory does not have a reasonable limit in substantive scope; and (c) is overly broad,

13

**CONFIDENTIAL**

unreasonably burdensome, and not proportional to the needs of the case because it seeks names of persons and entities with whom OLPC might not have any relationship or knowledge of.

Subject to and based on these objections, OLPC states that OLPC understands that the only persons or entities that have authorized access to the documents retained by OLPC, ITC, or OLPCCI are those employees, agents, or other authorized individuals or entities that have obligations to keep such information confidential.

**INTERROGATORY NO. 11:** Please detail and describe Timothy Akarapnich's [*sic*] access to OLPC's, ITC's, and OLPCCI's computer networks and servers, including OLPC's Confidential Documents, detailing the dates on which his access to each corporate network or server began and the date on which such access was affirmatively revoked, from the beginning of Mr. Akarapnich's employment to the present.

**RESPONSE NO. 11:**  In addition to the objections set forth above and incorporated herein by reference, OLPC objects to Interrogatory No. 11 on the grounds that it (a) is facially overbroad in that it does not have a reasonable limit in temporal scope and seeks information for all time periods (Defendant himself takes the position that the "only time period relevant to OLPC's claims is post May 2020"); (b) sweeps within its scope information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because the Interrogatory does not have a reasonable limit in substantive scope and Mr. Akarapanich's access during the various years of his employment is not relevant to the allegations in this Action; (c) seeks information may be the subject of expert opinion and discovery concerning expert opinion is premature; and (d) seeks the disclosure of privileged attorney/client communications and attorney work product.

Subject to and based on these objections, OLPC states that OLPC understands Mr. Akarapanich was granted access around the time his employment began on or about December

14

**CONFIDENTIAL**

2016. OLPC understands Mr. Akarapanich's authorization to access to OLPCCI's computer networks and servers was revoked by May 15, 2020. OLPC is still investigating how Mr. Akarapanich gained unauthorized access to the Converted Documents after his authorization was revoked.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1**: Admit that Thomas Olson has never been licensed to practice law in the State of Utah.

**RESPONSE NO. 1:** OLPC objects to this request on the grounds that "licensed to practice law in the State of Utah" is vague and ambiguous and requires a legal conclusion. OLPC admits that Thomas Olson has never been admitted to the Utah State Bar.

**REQUEST FOR ADMISSION NO. 2**: Admit that in 2020 Ephraim Olson was a trustee of The Ruth Doxey Family Trust.

**RESPONSE NO. 2:** Admit.

**REQUEST FOR ADMISSION NO. 3**: Admit that in 2020 Ephraim Olson was a trustee of The Carolyn Olson Spousal Trust.

**RESPONSE NO. 3:** Admit.

**REQUEST FOR ADMISSION NO. 4**: Admit that in 2020 and/or any time prior, Ephraim Olson was a beneficiary of the White Buffalo Trust.

**RESPONSE NO. 4:** OLPC objects to this request on the grounds that it calls for a legal conclusion as to Ephraim Olson's qualifications as a beneficiary throughout all time periods. OLPC does not have sufficient facts to determine whether Ephraim Olson qualified as a beneficiary during any of those years.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1**: Produce all communications maintained by OLPC from 2014 to the present, which were sent or received by the email address and/or user

**CONFIDENTIAL**

name ephraim@oltax.com and the phone number 403-949-3949, including but not limited to, all text, IMs, internal messaging, and/or skype messages.

**RESPONSE NO. 1:** In addition to the objections set forth above and incorporated

herein by reference, OLPC objects to Request No. 1 on the grounds that it (a) is facially

overbroad in that it does not have a reasonable limit in temporal scope and seeks information

created both before and after the allegations in the Complaint (Defendant himself takes the

position that the "only time period relevant to OLPC's claims is post May 2020," yet seeks

information here for 6 years prior to that); (b) sweeps within its scope documents that are

neither relevant nor reasonably calculated to lead to the discovery of admissible evidence

because the Request does not have a reasonable limit in substantive scope and Ephraim Olson's

communications over an eight year period is not relevant to the allegations in this Action; and

(c) is overly broad, unduly burdensome and not proportional to the needs of the case in that it

seeks vast amounts of information over an eight year period.

Based on these objections, OLPC will not respond to this request.

**REQUEST FOR PRODUCTION NO. 2:** Produce all documents which detail and describe the corporate relationship and/or association between OLPC, OLPCCI, and ITC, from 2014 to 2020, including but not limited to all contracts and documents between OLPC, OLPCCI, and ITC which permit the companies to serve clients in common, share fees, share documents, and or otherwise conduct joint business.

**RESPONSE NO. 2:** In addition to the objections set forth above and incorporated

herein by reference, OLPC objects to Request No. 2 on the grounds that it (a) is facially

overbroad in that it does not have a reasonable limit in temporal scope and seeks information

created both before and after the allegations in the Complaint (Defendant himself takes the

position that the "only time period relevant to OLPC's claims is post May 2020," yet seeks

information here for 6 years prior to that); (b) sweeps within its scope documents that are

**CONFIDENTIAL**

neither relevant nor reasonably calculated to lead to the discovery of admissible evidence

because the Request does not have a reasonable limit in substantive scope and the corporate

relationship between the named entities is not relevant to the allegations in this Action; and (c)

is overly broad and not proportional to the needs of the case in seeking "all contracts and

documents" between these business entities when the business relationship has no relevance in

the Action.

Subject to and based on these objections, OLPC will produce non-privileged documents

sufficient to show the corporate relationship between OLPC, OLPCCI, and ITC, to the extent

such documents exist.

**REQUEST FOR PRODUCTION NO. 3:** Produce all OLPC employment records for
Olson from 2014 to 2019, including but not limited to payment records, tax records, and all
contracts between Ephraim Olson allegedly signed detailing his employment, such as any
employment agreement, non-compete agreement and/or a non-disclosure and confidentiality
agreement.

**RESPONSE NO. 3:**  In addition to the objections set forth above and incorporated

herein by reference, OLPC objects to Request No. 3 on the grounds that it (a) is facially

overbroad in that it does not have a reasonable limit in temporal scope and seeks information

created both before and after the allegations in the Complaint (Defendant himself takes the

position that the "only time period relevant to OLPC's claims is post May 2020," yet seeks

information here for 6 years prior to that); (b) sweeps within its scope documents that are

neither relevant nor reasonably calculated to lead to the discovery of admissible evidence

because the Request does not have a reasonable limit in substantive scope and Ephraim Olson's

employment records are not relevant to the allegations in this Action; and (c) vague and

ambiguous because it does not define what is meant by "employment records."

**CONFIDENTIAL**

Subject to and based on these objections, OLPC has conducted a reasonable search and will produce non-privileged, responsive documents related to the allegations in this Action.

**REQUEST FOR PRODUCTION NO. 4:** Produce all OLPC, OLPCCI, and/or ITC employment records for Timothy Akarapanich from 2018 to the present, including but not limited to personnel files, payroll, and all contracts allegedly signed detailing his employment, such as any employment agreement, non-compete agreement and/or a non-disclosure and confidentiality agreement.

**RESPONSE NO. 4:** In addition to the objections set forth above and incorporated

herein by reference, OLPC objects to Request No. 4 on the grounds that it (a) is facially

overbroad in that it does not have a reasonable limit in temporal scope and seeks information

created both before and after the allegations in the Complaint (Defendant himself takes the

position that the "only time period relevant to OLPC's claims is post May 2020," yet seeks

information here for 6 years prior to that); (b) sweeps within its scope documents that are

neither relevant nor reasonably calculated to lead to the discovery of admissible evidence

because the Request does not have a reasonable limit in substantive scope and Timothy

Akarapanich's employment records are not relevant to the allegations in this Action; (c)

requires disclosure of detailed employment records that may be protected under Thailand law;

(d) is overly broad and not proportional to the needs of the case because it seeks payroll and

personnel files that have no relevance on the allegations in this case; and (e) vague and

ambiguous because it does not define what is meant by "employment records."

Subject to and based on these objections, OLPC has conducted a reasonable search and

will produce non-privileged, responsive documents related to the allegations in this Action.

**REQUEST FOR PRODUCTION NO. 5:** Produce all engagement agreements, effective from 2014-2020, between OLPC, OLPCCI, and/or ITC and (1) the Ruth Doxey Family Trust, (2) Carolyn Olson Spousal Trust, and (3) White Buffalo Trust, including any authorizations to possess and control documents for these individuals or entities.

18

**CONFIDENTIAL**

**RESPONSE NO. 5:**  In addition to the objections set forth above and incorporated herein by reference, OLPC objects to Request No. 5 on the grounds that it (a) is facially overbroad in that it does not have a reasonable limit in temporal scope and seeks information created both before and after the allegations in the Complaint (Defendant himself takes the position that the "only time period relevant to OLPC's claims is post May 2020," yet seeks information here for 6 years prior to that); (b) sweeps within its scope documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because the Request does not have a reasonable limit in substantive scope and terms of the engagement agreements with clients are not relevant to the allegations in this Action; and (c) vague and ambiguous because it does not define what is meant by "authorizations to possess and control documents."

Subject to and based on these objections, OLPC has conducted a reasonable search and will produce non-privileged, responsive documents related to the allegations in this Action.

**REQUEST FOR PRODUCTION NO. 6:**  Produce all documents that OLPC, OLPCCI, and/or ITC possess relating to (1) the Ruth Doxey Family Trust, (2) Carolyn Olson Spousal Trust, and (3) White Buffalo Trust, including but not limited to any planning document, planning memorandum, planning notes, excel spreadsheets, or other documents detailing actions taken or to be taken with respect to these trusts.

**RESPONSE NO. 6:**  In addition to the objections set forth above and incorporated herein by reference, OLPC objects to Request No. 6 on the grounds that it (a) is facially overbroad in that it does not have a reasonable limit in temporal scope and seeks information created both before and after the allegations in the Complaint (Defendant himself takes the position that the "only time period relevant to OLPC's claims is post May 2020," yet seeks information here for an unlimited number of years prior to that); (b) sweeps within its scope documents that are neither relevant nor reasonably calculated to lead to the discovery of

19

**CONFIDENTIAL**

admissible evidence because the Request does not have a reasonable limit in substantive scope and seeks "all documents" related to certain clients are not relevant to the allegations in this Action; and (c) seeks the disclosure of privileged attorney/client communications and attorney work product.

OLPC further objects because the requested documents likely contain attorney/client communications and attorney work product and logging such conversations would be an excessive burden for OLPC. Request No. 6 would require OLPC to create an unnecessarily long and cumbersome privilege log for every privileged communication and its work product related to the client documents Ephraim Olson is alleged to have improperly obtained.

Defendant appears to be seeking confidential client documents to which he is not entitled, similar to those he converted that caused the damages alleged in this Action. If he is in fact entitled to some information, he can seek that information through the proper channels, not through discovery that is not relevant to the allegations in the Action.

Based on these objections, OLPC will not respond to this request.

**REQUEST FOR PRODUCTION NO. 7:** Produce all emails, texts, internal communication records, written records and other communications stored or held by OLPC between Tom Olson, Hyrum Olson, Joshua Olson, Ruth Olson, Bruce Lemons, or any combination of them, relating in any way to Ephraim Olson and/or the allegations in this lawsuit from 2019 to the present.

**RESPONSE NO. 7:** In addition to the objections set forth above and incorporated herein by reference, OLPC objects to Request No. 7 on the grounds that it (a) is facially overbroad in that it does not have a reasonable limit in temporal scope and seeks information created both before and after the allegations in the Complaint (Defendant himself takes the position that the "only time period relevant to OLPC's claims is post May 2020," yet seeks

**CONFIDENTIAL**

information here for a year prior to that); (b) sweeps within its scope documents that are neither

relevant nor reasonably calculated to lead to the discovery of admissible evidence because the

Request does not have a reasonable limit in substantive scope and would literally include any

document relating to Ephraim in any way; (c) is overly broad and unduly burdensome in that it

seeks communications "all" communications "relating in any way" and thus is overly broad and

not proportional to the needs of the case, and (d) seeks information protected by the

attorney/client or work product doctrine.

The individuals listed in Request No. 7 regularly communicate with each other as part of

the provision of legal services and representation of various clients. As such, OLPC objects that

requiring OLPC to search and review those communications is especially burdensome and not

proportional to the needs of the case. OLPC further objects because the documents likely contain

attorney/client communications and attorney work product and logging such conversations would

be an excessively burdensome, especially for communications after the filing of this Action.

Subject to and based on these objections, OLPC has conducted a reasonable search and

will produce non-privileged, responsive documents that relate to the allegations in this Action.

**REQUEST FOR PRODUCTION NO. 8:** Produce all documents, including but not limited to emails, texts, and other communications, reflecting communications between Timothy Akarapanich and Hyrum Olson, Thomas Olson, Joshua Olson, and/or Bruce Lemons, from 2019 to the present relating to Ephraim Olson and/or the allegations in this litigation.

**RESPONSE NO. 8:**  In addition to the objections set forth above and incorporated

herein by reference, OLPC objects to Request No. 8 on the grounds that it (a) is facially

overbroad in that it does not have a reasonable limit in temporal scope and seeks information

created both before and after the allegations in the Complaint (Defendant himself takes the

position that the "only time period relevant to OLPC's claims is post May 2020," yet seeks

**CONFIDENTIAL**

information here for a year prior to that); (b) sweeps within its scope documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because the Request does not have a reasonable limit in substantive scope and would include any document relating to Ephraim whether or not relevant to this Action; and (c) seeks information protected by the attorney/client or work product doctrine.

The individuals listed in Request No. 8 regularly communicate with each other as part of the provision of legal services and representation of various clients. As such, OLPC objects that requiring OLPC to search and review those communications is especially burdensome and not proportional to the needs of the case. OLPC further objects because the documents likely contain attorney/client communications and attorney work product and logging such conversations would be an excessively burdensome, especially for communications after the filing of this Action.

Subject to and based on these objections, OLPC has conducted a reasonable search and will produce non-privileged, responsive documents that relate to the allegations in this Action.

**REQUEST FOR PRODUCTION NO. 9:** Produce documents, communications, data logs, and other data or information, showing Timothy Akarapanich accessed OLPC, OLPCCI, or ITC's servers in June 2020.

**RESPONSE NO. 9:** In addition to the objections set forth above and incorporated herein by reference, OLPC objects to Request No. 9 on the grounds that it seeks information and documents that may be the subject of expert opinion and discovery concerning expert opinion is premature. OLPC further objects to Request No. 9 because it seeks the disclosure of privileged attorney/client communications and attorney work product.

**CONFIDENTIAL**

Subject to and based on these objections, OLPC has conducted a reasonable search and will produce non-privileged, responsive documents that relate to the allegations in this Action. *See also* OL Private Counsel-Ephraim Olson 0001-0324.

**REQUEST FOR PRODUCTION NO. 10:** Produce the Telegram message in which Ephraim Olson asked "Former Employee to access ITC's computer servers to obtain any information relevant to the Marital Dispute," as alleged in paragraph 30 of the Complaint. Please specifically reference the bates number on which this message appears.

**RESPONSE NO. 10:** In addition to the objections set forth above and incorporated herein by reference, OLPC objects to Request No. 10 because it seeks specific information that is just as accessible to Ephraim Olson as to OLPC. OLPC responds that the messages related to that allegation appear on OL Private Counsel-Ephraim Olson 0001-0324.

**REQUEST FOR PRODUCTION NO. 11:** Please produce each OLPC client invoice detailing the legal work allegedly performed by Olson from 2014 to 2019.

**RESPONSE NO. 11:** In addition to the objections set forth above and incorporated herein by reference, OLPC objects to Request No. 11 on the grounds that it (a) is facially overbroad in that it does not have a reasonable limit in temporal scope and seeks information created both before and after the allegations in the Complaint (Defendant himself takes the position that the "only time period relevant to OLPC's claims is post May 2020," yet seeks information here for six years prior to that); (b) sweeps within its scope documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because the Request does not have a reasonable limit in substantive scope and would include descriptions of Ephraim Olson's legal work whether or not relevant to this Action; and (c) seeks information protected by the attorney/client or work product doctrine because the invoices referenced would detail legal work performed for clients.

23

**CONFIDENTIAL**

Subject to and based on these objections, OLPC has conducted a reasonable search and will produce non-privileged, responsive documents that demonstrate the hours Ephraim Olson worked.

**REQUEST FOR PRODUCTION NO. 12[1]:** Produce all documents which detail and describe Timothy Akarapanich's access to OLPC, OLPCCI, and ITC's computer networks and servers, including documents which show when his access began and when it was affirmatively revoked for each corporate entity.

**RESPONSE NO. 12:** In addition to the objections set forth above and incorporated herein by reference, OLPC objects to Request No. 12 on the grounds that it (a) is facially overbroad in that it does not have a reasonable limit in temporal scope and seeks information created both before and after the allegations in the Complaint (Defendant himself takes the position that the "only time period relevant to OLPC's claims is post May 2020," yet seeks information here for years prior to that); (b) sweeps within its scope documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because the Request does not have a reasonable limit in substantive scope; (c) is overly broad in that it seeks documents related to when Mr. Akarapanich's access began which are not relevant to the allegations in the complaint; (d) seeks information may be the subject of expert opinion and discovery concerning expert opinion is premature; and (d) seeks the disclosure of privileged attorney/client communications and attorney work product.

Subject to and based on these objections, OLPC has conducted a reasonable search and will produce non-privileged, responsive documents that demonstrate the date in which Mr.

---

[1] Defendant refers to this request as "Request No. 1" in his Second Set of Interrogatories and Requests for Production." Because Defendant had 11 requests for production in his first set of discovery, this request is in fact, Request No. 12.

24

**CONFIDENTIAL**

Akarapanich's authorized access began and when his authorized access ended. OLPC is not aware of other non-privileged documents detailing how he accessed the system without authorization.

DATED: May 20, 2022

FOLEY & LARDNER LLP

/s/ Monica S. Call
David J. Jordan
Monica S. Call

*Attorneys for Plaintiff OL Private Counsel, LLC*

**CONFIDENTIAL**

## **VERIFICATION**

I, Thomas H. Olson, have read Plaintiff OL Private Counsel, LLC's Response to First and Second Set of Discovery Requests and know the answers set forth therein, which were prepared with the assistance and advice of my counsel upon whose advice I have relied. The answers set forth therein, subject to inadvertent or undiscovered errors, are based on and are therefore necessarily limited by the records and information still in existence, presently recollected, and thus far discovered or accessible in the course of the preparation of the answers. Consequently, I reserve the right to make any changes to those answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available. Subject to these limitations, the answers are true to the best of my knowledge, information, and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 20th day of May, 2022.

OL Private Counsel, LLC

*Thomas Olson*
_____
Manager

26

CONFIDENTIAL

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 20, 2022 a true and correct copy of the foregoing **PLAINTIFF**

**OL PRIVATE COUNSEL, LLC'S RESPONSE TO FIRST AND SECOND SET OF**

**DISCOVERY REQUESTS** was via email to the following counsel of record:

 Scott M. Lilja
 slilja@fabianvancott.com
 Sarah C. Vaughn
 svaughn@fabianvancott.com
 FABIAN VANCOTT
 215 S STATE ST STE 1200
 SALT LAKE CITY, UT 84111-2323
 (801)531-8900


 */s/ Stacy Kamaya*_____

**CONFIDENTIAL**