# EXHIBIT 19

Filed Under Seal

David J. Jordan (1751)
David L. Mortensen (8242)
Monica S. Call (11361)
FOLEY & LARDNER LLP
95 S. State Street, Suite 2500
Salt Lake City, UT 84111
Telephone: 801.401.8900
djordan@foley.com
dlmortensen@foley.com
mcall@foley.com

*Attorneys for Plaintiff OL Private Counsel, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF UTAH

| | |
|---|---|
| OL PRIVATE COUNSEL, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>EPHRAIM OLSON, an individual,<br><br>Defendant. | **OL PRIVATE COUNSEL, LLC'S SECOND SUPPLEMENTAL RESPONSE TO DEFENDANT'S INTERROGATORY NO. 13**<br><br>Case No. 2:21-cv-00455-DDB-DAO<br><br>The Honorable David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Pursuant to Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure, plaintiff OL Private Counsel ("OLPC") hereby submits its Second Supplemental Response to Defendant's Interrogatory No. 13 (the "Request").

**PRELIMINARY STATEMENT**

A. OLPC has not completed its investigation in this matter and reserves the right, without assuming any obligation, to amend, revise, clarify, or correct these responses as necessary,

CONFIDENTIAL

4887-2708-4734.3

including if new information is uncovered. OLPC also reserves the right to introduce evidence from any source and testimony from any witness in any future proceedings in this action.

B. OLPC will respond to the Request as they interpret and understand them. OLPC reserves the right to supplement its objections and/or responses thereto if Defendant subsequently asserts an interpretation of the Request that differs from OLPC's understanding.

C. OLPC makes these responses and/or objections solely for the purpose of, and in relation to, this action. Each response herein is made subject to all appropriate objections (including, but not limited to, objections concerning competency, relevance, materiality, propriety, and admissibility) that would require the exclusion of any information, document, or thing during the hearing or any other proceeding in this action. All such objections, and the grounds for such objections, are reserved and may be interposed during the administrative hearing or any other proceeding in this action.

D. Except for the facts explicitly admitted herein (if any), no admission of any nature whatsoever is to be implied or inferred from these responses. The fact that OLPC responds to a Request should not be taken as an admission, or concession of the existence of, any fact or document set forth, assumed, or implied by the Request, or that the Request is relevant or otherwise constitutes evidence of any fact thus set forth, assumed or implied.

E. All responses are given based on present recollection.

F. Without assuming any obligation to do so, OLPC expressly reserves the right to revise, correct, add to, clarify, and/or further supplement any of its responses herein. Also, without obligating itself to do so, OLPC reserves the right to change or supplement these responses as additional facts or documents are discovered and as further analysis and research discloses

4887-2708-4734.3

additional facts, contentions, or legal theories that may apply. Moreover, if any information has been inadvertently omitted from these responses, OLPC reserves the right to change or supplement these responses.

G. These responses are marked as CONFIDENTIAL pursuant to the Standard Protective Order that applies to this case pursuant to DUCivR 26-2(a).

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

Rather than set forth each of the below objections in full in response to the Request, OLPC objects to the Definitions contained in the Request as follows. These objections are in addition to the other objections set forth in response to each Request.

1. OLPC objects to Defendant's definitions and instructions to the extent the definitions and/or instructions seek to impose on OLPC any obligations in addition to or different from those set forth in the Federal Rules of Civil Procedure.

2. OLPC objects to Paragraph 1 of the Instructions as it seeks to impose obligations in addition or different from those set forth in the Federal Rules of Civil Procedure. OLPC will comply with its obligations to supplement under the Federal Rules of Civil Procedure in supplementing its discovery responses.

3. OLPC objects to Paragraph 2 of the Instructions because it contains detail not required by the Federal Rules of Civil Procedure. OLPC will comply with its obligation with respect to any privilege log per the terms of Rule 26(b)(5) of the Federal Rules of Civil Procedure.

4. OLPC objects to Paragraph 3 of the Instructions because it requires more detail on particular objections than required by Rules 26 or 34 of the Federal Rules of Civil Procedure. OLPC will comply with the Federal Rules of Civil Procedure.

3

5. OLPC objects to Paragraph 5 of the Instructions. The Federal Rules of Civil Procedure do not require the production of all files in native format. OLPC will produce documents as load files that can easily be uploaded into a discovery review platform. If Defendant seeks the native format of a particular document, OLPC will consider that request.

6. OLPC objects to Paragraph 7 of the Instructions as it places on OLPC a burden in addition to or different from the Federal Rules of Civil Procedure. Consistent with Rule 34(b)(2)(E) of the Federal Rules of Civil Procedure, OLPC will produce documents as they are kept in the usual course of business.

7. OLPC objects to Paragraph 1 of the Definitions that defines the term "OLPC" to mean "Thomas Olson." OLPC will interpret the terms "OLPC" to refer to OL Private Counsel, LLC and any of its predecessors, successors, subsidiaries, affiliates, members, officers, agents, attorneys, employees, representatives, or others acting on its behalf.

8. OLPC objects to Paragraph 2 of the Definitions that defines the term "OLPCCI" to mean "Thomas Olson." OLPC will interpret the terms "OLPCCI" to refer to OL Private Corporate Counsel International, Ltd. and any of its predecessors, successors, subsidiaries, affiliates, members, officers, agents, attorneys, employees, representatives, or others acting on its behalf.

9. OLPC objects to Paragraph 3 of the Definitions that defines the term "ITC" to mean "Thomas Olson." OLPC will interpret the terms "ITC" to refer to International Tax Counsel Ltd. and any of its predecessors, successors, subsidiaries, affiliates, members, officers, agents, attorneys, employees, representatives, or others acting on its behalf.

4

4887-2708-4734.3

10. OLPC objects to the definition of the term "Document" in Paragraph 11 of the Definitions as inconsistent with the Federal Rules of Civil Procedure and other applicable law. OLPC will comply with the Federal Rules of Civil Procedure.

11. OLPC objects to the definition of "relating to," "relate to," "referring to," "refer to," "reflecting," "reflect," "concerning," or "concern" in Paragraph 13 of the Definitions as facially overbroad and unduly burdensome and as seeking to impose burdens beyond those imposed by the Federal Rules of Civil Procedure.

12. OLPC objects to the definition of "identify" or "identity" in Paragraphs 17 and 18 of the Definitions as it improperly expands the number of limited interrogatories in this matter to provide the detail requested. OLPC will respond to the Requests as written.

Subject to and without waiving the foregoing objections, OLPC responds to the Request as follows:

## INTERROGATORIES

**INTERROGATORY NO. 13:** Identify each converted document used "in subsequent litigation against OLPC's clients, including the marital dispute and other legal actions" as alleged in OLPC's Short Form Discovery Motion, Docket No. 101. This request requires: (1) an identification of the title of the document, (2) the name of the OLPC client it was allegedly used against, (3) the title and jurisdiction of the legal action, and (4) the manner in which the document was used. For example, if the document was used in a motion, identify the name of the motion and the docket number. If the document was used in a deposition, identify the name of the witness and the exhibit number.

4887-2708-4734.3

**RESPONSE TO INTERROGATORY NO. 13:** OLPC objects to the Request to the extent it seeks a legal conclusion, privileged, and irrelevant information regarding the names of OLPC's clients. Accordingly, other than Thomas Olson, OLPC identifies solely the names of trusts, and not the names of any trustees, settlors, and/or protectors of the trusts that OLPC may represent. OLPC further objects to the request that OLPC "identif[y] the title of the document" as the title of some documents is not apparent from the face of the document itself. OLPC has provided the title of the documents to the best of its knowledge.

Subject to and based on the objections set forth above, OLPC responds that the documents listed below are documents Olson converted. The full extent of Olson's improper use of OLPC's confidential information and documents is still being investigated, and OLPC reserves the right to supplement this list as discovery is ongoing. For the avoidance of doubt, the documents below reflect the documents that OLPC contends were used in a legal action and do not include all known documents or confidential information Olson improperly took or retained from OLPC.

1) The Documents:

- OL Private Counsel PTE. LTD., Schedule A and related documents (OL Private Counsel-Ephraim Olson 0104, 0107-11, 0115-19, 0174-78, 203-07);
- Spreadsheet re Olson Trusts (OL Private Counsel-Ephraim Olson 0106, 0173);
- The White Buffalo Trust (OL Private Counsel-Ephraim Olson 0142-60, 0298-316);
- The George Whitehead Family Trust (OL Private Counsel-Ephraim Olson 0217-36, 2933-53);
- The Olson Estate Trust (OL Private Counsel-Ephraim Olson 0237-50, 2910-32);
- The Thomas H. Olson Trust (OL Private Counsel-Ephraim Olson 0264-77, 2965-75);

6

4887-2708-4734.3

- The Waterton Land Trust (OL Private Counsel-Ephraim Olson 0278-97, 2889-2909);

- The William Bell Hardy Trust (OL Private Counsel-Ephraim Olson 0317-24, 2986-94);

- Assessment After Normal (Re)Assessment Period Recommendation Report (OL Private Counsel-Ephraim Olson 1391-95, 3016-20);

- Drafts of Proposed Stipulation in Marital Dispute (defined herein) (OL Private Counsel-Ephraim Olson 1267-83, 2539-55, 8476-8550; Ephraim-Olson 5397-5413, 5415, 5397-5413, 5455-75, 5434, 5455-75, 5574-90, and 008397-8550).

2) As of the date of this Response, OLPC responds that the documents were used against Thomas Olson, The Olson Estate Trust, Waterton Land Trust, The George Whitehead Family Trust, and The Thomas H. Olson Trust.

3) OLPC contend that the documents were used in *Olson v. Olson*, Case No. 204904555, Third Judicial District Court in and for Salt Lake County, State of Utah (the "Marital Dispute"); *Olson v. Olson*, Case No. 2001-14224, filed in the Court of Queen's Bench of Alberta, Canada (the "Mareva Injunction"); *Burton v. Bison Conservation Ranch*, King's Bench of Manitoba, File No. CI 21-01-31871; *Olson v. Burton*, King's Bench of Alberta, File No. 2101-05282; Law Society of Manitoba, Complaint against Thomas Olson, No. 2021-114-CPL-CD; and *Burton v. Lemons*, Case No. 220901538, Third Judicial District Court in and for Salt Lake County, State of Utah.

4) OLPC contends the documents were used for information gathering in legal actions in the U.S. and Canada, including, but not limited to, obtaining orders in the Matrimonial Dispute (*see, e.g.*, Verified Motion for Temporary Orders), drafting complaints (such as in *Burton v.*

7

*Lemons*), and as evidence in the Mareva Injunction attached to Carolyn Olson's Affidavit, Exs. 14 and 21.

**SUPPLEMENTAL RESPONSE TO NO. 13:** OLPC is aware that as of the date of this supplement, some of the converted documents identified above were also used in the March 16, 2023 Affidavit of Carolyn Olson and July 14, 2023 Affidavit of Naomi Burton filed in the *Olson v. Olson* Case No. 2201 04486 pending in the Court of King's Bench of Alberta. *See* OL PRIVATE COUNSEL-EPHRAIM OLSON 13074-184 and 13185-268 and in the December 20, 2023 Affidavit of Carolyn Olson in Support of Claim for Accounting from the Defendant in Respect of the White Buffalo Trust pending in the High Court of the Cook Islands Held at Rarotonga (Civil Division) Plaint No. /23.

**SECOND SUPPLEMENTAL RESPONSE TO NO. 13:** OLPC is aware that as of the date of this second supplement, the following documents were converted and used as described below:

1) Documents
   - Draft of Proposed Stipulation in Marital Dispute (MED-0000001-16) (the "Confidential Draft Stipulation").

2) The Confidential Draft Stipulation was used against Thomas Olson, the Olson Estate Trust, and Waterton Land Trust.

3) On Thursday, May 9, 2024, during the course of a mediation for this and the other cases described above, Ephraim Olson and Carolyn Olson's counsel gave a copy of the Confidential Draft Stipulation to the mediator, who provided it to Thomas Olson.

8

4887-2708-4734.3

4) Thomas Olson understands that Carolyn and Ephraim used the Confidential Draft Stipulation in an attempt to justify a settlement proposal they were making to Thomas Olson in the mediation. Counsel for Carolyn and Ephraim asserted that Thomas Olson was the last to make changes to this document, demonstrating that Carolyn and Ephraim accessed and used the metadata of the document. The Confidential Draft Stipulation was an incomplete draft concept for settlement. Thomas Olson decided not to proceed further with the settlement concept and any information related to the settlement concept was not intended to be shared with Carolyn. It appears, however, that Ephraim Olson forwarded the Confidential Draft Stipulation to himself on multiple occasions, including on March 12, 2019 (Ephraim-Olson 5397-5413). Then, in breach of the obligations he owed to Plaintiff, he emailed it to Carolyn's counsel on May 6, 2019 (Ephraim-Olson 00008399-8473). Thomas Olson understands Ephraim, Carolyn, and their lawyers used this converted document to pressure Thomas Olson to settle the marital dispute on the terms in that converted document even though the terms of that document were never finalized, that document was never on the table for discussion, and the settlement concept contained in the Confidential Draft Stipulation was intended to be confidential.

DATED: May 22, 2024.

FOLEY & LARDNER LLP

/s/ Monica S. Call
David J. Jordan
David L. Mortensen
Monica S. Call

*Attorneys for Plaintiff OL Private Counsel, LLC Attorneys for Plaintiffs*

9

4887-2708-4734.3

## VERIFICATION

I, Thomas Olson, have read **OL PRIVATE COUNSEL, LLC'S SECOND SUPPLEMENTAL RESPONSE TO DEFENDANT'S INTERROGATORY NO. 13** and know the answers set forth therein, which were prepared with the assistance and advice of my counsel upon whose advice I have relied. The answers set forth therein, subject to inadvertent or undiscovered errors, are based on and are therefore necessarily limited by the records and information still in existence, presently recollected, and thus far discovered or accessible in the course of the preparation of the answers. Consequently, I reserve the right to make any changes to those answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available. Subject to these limitations, the answers are true to the best of my knowledge, information, and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 22 day of May, 2024.

*Thomas Olson*

Title: Managing Member

## CERTIFICATE OF SERVICE

On May 22, 2024, I caused a true and correct copy of the foregoing **OL PRIVATE COUNSEL, LLC'S SECOND SUPPLEMENTAL RESPONSE TO DEFENDANT'S INTERROGATORY NO. 13** to be served via e-mail upon the following:

Scott M. Lilja
slilja@fabianvancott.com
Sarah C. Vaughn
svaughn@fabianvancott.com
Fabian Vancott
215 S State, Suite 1200
Salt Lake City, UT 84111-2323

/s/ Monica S. Call

11

4887-2708-4734.3