# EXHIBIT 25

# EXHIBIT 25

Form 11
[Rule 3.31]

Clerk's Stamp

JUDICIAL CENTRE OF CALGARY
**FILED DIGITALLY**
2201 04486
Aug 21, 2023
3:52 PM
CLERK OF THE COURT

| | |
|---|---|
| COURT FILE NUMBER | 2201-04486 |
| COURT | KING'S BENCH OF ALBERTA |
| JUDICIAL CENTRE | CALGARY |
| PLAINTIFF(S) | CAROLYN OLSON, NAOMI BURTON and yet to be named parties who may be trustees, beneficiaries, shareholders and whose losses are not yet known |
| DEFENDANT(S) | THOMAS H. OLSON, INDIVIDUALLY and as PROTECTOR OF THE OLSON ESTATE TRUST, THE WATERTON LAND TRUST, WATERTON LAND TRUST LTD., BRUCE LEMONS, HYRUM OLSON, JOSHUA OLSON, COLETTE WILLIAMSON, JOHN DOE and ABC CORPORATION and JANE DOE AS TRUSTEE OF XYZ TRUST |
| DOCUMENT | **STATEMENT OF DEFENCE** |
| PARTY FILING THIS DOCUMENT | THOMAS H. OLSON |
| ADDRESS FOR SERVICE AND CONTACT INFORMATION OF PARTY FILING THIS DOCUMENT | **PEACOCK LINDER HALT & MACK LLP**<br>Suite 4050, 400 – 3rd Avenue SW<br>Calgary, Alberta, T2P 4H2<br>Peter T. Linder, K.C.<br>Telephone (403) 296-2280<br>Fax (403) 296-2299<br>FILE: 7817 |

**Note: State below only facts and not evidence (Rule 13.6)**

**Statement of facts relied on:**

1.  Except as expressly admitted herein, the Defendant Thomas H. Olson ("Thomas Olson") denies each and every allegation set forth in the Statement of Claim. Thomas Olson denies that he is the Protector of Olson Estate Trust.

2.  Thomas Olson admits paragraphs 1 and 7 of the Statement of Claim.

00869963v1

- 2 -

3.    In answer to the whole of the Statement of Claim, to the extent that the Plaintiffs seek
relief and remedies relating to or arising out of the breakdown of Thomas Olson's
marriage to Carolyn Olson and the division of their matrimonial property, these issues are
properly before the Courts of the State of Utah, United States of America. Thomas Olson
pleads and relies upon the defences of *res judicata,* issue estoppel and abuse of process.
To the extent that this Defence pleads in response to specific allegations made by the
Plaintiffs with respect to such issues, such pleading is made on the express basis that
issues involving the division of matrimonial property are within the proper and exclusive
jurisdiction of the Utah Courts and without attorning to the jurisdiction of this
Honourable Court with respect thereto.

4.    Further, and in answer to the whole of the Statement of Claim, the Plaintiffs have brought
duplicative and overlapping claims in multiple actions and jurisdictions. Thomas Olson
pleads and relies upon the defences of *res judicata,* issue estoppel and abuse of process.

5.    Further, and in answer to the inclusion of the nominal plaintiffs, John Doe and ABC
Corporation and Jane Doe as trustee of XYZ Trust, in the Statement of Claim, such
parties either do not exist, or are or should be known to the named Plaintiffs, and, in any
event, have no valid claims or their claims are barred by the *Limitations Act*, RSA 2000,
c. L-12. As such, the inclusion of such nominal plaintiffs in the pleadings is a nullity or
other abuse of process and their claims should be stuck or dismissed.

6.    Further, and in answer to the whole of the Statement of Claim, some or all of the claims
made by the Plaintiffs against Thomas Olson are time barred by the *Limitations Act*, RSA
2000, c. L-12.

7.    Throughout the course of his marriage to the Plaintiff Carolyn Olson ("Carolyn Olson"),
Thomas Olson worked very hard to provide for the family and to raise and educate their
children in a loving, healthy and supportive environment. He did so, in part, by creating
various family enterprises that supported shared objectives of the Olson family, which
included maintaining a comfortable standard of living, minimizing taxes, providing
protection from creditors, providing for a comfortable retirement for Carolyn and Thomas
Olson, providing a good education for the children, providing them with valuable work

00869963v1

- 3 -

experiences, and supporting certain religious, philanthropic and conservation causes (the "Olson Family Objectives").

8.  In addition to creating the family enterprises that supported the Olson Family Objectives, Thomas Olson jointly participated in raising and educating his and Carolyn's nine living children. As admitted by Carolyn Olson in the Statement of Claim, she and their children were participants in the family enterprises created by Thomas Olson for the long-term and multi-generational benefit of their family.

9.  Specifically, from 1992 to 2008, Thomas Olson was involved in trusts being settled and corporations and partnerships being formed as part of the estate plan that was put in place for the long-term, multi-generational benefit of the Olson family, including through the achievement of the Olson Family Objectives. This estate plan was discussed with Carolyn Olson and family members, including Naomi Burton, who participated in various family enterprises with their full knowledge of the terms of the trusts and the objectives they were designed to support. Throughout this time period, Carolyn Olson and Naomi Burton were independently advised on matters involving the trusts and other family enterprises, including by Carolyn Olson's brother, who is a lawyer who specialized in corporate and estate law.

10. In 2000, as part of the Olson family estate plan, a separate trust known as the Carolyn Olson Spousal Trust was established for the benefit of Carolyn Olson. Over the succeeding decade or more, Thomas Olson contributed assets of significant value to the Carolyn Olson Spousal Trust. Thereafter, Carolyn Olson separated from Thomas Olson, and has lived a lavish lifestyle while Thomas Olson has lived frugally.

11. After having participated as trustees and otherwise and having enjoyed the benefits of the Olson family estate plan for decades, including the tax planning that utilized the trusts and other family enterprises, Carolyn Olson and Naomi Burton are barred and estopped by their conduct and by the *Limitations Act*, RSA 2000, c. L-12 from now claiming that the trusts are shams.

- 4 -

12.    The Plaintiff Naomi Burton is one of nine living Olson children; all of whom have the ability to be discretionary beneficiaries provided that they meet the requirements of the terms of the subject trusts that are a part of the Olson family estate plan. Thomas Olson is not a trustee or protector of any of these trusts. Thomas Olson has not breached any duty or obligation owed to Naomi Burton, or at all. Naomi Burton lacks standing to bring the claims set forth in the Statement of Claim and her claims are without substance or merit.

13.    Further, and in answer to the whole of the Statement of Claim, the subject trusts that form a part of the Olson family estate plan were settled with the intention that the trustees were to manage and administer the trust property, in the trustee's absolute and uncontrolled discretion.

14.    Further, and in answer to the whole of the Statement of Claim, under the terms of some or all of the subject trusts and, given their choice of residency or citizenship, the Plaintiffs are not now and never have been Beneficiaries of some or all of the subject trusts.

15.    Further, and in answer to the whole of the Statement of Claim, Thomas Olson acted at all times honestly, in good faith, and in accordance with any duties or obligations he may have owed to the Plaintiffs, which duties and obligations are denied. Thomas Olson expressly denies that he had any knowledge of, was a party to, or played any role whatsoever in any alleged conspiracy or concerted action that in any way caused harm or damage to the Plaintiffs, which alleged conspiracy and concerted action never happened, and are denied.

16.    Further, and in specific answer to the allegations in paragraph 9 of the Statement of Claim, and elsewhere, with the exception of the Carolyn Olson Spousal Trust, some or all of subject trusts that form a part of the Olson family estate plan:

(a)    were not settled to benefit Carolyn and the children of the Olson family but, rather, were expressly settled with the intention that the trustees were to manage and administer the trust property, in the trustee's absolute and uncontrolled discretion, for the benefit of all or any one or more of the qualified

PLF001461

"Beneficiaries" (excluding any "Excluded Person"), all in accordance with and as provided for under the terms of the Trust Settlements;

(b)    were not settled with the intention of benefiting only Thomas Olson or others that he favoured and, in fact, have at all times been administered for the benefit of the qualified "Beneficiaries" and in strict accordance with the terms of the Trust Settlements and the intentions of the settlors; and

(c)    were and are valid, express trusts that were and are being properly administered in strict accordance with the terms of the Trust Settlements and intentions of the settlors.

17.    Further, and in specific answer to the allegations in paragraph 10 of the Statement of Claim, and elsewhere, Thomas Olson denies that he, or anyone other than the duly appointed trustees, had or have control over or unfettered access to the assets of the subject trusts, which were and are valid, express trusts that were and are being properly administered in strict accordance with the terms of the Trust Settlements.

18.    Further, and in specific answer to the allegations in paragraphs 11 and 12 of the Statement of Claim, Thomas Olson denies that the subject trusts are shams and that they were at any time controlled by anyone other than their duly appointed trustees. The trusts have maintained proper and adequate records of their affairs and the business transacted by the trustees, with the exception of Carolyn Olson Spousal Trust, Carolyn Olson Children's Trust, Olson Manitoba Conservation Trust, and the Ruth Doxey Family Trust, which trusts are being administered by trustees who include Naomi Burton and Ephraim Olson.

19.    Further and in specific answer to the allegations in paragraphs 15 and 28 of the Statement of Claim, and elsewhere, Thomas Olson denies that he acted in concert with anyone or that he participated, acquiesced in, or caused the improper removal of Naomi Burton as a beneficiary of the Waterton Land Trust. Naomi Burton knowingly and of her own accord and volition chose to become and remain a citizen or resident of the United States of

PLF001462

America, and thereby became an "Excluded Person" under the express terms of the Trust Settlement.

20.     Further and in specific answer to the allegations in paragraphs 18 through 25 of the Statement of Claim, and elsewhere, Thomas Olson denies that he was acting in the capacity as an international tax and asset protection lawyer for either of the Plaintiffs or that he made any promises or gave any advice to Carolyn Olson to the effect that the Olson family estate plan was for her sole and exclusive benefit. Rather, at all times, with full disclosure and the consent and support of Carolyn Olson, Thomas Olson acted as husband and father to involve Carolyn and their children in the family enterprises that he created for the long-term benefit of achieving the Olson Family Objectives.

21.     Further and in specific answer to the allegations in paragraphs 18 through 25 of the Statement of Claim, Thomas Olson expressly denies that any matrimonial property has been transferred by him for his own benefit or for the benefit of any entity controlled by him. To the contrary, through his efforts, Thomas Olson has provided the financial resources necessary to achieve the Olson Family Objectives, while himself living frugally.

22.     Further and in specific answer to the allegations in paragraphs 26 and 27 of the Statement of Claim, Thomas Olson denies that he was or is the settlor or protector of trusts that contain matrimonial assets, as alleged or at all.

23.     Further, and in specific answer to the allegations in paragraph 29 of the Statement of Claim, Thomas Olson denies that Naomi Burton was improperly removed as a director of Waterton Land Trust Ltd. or that he participated in such removal. Naomi Burton was removed as a director of Waterton Land Trust Ltd. by resolution of its shareholder and only after it had ceased to be the trustee of Waterton Land Trust. The Waterton Land Ltd. was removed as trustee because: (a) its sole director, Naomi Burton, was derelict in her duties as director, (b) threatened to use her position as director of the trustee for an improper purpose, (c) exposed the trust to potentially onerous tax liabilities and reporting obligations and, (d) by ceasing to be a resident of Canada, the trustee put the corporation

PLF001463

offside of the Canadian residency requirements mandated by the *Business Corporations Act*, RSA 2000, c. B-9.

24.    Thomas Olson further denies that anyone breached any duty to account to Naomi Burton, who, by her own choice to take up residency and have herself adjudicated a citizen of the United States, was and is an "Excluded Person" under the terms of the Trust Settlement for the Waterton Land Trust. Thomas Olson further denies that anyone failed to advise Naomi Burton of any vested interest she had in the Waterton Land Trust, which vested interest is denied.

25.    Further, and in specific answer to the allegations in paragraph 31 of the Statement of Claim, Thomas Olson set up various entities over the years for estate and tax planning purposes for the sole purpose of supporting the Olson Family Objectives. Thomas Olson denies that any matrimonial property was contributed to any of the entities listed in paragraph 31 of the Statement of Claim for any improper purpose or to the detriment of the Plaintiffs.

26.    Further, and in specific answer to the allegations in paragraphs 32 to 35 of the Statement of Claim, Thomas Olson's relationship to Carolyn Olson was one of husband and wife. Thomas Olson denies having acted as her lawyer, and made sure that she had access to independent legal advice, including from her brother, who is a lawyer specialized in corporate and estate law. Carolyn Olson was fully aware of and supported Thomas Olson's efforts in creating family enterprises and to involve family members who were interested in working to achieve the Olson Family Objectives.

27.    Further, and in specific answer to the allegations in paragraphs 32 to 40 of the Statement of Claim, Thomas Olson denies that he has maintained control of the trusts in circumstances where highly educated adults have been appointed as trustees. Such trustees, including at times the Plaintiffs Carolyn Olson and Naomi Burton, have exercised their own independent will and judgment in administering the affairs of the trusts. Thomas Olson denies that there is or ever has been a conspiracy to hurt Carolyn Olson or deprive her of assets, as alleged or at all.

00869963v1

28.  Further, and in specific answer to the allegations in paragraph 41 of the Statement of Claim, Thomas Olson denies having wrongfully transferred assets and funds for no or inadequate consideration with the intention of hindering the Plaintiffs as owners of the assets, or at all. Thomas Olson denies having been involved in any fraudulent conveyance or other breach of any duty, as alleged or at all.

29.  Further, and in specific answer to the allegations in paragraph 43 of the Statement of Claim, Thomas Olson denies the existence of any conspiracy and denies that he played any role in any conspiracy to hide or transfer assets or to defeat the interests of any creditor, as alleged or at all.

30.  Further, and in specific answer to the allegations in paragraph 44 of the Statement of Claim, Thomas Olson denies that he owed any professional or ethical duty and any duty of care or fiduciary duty to the Plaintiffs as alleged, or at all.  In the alternative, to the extent that such duties were owed to the Plaintiffs, which is denied, Thomas Olson denies having breached them. Thomas Olson at all times acted honestly, in good faith, prudently and carefully, and in complete accordance with his ethical and professional duties and the standards of the legal profession and those prescribed by the law societies in the jurisdictions where he has practiced law.

31.  Further, and in specific answer to the allegations in paragraph 46 of the Statement of Claim, Thomas Olson denies having breached any duties as an officer or director or as partner by having conducted transactions or having dealt with assets without authority or in breach of any duty, as alleged or at all.

32.  Further, and in specific answer to the allegations in paragraph 47 of the Statement of Claim, Thomas Olson denies having breached the alleged or any duties owed to the Plaintiffs, and puts them to the strict proof thereof.

33.  Further, and in specific answer to the allegations in paragraph 48 of the Statement of Claim, Thomas Olson denies having retained or assisted anyone to fraudulently or wrongfully retain the benefits of any assets to the detriment of either of the Plaintiffs, or

PLF001465

- 9 -

at all. Thomas Olson further denies having played any role in any alleged reorganization, taking control, or manipulation of assets, to the detriment of the Plaintiffs, or at all.

34.    Further, and in specific answer to the allegations in paragraphs 49 and 50 of the Statement of Claim, the allegations are identical to and duplicative of the issues raised by Carolyn Olson in the divorce and matrimonial proceedings presently pending before the Utah Courts, which is the proper forum for the adjudication of such issues. Thomas Olson denies that he has been unjustly enriched, that he has made any promises that give rise to a proprietary estoppel, that Carolyn Olson has an equitable interest in any assets outside of the matrimonial estate and denies that she has any proper claim for *quantum meruit*, or at all.

35.    Further, and in specific answer to the allegations in paragraph 51 of the Statement of Claim, Thomas Olson denies having been involved in any conspiracy by unlawful means, or at all, and says that the Plaintiffs' act in pleading the same without particulars and without any proper grounds or merit is deserving of sanction.

36.    Further, and in specific answer to the allegations in paragraph 52 of the Statement of Claim, Thomas Olson denies that he has been unjustly enriched, as alleged or at all. Thomas Olson further denies that Carolyn Olson or Naomi Burton are, or have ever been, Beneficiaries of some of the subject trusts and, in any event, that they otherwise had or now have any valid claims as discretionary beneficiaries in any of the subject trusts, or at all.

37.    Further, and in specific answer to the allegations in paragraphs 53 to 55 of the Statement of Claim, Thomas Olson has breached no duty owed to Carolyn Olson, and has not breached any injunction in the Court proceedings pending before the Utah Courts. Further, Thomas Olson has not participated in any scheme to maintain control over matrimonial assets and says that the claims against Thomas Olson in this Action are wholly duplicative of the issues arising out of the breakdown of the marriage and the division of matrimonial assets that are currently pending before the Utah Courts.

PLF001466

38.     Further, and in specific answer to the allegations in paragraphs 56 to 58 of the Statement of Claim, the *ex parte* Mareva Injunction was vacated because it was obtained by Carolyn Olson improperly, without notice to Thomas Olson or his counsel, on the basis of falsified, speculative and wholly insufficient evidence, and was based on illegally obtained documents that were misrepresented and knowingly acquired and utilized by Carolyn Olson and her counsel using unlawful means.

39.     Further, Naomi Burton and her brother, Ephraim Olson (who appears to have been improperly inlcuded in the Statement as a "yet to be named" plaintiff), colluded and worked jointly and in concert with Carolyn Olson and her counsel to have the Court issue the *ex parte* Mareva Injunction, and to have it disseminated to Thomas Olson's business colleagues, partners and associates around the world, in a deliberate and malicious attempt to harm, undermine and discredit the good name and reputation of Thomas Olson. They did so by using unlawful means in the form of illegally obtained documents stolen from the law firm with which Thomas Olson was associated, and by otherwise knowingly breaching duties of confidentiality, loyalty and privilege, the particulars of which are known to the Plaintiffs and their legal counsel. In the circumstances as aforesaid, the unclean hands of the Plaintiffs disentitle them from obtaining the relief being sought, gives rise to a right of set-off, and should give rise to an award of solicitor and client or enhanced costs.

40.     Further, and in answer to the whole of the Statement of Claim, the Plaintiffs have suffered no harm or loss caused by any act or omission of Thomas Olson and, in the alternative, have failed to mitigate any such harm or loss.

**Any matters that defeat the claim of the plaintiff(s):**

41.     The Plaintiffs' claims arising out of the breakdown of Thomas Olson's marriage to Carolyn Olson and the division of their matrimonial property are properly before the Courts of the State of Utah, United States of America.

42.     The Plaintiffs have brought duplicative and overlapping claims in multiple actions and jurisdictions. Thomas Olson pleads and relies upon the defences of *res judicata,* issue estoppel and abuse of process.

00869963v1

PLF001467

- 11 -

43.    The claims of the nominal plaintiffs are a nullity or are otherwise an abuse of process.

44.    Some or all of the claims against Thomas Olson are time barred by the *Limitations Act*, RSA 2000, c. L-12.

45.    There is no and there has never been a conspiracy by Thomas Olson or anyone else to retain or maintain control over assets to the detriment of Carolyn Olson and Naomi Burton, or at all.

46.    The Plaintiffs and Ephraim Olson have engaged in unconscionable conduct and have participated in a conspiracy to harm Thomas Olson using unlawful means. Their unclean hands disentitle them from obtaining the relief sought.

47.    The Plaintiffs have suffered no harm or loss caused or contributed to by any act, omission, or breach of duty by Thomas Olson.

**Remedy sought:**

48.    Thomas Olson requests that the claims against him be dismissed with costs on a full indemnity, solicitor and client or an enhanced basis, or on such other basis as this Honourable Court deems just.

PLF001468