**APPENDIX I:**
**OLPC's Opposition to Ephraim's Statement of Undisputed Facts**

| | Statement of Undisputed Facts | OLPC's Response | Ephraim's Response to OLPC's Response |
|---|---|---|---|
| **1.** | *On March 12, 2021, OLPC filed its complaint alleging the following causes of action: (1) Conversion, (2) Breach of Contract, (3) Intentional Interference with Economic Relations, (4) Breach of Fiduciary Duty, (5) Aiding and Abetting Conversion, and (6) Injunctive Relief. Complaint, attached hereto as Exhibit 1* | **Undisputed but Immaterial.** OLPC does not dispute that it filed this action alleging the causes of action identified. But the Complaint speaks for itself. *See generally Harvey v. Ute Indian Tribe of Uintah & Ouray Reservation,* 2017 UT 75, ¶ 24, 416 P.3d 401 (courts construe complaints "to do substantial justice," disregarding "technicalities and looking at the substance"); *Conner v. Dep't of Commerce,* 2019 UT App 91, ¶ 37, 443 P.3d 1250 ("courts construe pleadings in favor of the pleader," giving the "allegations and averments contained in the pleadings, and the necessary inferences arising therefrom, a liberal construction and application"). Additionally, the fact of the filing and the causes of action alleged are immaterial to the whether OLPC has established causation or damages. *See* Fed. R. Civ. P. 56(a); *Niehues v. Whitemyer,* No. 1:21-cv-00134-DBB-CMR, 2023 WL 3932960, at *3 (D. Utah June 9, 2023) ("And a fact is material if, under the governing substantive law, it could affect the outcome of the suit."). | No response required. |
| **2.** | *On July 13, 2021, OLPC asserted a claim pursuant to the Computer Fraud and Abuse Act ("CFAA") in its Amended Complaint, after which the case was removed to federal court under federal question jurisdiction. Dkt. #2.* | **Undisputed but Immaterial.** OLPC does not dispute that it asserted a CFAA claim against Ephraim in its Amended Complaint. But the Amended Complaint speaks for itself. *See generally Harvey v. Ute Indian Tribe of Uintah & Ouray Reservation,* 2017 UT 75, ¶ 24, 416 P.3d 401 (courts construe complaints "to do substantial justice," disregarding "technicalities and looking at the substance"); *Conner v. Dep't of Commerce,* 2019 UT App 91, ¶ 37, 443 P.3d | No response required. |

| | | 1250 ("courts construe pleadings in favor of the pleader," giving the "allegations and averments contained in the pleadings, and the necessary inferences arising therefrom, a liberal construction and application"). OLPC also does not dispute that the case was removed to federal court on the basis of federal question jurisdiction, but clarifies that Ephraim removed the case, not OLPC. Regardless, the fact of the CFAA's claim's assertion against Ephraim in the Amended Complaint and the Amended Complaint's removal are immaterial to the whether OLPC has established causation and damages for its claims. *See* Fed. R. Civ. P. 56(a); *Niehues v. Whitemyer*, No. 1:21-cv-00134-DBB-CMR, 2023 WL 3932960, at *3 (D. Utah June 9, 2023) ("And a fact is material if, under the governing substantive law, it could affect the outcome of the suit."). | |
| 3. | *OLPC's Amended Complaint requested "general compensatory and consequential damage against Defendants in an amount subject to proof at trial, but not less than $500,000." First Amended Complaint, 14-15, attached hereto as Exhibit 2.* | **Partially Disputed.** OLPC does not dispute that its Amended Complaint sought compensatory and consequential damages of not less than $500,000. But the Amended Complaint speaks for itself. *See generally Harvey v. Ute Indian Tribe of Uintah & Ouray Reservation*, 2017 UT 75, ¶ 24, 416 P.3d 401 (courts construe complaints "to do substantial justice," disregarding "technicalities and looking at the substance"); *Conner v. Dep't of Commerce,* 2019 UT App 91, ¶ 37, 443 P.3d 1250 ("courts construe pleadings in favor of the pleader," giving the "allegations and averments contained in the pleadings, and the necessary inferences arising therefrom, a liberal construction and | "OLPC does not dispute that its Amended Complaint sought compensatory and consequential damages of not less than $500,000. But the Amended Complaint speaks for itself." Thus, the statement of fact is not genuinely disputed. "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Lazy S Ranch Properties, LLC v. Valero Terminaling & Distribution Co.,* 92 F.4th 1189, 1198 (10th Cir. 2024). |

| | | | |
|---|---|---|---|
| | | application"). OLPC disputes Fact ¶ 3 to the extent OLPC relies upon it to argue that, as a legal or a factual matter, OLPC has not established its claimed damages or that OLPC's damages evidence should be excluded. *See generally Klein v. Plaskolite, LLC,* No. 2:19-cv-00832-DN-PK, 2024 WL 2882593, at *4 n.24 (D. Utah June 7, 2024) ("legal argument" is not a fact for summary judgment purposes). Among other things, as explained in Opposition and in OLPC's 02/28/25 Opposition to Ephraim's Renewed Rule 37(c) Motion For Mandatory Exclusion of Untimely Produced Damages Documents and For Sanctions, Dkt. No. 388, Ephraim is not entitled as a factual or a legal matter to the exclusion of OLPC's damages evidence. | |
| **4.** | *On April 14, 2021, OLPC served its initial disclosures, including the following "Computation of Damages":*<br><br>*OL Private Counsel seeks money damages in an amount to be determined at trial, including all reasonable and foreseeable damages that could have been avoided if Defendant Ephraim Olson had not engaged in the wrongdoing described in the complaint. OL Private Counsel's damages consist of harm to its goodwill, loss of clients, and loss of its confidential information. OL Private Counsel also seeks punitive damages for Defendant's conversion, intentional* | **Partially Disputed.** OLPC does not dispute that it included the identified "Computation of Damages" in its April 14, 2021, Initial Disclosures. But OLPC's initial disclosures speak for themselves. OLPC disputes Fact ¶ 4 to the extent Ephraim relies upon it to argue that, as a legal or a factual matter, OLPC has not established its claimed damages or that OLPC's damages evidence should be excluded. *See generally Klein v. Plaskolite, LLC,* No. 2:19-cv-00832-DN-PK, 2024 WL 2882593, at *4 n.24 (D. Utah June 7, 2024) ("legal argument" is not a fact for summary judgment purposes). Among other things, as explained in the Opposition and in OLPC's 02/28/25 Opposition to Ephraim's Renewed Rule 37(c) Motion For Mandatory Exclusion of Untimely Produced Damages Documents and For Sanctions, Dkt. No. 388, Ephraim is not entitled as a factual or a legal matter to the exclusion of OLPC's damages | "OLPC does not dispute that it included the identified "Computation of Damages" in its April 14, 2021, Initial Disclosures."<br><br>Thus, the statement of fact is not genuinely disputed. "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Lazy S Ranch Properties, LLC v. Valero Terminaling & Distribution Co.,* 92 F.4th 1189, 1198 (10th Cir. 2024). |

| | | | |
|---|---|---|---|
| | *interference with contractual relations, breach of fiduciary duty, and aiding and abetting conversion. OL Private Counsel reserves its right to assert and/or seek damages from Defendant or non-parties as the facts of the case develop and the case proceeds.*<br><br>*4/14/21 Initial Disclosures, attached hereto as Exhibit 3 (emphasis added).* | evidence. | |
| 5. | *On August 21, 2021, OLPC supplemented its initial disclosures but did not meaningfully alter its damages calculation. 8/25/21 Supplemental Disclosures, attached hereto as Exhibit 4.* | **Partially Disputed but Immaterial.** OLPC does not dispute that it supplemented its initial disclosures on August 21, 2021 and did not alter its damages calculation therein. But OLPC's supplementation speaks for itself. The fact of OLPC's supplementation and lack of alteration is not material to whether OLPC has established causation or damages. *See* Fed. R. Civ. P. 56(a); *Niehues v. Whitemyer,* No. 1:21-cv-00134-DBB-CMR, 2023 WL 3932960, at *3 (D. Utah June 9, 2023) ("And a fact is material if, under the governing substantive law, it could affect the outcome of the suit.").<br><br>OLPC also disputes Fact ¶ 5 to the extent OLPC relies upon it to argue that, as a legal or a factual matter, OLPC has not established its claimed damages or that OLPC's damages evidence should be excluded. *See generally Klein v. Plaskolite, LLC,* No. 2:19-cv-00832-DN-PK, 2024 WL 2882593, at *4 n.24 (D. Utah June 7, 2024) ("legal argument" is not a fact for summary judgment purposes). Among other things, as explained in the Opposition and in | "OLPC does not dispute that it supplemented its initial disclosures on August 21, 2021 and did not alter its damages calculation therein."<br><br>Thus, the statement of fact is not genuinely disputed. "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Lazy S Ranch Properties, LLC v. Valero Terminaling & Distribution Co.,* 92 F.4th 1189, 1198 (10th Cir. 2024). |

| | | OLPC's 02/28/25 Opposition to Ephraim's Renewed Rule 37(c) Motion For Mandatory Exclusion of Untimely Produced Damages Documents and For Sanctions, Dkt. No. 388, Ephraim is not entitled as a factual or a legal matter to the exclusion of OLPC's damages evidence. | |
|---|---|---|---|
| **6.** | *On September 22, 2022, OLPC supplemented its initial disclosures but did not alter its damages calculation. 9/22/22 Supplemental Disclosures, attached hereto as Exhibit 5.* | **Partially Disputed but Immaterial.** OLPC does not dispute that it supplemented its initial disclosures on September 22, 2022 and did not alter its damages calculation therein. But OLPC's supplementation speaks for itself. The fact of OLPC's supplementation and lack of alteration is not material to whether OLPC's causes of action against Ephraim are viable. *See* Fed. R. Civ. P. 56(a); *Niehues v. Whitemyer,* No. 1:21-cv-00134-DBB-CMR, 2023 WL 3932960, at *3 (D. Utah June 9, 2023) ("And a fact is material if, under the governing substantive law, it could affect the outcome of the suit."). <br><br>OLPC also disputes Fact ¶ 6 to the extent OLPC relies upon it to argue that, as a legal or a factual matter, OLPC has not established its claimed damages or that OLPC's damages evidence should be excluded. *See generally Klein v. Plaskolite, LLC,* No. 2:19-cv-00832-DN-PK, 2024 WL 2882593, at *4 n.24 (D. Utah June 7, 2024) ("legal argument" is not a fact for summary judgment purposes). Among other things, as explained in the Opposition and in OLPC's 02/28/25 Opposition to Ephraim's Renewed Rule 37(c) Motion For Mandatory Exclusion of Untimely Produced Damages Documents and For Sanctions, Dkt. No. 388, Ephraim is not entitled as a factual or a legal | "OLPC does not dispute that it supplemented its initial disclosures on September 22, 2022 and did not alter its damages calculation therein." <br><br>Thus, the statement of fact is not genuinely disputed. "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Lazy S Ranch Properties, LLC v. Valero Terminaling & Distribution Co.,* 92 F.4th 1189, 1198 (10th Cir. 2024). |

| | | matter to the exclusion of OLPC's damages evidence. | |
|---|---|---|---|
| **7.** | *On February 15, 2023, OLPC testified that Ephraim's possession of the various Converted Documents does not preclude OLPC from exercising any control over the documents. OLPC 30(b)(6) 77:1-8, 80:12-19, 104:10-105:3, attached hereto as Exhibit 6.* | **Disputed.** Ephraim's characterization of OLPC's deposition testimony is not a fact. *See generally Calzada Estate of Calzada v. Roy City,* No. 1:16-cv-00165-DN-DAO, 2024 WL 1307264, at *2 n.8 (D. Utah Mar. 27, 2024) ("characterization of facts or argument" "are not facts"). Whether OLPC has control over the Converted Documents, and despite Ephraim's possession, is a legal conclusion, not a fact. See generally *Fibro Trust, Inc. v. Brahman Fin. Inc,* 1999 UT 13, ¶ 20, 974 P.2d 288 (conversion occurs when the defendant "exercises control over property that is inconsistent with the plaintiff's right of possession to that property").<br><br>Additionally, Fact ¶ 7 is unsupported. OLPC did not testify that Ephraim's possession of the Converted Documents did not preclude it from exercising control over the Converted Documents. OLPC testified only that Ephraim's possession did not preclude OLPC "from exercising control over the trust" and/or "taking actions respective to the trust" at issue, not control over the documents themselves. (Third OLPC 30(b)(6), Mot. Ex. 9, at pp. 80:12-19, 104:10-105:3.) Further, as more fully explained in OLPC's 01/31/25 Partial Motion for Summary Judgment, Dkt. No. 372, the undisputed facts demonstrate that, at the time Ephraim colluded to obtain possession of the Converted Documents he possessed the requisite intent to "exercise dominion and control" over the Converted Documents, as required to prove conversion under Utah law. *See generally Didericksen v.* | "OLPC testified only that Ephraim's possession did not preclude OLPC "from exercising control over the trust" and/or "taking actions respective to the trust" at issue."<br><br>Thus, the statement of fact is not genuinely disputed. "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Lazy S Ranch Properties, LLC v. Valero Terminaling & Distribution Co.,* 92 F.4th 1189, 1198 (10th Cir. 2024). |

| | | | |
|---|---|---|---|
| | | *Cyprus Credit Union,* No. 2:10-CV-211, 2013 WL 6056598, at *4 (D. Utah Nov. 15, 2013) (under Utah law, conversion requires "an intent to exercise dominion and control over the goods inconsistent with the owner's right"). | |
| **8.** | *On March 29, 2024, OLPC produced OLPC Ephraim Olson 14200-14233 and 14828-14829, supporting its damages claim. Order, Dkt. 355.* | **Partially Disputed but Immaterial.** OLPC does not dispute that it produced the identified documents on March 29, 2024. OLPC disputes Fact ¶ 8 to the extent Ephraim relies upon it to justify his request that OLPC's damages evidence be excluded or that OLPC has somehow failed to offer sufficient evidence supporting its damages claims. *See generally Klein v. Plaskolite, LLC,* No. 2:19-cv-00832-DN-PK, 2024 WL 2882593, at *4 n.24 (D. Utah June 7, 2024) ("legal argument" is not a fact for summary judgment purposes). Among other things, as explained in the Opposition and in OLPC's 02/28/25 Opposition to Ephraim's Renewed Rule 37(c) Motion For Mandatory Exclusion of Untimely Produced Damages Documents and For Sanctions, Dkt. No. 388, Ephraim is not entitled as a factual or a legal matter to the exclusion of OLPC's damages evidence. Regardless, the fact that OLPC produced certain damages-related documents on a specific date is not material to whether OLPC has established causation or damages. *See* Fed. R. Civ. P. 56(a); *Niehues v. Whitemyer,* No. 1:21-cv-00134-DBB-CMR, 2023 WL 3932960, at *3 (D. Utah June 9, 2023) ("And a fact is material if, under the governing substantive law, it could affect the outcome of the suit."). | "OLPC does not dispute that it produced the identified documents on March 29, 2024." Thus, the statement of fact is not genuinely disputed. "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Lazy S Ranch Properties, LLC v. Valero Terminaling & Distribution Co.,* 92 F.4th 1189, 1198 (10th Cir. 2024). |
| **9.** | *On April 1, 2024, OLPC produced OLPC Ephraim Olson 14849-14854 and 14855- 14909, also* | **Partially Disputed but Immaterial.** OLPC does not dispute that it produced the identified documents on April 1, 2024. OLPC disputes Fact | "OLPC does not dispute that it produced the identified documents on April 1, 2024." |

| | | |
|---|---|---|
| | *supporting its damages claim. Id.* | ¶ 9 to the extent Ephraim relies upon it to justify his request that OLPC's damages evidence be excluded or that OLPC has somehow failed to offer sufficient evidence supporting its damages claims. *See generally Klein v. Plaskolite, LLC,* No. 2:19-cv-00832-DN-PK, 2024 WL 2882593, at *4 n.24 (D. Utah June 7, 2024) ("legal argument" is not a fact for summary judgment purposes). Among other things, as explained in the Opposition and in OLPC's 02/28/25 Opposition to Ephraim's Renewed Rule 37(c) Motion For Mandatory Exclusion of Untimely Produced Damages Documents and For Sanctions, Dkt. No. 388, Ephraim is not entitled as a factual or a legal matter to the exclusion of OLPC's damages evidence. Regardless, the fact that OLPC produced certain damages-related documents on a specific date is not material to whether OLPC has established causation or damages. *See* Fed. R. Civ. P. 56(a); *Niehues v. Whitemyer,* No. 1:21-cv-00134-DBB-CMR, 2023 WL 3932960, at *3 (D. Utah June 9, 2023) ("And a fact is material if, under the governing substantive law, it could affect the outcome of the suit."). | Thus, the statement of fact is not genuinely disputed. "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Lazy S Ranch Properties, LLC v. Valero Terminaling & Distribution Co.,* 92 F.4th 1189, 1198 (10th Cir. 2024). |
| 10. | *Fact discovery in this case closed on April 1, 2024. Dkt. #248.* | **Partially Disputed but Immaterial.** OLPC does not dispute that fact discovery closed on April 1, 2024. OLPC disputes Fact ¶ 10 to the extent Ephraim relies upon it to justify his request that OLPC's damages evidence be excluded or that OLPC has somehow failed to offer sufficient evidence supporting its damages claims. *See generally Klein v. Plaskolite, LLC,* No. 2:19-cv-00832-DN-PK, 2024 WL 2882593, at *4 n.24 (D. Utah June 7, 2024) ("legal argument" is not a fact for summary judgment purposes). Among other | "OLPC does not dispute that fact discovery closed on April 1, 2024."<br><br>Thus, the statement of fact is not genuinely disputed. "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Lazy S Ranch Properties, LLC v. Valero Terminaling & Distribution Co.,* 92 |

| | | things, as explained in the Opposition and in OLPC's 02/28/25 Opposition to Ephraim's Renewed Rule 37(c) Motion For Mandatory Exclusion of Untimely Produced Damages Documents and For Sanctions, Dkt. No. 388, Ephraim is not entitled as a factual or a legal matter to the exclusion of OLPC's damages evidence. Regardless, the fact that fact discovery closed on a certain date is not material to whether OLPC has established causation or damages. *See* Fed. R. Civ. P. 56(a); *Niehues v. Whitemyer,* No. 1:21-cv-00134-DBB-CMR, 2023 WL 3932960, at *3 (D. Utah June 9, 2023) ("And a fact is material if, under the governing substantive law, it could affect the outcome of the suit."). | F.4th 1189, 1198 (10th Cir. 2024). |
|---|---|---|---|
| **11.** | *On May 1, 2024, OLPC served its expert disclosures and designated three experts: (1) Rick Hoffman, (2) Dan Regard, and (3) Stuart Waldrip. Dkt. No. 276.* | **Partially Disputed but Immaterial.** OLPC does not dispute that fact on May 1, 2024 it served its expert disclosures and designated the identified experts. OLPC disputes Fact ¶ 11 to the extent Ephraim relies upon it to justify his request that OLPC's damages evidence be excluded or that OLPC has somehow failed to offer sufficient evidence supporting its damages claims. *See generally Klein v. Plaskolite, LLC,* No. 2:19-cv-00832-DN-PK, 2024 WL 2882593, at *4 n.24 (D. Utah June 7, 2024) ("legal argument" is not a fact for summary judgment purposes). Regardless, the fact that OLPC served and identified its experts on a certain date is not material to whether OLPC has established causation or damages. *See* Fed. R. Civ. P. 56(a); *Niehues v. Whitemyer,* No. 1:21-cv-00134-DBB-CMR, 2023 WL 3932960, at *3 (D. Utah June 9, 2023) ("And a fact is material if, under the governing substantive law, it could affect the outcome of the suit."). | "OLPC does not dispute that on May 1, 2024 it served its expert disclosures and designated the identified experts."<br><br>Thus, the statement of fact is not genuinely disputed. "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Lazy S Ranch Properties, LLC v. Valero Terminaling & Distribution Co.,* 92 F.4th 1189, 1198 (10th Cir. 2024). |
| **12** | *On July 12, 2024, OLPC produced* | **Partially Disputed.** OLPC does not dispute that | "OLPC does not dispute that on July |

| | | | |
|---|---|---|---|
| | *the expert report of Rick Hoffman who opined as to "the economic loss that OL Private Counsel ("OLPC" or "Plaintiff") is seeking through claims made against Ephraim Olson." Hoffman Report, 1, attached hereto as Exhibit 7.* | on July 12, 2024, it produced the expert report of Rick Hoffman. But Mr. Hoffman's expert report speaks for itself. Ephraim's characterization of that report and/or its contents is also not a fact. *See generally Calzada Estate of Calzada v. Roy City,* No. 1:16-cv-00165-DN-DAO, 2024 WL 1307264, at *2 n.8 (D. Utah Mar. 27, 2024) ("characterization of facts or argument" "are not facts"). OLPC also disputes Fact ¶ 12 to the extent Ephraim relies upon it to argue the weight that should be given to Mr. Hoffman's report and/or any of OLPC's damages-related evidence and calculations. *See generally, e.g., Farm Bureau Prop. & Cas. Ins. Co. v. Sparks,* 619 F. Supp. 3d 1104, 1109 (D. Utah 2022) ("At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter."). | 12, 2024, it produced the expert report of Rick Hoffman. But Mr. Hoffman's expert report speaks for itself."

Thus, the statement of fact is not genuinely disputed. "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Lazy S Ranch Properties, LLC v. Valero Terminaling & Distribution Co.,* 92 F.4th 1189, 1198 (10th Cir. 2024). |
| 13. | *Mr. Hoffman opined that OLPC's economic losses are entirely comprised of legal fees incurred in three lawsuits. "[I]t is Plaintiff's contention that these lawsuits were partly derived from the Confidential Documents shared by Ephraim Olson" and "that these legal fees would not have been incurred had Ephraim Olson not wrongfully obtained and shared the firms' Confidential Information." Hoffman further states that Ephraim's actions "was one of the reasons several lawsuits were filed." Hoffman Report, 3.* | **Partially Disputed but Immaterial.** OLPC does not dispute that Mr. Hoffman's report contained the quotations cited. But Mr. Hoffman's expert report speaks for itself. Ephraim's characterization of that report and/or its contents is also not a fact. *See generally Calzada Estate of Calzada v. Roy City,* No. 1:16-cv-00165-DN-DAO, 2024 WL 1307264, at *2 n.8 (D. Utah Mar. 27, 2024) ("characterization of facts or argument" "are not facts"). OLPC also disputes Fact ¶ 13 as an improper legal argument regarding the damages OLPC is claiming, what caused the damages it is claiming, and/or the weight that should be afforded to Mr. Hoffman's report and/or any other damages-related evidence and calculations. *See generally, e.g., Farm Bureau Prop. & Cas. Ins. Co. v. Sparks,* 619 F. Supp. 3d 1104, 1109 (D. Utah 2022) ("At the | "OLPC does not dispute that Mr. Hoffman's report contained the quotations cited. But Mr. Hoffman's expert report speaks for itself."

Thus, the statement of fact is not genuinely disputed. "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Lazy S Ranch Properties, LLC v. Valero Terminaling & Distribution Co.,* 92 F.4th 1189, 1198 (10th Cir. 2024). |

| | | summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter."); *Klein v. Plaskolite, LLC,* No. 2:19-cv-00832-DN-PK, 2024 WL 2882593, at *4 n.24 (D. Utah June 7, 2024) ("legal argument" is not a fact for summary judgment purposes). Relatedly, Fact ¶ 13 is also partially immaterial. Among other things, Mr. Hoffman is not a causation expert, and because he is not, his statements related to causation do not bear on the viability of OLPC's damages claims. *See* Fed. R. Civ. P. 56(a); *Niehues v. Whitemyer,* No. 1:21-cv-00134-DBB-CMR, 2023 WL 3932960, at *3 (D. Utah June 9, 2023) ("And a fact is material if, under the governing substantive law, it could affect the outcome of the suit."). | |
|---|---|---|---|
| 14. | *Mr. Hoffman expressed no causation opinions and "relies on OLPC's allegations regarding causation." Order, Dkt. 355, 29.* | **Partially Disputed but Immaterial.** While OLPC does not dispute that this excerpt appeared in the Court's Order cited, the Court's order speaks for itself. *See generally Vanderzon v. Vanderzon,* 2017 UT App 50, ¶ 77, 402 P.3d 219 (court orders are interpreted according to the rules of contract interpretation); *Iota LLC v. Davco Management Co. LC,* 2016 UT App 231, ¶ 33, 391 P.3d 239 (same). OLPC also disputes Fact ¶ 14 to the extent it offers a legal conclusion about the Court's determinations. Additionally, Ephraim's characterization of the Court's orders are not facts. *See generally Calzada Estate of Calzada v. Roy City,* No. 1:16-cv-00165-DN-DAO, 2024 WL 1307264, at *2 n.8 (D. Utah Mar. 27, 2024) ("characterization of facts or argument" "are not facts"). OLPC also disputes Fact ¶ 14 to the extent Ephraim uses it to offer argument and a legal conclusion about OLPC's claimed entitlement to | "While OLPC does not dispute that this excerpt appeared in the Court's Order cited, the Court's order speaks for itself." Thus, the statement of fact is not genuinely disputed. "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Lazy S Ranch Properties, LLC v. Valero Terminaling & Distribution Co.,* 92 F.4th 1189, 1198 (10th Cir. 2024). |

| | | its damages. *See generally Klein v. Plaskolite, LLC*, No. 2:19-cv-00832-DN-PK, 2024 WL 2882593, at *4 n.24 (D. Utah June 7, 2024) ("legal argument" is not a fact for summary judgment purposes). OLPC also disputes Fact ¶ 14 to the extent Ephraim uses it to argue the weight to be given to Mr. Hoffman's report and/or any other evidence regarding OLPC's claimed damages and calculations. *See generally, e.g., Farm Bureau Prop. & Cas. Ins. Co. v. Sparks*, 619 F. Supp. 3d 1104, 1109 (D. Utah 2022) ("At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter."). <br><br> In any event, Fact ¶ 14 is immaterial. Mr. Hoffman is a damages expert, not a causation expert. Thus, whether Mr. Hoffman expressed causation opinions has no bearing on the viability of OLPC's damages claims against Ephraim. See Fed. R. Civ. P. 56(a); *Niehues v. Whitemyer*, No. 1:21-cv-00134-DBB-CMR, 2023 WL 3932960, at *3 (D. Utah June 9, 2023) ("And a fact is material if, under the governing substantive law, it could affect the outcome of the suit."). | |
| 15 | *Mr. Hoffman summarized OLPC's damages by the law firms that billed them, as detailed below:* <br><br> | **Partially Disputed.** OLPC does not dispute that this damage summary appeared in Mr. Hoffman's expert report. But Mr. Hoffman's report speaks for itself. Additionally, Ephraim's characterization of Mr. Hoffman's report is not a fact. *See generally Calzada Estate of Calzada v. Roy City*, No. 1:16-cv-00165-DN-DAO, 2024 WL 1307264, at *2 n.8 (D. Utah Mar. 27, 2024) ("characterization of facts or argument" "are not facts"). OLPC also disputes Fact ¶ 15 as an improper legal conclusion regarding the damages OLPC is claiming and/or OLPC's entitlement to | "OLPC does not dispute that this damage summary appeared in Mr. Hoffman's expert report. But Mr. Hoffman's report speaks for itself." <br><br> Thus, the statement of fact is not genuinely disputed. "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Lazy S Ranch Properties, LLC v. Valero* |

Table within cell 15:

| Damage Summary | |
|---|---|
| *Foley & Lardner Invoices* | *$109,832* |
| *BLG Invoices* | *$237,450* |
| *Peacock Linder Invoices* | *$108,758* |

| | | |
|---|---|---|
| *Total Damages* | $456,040 | |

*Hoffman Report, 6.*

the damages it is claiming. OLPC also disputes Fact ¶ 15 to the extent Ephraim uses it to argue the weight to be given to Mr. Hoffman's report and/or any other evidence regarding OLPC's claimed damages and calculations. *See generally, e.g., Farm Bureau Prop. & Cas. Ins. Co. v. Sparks*, 619 F. Supp. 3d 1104, 1109 (D. Utah 2022) ("At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter.").

*Terminaling & Distribution Co.*, 92 F.4th 1189, 1198 (10th Cir. 2024).

---

**16.**

*None of OLPC's other experts opined as to damages calculations or otherwise address the Invoices. Reports, attached hereto as Exhibit 8.*

**Partially Disputed but Immaterial.** OLPC does not dispute that it has not designated another damages expert in this case apart from Mr. Hoffman. OLPC disputes Fact ¶ 37 as offering a legal conclusion and argument regarding the legal bases underlying OLPC's damages claims and OLPC's entitlement to claim the attorneys' fees it has incurred as damages in this case. *See generally Klein v. Plaskolite, LLC,* No. 2:19-cv-00832-DN-PK, 2024 WL 2882593, at *4 n.24 (D. Utah June 7, 2024) ("legal argument" is not a fact for summary judgment purposes). OLPC disputes Fact ¶ 16 to the extent Ephraim relies on it to argue the weight to be given to Mr. Hoffman's report and/or OLPC's other damages-related evidence and calculations. *See generally, e.g., Farm Bureau Prop. & Cas. Ins. Co. v. Sparks*, 619 F. Supp. 3d 1104, 1109 (D. Utah 2022) ("At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter.").

Regardless, Fact ¶ 16 is immaterial. The fact that OLPC has not designated another expert to opine about damages calculations or address the

"OLPC does not dispute that it has not designated another damages expert in this case apart from Mr. Hoffman."

Thus, the statement of fact is not genuinely disputed. "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Lazy S Ranch Properties, LLC v. Valero Terminaling & Distribution Co.*, 92 F.4th 1189, 1198 (10th Cir. 2024).

| | | invoices does not make OLPC's damages claims any more or less viable. OLPC is also not required to designate multiple damages experts to support its damages claims. *See* Fed. R. Civ. P. 56(a); *Niehues v. Whitemyer,* No. 1:21-cv-00134-DBB-CMR, 2023 WL 3932960, at *3 (D. Utah June 9, 2023) ("And a fact is material if, under the governing substantive law, it could affect the outcome of the suit."). | |
|---|---|---|---|
| **17.** | *The fees detailed in the Peacock Linder Invoices relate to the Mareva Injunction action filed against Thomas Olson. OLPC Third 30(b)(6) Depo., 65:7-66:3, attached hereto as Exhibit 9; OLPC Ephraim Olson_ 14849-14854, attached hereto as Exhibit 10.* | **Disputed.** OLPC disputes Fact ¶ 17 because Ephraim's paraphrasing of OLPC's testimony is inaccurate and the citations to the deposition do not support the assertions in Fact ¶ 17. Ephraim's characterizations of OLPC's testimony are not facts. *See generally Calzada Estate of Calzada v. Roy City,* No. 1:16-cv-00165-DN-DAO, 2024 WL 1307264, at *2 n.8 (D. Utah Mar. 27, 2024) ("characterization of facts or argument" "are not facts"). OLPC did not testify that the Peacock Linder invoices only relate to the "Mareva Injunction action" or that the Mareva Injunction was "filed against Thomas Olson". When asked why OLPC was "responsible for paying" the Peacock Linder invoices, OLPC responded that it was "[b]ecause this was in connection with the Mareva injunction, which deigned an injunction against the Waterton Land Trust, the Olson Estate Trust, White Buffalo Trust and me personally." See OLPC Third 30(b)(6) Depo., 65:7-66:3 (attached to Motion as Exhibit 9). The response was not meant to be an exhaustive list of what Peacock Linder did in connection with the Mareva Injunction. Peacock Linder played an important role in responding to the theft of OLPC's information because it was able to question Carolyn under | "When asked why OLPC was "responsible for paying" the Peacock Linder invoices, OLPC responded that it was "[b]ecause this was in connection with the Mareva injunction, which deigned an injunction against the Waterton Land Trust, the Olson Estate Trust, White Buffalo Trust and me personally." Thus, the statement of fact is not genuinely disputed. "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Lazy S Ranch Properties, LLC v. Valero Terminaling & Distribution Co.,* 92 F.4th 1189, 1198 (10th Cir. 2024). |

| | | oath to get her to disclose how she obtained the confidential documents she included with her affidavit in the Mareva Injunction Proceeding. See Undertakings of Carolyn Olson Given at Questioning on Affidavit Held December 7, 2020, at iii–iv, Ex. 12 (Carolyn confirming that she obtained the trust documents used in her affidavit from Akarapanich); Questioning of Carolyn Ruth Walker Olson at 125:26–126:2, Ex. 9 (Carolyn confirming that Ephraim connected her with Akarapanich so she could obtain the Confidential Documents). | |
|---|---|---|---|
| 18. | *The time entries on the Peacock Linder Invoices are redacted such that the only information provided is the date of the entry. Ex. 10.* | **Disputed, Unsupported, and Immaterial.** OLPC does not dispute that the Peacock Linder Invoices have redactions. But OLPC disputes that the invoices provide only the date of entry. The invoices clearly identify the date of the work, the time-keepers, the total number of hours spend per each time-keeper, the rates per time-keeper, the charged amounts (per time-keeper, and in total), and other various charges. See Mot., Ex. 10. Moreover, as OLPC explains in its 2/28/25 Opposition to Ephraim's Renewed Rule 37(c) Motion For Mandatory Exclusion of Untimely Produced Damages Documents and For Sanctions, Dkt. No. 388, the redactions are nothing new. They were present when OLPC produced them nearly a year ago. They are also consistent with Canadian privilege laws. Ephraim is not entitled to privileged information on this matter. In this respect, OLPC also disputes Fact ¶ 18 as offering improper legal argument regarding OLPC's assertion of attorney-client privilege/work product protections in redacting the invoices and/or OLPC's ability to claims as damages the attorney fees it has incurred through | "OLPC does not dispute that the Peacock Linder Invoices have redactions."  Thus, the statement of fact is not genuinely disputed. "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Lazy S Ranch Properties, LLC v. Valero Terminaling & Distribution Co.,* 92 F.4th 1189, 1198 (10th Cir. 2024). |

| | | | |
|---|---|---|---|
| | | Ephraim's wrongdoing. *See generally Klein v. Plaskolite, LLC*, No. 2:19-cv-00832-DN-PK, 2024 WL 2882593, at *4 n.24 (D. Utah June 7, 2024) ("legal argument" is not a fact for summary judgment purposes). OLPC also disputes Fact ¶ 18 to the extent Ephraim relies upon it to argue either the weight to be given to the Peacock Linder invoices and/or to any of OLPC's damages evidence and calculations. *See generally, e.g., Farm Bureau Prop. & Cas. Ins. Co. v. Sparks,* 619 F. Supp. 3d 1104, 1109 (D. Utah 2022) ("At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter."). Finally, Fact ¶ 18 is immaterial. Whether the Peacock Linder Invoices are redacted does not make OLPC's damages or causation claims either more or less meritorious. *See* Fed. R. Civ. P. 56(a); *Niehues v. Whitemyer,* No. 1:21-cv-00134-DBB-CMR, 2023 WL 3932960, at *3 (D. Utah June 9, 2023) ("And a fact is material if, under the governing substantive law, it could affect the outcome of the suit.").  OLPC has provided testimony as to what services Peacock Linder provided, including the role they played in investigating Ephraim's wrongdoing and obtaining Carolyn's sworn testimony that she obtained the documents she used in the Mareva Injunction from Akarapanich. (Thomas Decl. ¶ 17, Ex. 1.) | |
| 19. | *OLPC is not a party to the Mareva Injunction. Mareva Injunction Order, attached hereto as Exhibit 11.* | **Disputed**. OLPC disputes Fact ¶ 19 as offering an improper legal argument and conclusion regarding OLPC's legal relationship to and/or interest in the Mareva Injunction proceedings as well as OLPC's entitlement to claim the attorney fees incurred in connection with the Mareva | OLPC fails to cite to any evidence establishing that it is a party to the Mareva Injunction.

Thus, the statement of fact is not genuinely disputed. "An issue is |

| | | Injunction as damages in this action. *See generally Klein v. Plaskolite, LLC*, No. 2:19-cv-00832-DN-PK, 2024 WL 2882593, at *4 n.24 (D. Utah June 7, 2024) ("legal argument" is not a fact for summary judgment purposes). | 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Lazy S Ranch Properties, LLC v. Valero Terminaling & Distribution Co.,* 92 F.4th 1189, 1198 (10th Cir. 2024). |
|---|---|---|---|
| **20.** | *OLPC claims these invoices as damages in this case because it, through its sole manager-member Thomas Olson, reached an agreement with Thomas Olson to reimburse him for these fees. OLPC also reached this agreement with various trusts controlled by Thomas Olson or his sons involved in the Mareva Injunction. OLPC Third 30(b)(6) Depo., 68:5-25, 75:9-14, Ex. 8. These agreements are not in writing. Id. at 68:2-17.* | **Disputed.** OLPC does not dispute that it claims the fees evidenced in these invoices as damages in this case. But Ephraim's characterization of OLPC's deposition testimony is also not a fact. *See generally Calzada Estate of Calzada v. Roy City*, No. 1:16-cv-00165-DN-DAO, 2024 WL 1307264, at *2 n.8 (D. Utah Mar. 27, 2024) ("characterization of facts or argument" "are not facts"). OLPC disputes Fact ¶ 20 as offering various legal conclusions. Whether an indemnification agreement exists between OLPC and Thomas Olson and/or between Thomas Olson and the various trusts (or his sons) is a legal conclusion. *E.g., McKelvey v. Hamilton*, 2009 UT App 126, ¶ 17, 211 P.3d 390 ("[t]he existence of a contract is a question of law"); *see also ACC Capital Corp. v. Ace West Foam Inc.,* 2018 UT App 36, ¶ 11, 420 P.3d 44 (whether a contract is enforceable is generally a legal conclusion); *see generally Klein v. Plaskolite, LLC,* No. 2:19-cv-00832-DN-PK, 2024 WL 2882593, at *4 n.24 (D. Utah June 7, 2024) ("legal argument" is not a fact for summary judgment purposes). Thomas Olson's legal relationship to OLPC is a legal conclusion. Whether Thomas Olson "controlled" various trusts is a legal conclusion. OLPC also disputes Fact ¶ 20 to the extent Ephraim argues that an | "OLPC does not dispute that it claims the fees evidenced in these invoices as damages in this case."<br><br>Thus, the statement of fact is not genuinely disputed. "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Lazy S Ranch Properties, LLC v. Valero Terminaling & Distribution Co.,* 92 F.4th 1189, 1198 (10th Cir. 2024). |

| | | | |
|---|---|---|---|
| | | oral indemnification agreement is somehow any less valid or enforceable than a written one. OLPC also disputes Fact ¶ 20 as unsupported and as mischaracterizing the deposition excerpts. Nothing in the cited deposition excerpts states that Thomas Olson "controlled" the various trusts (even assuming that statement were not a legal conclusion, which it is). In fact, the deposition makes clear Thomas Olson was not the trustees of the trusts. *See* OLPC Third 30(b)(6) Depo., 70:2-4 (attached to the Motion as Exhibit 9). Nothing in the cited deposition excerpts states that OLPC reached any agreement with Thomas Olson's sons related to the Mareva Injunction (again, even assuming the existence of an agreement is not a legal conclusion, which it is). OLPC disputes Fact ¶ 20 as offering improper legal argument and conclusions regarding the legal bases underlying OLPC's damages claims and OLPC's entitlement to claim the attorneys' fees it has incurred as damages in this case. *See generally Klein v. Plaskolite, LLC,* No. 2:19-cv-00832-DN-PK, 2024 WL 2882593, at *4 n.24 (D. Utah June 7, 2024) ("legal argument" is not a fact for summary judgment purposes). OLPC also disputes Fact ¶ 20 to the extent Ephraim relies upon it to argue the weight that should be afforded to OLPC's damages-related evidence. *See generally, e.g., Farm Bureau Prop. & Cas. Ins. Co. v. Sparks*, 619 F. Supp. 3d 1104, 1109 (D. Utah 2022) ("At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter."). | |
| **21.** | *OLPC entered into this agreement voluntarily. Id. at 73:8-74:2.* | **Disputed.** OLPC does not dispute that it testified that OLPC entered into the indemnification agreement voluntarily. But Ephraim's | "OLPC does not dispute that it testified that OLPC entered into the indemnification agreement |

| | | characterization of OLPC's deposition testimony is not a fact. *See generally Calzada Estate of Calzada v. Roy City*, No. 1:16-cv-00165-DN-DAO, 2024 WL 1307264, at *2 n.8 (D. Utah Mar. 27, 2024) ("characterization of facts or argument" "are not facts").<br>OLPC also disputes Fact ¶ 21 to the extent Ephraim relies upon it to offer improper legal argument or conclusion regarding the existence of OLPC's indemnification agreements or OLPC's entitlement to claim the Peacock Linder fees as damages in this case. *See generally Klein v. Plaskolite, LLC*, No. 2:19-cv-00832-DN-PK, 2024 WL 2882593, at *4 n.24 (D. Utah June 7, 2024) ("legal argument" is not a fact for summary judgment purposes). OLPC also disputes Fact ¶ 21 to the extent Ephraim relies upon it to argue the weight that should be afforded to the evidence OLPC has offered regarding its claimed damages. *See generally, e.g., Farm Bureau Prop. & Cas. Ins. Co. v. Sparks*, 619 F. Supp. 3d 1104, 1109 (D. Utah 2022) ("At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter."). | voluntarily."<br><br>Thus, the statement of fact is not genuinely disputed. "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Lazy S Ranch Properties, LLC v. Valero Terminaling & Distribution Co.*, 92 F.4th 1189, 1198 (10th Cir. 2024). |
| 22. | *82:9-24. Instead, Thomas Olson personally paid for these invoices. Id. OLPC plans to pay Thomas Olson for these invoices at "some point." Id.* | **Disputed but Immaterial.** OLPC does not dispute that it has not yet paid the Peacock Linder invoices or that Thomas Olson personally paid for them. But Ephraim's characterization of OLPC's deposition testimony is not a fact. *See generally Calzada Estate of Calzada v. Roy City*, No. 1:16-cv-00165-DN- DAO, 2024 WL 1307264, at *2 n.8 (D. Utah Mar. 27, 2024) ("characterization of facts or argument" "are not facts").<br>OLPC also disputes Fact ¶ 22 as | "OLPC does not dispute that it has not yet paid the Peacock Linder invoices or that Thomas Olson personally paid for them."<br><br>Thus, the statement of fact is not genuinely disputed. "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Lazy S Ranch* |

| | |
|---|---|
| mischaracterizing the deposition testimony to the extent Ephraim improperly relies upon it to imply that OLPC's obligation to indemnify Thomas Olson did not exist or was unsupported. To the contrary, OLPC testified that it was obligated to indemnify and reimburse Thomas for the costs of the Mareva Injunction defense and that the work reflected in the invoices related to the Mareva Injunction proceedings. Third OLPC 30(b)(6), Mot. Ex. 9, at pp. 65:22-74:8, 82:9-90:18. OLPC disputes Fact ¶ 22 as offering improper legal argument regarding OLPC's entitlement to claim the attorneys' fees it has incurred as damages in this case. *See generally Klein v. Plaskolite, LLC,* No. 2:19-cv-00832-DN-PK, 2024 WL 2882593, at *4 n.24 (D. Utah June 7, 2024) ("legal argument" is not a fact for summary judgment purposes). OLPC also disputes Fact ¶ 22 to the extent Ephraim relies upon it to argue the weight that should be afforded to the evidence OLPC has offered regarding its claimed damages. See generally, e.g., Farm Bureau Prop. & Cas. Ins. Co. v. Sparks, 619 F. Supp. 3d 1104, 1109 (D. Utah 2022) ("At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter."). Finally, Fact ¶ 22 is immaterial. There is no requirement that a party seeking damages must demonstrate they have actually paid the damages incurred. *E.g., Alta Health Strategies, Inc. v. CCI Mech. Serv.*, 930 P.2d 280, 285 (Utah Ct. App. 1996) ("the law does not require proof of payment" to support damages claims); *See* Fed. R. Civ. P. 56(a); *Niehues v. Whitemyer,* No. 1:21-cv-00134-DBB-CMR, 2023 WL 3932960, at *3 | *Properties, LLC v. Valero Terminaling & Distribution Co.,* 92 F.4th 1189, 1198 (10th Cir. 2024). |

| | | (D. Utah June 9, 2023) ("And a fact is material if, under the governing substantive law, it could affect the outcome of the suit."). | |
|---|---|---|---|
| **23.** | *The Mareva Injunction Order was entered on November 23, 2020. Ex. 11.* | **Undisputed but Incomplete.** OLPC does not dispute that the Mareva Injunction Order was entered on November 23, 2020. Fact ¶ 23 is incomplete. The Mareva court later dissolved the Mareva injunction after a full hearing. (See Order – Setting Aside Mareva Order, Opp. Ex. 13.) | No response required. |
| **24.** | *In entering the Mareva Injunction Order, the Court relied upon the following documents: the ex parte application of Carolyn Olson; the Statement of Claim; the Affidavit of Carolyn Olson; the brief filed in support of the Application; hearing the submissions of counsel for Carolyn Olson. Id.* | **Partially Disputed.** OLPC does not dispute that the Court referenced various documents and evidence in entering the Mareva Injunction Order. But the Court's order speaks for itself. *See generally Vanderzon v. Vanderzon,* 2017 UT App 50, ¶ 77, 402 P.3d 219 (court orders are interpreted according to the rules of contract interpretation); *Iota LLC v. Davco Management Co. LC,* 2016 UT App 231, ¶ 33, 391 P.3d 239 (same). And Ephraim's characterization of the Order is not a fact. *See generally Calzada Estate of Calzada v. Roy City,* No. 1:16-cv-00165-DN-DAO, 2024 WL 1307264, at *2 n.8 (D. Utah Mar. 27, 2024) ("characterization of facts or argument" "are not facts"). Relatedly, OLPC disputes Fact ¶ 24 to the extent Ephraim relies upon it to argue that OLPC has not established causation or damages based on the specific documents relied upon by the Mareva court or that OLPC is required to indisputably prove its causation and/or damages case at this stage—for example, by proving at this stage that his conduct alone caused the third-party litigation. *See generally Scott v. HK Contractors,* 2008 UT App 370, ¶ 16, 196 P.3d 635 ("In trying to survive a motion for summary judgment, plaintiffs are not required to prove indisputably | "OLPC does not dispute that the Court referenced various documents and evidence in entering the Mareva Injunction Order. But the Court's order speaks for itself."<br><br>Thus, the statement of fact is not genuinely disputed. "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Lazy S Ranch Properties, LLC v. Valero Terminaling & Distribution Co.,* 92 F.4th 1189, 1198 (10th Cir. 2024). |

| | | that no other cause contributed to the accident."); *Klein v. Plaskolite, LLC,* No. 2:19-cv-00832-DN-PK, 2024 WL 2882593, at *4 n.24 (D. Utah June 7, 2024) ("legal argument" is not a fact for summary judgment purposes). OLPC also disputes Fact ¶ 24 to the extent Ephraim relies upon it to argue the weight that should be afforded to the evidence OLPC has offered regarding causation and its claimed damages. *See generally, e.g., Farm Bureau Prop. & Cas. Ins. Co. v. Sparks,* 619 F. Supp. 3d 1104, 1109 (D. Utah 2022) ("At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter."). | |
|---|---|---|---|
| 25. | *The Affidavit of Carolyn Olson included 29 exhibits. Affidavit, attached hereto as Exhibit 12.* | **Partially Disputed and Immaterial.** OLPC does not dispute that Carolyn's Affidavit in the Mareva Injunction proceeding included 29 exhibits. But the number of exhibits included with Carolyn's Affidavit has no bearing on whether OLPC can establish damages or causation in this case. Fact ¶ 25 is therefore immaterial. *See* Fed. R. Civ. P. 56(a)*; Niehues v. Whitemyer,* No. 1:21-cv-00134-DBB-CMR, 2023 WL 3932960, at *3 (D. Utah June 9, 2023) ("And a fact is material if, under the governing substantive law, it could affect the outcome of the suit."). OLPC disputes Fact ¶ 25 to the extent Ephraim relies upon it to argue that OLPC has not established causation or damages based on the specific documents relied upon by the Mareva court or that OLPC is required to indisputably prove its causation and/or damages case at this stage—for example, by proving at this stage that his conduct alone caused the third-party litigation. *See generally Scott v. HK Contractors,* | "OLPC does not dispute that Carolyn's Affidavit in the Mareva Injunction proceeding included 29 exhibits." Thus, the statement of fact is not genuinely disputed. "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Lazy S Ranch Properties, LLC v. Valero Terminaling & Distribution Co.,* 92 F.4th 1189, 1198 (10th Cir. 2024). |

| | | 2008 UT App 370, ¶ 16, 196 P.3d 635 ("In trying to survive a motion for summary judgment, plaintiffs are not required to prove indisputably that no other cause contributed to the accident."); *Klein v. Plaskolite, LLC,* No. 2:19-cv-00832-DN-PK, 2024 WL 2882593, at *4 n.24 (D. Utah June 7, 2024) ("legal argument" is not a fact for summary judgment purposes). OLPC also disputes Fact ¶ 25 to the extent Ephraim relies upon it to argue what weight should be afforded to the evidence OLPC has offered regarding causation and its claimed damages. *See generally, e.g., Farm Bureau Prop. & Cas. Ins. Co. v. Sparks,* 619 F. Supp. 3d 1104, 1109 (D. Utah 2022) ("At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter."). | |
|---|---|---|---|
| **26.** | *Exhibit 21 to the Affidavit of Carolyn Olson is titled "Assessment After Normal (Re)Assessment Period Recommendation Report." Id. at OLPC Ephraim Olson 13005-13010. This document was obtained by Carolyn Olson's attorney, Patricia Keundig, who retrieved the document from a "box of documents" delivered to her by Carolyn Olson. Keundig Depo., 113:20- 115:6, attached hereto as Exhibit 13. Ms. Keundig sent this document to Carolyn Olson's attorneys who filed the Affidavit in the Mareva Injunction. Id. at 123:8-15.* | **Partially Disputed.** OLPC does not dispute that "Assessment After Normal (Re)Assessment Period Recommendation Report" is one exhibit to Carolyn Olson's Affidavit. But Ephraim's characterization of Ms. Keundig's deposition testimony is not a fact. *See generally Calzada Estate of Calzada v. Roy City,* No. 1:16-cv-00165-DN-DAO, 2024 WL 1307264, at *2 n.8 (D. Utah Mar. 27, 2024) ("characterization of facts or argument" "are not facts"). OLPC disputes Fact ¶ 26 to the extent Ephraim suggests Ms. Kuendig testified about what happened to the document after she provided a copy of it to Dentons. Ms. Kuendig refused to answer the purpose for which she sent it to Dentons on the grounds of privilege/work product protection. Kuendig Dep. 123:8-124:2. Additionally, it is unclear whether Ms. Kuendig has the requisite personal knowledge to attest to | "OLPC does not dispute that "Assessment After Normal (Re)Assessment Period Recommendation Report" is one exhibit to Carolyn Olson's Affidavit." Thus, the statement of fact is not genuinely disputed. "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Lazy S Ranch Properties, LLC v. Valero Terminaling & Distribution Co.,* 92 F.4th 1189, 1198 (10th Cir. 2024). |

| | | the actual filing of Carolyn Olson's Affidavit. OLPC also disputes the accuracy of Ms. Kuendig's testimony. OLPC contends that Ephraim was involved in making the documents accessible to Ms. Kuendig. OLPC also disputes Fact ¶ 26 to the extent Ephraim relies upon it to argue that OLPC has not established causation or damages based on the specific documents relied upon by the Mareva court or that OLPC is required to indisputably prove its causation and/or damages case at this stage—for example, by proving at this stage that his conduct alone caused the third-party litigation. *See generally Scott v. HK Contractors,* 2008 UT App 370, ¶ 16, 196 P.3d 635 ("In trying to survive a motion for summary judgment, plaintiffs are not required to prove indisputably that no other cause contributed to the accident."); *Klein v. Plaskolite, LLC,* No. 2:19-cv-00832-DN-PK, 2024 WL 2882593, at *4 n.24 (D. Utah June 7, 2024) ("legal argument" is not a fact for summary judgment purposes). OLPC also disputes Fact ¶ 26 to the extent Ephraim relies upon it to argue what weight should be afforded to the evidence OLPC has offered regarding causation and its claimed damages. *See generally, e.g., Farm Bureau Prop. & Cas. Ins. Co. v. Sparks,* 619 F. Supp. 3d 1104, 1109 (D. Utah 2022) ("At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter."). | |
| 27. | *Exhibits 1- 6, 10- 13, 16-17, 19-20, 22-23, 25-26, and 28 to the Affidavit of Carolyn Olson are publicly available documents. See Ex. 12.* | **Partially Disputed but Immaterial.** OLPC does not dispute that some of the exhibits to Carolyn's Affidavit contained publicly available information. But OLPC disputes Fact ¶ 27 to the extent Ephraim relies upon it to argue that OLPC | "OLPC does not dispute that some of the exhibits to Carolyn's Affidavit contained publicly available information." |

| | | has not established causation or damages based on the specific documents relied upon by the Mareva court or that OLPC is required to indisputably prove its causation and/or damages case at this stage—for example, by proving at this stage that his conduct alone caused the third-party litigation. *See generally Scott v. HK Contractors,* 2008 UT App 370, ¶ 16, 196 P.3d 635 ("In trying to survive a motion for summary judgment, plaintiffs are not required to prove indisputably that no other cause contributed to the accident."); *Klein v. Plaskolite, LLC,* No. 2:19-cv-00832-DN-PK, 2024 WL 2882593, at *4 n.24 (D. Utah June 7, 2024) ("legal argument" is not a fact for summary judgment purposes). OLPC also disputes Fact ¶ 27 to the extent Ephraim relies upon it to argue what weight should be afforded to the evidence OLPC has offered regarding causation and its claimed damages. *See generally, e.g., Farm Bureau Prop. & Cas. Ins. Co. v. Sparks,* 619 F. Supp. 3d 1104, 1109 (D. Utah 2022) ("At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter."). For similar reasons, Fact ¶ 27 is also immaterial. OLPC does not claim the identified exhibits are documents Ephraim improperly took and/or shared. See generally Mot., Ex. 18. Thus, the fact that certain exhibits to Carolyn's Affidavit were publicly available does not bear on whether OLPC has established causation or damages. *See* Fed. R. Civ. P. 56(a); *Niehues v. Whitemyer,* No. 1:21-cv-00134-DBB-CMR, 2023 WL 3932960, at *3 (D. Utah June 9, 2023) ("And a fact is material if, under the governing substantive law, it could affect the outcome of the suit."). | Thus, the statement of fact is not genuinely disputed. "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Lazy S Ranch Properties, LLC v. Valero Terminaling & Distribution Co.,* 92 F.4th 1189, 1198 (10th Cir. 2024). |

| 28. | *Exhibit 7 to the Affidavit of Carolyn Olson is the White Buffalo Trust (Ex. 12, at OLPC Ephraim Olson 12778-12797), which Carolyn Olson received from Tim A. OLPC Ephraim Olson 164, attached hereto as Exhibit 14. Carolyn Olson Depo., 124:15-125:7, attached hereto as Exhibit 15.* | **Partially Disputed**. OLPC does not dispute that Exhibit 7 to Carolyn Olson's Affidavit is the White Buffalo Trust or that Carolyn stated she asked for and received that document from Mr. Akarapanich. But OLPC disputes Fact ¶ 28 to the extent Ephraim relies upon it to argue that OLPC has not established causation or damages based on the specific documents relied upon by the Mareva court or that OLPC is required to indisputably prove its causation and/or damages case at this stage—for example, by proving at this stage that his conduct alone caused the third-party litigation. *See generally Scott v. HK Contractors,* 2008 UT App 370, ¶ 16, 196 P.3d 635 ("In trying to survive a motion for summary judgment, plaintiffs are not required to prove indisputably that no other cause contributed to the accident."); *Klein v. Plaskolite,* LLC, No. 2:19-cv-00832-DN-PK, 2024 WL 2882593, at *4 n.24 (D. Utah June 7, 2024) ("legal argument" is not a fact for summary judgment purposes). OLPC also disputes Fact ¶ 28 to the extent Ephraim relies upon it to argue what weight should be afforded to the evidence OLPC has offered regarding causation and its claimed damages. *See generally, e.g., Farm Bureau Prop. & Cas. Ins. Co. v. Sparks*, 619 F. Supp. 3d 1104, 1109 (D. Utah 2022) ("At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter."). | "OLPC does not dispute that Exhibit 7 to Carolyn Olson's Affidavit is the White Buffalo Trust or that Carolyn stated she asked for and received that document from Mr. Akarapanich." Thus, the statement of fact is not genuinely disputed. "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Lazy S Ranch Properties, LLC v. Valero Terminaling & Distribution Co.,* 92 F.4th 1189, 1198 (10th Cir. 2024). |
| 29. | *Exhibit 27 to the Affidavit of Carolyn Olson is two trust documents related to the Ruth Doxey Family Trust, including a "Notice" Carolyn Olson signed on* | **Partially Disputed but Immaterial.** OLPC does not dispute that Exhibit 27 to Carolyn Olson's Affidavit contains documents related to the Ruth Doxey Family Trust or that it has admitted that Ephraim is a trustee of the Ruth Doxey Family | "OLPC does not dispute that Exhibit 27 to Carolyn Olson's Affidavit contains documents related to the Ruth Doxey Family Trust or that it has admitted that Ephraim is a trustee |

| | | |
|---|---|---|
| *December 26, 2010 as Trustee of the Trust. Ex. 12 at OLPC Ephraim Olson 13029-13030 (addressing the documents to "Beneficiaries of the Ruth Doxey Family Trust); OL Private Counsel Ephraim Olson 428-440, attached hereto as Exhibit 16 (detailing Carolyn Olson as Trustee). Ephraim is trustee of the Ruth Doxey Family Trust. Response to Admissions 2, attached hereto as Exhibit 17.* | Trust. But OLPC disputes Fact ¶ 29 to the extent it implies Ephraim is the only trustee of that trust. OLPC contends that Thomas Olson is a co-trustee of that trust. OLPC also disputes Fact ¶ 29 to the extent Ephraim relies upon it to argue that OLPC has not established causation or damages based on the specific documents relied upon by the Mareva court or that OLPC is required to indisputably prove its causation and/or damages case at this stage—for example, by proving at this stage that his conduct alone caused the third-party litigation. *See generally Scott v. HK Contractors*, 2008 UT App 370, ¶ 16, 196 P.3d 635 ("In trying to survive a motion for summary judgment, plaintiffs are not required to prove indisputably that no other cause contributed to the accident."); *Klein v. Plaskolite, LLC*, No. 2:19-cv-00832-DN-PK, 2024 WL 2882593, at *4 n.24 (D. Utah June 7, 2024) ("legal argument" is not a fact for summary judgment purposes). OLPC also disputes Fact ¶ 29 to the extent Ephraim relies upon it to argue what weight should be afforded to the evidence OLPC has offered regarding causation and its claimed damages. *See generally, e.g., Farm Bureau Prop. & Cas. Ins. Co. v. Sparks,* 619 F. Supp. 3d 1104, 1109 (D. Utah 2022) ("At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter."). Fact ¶ 29 is also immaterial. OLPC does not claim the identified exhibits (and/or related documents) are documents Ephraim improperly took and/or shared. *See generally* Mot., Ex. 18. Thus, the fact that certain exhibits to Carolyn's Affidavit are not those which Ephraim stole does not bear on | of the Ruth Doxey Family Trust."<br><br>Thus, the statement of fact is not genuinely disputed. "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Lazy S Ranch Properties, LLC v. Valero Terminaling & Distribution Co.,* 92 F.4th 1189, 1198 (10th Cir. 2024). |

| | | whether OLPC has established causation or damages. *See* Fed. R. Civ. P. 56(a); *Niehues v. Whitemyer,* No. 1:21-cv-00134-DBB-CMR, 2023 WL 3932960, at *3 (D. Utah June 9, 2023) ("And a fact is material if, under the governing substantive law, it could affect the outcome of the suit."). | |
|---|---|---|---|
| **30.** | *Exhibits 8-9, 14-15, 18, and 24 are other documents which are not related to OLPC's claims against Ephraim. See Ex. 12; OLPC Supplemental Response to Interrogatory 13, attached hereto as Exhibit 18.* | **Partially Disputed but Immaterial.** OLPC does not dispute that the identified Exhibits are not identified by OLPC as documents that Ephraim improperly obtained and/or disclosed. But OLPC disputes Fact ¶ 30 to the extent Ephraim relies upon it to argue that OLPC has not established causation or damages based on the specific documents relied upon by the Mareva court or that OLPC is required to indisputably prove its causation and/or damages case at this stage—for example, by proving at this stage that his conduct alone caused the third-party litigation. *See generally Scott v. HK Contractors,* 2008 UT App 370, ¶ 16, 196 P.3d 635 ("In trying to survive a motion for summary judgment, plaintiffs are not required to prove indisputably that no other cause contributed to the accident."); *Klein v. Plaskolite, LLC,* No. 2:19-cv-00832-DN-PK, 2024 WL 2882593, at *4 n.24 (D. Utah June 7, 2024) ("legal argument" is not a fact for summary judgment purposes). OLPC also disputes Fact ¶ 30 to the extent Ephraim relies upon it to argue what weight should be afforded to the evidence OLPC has offered regarding causation and its claimed damages. *See generally, e.g., Farm Bureau Prop. & Cas. Ins. Co. v. Sparks,* 619 F. Supp. 3d 1104, 1109 (D. Utah 2022) ("At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth | "OLPC does not dispute that the identified Exhibits are not identified by OLPC as documents that Ephraim improperly obtained and/or disclosed."

Thus, the statement of fact is not genuinely disputed. "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Lazy S Ranch Properties, LLC v. Valero Terminaling & Distribution Co.,* 92 F.4th 1189, 1198 (10th Cir. 2024). |

| | | of the matter."). Fact ¶ 30 is also immaterial. The fact that certain exhibits to Carolyn's Affidavit are not those which Ephraim stole does not bear on whether OLPC has established causation or damages. | |
|---|---|---|---|
| **31.** | *The Mareva Injunction also included information Carolyn Olson received from Hyrum Olson on May 24, 2019. OLPC Third 30(b)(6) 107:5-25, Ex. 9.; OL Private Counsel– Ephraim Olson 2518-2538, attached hereto as Exhibit 19.* | **Disputed, Unsupported, but Immaterial.** Ephraim's characterization of OLPC's deposition testimony is not a fact. *See generally Calzada Estate of Calzada v. Roy City,* No. 1:16-cv-00165-DN-DAO, 2024 WL 1307264, at *2 n.8 (D. Utah Mar. 27, 2024) ("characterization of facts or argument" "are not facts"). Fact ¶ 31 is also unsupported as mischaracterizing the testimony. OLPC did not testify that the Mareva Injunction included information Carolyn Olson received from Hyrum Olson on May 24, 2019. Instead, OLPC testified about the information identified as follows:<br><br>Q: Okay. And this information was also provided to Carolyn by Hyrum; right?<br><br>A: I haven't reviewed those documents side by each. It may have been.<br><br>Q: Okay, and we're right back where we were about ten minutes ago. This one now on the left side of my screen, do you see the OLPC Bates numbering? This is the version from Hyrum. I'm happy to scroll up to the top again if you would like. On the right side of my screen is the version from Ephraim. Can you decipher any differences in the information that Hyrum shared with Carolyn versus the information in the document that Ephraim sent to Patricia Cundick? | The statement of fact is not genuinely disputed. "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Lazy S Ranch Properties, LLC v. Valero Terminaling & Distribution Co.,* 92 F.4th 1189, 1198 (10th Cir. 2024). |

A: Well, the document speaks for itself. If they're the same, they're the same. The document speaks for itself.

Q: Okay. So it's fair to say that Carolyn Olson received information supporting the Mareva injunction action from Hyrum Olson; correct?

A: It's possible they're the same, yes.

Mot., Ex. 9 at pp. 107: 5-25.

OLPC disputes Fact ¶ 31 to the extent Ephraim contends that the information provided by Hyrum was identical to that in the stolen documents. There were several drafts of the stipulation document that are referenced in the deposition testimony and they do contain important differences. Those documents and the differences contained therein speak for themselves.

OLPC disputes Fact ¶ 31 to the extent Ephraim relies upon it to argue that OLPC has not established causation or damages based on the specific documents relied upon by the Mareva court or that OLPC is required to indisputably prove its causation and/or damages case at this stage—for example, by proving at this stage that his conduct alone caused the third-party litigation. *See generally Scott v. HK Contractors,* 2008 UT App 370, ¶ 16, 196 P.3d 635 ("In trying to survive a motion for summary judgment, plaintiffs are not required to prove indisputably that no other cause contributed to the accident."); *Klein v. Plaskolite, LLC*, No. 2:19-cv-00832-DN-PK, 2024 WL 2882593, at *4 n.24 (D. Utah June 7, 2024) ("legal argument" is not a fact for summary judgment purposes). OLPC also

| | | disputes Fact ¶ 31 to the extent Ephraim relies upon it to argue what weight should be afforded to the evidence OLPC has offered regarding causation and its claimed damages. *See generally, e.g., Farm Bureau Prop. & Cas. Ins. Co. v. Sparks,* 619 F. Supp. 3d 1104, 1109 (D. Utah 2022) ("At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter."). Fact ¶ 31 is also immaterial. The fact that certain exhibits to Carolyn's Affidavit are not those which Ephraim stole does not bear on whether OLPC has established causation or damage | |
| --- | --- | --- | --- |
| **32.** | *The Mareva Injunction case is complete. OLPC Third 30(b)(6) 83:6-8, Ex. 9.* | **Partially Disputed but Immaterial.** OLPC does not dispute that the Mareva Injunction aspect is finished. OLPC disputes Fact ¶ 32 to the extent Ephraim relies upon it to argue that OLPC has not established causation or damages based on the specific documents relied upon by the Mareva court or that OLPC is required to indisputably prove its causation and/or damages case at this stage—for example, by proving at this stage that his conduct alone caused the third-party litigation. *See generally Scott v. HK Contractors,* 2008 UT App 370, ¶ 16, 196 P.3d 635 ("In trying to survive a motion for summary judgment, plaintiffs are not required to prove indisputably that no other cause contributed to the accident."); *Klein v. Plaskolite, LLC,* No. 2:19-cv-00832-DN-PK, 2024 WL 2882593, at *4 n.24 (D. Utah June 7, 2024) ("legal argument" is not a fact for summary judgment purposes). OLPC also disputes Fact ¶ 32 to the extent Ephraim relies upon it to argue what weight should be afforded to the evidence OLPC has offered regarding causation and its claimed damages. *See generally,* | "OLPC does not dispute that the Mareva Injunction aspect is finished."<br><br>Thus, the statement of fact is not genuinely disputed. "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Lazy S Ranch Properties, LLC v. Valero Terminaling & Distribution Co.,* 92 F.4th 1189, 1198 (10th Cir. 2024). |

| | | *e.g., Farm Bureau Prop. & Cas. Ins. Co. v. Sparks,* 619 F. Supp. 3d 1104, 1109 (D. Utah 2022) ("At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter."). Finally, Fact ¶ 32 is immaterial. Whether the Mareva Injunction case is complete has no bearing on whether OLPC has established causation or damages. | |
|---|---|---|---|
| **33.** | *The fees detailed in the Foley & Lardner Invoices relate to the Burton v. Lemons matter. OLPC Ephraim Olson 14200-14233, 14828-14829, attached hereto as Exhibit 20.* | **Undisputed.** | No response required. |
| **34.** | *While Foley & Lardner billed $149,677 for work related to Burton v. Lemons, OLPC is only seeking damages of $109,832. OLPC Third 30(b)(6) at 6:14-8:20, Ex. 9.* | **Partially Disputed.** OLPC does not dispute that it is seeking $109,832 in damages related to the Burton v. Lemons proceedings. But Ephraim's characterization of the damages OLPC is seeking based on OLPC's deposition testimony is not a fact. *See generally Calzada Estate of Calzada v. Roy City,* No. 1:16-cv-00165-DN-DAO, 2024 WL 1307264, at *2 n.8 (D. Utah Mar. 27, 2024) ("characterization of facts or argument" "are not facts"). OLPC disputes Fact ¶ 34 as suggesting that OLPC will "only" seek damages related to the Burton v. Lemons case. OLPC clarified that the $109,832 was the amount of damages sought "at the time" of Mr. Hoffman's expert report. It also clarified that the Burton v. Lemons matter is ongoing. OLPC Third 30(b)(6) at 5:19-10:21, Mot., Ex. 9.<br>OLPC disputes Fact ¶ 34 to the extent Ephraim relies upon it to argue that OLPC is required to indisputably prove its causation and/or damages case at this stage—for example, by proving at | "OLPC does not dispute that it is seeking $109,832 in damages related to the Burton v. Lemons proceedings."<br><br>Thus, the statement of fact is not genuinely disputed. "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Lazy S Ranch Properties, LLC v. Valero Terminaling & Distribution Co.,* 92 F.4th 1189, 1198 (10th Cir. 2024). |

| | | | |
|---|---|---|---|
| | | this stage that his conduct alone caused the third-party litigation or resolve every potential question related to the invoices before the case goes to trial. *See generally Scott v. HK Contractors,* 2008 UT App 370, ¶ 16, 196 P.3d 635 ("In trying to survive a motion for summary judgment, plaintiffs are not required to prove indisputably that no other cause contributed to the accident."); *Klein v. Plaskolite, LLC,* No. 2:19-cv-00832-DN-PK, 2024 WL 2882593, at *4 n.24 (D. Utah June 7, 2024) ("legal argument" is not a fact for summary judgment purposes). OLPC also disputes Fact ¶ 34 to the extent Ephraim relies upon it to argue what weight should be afforded to the evidence OLPC has offered regarding causation and its claimed damages. See generally, e.g., Farm Bureau Prop. & Cas. Ins. Co. v. Sparks, 619 F. Supp. 3d 1104, 1109 (D. Utah 2022) ("At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter."). | |
| 35. | *OLPC is not a party to Burton v. Lemons. Id. at 10:22-24.* | **Disputed.** OLPC disputes Fact ¶ 35 as offering an improper legal argument and conclusion regarding OLPC's legal relationship to and/or interest in the Burton v. Lemons proceedings as well as OLPC's entitlement to claim the attorney fees incurred through the Burton v. Lemons proceedings as damages in this action. *See generally Klein v. Plaskolite, LLC,* No. 2:19-cv-00832-DN-PK, 2024 WL 2882593, at *4 n.24 (D. Utah June 7, 2024) ("legal argument" is not a fact for summary judgment purposes). | OLPC fails to cite to any evidence establishing that it is a party to the Mareva Injunction.

Thus, the statement of fact is not genuinely disputed. "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Lazy S Ranch Properties, LLC v. Valero Terminaling & Distribution Co.,* 92 F.4th 1189, 1198 (10th Cir. 2024). |
| 36. | *OLPC claims these invoices as* | **Partially Disputed**. OLPC does not dispute that | "OLPC does not dispute that it |

| | | |
|---|---|---|
| *damages in this case because it has agreed to reimburse another entity, Waterton Land Trust, for the fees incurred by Bruce Lemons in the Burton v. Lemons matter. Id. at 11:5-16. This agreement is not in writing. Id. at 13:10-12.* | it claims the fees evidenced in the Foley & Lardner invoices as damages in this case. But Ephraim's characterization of OLPC's damages claims based on OLPC's deposition testimony is not a fact. *See generally Calzada Estate of Calzada v. Roy City*, No. 1:16-cv-00165-DN-DAO, 2024 WL 1307264, at *2 n.8 (D. Utah Mar. 27, 2024) ("characterization of facts or argument" "are not facts"). OLPC disputes Fact ¶ 36 as offering a legal conclusion about whether an agreement exists between OLPC and Waterton Land Trust. *E.g., McKelvey v. Hamilton,* 2009 UT App 126, ¶ 17, 211 P.3d 390 ("[t]he existence of a contract is a question of law"); *see also ACC Capital Corp. v. Ace West Foam Inc.,* 2018 UT App 36, ¶ 11, 420 P.3d 44 (whether a contract is enforceable is generally a legal conclusion). OLPC also disputes Fact ¶ 36 to the extent Ephraim uses it to argue that an oral indemnification agreement is somehow any less valid or enforceable than a written one. OLPC disputes Fact ¶ 36 as offering improper legal argument and conclusions regarding the legal bases underlying OLPC's damages claims and OLPC's entitlement to claim the attorneys' fees it has incurred as damages in this case. *See generally Klein v. Plaskolite, LLC*, No. 2:19-cv-00832-DN-PK, 2024 WL 2882593, at *4 n.24 (D. Utah June 7, 2024) ("legal argument" is not a fact for summary judgment purposes). OLPC also disputes Fact ¶ 36 to the extent Ephraim relies upon it to argue what weight should be afforded to the evidence OLPC has offered regarding causation and its claimed damages. *See generally, e.g., Farm Bureau Prop. & Cas. Ins. Co. v. Sparks,* 619 F. Supp. 3d 1104, 1109 (D. Utah | claims the fees evidenced in the Foley & Lardner invoices as damages in this case."

Thus, the statement of fact is not genuinely disputed. "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Lazy S Ranch Properties, LLC v. Valero Terminaling & Distribution Co.,* 92 F.4th 1189, 1198 (10th Cir. 2024). |

| | | 2022) ("At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter."). | |
|---|---|---|---|
| **37.** | *Waterton Land Trust is indemnifying Lemons, who is a trustee of the Waterton Land Trust. Id., 11:17-20* | **Partially Disputed.** OLPC does not dispute that the Waterton Land Trust is indemnifying Lemons. OLPC objects to Fact ¶ 37 because nowhere in the deposition testimony cited does OLPC testify that Lemons "is a trustee" of the Waterton Land Trust. The very testimony cited states that the trustee of Waterton Land Trust is someone other than Bruce Lemons.. | "OLPC does not dispute that the Waterton Land Trust is indemnifying Lemons." <br><br> Thus, the statement of fact is not genuinely disputed. "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Lazy S Ranch Properties, LLC v. Valero Terminaling & Distribution Co.*, 92 F.4th 1189, 1198 (10th Cir. 2024). |
| **38.** | *OLPC believes it paid for the Foley Lardner invoices either "directly or indirectly." Id. 32:18-33:18.* | **Disputed but Immaterial.** Ephraim's characterization of OLPC's deposition testimony is not a fact. *See generally Calzada Estate of Calzada v. Roy City*, No. 1:16-cv-00165-DN-DAO, 2024 WL 1307264, at *2 n.8 (D. Utah Mar. 27, 2024) ("characterization of facts or argument" "are not facts"). OLPC's disputes Fact ¶ 38 as misstating OLPC's testimony. OLPC testified that it paid the Foley & Lardner invoices: <br><br> Q. Okay, let's break this down. You said it was paid either directly or indirectly by OLPC. Which was it? <br><br> A. OLPC arranged for the payment of the fee initially, and then Waterton Land Trust –charged it back to Waterton Land Trust. | The statement of fact is not genuinely disputed. "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Lazy S Ranch Properties, LLC v. Valero Terminaling & Distribution Co.*, 92 F.4th 1189, 1198 (10th Cir. 2024). <br><br> As OLPC testified: <br><br> Q.· · Who were they paid by? <br> A.· · Initially they were paid -- I believe they were charged -- they were paid, I think, directly or indirectly, by OLPC . . . <br><br> Mot., Ex. 9., 32:18-24. |

Q. And you said OLPC arranged for the payment. Did OLPC make a payment or arrange for some other entity to pay it?

A. No, I believe that it paid it itself.

Q. Okay. And what proof would there be that it was OLPC itself that paid this invoice?

A. The fact that I arranged for the payment of it.

Q. Okay. Is there a document, documented evidence of it? Bank accounts, perhaps.

A. It was paid electronically. It might show on the bank statement. It's possible.

Q. Okay. So OLPC paid the invoices and then charged that back to Waterton Land Trust; correct?

A. Yes.

OLPC Third 30(b)(6) 33:5-35:11, Mot., Ex. 9. OLPC also objects to Fact ¶ 38 to the extent Ephraim offers a legal conclusion and argument regarding the legal bases underlying OLPC's damages claims and OLPC's entitlement to claim the attorneys' fees it has incurred as damages in this case. *See generally Klein v. Plaskolite, LLC*, No. 2:19-cv-00832-DN-PK, 2024 WL 2882593, at *4 n.24 (D. Utah June 7, 2024) ("legal argument" is not a fact for summary judgment purposes). OLPC also disputes Fact ¶ 38 to the extent Ephraim relies upon it to argue what weight should be afforded to the evidence OLPC has offered regarding causation and its claimed damages. *See generally, e.g., Farm Bureau Prop.*

| | | | |
|---|---|---|---|
| | | *& Cas. Ins. Co. v. Sparks,* 619 F. Supp. 3d 1104, 1109 (D. Utah 2022) ("At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter."). Regardless, whether OLPC paid for the invoices is immaterial to whether OLPC may claim the fees set forth in them as damages. *E.g., Alta Health Strategies, Inc. v. CCI Mech. Serv.,* 930 P.2d 280, 285 (Utah Ct. App. 1996) ("the law does not require proof of payment" to support damages claims); *See* Fed. R. Civ. P. 56(a); *Niehues v. Whitemyer,* No. 1:21-cv-00134-DBB-CMR, 2023 WL 3932960, at *3 (D. Utah June 9, 2023) ("And a fact is material if, under the governing substantive law, it could affect the outcome of the suit."). | |
| 39. | *In Burton v. Lemons, the Plaintiff, Naomi Burton, alleged claims for breach of fiduciary duty against Bruce Lemons as trustee when Mr. Lemons "permanently removed Naomi as a beneficiary of the [Waterton Land Trust]" on August 31, 2020. Burton v. Lemons, First Amended Complaint, attached hereto as Exhibit 21.* | **Disputed but Immaterial.** Ephraim's characterization of the allegations in the Burton v. Lemons case is not a fact. *See generally Calzada Estate of Calzada v. Roy City,* No. 1:16-cv-00165-DN-DAO, 2024 WL 1307264, at *2 n.8 (D. Utah Mar. 27, 2024) ("characterization of facts or argument" "are not facts"). The pleadings speak for themselves. *See generally Harvey v. Ute Indian Tribe of Uintah & Ouray Reservation,* 2017 UT 75, ¶ 24, 416 P.3d 401 (courts construe complaints "to do substantial justice," disregarding "technicalities and looking at the substance"); *Conner v. Dep't of Commerce,* 2019 UT App 91, ¶ 37, 443 P.3d 1250 ("courts construe pleadings in favor of the pleader," giving the "allegations and averments contained in the pleadings, and the necessary inferences arising therefrom, a liberal construction and application"). OLPC disputes Fact ¶ 39 as offering a legal | "The pleadings speak for themselves." OLPC fails to introduce any evidence to rebut the statement of fact. Thus, the statement of fact is not genuinely disputed. "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Lazy S Ranch Properties, LLC v. Valero Terminaling & Distribution Co.,* 92 F.4th 1189, 1198 (10th Cir. 2024). |

| | | conclusion and argument regarding the legal bases underlying OLPC's damages claims and OLPC's entitlement to claim the attorneys' fees it has incurred as damages in this case. *See generally Klein v. Plaskolite, LLC,* No. 2:19-cv-00832-DN-PK, 2024 WL 2882593, at *4 n.24 (D. Utah June 7, 2024) ("legal argument" is not a fact for summary judgment purposes). OLPC also disputes Fact ¶ 39 to the extent Ephraim relies upon it to argue what weight should be afforded to the evidence OLPC has offered regarding causation and its claimed damages. *See generally, e.g., Farm Bureau Prop. & Cas. Ins. Co. v. Sparks,* 619 F. Supp. 3d 1104, 1109 (D. Utah 2022) ("At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter."). | |
|---|---|---|---|
| **40.** | *OLPC alleges that the Waterton Land Trust instrument, which it believes Ephraim improperly accessed, was used by Naomi in the Burton v. Lemons matter. OLPC Third 30(b)(d) Depo., 18:5-19, Ex. 9.* | **Partially Disputed**. OLPC does not dispute that it claims that Naomi used the Waterton Land Trust instrument, which Ephraim improperly accessed, in the Burton v. Lemons matter. But OLPC did not merely "allege" in its Third 30(b)(6) that the Waterton Land Trust instrument was used by Naomi in the Burton v. Lemons matter. OLPC testified to this fact under oath. Ephraim's characterization of OLPC's deposition testimony is also not a fact. *See generally Calzada Estate of Calzada v. Roy City,* No. 1:16-cv-00165-DN-DAO, 2024 WL 1307264, at *2 n.8 (D. Utah Mar. 27, 2024) ("characterization of facts or argument" "are not facts"). OLPC disputes Fact ¶ 40 as offering a legal conclusion and argument regarding the legal bases underlying OLPC's damages claims and OLPC's entitlement to claim the attorneys' fees it has incurred as damages in this case. *See* | "OLPC does not dispute that it claims that Naomi used the Waterton Land Trust instrument, which Ephraim improperly accessed, in the Burton v. Lemons matter." Thus, the statement of fact is not genuinely disputed. "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Lazy S Ranch Properties, LLC v. Valero Terminaling & Distribution Co.,* 92 F.4th 1189, 1198 (10th Cir. 2024). |

| | | | |
|---|---|---|---|
| | | *generally Klein v. Plaskolite, LLC,* No. 2:19-cv-00832-DN-PK, 2024 WL 2882593, at *4 n.24 (D. Utah June 7, 2024) ("legal argument" is not a fact for summary judgment purposes). OLPC also disputes Fact ¶ 40 to the extent Ephraim relies upon it to argue what weight should be afforded to the evidence OLPC has offered regarding causation and its claimed damages. *See generally, e.g., Farm Bureau Prop. & Cas. Ins. Co. v. Sparks,* 619 F. Supp. 3d 1104, 1109 (D. Utah 2022) ("At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter."). | |
| 41. | *Naomi Burton was deposed in this matter on July 20, 2022. During her deposition she testified that she received the Waterton Land Trust instrument from her lawyer. Burton Depo., 146:7-16, attached hereto as Exhibit 22. She testified that she believes her lawyer received the Waterton Land Trust instrument when it was filed in response to her motion to intervene in a divorce suit. Id. at 147:19-148:3.* | **Partially Disputed and Incomplete.** OLPC does not dispute that, during her July 2022 deposition, Naomi Burton testified that she received the Waterton Land Trust instrument from her lawyer and that she testified that she believes her lawyer received the instrument when it was filed in response to her motion to intervene in a divorce suit.<br><br>OLPC disputes Fact ¶ 41 to the extent Ephraim asserts that Naomi Burton received the Waterton Land Trust instrument from her lawyer, who received it in response to her motion to intervene in the divorce suit. Initially, the Waterton Land Trust document was not attached to the response to her motion to intervene in the divorce suit. (See 09/13/21 Waterton Land Trust's Memo in Opposition to Naomi Burton's Motion to Intervene, Ex. 14.)<br><br>Additionally, the Waterton Land Trust instrument was one of the documents that Ephraim and Carolyn wrongfully obtained from Tim | Any dispute as to where Naomi obtained the Waterton Land Trust document is not material. "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Lazy S Ranch Properties, LLC v. Valero Terminaling & Distribution Co.,* 92 F.4th 1189, 1198 (10th Cir. 2024). |

Akarapanich in June 2020. (Akarapanich
Declaration and Excerpts of Telegram Messages,
OL Private Counsel-Ephraim Olson 0166-67,
0278-297, Opp., Ex. 7.) During OLPC's Third
30(b)(6), OLPC testified that Naomi relied on
information received from the stolen trust
instrument because she would not have had
information about the Waterton Land Trust but
for that document. (Mot., Ex. 9 at pp. 19:1-10.)
OLPC also testified that, based on privilege logs
in this case, it appeared that Naomi had been
involved in the Mareva injunction proceedings
and would have received the Waterton Land
Trust instrument during those proceedings, at the
very latest. (Id. at 19:1-29:5.) Additionally, as
evidenced from the various privilege logs offered
in this case, Naomi has been part of the common
interest/joint defense group that includes
Ephraim, Carolyn, and others since the Mareva
Injunction proceedings. (June 2023 Ephraim
Relevance Log, Opp. Ex. 18; Kuendig
Supplemental Privilege Log, Ex. 19; 09/12/24
Dentons Log, Opp. Ex. 20; 01/12/2024 Carolyn
and Naomi Olson Privilege Log, Opp. Ex. 21.).
This common interest/joint defense group has,
since that time, communicated and shared
information amongst themselves and their
lawyers related to OLPC's clients in furthering
litigation against OLPC's clients. (Id.)

Finally, OLPC disputes Fact ¶ 41 to the extent
Ephraim offers it as a legal conclusion and
argument regarding the legal bases underlying
OLPC's damages claims and OLPC's entitlement
to claim the attorneys' fees it has incurred as
damages in this case. *See generally Klein v.*

| | | | |
|---|---|---|---|
| | | *Plaskolite, LLC,* No. 2:19-cv-00832-DN-PK, 2024 WL 2882593, at *4 n.24 (D. Utah June 7, 2024) ("legal argument" is not a fact for summary judgment purposes). OLPC also disputes Fact ¶ 41 to the extent Ephraim relies upon it to argue what weight should be afforded to the evidence OLPC has offered regarding causation and its claimed damages. *See generally, e.g., Farm Bureau Prop. & Cas. Ins. Co. v. Sparks,* 619 F. Supp. 3d 1104, 1109 (D. Utah 2022) ("At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter."). Certainly, they jury is entitled to weigh any testimony Naomi may have offered about where she received the Waterton Land Trust document against OLPC's contrary testimony and evidence. | |
| **42.** | *Naomi Burton filed the motion to intervene in her parent's divorce suit, Olson v. Olson, Case No. 204904555, currently pending before the Third Judicial District for the State of Utah. See Divorce Docket, attached hereto as Exhibit 23.* | **Partially Disputed, Incomplete, but Immaterial.** OLPC does not dispute that Naomi Burton filed a motion to intervene in parents' divorce suit in July 2021.<br><br>OLPC disputes Fact ¶ 42 to the extent Ephraim relies upon it to assert that Naomi received the Waterton Land Trust instrument from her lawyer in response to her motion to intervene. The Waterton Land Trust document was not attached to the response to her motion to intervene in the divorce suit. (See 09/13/21 Waterton Land Trust's Memo in Opposition to Naomi Burton's Motion to Intervene, Ex. 14.) Naomi was denied her motion to intervene, so she should not have access to any documents filed in that action.<br><br>Additionally, the Waterton Land Trust instrument was one of the documents that Ephraim and | Any dispute as to where Naomi obtained the Waterton Land Trust document is not material. "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Lazy S Ranch Properties, LLC v. Valero Terminaling & Distribution Co.,* 92 F.4th 1189, 1198 (10th Cir. 2024). |

Carolyn wrongfully obtained from Tim Akarapanich in June 2020. (Akarapanich Declaration and Excerpts of Telegram Messages, OL Private Counsel-Ephraim Olson 0166-67, 0278-297, Opp., Ex. 7.) During OLPC's third 30(b)(6), OLPC testified that Naomi relied on information received from the stolen trust instrument because she would not have had information about the Waterton Land Trust but for that document. (Mot., Ex. 9 at pp. 19:1-10.) OLPC also testified that, based on privilege logs in this case, it appeared that Naomi had been involved in the Mareva injunction proceedings and would have received the Waterton Land Trust instrument during those proceedings, at the very latest. (Id. at 19:1-29:5.) Additionally, as evidenced from the various privilege logs offered in this case, Naomi has been part of the common interest/joint defense group that includes Ephraim, Carolyn, and others since the Mareva Injunction proceedings. (June 2023 Ephraim Relevance Log, Opp. Ex. 18; Kuendig Supplemental Privilege Log, Ex. 19; 09/12/24 Dentons Log, Opp. Ex. 20; 01/12/2024 Carolyn and Naomi Olson Privilege Log, Opp. Ex. 21.). This common interest/joint defense group has, since that time, communicated and shared information amongst themselves and their lawyers related to OLPC's clients in furthering litigation against OLPC's clients. (*Id.*)

OLPC disputes Fact ¶ 42 to the extent Ephraim is offers it as a legal conclusion and argument regarding the legal bases underlying OLPC's damages claims and OLPC's entitlement to claim the attorneys' fees it has incurred as damages in

| | | | |
|---|---|---|---|
| | | this case. *See generally Klein v. Plaskolite, LLC,* No. 2:19-cv-00832-DN-PK, 2024 WL 2882593, at *4 n.24 (D. Utah June 7, 2024) ("legal argument" is not a fact for summary judgment purposes). OLPC also disputes Fact ¶ 42 to the extent Ephraim relies upon it to argue what weight should be afforded to the evidence OLPC has offered regarding causation and its claimed damages. *See generally, e.g., Farm Bureau Prop. & Cas. Ins. Co. v. Sparks,* 619 F. Supp. 3d 1104, 1109 (D. Utah 2022) ("At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter."). <br><br> Fact ¶ 42 is also immaterial. The fact that Naomi Burton filed a motion to intervene in her parents' divorce suit has no bearing on whether OLPC is able to establish causation or damages. *See* Fed. R. Civ. P. 56(a); *Niehues v. Whitemyer,* No. 1:21-cv-00134-DBB-CMR, 2023 WL 3932960, at *3 (D. Utah June 9, 2023) ("And a fact is material if, under the governing substantive law, it could affect the outcome of the suit."). | |
| 43. | *OLPC does not have evidence that Ephraim sent Naomi Burton the Waterton Land Trust. OLPC Third 30(b)(6) Depo., 24:7-24, Ex. Instead, OLPC believes, without factual basis and contrary to her testimony, that Naomi Burton may have received the Waterton Land Trust when she was "served with a copy of the Mareva Injunction papers, which had a copy of the stolen Waterton Land Trust document." Id.* | Disputed and Unsupported. OLPC disputes Fact ¶ 43 on several grounds. Initially, Ephraim's characterization of OLPC's deposition testimony is not a fact. *See generally Calzada Estate of Calzada v. Roy City,* No. 1:16-cv-00165-DN-DAO, 2024 WL 1307264, at *2 n.8 (D. Utah Mar. 27, 2024) ("characterization of facts or argument" "are not facts"). Additionally, Ephraim has mischaracterized OLPC's deposition testimony. During OLPC's third 30(b)(6), OLPC testified that Naomi relied on information received from the stolen trust instrument because she would not have had information about the | |

Waterton Land Trust but for that document.
(Mot., Ex. 9 at pp. 19:1-10.) OLPC also testified
that, based on privilege logs in this case, it
appeared that Naomi had been involved in the
Mareva injunction proceedings and would have
received the Waterton Land Trust instrument
during those proceedings, at the very latest. (Id.
at 19:1-29:5.) Indeed, as evidenced from the
various privilege logs offered in this case, Naomi
has been part of the common interest/joint
defense group that includes Ephraim, Carolyn,
and others since the Mareva Injunction
proceedings. (June 2023 Ephraim Relevance Log,
Opp. Ex. 18; Kuendig Supplemental Privilege
Log, Ex. 19; 09/12/24 Dentons Log, Opp. Ex. 20;
01/12/2024 Carolyn and Naomi Olson Privilege
Log, Opp. Ex. 21.). This common interest/joint
defense group has, since that time, communicated
and shared information amongst themselves and
their lawyers related to OLPC's clients in
furthering litigation against OLPC's clients. (*Id.*)
OLPC also disputes Fact ¶ 43 as offering a legal
conclusion about whether support for OLPC's
case against Ephraim, as related to the Burton v.
Lemons proceeding and the attorneys' fees
incurred as damages in that case, exists. OLPC
also disputes Fact ¶ 43 to the extent Ephraim
offers it as a legal conclusion and argument
regarding the legal bases underlying OLPC's
damages claims and OLPC's entitlement to claim
the attorneys' fees it has incurred as damages in
this case. *See generally Klein v. Plaskolite, LLC,*
No. 2:19-cv-00832-DN-PK, 2024 WL 2882593,
at *4 n.24 (D. Utah June 7, 2024) ("legal
argument" is not a fact for summary judgment
purposes). OLPC also disputes Fact ¶ 43 to the

| | | | |
|---|---|---|---|
| | | extent Ephraim relies upon it to argue what weight should be afforded to the evidence OLPC has offered regarding causation and its claimed damages. *See generally, e.g., Farm Bureau Prop. & Cas. Ins. Co. v. Sparks,* 619 F. Supp. 3d 1104, 1109 (D. Utah 2022) ("At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter."). Certainly, they jury is entitled to weigh any testimony Naomi may have offered about where she received the Waterton Land Trust document against OLPC's contrary testimony and evidence. | |
| **44.** | *The fees detailed in the BLG Invoices relate to a lawsuit filed in April of 2022 by Carolyn Olson, Naomi Olson, and other unnamed parties against multiple parties including Hyrum Olson, Waterton Land Trust, Waterton Land Trust, LTD, and Joshua Olson. OLPC Third 30(b)(6) Depo., 38:20-40:20, Ex. 9; OLPC Ephraim Olson_14885-14909, attached hereto as Exhibit 24.* | **Undisputed.** | No response required. |
| **45.** | *The BLG Invoices are redacted and the description of each time entry is unreadable. Ex. 24.* | **Disputed, Unsupported, but Immaterial.** OLPC does not dispute that the BLG Invoices have redactions. But, while the descriptions of work are redacted, the invoices clearly identify the date of the work, the time-keepers, the number of hours spent per entry, the total number of hours spend per each time-keeper, the rates per time-keeper, the charged amounts (per time-keeper, and in total), and other various charges. See Mot., Ex. 24. Moreover, as OLPC explains in its 2/28/25 Opposition to Ephraim's Renewed Rule 37(c) Motion For Mandatory Exclusion of | "OLPC does not dispute that the BLG Invoices have redactions." Thus, the statement of fact is not genuinely disputed. "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Lazy S Ranch Properties, LLC v. Valero Terminaling & Distribution Co.,* 92 F.4th 1189, 1198 (10th Cir. 2024). |

| | | Untimely Produced Damages Documents and For Sanctions, Dkt. No. 388, the redactions are nothing new. They were present when OLPC produced them nearly a year ago. They are also consistent with Canadian privilege laws. Ephraim is not entitled to privileged information on this matter. In this respect, OLPC also disputes Fact ¶ 45 as offering improper legal argument regarding OLPC's assertion of attorney-client privilege/work product protections in redacting the invoices and/or OLPC's ability to claims as damages the attorney fees it has incurred through Ephraim's wrongdoing. *See generally Klein v. Plaskolite,* LLC, No. 2:19-cv-00832-DN-PK, 2024 WL 2882593, at \*4 n.24 (D. Utah June 7, 2024) ("legal argument" is not a fact for summary judgment purposes). | |
| | | OLPC also disputes Fact ¶ 45 to the extent Ephraim relies upon it to argue either the weight to be given to the BLG invoices and/or to any of OLPC's damages evidence and calculations. *See generally, e.g., Farm Bureau Prop. & Cas. Ins. Co. v. Sparks,* 619 F. Supp. 3d 1104, 1109 (D. Utah 2022) ("At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter."). | |
| | | Finally, Fact ¶ 45 is immaterial. Whether the BLG Invoices are redacted does not make OLPC's damages or causation claims either more or less meritorious. *See* Fed. R. Civ. P. 56(a); *Niehues v. Whitemyer,* No. 1:21-cv-00134-DBB-CMR, 2023 WL 3932960, at \*3 (D. Utah June 9, 2023) ("And a fact is material if, under the governing substantive law, it could affect the outcome of the suit."). | |
| 46. | *OLPC testified that the April 2022* | **Undisputed.** | No response required. |

| | | | |
|---|---|---|---|
| | *lawsuit detailed in the BLG Invoices Is Olson v. Olson, Case No. 2201-04486. OPLC Third 30(b)(6) Depo., 63:1-64:15, Ex. 9* | | |
| **47.** | *OLPC is not a party to Olson v. Olson, Case No. 2201-04486. See PLF1458-14683, attached hereto as Exhibit 25.* | **Disputed.** OLPC disputes Fact ¶ 47 as offering an improper legal argument and conclusion regarding OLPC's legal relationship to and/or interest in the *Olson v. Olson* proceedings as well as OLPC's entitlement to claim the attorney fees incurred through the *Olson v. Olson* proceedings as damages in this action. *See generally Klein v. Plaskolite, LLC*, No. 2:19-cv- 00832-DN-PK, 2024 WL 2882593, at *4 n.24 (D. Utah June 7, 2024) ("legal argument" is not a fact for summary judgment purposes). | OLPC fails to cite to any evidence establishing that it is a party to the *Olson v. Olson* matter.<br><br>Thus, the statement of fact is not genuinely disputed. "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Lazy S Ranch Properties, LLC v. Valero Terminaling & Distribution Co.*, 92 F.4th 1189, 1198 (10th Cir. 2024). |
| **48.** | *OLPC testified that the Olson v. Olson is "basically the same case as the [Mareva] injunction." OLPC Third 30(b)(6) 63:1-15, Ex. 9.* | **Partially Disputed but Immaterial.** OLPC does not dispute that it testified on the cited portion of its third 30(b)(6) deposition that *Olson v. Olson* is "basically the same case" as the Mareva injunction case. However, OLPC also testified more specifically as to what *Olson v. Olson* was about:<br><br>Q: Let me back up. What is this lawsuit about? What's going on in it?<br><br>A: Well, the allegations are that all these trust deeds, all these trusts from which we're talking about here that relate to the stolen documents, are part of some grand conspiracy on the part of the trustees, the settlors, myself, to somehow deny Carolyn, Naomi and other persons rights to assets that they would have otherwise been entitled to. | "OLPC does not dispute that it testified on the cited portion of its third 30(b)(6) deposition that *Olson v. Olson* is "basically the same case" as the Mareva injunction case."<br><br>Thus, the statement of fact is not genuinely disputed. "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Lazy S Ranch Properties, LLC v. Valero Terminaling & Distribution Co.*, 92 F.4th 1189, 1198 (10th Cir. 2024). |

Third OLPC 30(b)(6) Dep., Mot. Ex. 9, at p. 54:4-13.

Unlike the Mareva Injunction proceedings, Naomi and others are plaintiffs along with Carolyn. (*Id*. at p. 52:21-23.) Indeed, Ephraim has testified that he believes he is also one of the unnamed plaintiffs in the *Olson v. Olson* proceeding. (*See* Ephraim Depo. at 112:19-113:16, Opp. Ex. 2). However, like the Mareva Injunction proceeding, the *Olson v. Olson* proceeding plaintiffs rely on documents Ephraim persuaded Tim Akarapanich to share with him and Carolyn. (Third OLPC 30(b)(6), Mot. Ex. 9 at pp. 51:22-53:23; *see also* Carolyn Olson Affidavit in Support of Service of Ex Juris, Opp. Ex. 16 (attaching the White Buffalo Trust as Exhibit 4); Affidavit of Naomi Burton, Opp. Ex. 17 (attaching the Waterton Land Trust as Exhibit A).)

OLPC also disputes Fact ¶ 48 to the extent Ephraim offers it as a legal conclusion and argument regarding the legal bases underlying OLPC's damages claims and OLPC's entitlement to claim the attorneys' fees it has incurred as damages in this case. *See generally Klein v. Plaskolite, LLC,* No. 2:19-cv-00832-DN-PK, 2024 WL 2882593, at *4 n.24 (D. Utah June 7, 2024) ("legal argument" is not a fact for summary judgment purposes). OLPC also disputes Fact ¶ 48 to the extent Ephraim relies upon it to argue what weight should be afforded to the evidence OLPC has offered regarding causation and its claimed damages. *See generally, e.g., Farm Bureau Prop. & Cas. Ins. Co. v.*

| | | | |
|---|---|---|---|
| | | *Sparks,* 619 F. Supp. 3d 1104, 1109 (D. Utah 2022) ("At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter."). | |
| **49.** | *OLPC claims these invoices as damages in this case because it, through its sole member-manager Thomas Olson, has agreed to reimburse the defendants of that action, including Thomas Olson. OLPC Third 30(b)(6) Depo., 41:24-43:19. This agreement is not in writing. Id. at 46:11-13.* | **Partially Disputed.** OLPC does not dispute that it claims as damages in this action the attorneys' fees evidenced by the BLG invoices. But Ephraim's characterization of OLPC's deposition testimony is not a fact. *See generally Calzada Estate of Calzada v. Roy City,* No. 1:16-cv-00165-DN-DAO, 2024 WL 1307264, at *2 n.8 (D. Utah Mar. 27, 2024) ("characterization of facts or argument" "are not facts"). OLPC disputes Fact ¶ 49 as a legal conclusion about whether an agreement exists between OLPC and the *Olson v. Olson* defendants. *McKelvey v. Hamilton,* 2009 UT App 126, ¶ 17, 211 P.3d 390 ("[t]he existence of a contract is a question of law"); *see also ACC Capital Corp. v. Ace West Foam Inc.,* 2018 UT App 36, ¶ 11, 420 P.3d 44 (whether a contract is enforceable is generally a legal conclusion). OLPC also disputes Fact ¶ 49 to the extent Ephraim argues that an oral indemnification agreement is somehow any less valid or enforceable than a written one. OLPC also disputes Fact ¶ 49 as offering improper legal argument and conclusions regarding the legal bases underlying OLPC's damages claims and OLPC's entitlement to claim the attorneys' fees it has incurred as damages in this case. *See generally Klein v. Plaskolite, LLC,* No. 2:19-cv-00832-DN-PK, 2024 WL 2882593, at *4 n.24 (D. Utah June 7, 2024) ("legal argument" is not a fact for summary judgment purposes).  OLPC also disputes Fact ¶ 49 to the | "OLPC does not dispute that it claims as damages in this action the attorneys' fees evidenced by the BLG invoices." Thus, the statement of fact is not genuinely disputed. "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Lazy S Ranch Properties, LLC v. Valero Terminaling & Distribution Co.,* 92 F.4th 1189, 1198 (10th Cir. 2024). |

| | | | |
|---|---|---|---|
| | | extent Ephraim relies upon it to argue what weight should be afforded to the evidence OLPC has offered regarding causation and its claimed damages. *See generally, e.g., Farm Bureau Prop. & Cas. Ins. Co. v. Sparks,* 619 F. Supp. 3d 1104, 1109 (D. Utah 2022) ("At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter."). | |
| 50. | OLPC has not paid the BLG invoices. *Id.* at 56:17-57:9. Instead, the invoices were paid by the Waterton Land Trust. *Id.* OLPC plans to pay the Waterton Land Trust for these invoices at some unknown point in the future. *Id.* at 60:21-61:1. | **Partially Disputed but Immaterial.** OLPC does not dispute that it has not yet paid the BLG invoices or that they were paid by Waterton Land Trust. But Ephraim's characterization of OLPC's deposition testimony is not a fact. *See generally Calzada Estate of Calzada v. Roy City,* No. 1:16-cv-00165-DN-DAO, 2024 WL 1307264, at *2 n.8 (D. Utah Mar. 27, 2024) ("characterization of facts or argument" "are not facts"). OLPC disputes Fact ¶ 50 as mischaracterizing OLPC's testimony regarding when OLPC will pay Waterton Land Trust these invoices. OLPC specifically testified that it would pay the invoices "when these matters are resolved":<br><br>Q. When does OLPC plan to pay Waterton Land Trust back for this amount?<br><br>A. It will pay it back when these matters are resolved.<br><br>Q. At some unknown point in the future?<br><br>A. Yeah, at some point in the future.<br><br>(Third OLPC 30(b)(6), Mot. Ex. 9, at pp. 60:21-61:1.) | "OLPC does not dispute that it has not yet paid the BLG invoices or that they were paid by Waterton Land Trust."<br><br>Thus, the statement of fact is not genuinely disputed. "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Lazy S Ranch Properties, LLC v. Valero Terminaling & Distribution Co.,* 92 F.4th 1189, 1198 (10th Cir. 2024). |

OLPC also disputes Fact ¶ 50 as mischaracterizing the deposition testimony to the extent Ephraim relies on it to improperly imply that OLPC's indemnification obligation does not exist or is unsupported. OLPC testified that it was obligated to indemnify and reimburse its clients for the litigation costs in defending the *Olson v. Olson* proceedings and that the work reflected in the BLC invoices related to the *Olson v. Olson* lawsuit. Third OLPC 30(b)(6), Mot. Ex. 9, at pp. 41:24-50:19, 54:22-57:14.

OLPC disputes Fact ¶ 50 as offering improper legal argument regarding the legal bases underlying OLPC's damages claims and/or OLPC's entitlement to claim the attorneys' fees it has incurred as damages in this case. *See generally Klein v. Plaskolite, LLC,* No. 2:19-cv-00832-DN-PK, 2024 WL 2882593, at *4 n.24 (D. Utah June 7, 2024) ("legal argument" is not a fact for summary judgment purposes). OLPC also disputes Fact ¶ 50 to the extent Ephraim relies upon it to argue the weight that should be afforded to the evidence OLPC has offered regarding its claimed damages. *See generally, e.g., Farm Bureau Prop. & Cas. Ins. Co. v. Sparks,* 619 F. Supp. 3d 1104, 1109 (D. Utah 2022) ("At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter.").

Finally, Fact ¶ 50 is immaterial. There is no requirement that a party seeking damages must demonstrate they have actually paid the damages incurred. *E.g., Alta Health Strategies, Inc. v. CCI Mech. Serv.*, 930 P.2d 280, 285 (Utah Ct. App. 1996) ("the law does not require proof of payment" to support damages claims); *See* Fed.

| | | R. Civ. P. 56(a); *Niehues v. Whitemyer,* No. 1:21-cv-00134-DBB-CMR, 2023 WL 3932960, at *3 (D. Utah June 9, 2023) ("And a fact is material if, under the governing substantive law, it could affect the outcome of the suit."). | |
|---|---|---|---|
| **51.** | *OLPC testified:*<br><br>*There's a whole bunch of stolen things that were used in these proceedings, and which specific ones were used in which document, the invoices do not relate to that. They relate to the action generally. So there's no line item talking about Carolyn Olson Spousal Trust as a separate item. It's about all the stolen documents that were used were the basis for these lawsuits. And there's no specific breakdown in any invoice about Carolyn Olson Spousal Trust versus this versus that. There wouldn't be, because it's the whole lawsuit. It's an amalgam of all that stuff.*<br><br>*Id. at 108:10-21.* | **Partially Disputed**. OLPC does not dispute that it testified as stated. But Ephraim's characterization of OLPC's deposition testimony is not a fact. *See generally Calzada Estate of Calzada v. Roy City,* No. 1:16-cv-00165-DN-DAO, 2024 WL 1307264, at *2 n.8 (D. Utah Mar. 27, 2024) ("characterization of facts or argument" "are not facts"). OLPC disputes Fact ¶ 51 to the extent Ephraim relies upon it to offer improper legal argument and conclusions regarding the legal bases underlying OLPC's damages claims and OLPC's entitlement to claim the attorneys' fees it has incurred as damages in this case. *See generally Klein v. Plaskolite, LLC,* No. 2:19-cv-00832-DN-PK, 2024 WL 2882593, at *4 n.24 (D. Utah June 7, 2024) ("legal argument" is not a fact for summary judgment purposes). OLPC also disputes Fact ¶ 51 as more specifically suggesting that OLPC is not entitled to claim all its attorneys' fees as damages in this case or that it is required to match each document's use with a specific line-item in the various invoices. *See generally Andreason v. Aetna Cas. & Sur. Co.,* 848 P.2d 171, 176-77 (Utah Ct. App. 1993) (the "evidentiary value and credibility" of plaintiffs' assertion that they should be reimbursed for the "full cost of all the repair work done" was "properly subjected to the jury's assessment). Relatedly, OLPC also disputes Fact ¶ 51 to the extent Ephraim relies upon it to argue the weight that should be | "OLPC does not dispute that it testified as stated."<br><br>Thus, the statement of fact is not genuinely disputed. "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Lazy S Ranch Properties, LLC v. Valero Terminaling & Distribution Co.,* 92 F.4th 1189, 1198 (10th Cir. 2024). |

|  |  | afforded to the evidence OLPC has offered regarding its claimed damages. *See generally, e.g., Farm Bureau Prop. & Cas. Ins. Co. v. Sparks*, 619 F. Supp. 3d 1104, 1109 (D. Utah 2022) ("At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter"). |  |