THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| OL PRIVATE COUNSEL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>EPHRAIM OLSON,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [357] MOTION TO ENJOIN STATE COURT PROCEEDINGS**<br><br>Case No. 2:21-cv-455<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Before the Court is Defendant Ephraim Olson's ("Ephraim")[1] Motion to Enjoin State Court Proceedings (the "Motion").[2] Ephraim seeks an injunction preventing Plaintiff OL Private Counsel, LLC ("OLPC") and non-party Thomas Olson ("Thomas") from pursuing claims against Ephraim in Utah state court (the "State Proceedings"). He also requests that the court enjoin OPLC and Thomas from filing any further claims in state court based upon the facts at issue in this case.[3] For the reasons stated below, the Motion is denied.

### BACKGROUND

Ephraim Olson was employed as an attorney with OLPC from approximately 2015 to 2019.[4] OLPC alleges that Ephraim devised a scheme to wrongfully access its confidential

---

[1] Because of the identical last names of Ephraim Olson and Thomas Olson, the court refers to the parties by their first names. No disrespect is intended by this informality.
[2] Motion to Enjoin State Court Proceedings, ECF No. 357, filed Dec. 12, 2024.
[3] *Id.* at 2.
[4] First Amended Complaint ¶ 11, ECF No. 65-1, filed Oct. 19, 2022.

1

documents in 2020, after Ephraim's employment with the firm had ended.[5] OLPC filed suit against Ephraim in Utah state court, bringing claims for conversion, breach of contract, and conspiracy under the federal Computer Fraud and Abuse Act (the "CFAA"), among other claims.[6] Ephraim removed the case to this court on July 27, 2021,[7] and filed a counterclaim against OLPC shortly thereafter.[8] The counterclaim alleged that OLPC had failed to pay Ephraim as required by Utah law and employment contracts between the parties.[9] On March 17, 2022, Ephraim filed a motion to voluntarily dismiss his counterclaims,[10] which OPLC opposed.[11] On June 6, 2022, the court granted Ephraim's motion, finding that it lacked jurisdiction over the counterclaims.[12]

Ephraim then filed a complaint against OLPC and Thomas asserting claims based on OLPC's alleged failure to pay him wages in Utah state court (the "Ephraim State Case").[13] OLPC and Thomas responded with counterclaims for breach of fiduciary duty and malpractice.[14] OLPC and Thomas have since moved for leave to file an amended complaint in the Ephraim State Case, which seeks to assert an additional claim for civil conspiracy to take and use OLPC and Thomas's confidential information.[15] The state court has not yet ruled on OLPC and

---

[5] *Id.* at ¶¶ 20–22.
[6] *Id.* at 7–14.
[7] Notice of Removal, ECF No. 2, filed July 27, 2021.
[8] Answer to Amended Complaint, Counterclaim and Third-Party Complaint, and Jury Demand ("Counterclaim"), ECF No. 15, filed Aug. 3, 2021.
[9] *Id.* at Counterclaim ¶¶ 51–85.
[10] Rule 41 Motion for Voluntary Dismissal of Counterclaims Without Prejudice, ECF No. 27, filed Mar. 17, 2022.
[11] OL Private Counsel, LLC's Response in Opposition to Ephraim Olson's Rule 41 Motion for Voluntary Dismissal of Counterclaim Without Prejudice, ECF No. 30, file Mar. 31, 2022.
[12] Memorandum Decision and Order Granting Defendant's Motion to Voluntarily Dismiss Counterclaims 5, ECF No. 36, filed June 6, 2022.
[13] Complaint, ECF No. 365-3, filed Jan. 21, 2025; *Ephraim Olson v. OLPC et. al*, Civil No. 220901919.
[14] OL Private Counsel, LLC and Thomas Olson's Amended Answer to Complaint and Thomas Olson's Counterclaim, ECF No. 365-4, filed Jan. 21, 2025.
[15] OL Private Counsel, LLC and Thomas Olson's Motion for Leave to File Second Amended Answer to Complaint, Counterclaim, and Third-Party Complaint, ECF No. 357-1, filed Dec. 12, 2024.

Thomas's motion to amend. OLPC and Thomas have also filed a complaint against Ephraim and third parties, alleging a civil conspiracy to obtain and use OLPC's confidential information among other claims (the "OLPC State Case").[16]

Ephraim filed his Motion to Enjoin the State Proceedings on December 12, 2024,[17] which OLPC opposed.[18] The issue was fully briefed on February 19, 2025.[19]

## STANDARD

The All Writs Act provides that a court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."[20] The All Writs Act is limited by the Anti-Injunction Act, which "ordinarily prohibits injunctions against state-court proceedings."[21] It provides that the court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."[22] These three statutory exceptions are "narrow" and "any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed."[23]

---

[16] *OLPC et al v. Ephraim Olson, et. al*, Civil No. 240908185.
[17] Mot. 1.
[18] OL Private Counsel, LLC's Opposition to Motion to Enjoin State Court Proceedings ("Opp,"), ECF No. 365, filed Jan. 21, 2025.
[19] Reply in Support of Motion to Enjoin State Court Proceedings ("Reply"), ECF No. 383, filed Feb. 19, 2025.
[20] 28 U.S.C. § 1651.
[21] *Tooele Cnty. v. United States*, 820 F.3d 1183, 1187 (10th Cir. 2016) (citing 28 U.S.C.A. § 2283) (also citing *Phelps v. Hamilton,* 122 F.3d 1309, 1324–25 (10th Cir.1997)).
[22] 28 U.S.C.A. § 2283.
[23] *Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011) (quoting *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988)) (also quoting *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 297 (1970)) (cleaned up).

## DISCUSSION

I. **Express Authorization Exception**

Ephraim first argues that this court is expressly authorized to enjoin the State Proceedings under the federal removal statute.[24] He argues that the State Proceedings undermine the removal process and have created a "jurisdictional conflict."[25] OLPC argues that enjoining the State Proceedings is not expressly authorized because only the removed case should be enjoined and because there is no evidence that it has subverted this court's jurisdiction through the State Proceedings.[26]

Under § 1446(d), after a case has been removed to federal court, "the State court shall proceed no further unless and until the case is remanded."[27] "[T]he statute deprives the state court of further jurisdiction over the removed case. . . however, [it] speaks only in terms of the removed case."[28] "There is simply no language in the statute that reasonably can be interpreted as constraining the state court's authority over any case other than the case that was removed to federal court."[29]

Neither of the State Proceedings are the case that was removed to this court; the Ephraim State Case was filed after the court granted Ephraim's motion to dismiss his counterclaims from this action, and the OLPC State Case was filed after that based on OLPC's "statute of limitations

---

[24] Mot. 5.
[25] Reply 2–3.
[26] Opp. 9–11.
[27] 28 U.S.C. § 1446 (d).
[28] *Ackerman v. ExxonMobil Corp.*, 734 F.3d 237, 249–50 (4th Cir. 2013).
[29] *Id.* at 250.

4

concerns."[30] Therefore, the removal statute does not expressly authorize the court to enjoin the separate State Proceedings.

Ephraim argues that the court should rely on the removal statute to enjoin the State Proceedings because they subvert the purposes of the removal statute.[31] He states that the State Proceedings "merely repackage" OLPC's CFAA claims, so they should be enjoined.[32] OLPC contends that the State Proceedings involve different parties and claims, so they should not be enjoined.[33]

"Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'"[34] "[W]hen two allegedly conflicting lawsuits, one in state court and one in federal court, present essentially different issues and different causes of action, an injunction will not lie to stay the state court proceedings."[35]

Ephraim argues that the civil conspiracy claims in the State Proceedings are duplicative of OLPC's CFAA claim in this proceeding.[36] But these are different claims with different elements brought against different defendants.[37] Ephraim relies on the Eighth Circuit's decision in *Kansas Public Employees Retirement System. v. Reimer & Koger Assocs., Inc.*,[38] to argue that

---

[30] Opp. 10.
[31] Mot. 6.
[32] Reply 2.
[33] Opp. 12.
[34] *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)).
[35] *State of Okl. ex rel. Wilson v. Blankenship*, 447 F.2d 687, 693 (10th Cir. 1971) (citing *Southern California Petroleum Corp. v. Harper*, 273 F.2d 715 (5th Cir. 1960)) (further citations omitted).
[36] Mot. 4–5.
[37] OLPC brings its state civil conspiracy claims against Ephraim Olson, as well as third parties Carolyn Olson, Naomi Burton, Elijah Kukharuk, and unnamed Doe defendants. *See* Complaint and Jury Demand, ECF No. 357-2, filed Dec. 12, 2024.
[38] 77 F.3d 1063, 1069 (8th Cir. 1996).

5

the State Proceedings subvert the removal statute.[39] There, the court held that "after removal the plaintiff cannot file essentially the same case in a second state action to subvert federal jurisdiction."[40] OLPC has not filed essentially the same case in Utah state court, as the State Proceedings are brought against different defendants and do not allege a CFAA violation. Accordingly, *Kansas Public Employees* does not establish that the court should enjoin the State Proceedings.[41]

The State Proceedings do not replicate the CFAA claim brought against Ephraim, but bring a different claim against a different set of people. OLPC has not subverted federal jurisdiction by filing the state claims; therefore, the court will not enjoin the State Proceedings under the first statutory exception.

## II. Necessary in Aid of Jurisdiction Exception

The second statutory exception is limited, applying only when "both the federal and state suits constitute in rem or quasi in rem proceedings and the federal court was the first to take possession of the res (the property under dispute in the federal and state actions)."[42] To apply the second exception, the court must decide whether the federal and state suits "are either in rem or quasi in rem."[43] "An action in rem is one founded upon the rights in or to property" while an

---

[39] Mot. 6.
[40] *Kansas Pub. Emps.*, 77 F.3d at 1069.
[41] Ephraim also relies on *Davis Int'l, LLC v. New Start Grp. Corp.*, 367 F. App'x 334, 337 (3d Cir. 2010), to support his argument that OLPC is attempting to subvert the removal statute. *See* Mot. 6. Again, this case is distinguishable. In *Davis*, plaintiffs brought the same case in state court but omitted the RICO claim that was the basis for removal. *Davis Int'l*, 367 F.App'x at 338. The State Proceedings do not bring the same claims; therefore, *Davis* is inapplicable.
[42] *Tooele Cnty. v. United States*, 820 F.3d 1183, 1188 (10th Cir. 2016) (citing *Mandeville v. Canterbury,* 318 U.S. 47, 48–49 (1943) (per curiam)).
[43] *Id.*

6

action is "quasi in rem when it affects the interests of only some persons in the property."[44] Therefore, the "rule is limited to actions which deal either actually or potentially with specific property or objects."[45]

Ephraim does not identify any specific property at issue in this case. Instead, he repeats his argument that OLPC is attempting to subvert the court's removal jurisdiction.[46] But that is not what the second exception in the Anti-Injunction Act addresses. Accordingly, the court will not enjoin the State Proceedings under the second exception in the Anti-Injunction Act.

### III. Relitigation Exception

The Anti-Injunction Act's final exception for relitigation is "designed to implement 'well-recognized concepts' of claim and issue preclusion."[47] This exception authorizes "an injunction to prevent state litigation of a claim or issue 'that previously was presented to and decided by the federal court.'"[48] When applying the relitigation exception "every benefit of the doubt goes toward the state court; an injunction can issue only if preclusion is clear beyond peradventure."[49]

Ephraim argues that this exception applies because it is likely that there will be a final decision in this case.[50] But there must be a relevant decision by the court for this exception to apply. Ephraim does not point to any decision by this court that may be given preclusive effect in

---

[44] *Id.* (quoting *Housley v. Anaconda Co.,* 19 Utah 2d 124, 427 P.2d 390, 392 (1967)) (also citing *Archer v. United States,* 268 F.2d 687, 690 (10th Cir. 1959); Restatement (Second) of Judgments § 6 cmt. a (Am. Law Inst.1982)).
[45] *Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 814 (10th Cir. 2023) (quoting *Boynton v. Moffat Tunnel Improvement Dist.*, 57 F.2d 772, 778 (10th Cir. 1932)) (cleaned up).
[46] Mot. 7.
[47] *Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011) (quoting *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 147 (1988)).
[48] *Id.*
[49] *Id.* at 307 (citing *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970)).
[50] Mot. 9.

7

the State Proceedings. Therefore, the court will not enjoin the State Proceedings under the third exception in the Anti-Injunction Act.[51]

In all, Ephraim has not demonstrated that any of the three exceptions to the Anti-Injunction Act apply in this case. As such, the court will not enjoin the State Court proceedings, and the Motion is denied.

Finally, Ephraim requests that the court enjoin OLPC and Thomas from filing future lawsuits "over alleged CFAA violations."[52] "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances. . . injunctions restricting further filings are appropriate where the litigant's lengthy and abusive history is set forth."[53] Ephraim has not shown that OLPC or Thomas have a history of abusive litigation and has not explained why an injunction against further filings is necessary. Accordingly, his request for an injunction is denied.

**ORDER**

Defendant Ephraim Olson's Motion to Enjoin State Court Proceedings is DENIED.[54]

---

[51] The court declines to "take notice that the relitigation exception to the Anti-Injunction Act is likely to apply as this case continues" as requested by Ephraim. *See* Mot. 9. As discussed above, the State Proceedings and this case involve different causes of action against different parties, so it is not clear that the exception would apply even after a decision had been made. In any event, Ephraim's assertion that this court will render a decision before the state court does is entirely speculative.
[52] Mot. 2; Reply 7.
[53] *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) (citing *Sieverding v. Colo. Bar Ass'n.*, 469 F.3d 1340, 1343 (10th Cir.2006)) (also citing *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir.1989)).
[54] ECF No. 357.

Signed May 7, 2025.

BY THE COURT

_____
David Barlow
United States District Judge