UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| OL PRIVATE COUNSEL, LLC, a Utah limited liability company,<br><br>        Plaintiff,<br><br>v.<br><br>EPHRAIM OLSON, an individual,<br><br>        Defendant. | **MEMORANDUM DECISION AND ORDER ON MOTIONS TO SEAL DOCUMENTS RELATED TO MOTIONS FOR SUMMARY JUDGMENT AND SANCTIONS (DOC. NOS. 303, 309, 313, 314, 324, 328, 340, 345, 349, 350, 369, 374, 377, 379, 380, 389, 394, 398, 404, 408, 413, & 418)**<br><br>Case No. 2:21-cv-00455<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

In this action, Plaintiff OL Private Counsel, LLC (OLPC) alleges its former employee, Ephraim Olson, misappropriated OLPC's confidential client documents and shared them with his mother, Carolyn Olson, to use in litigation against his father, Thomas Olson (OLPC's sole member/manager).[1] OLPC alleges Ephraim obtained some documents through Timothy Akarapanich, a former employee of a related entity, who accessed the documents without authorization at Ephraim's request.[2]

---

[1] (*See* First Am. Compl., Ex. C to Notice of Removal, Doc. No. 2-2 at 35–52.)

[2] (*See id.*)  Because this lawsuit involves several members of the Olson family, first names are used in this order, for clarity.

The parties have moved to seal documents filed in connection with several motions for sanctions and the parties' cross-motions for summary judgment.[3]  Ephraim based his motions to seal solely on OLPC's confidentiality designations.  In its motions, OLPC argues the documents at issue should be sealed to protect confidentiality interests of OLPC and nonparties.  All pending motions to seal are unopposed.  For the reasons explained below, the motions to seal at docket numbers 303, 313, 324, 328, 340, 345, 349, 350, 369, 377, 379, 389, 394, 398, 404, 408, 413, and 418 are granted in part and denied in part, and the motions to seal at docket numbers 309, 314, 374, and 380 are denied.

## LEGAL STANDARDS

"Courts have long recognized a common-law right of access to judicial records."[4]  Indeed, the District of Utah's local rules provide that court records are "presumptively open to the public," and sealing of court records is "highly discouraged."[5]  Particularly "where documents are used to determine litigants' substantive legal rights, a strong

---

[3] (Mots. to Seal, Doc. Nos. 303, 309, 313, 314, 324, 328, 340, 345, 349, 350, 369, 374, 377, 379, 380, 389, 394, 398, 404, 408, 413, & 418; *see also* Renewed Mot. for Spoliation Sanctions re Tim Akarapanich Cloud Data (**Renewed Spoliation Mot.**), Doc. No. 302; Rule 37(c) Mot. for Mandatory Exclusion of Untimely Produc. Docs. and for Sanctions (**First Rule 37(c) Mot.**), Doc. No. 308; Renewed Rule 37(c) Mot. for Mandatory Exclusion of Untimely Produc. Damages Docs. and for Sanctions (**Renewed Rule 37(c) Mot.**), Doc. No. 373; Pl.'s Mot. for Summ. J. (**Ephraim's MSJ**), Doc. No. 368; Def.'s Mot. for Partial Summ. J. (**OLPC's MSJ**), Doc. No. 372.)

[4] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).

[5] DUCivR 5-3(a)(1).

presumption of access attaches."[6]  However, the right of public access is "not

absolute."[7]  "The presumption in favor of access to judicial records may be overcome

where countervailing interests heavily outweigh the public interests in access."[8]  "The

burden is on the party seeking to restrict access to show some significant interest that

outweighs the presumption."[9]  Further, under the local rules, a motion to seal must be

"narrowly tailored to seek protection of only the specific information that the party

alleges is truly deserving of protection."[10]

ANALYSIS

OLPC's arguments as to each document are considered in light of these legal

standards.  The parties filed many of the documents at issue as exhibits to multiple

motions or briefs.  Any determination that a document should be sealed at this stage

may be revisited if the information is later used to determine the parties' substantive legal

rights.

As an initial matter, prior orders on motions to seal addressed some of the

documents at issue (or similar documents).  OLPC provides no new arguments or

information justifying reconsideration of the court's prior rulings regarding whether these

---

[6] *Colony Ins. Co.*, 698 F.3d at 1242 (citation modified).

[7] *Id.* at 1241.

[8] *Id.* (citation modified).

[9] *Id.* (citation modified).

[10] DUCivR 5-3(b)(2)(A).

documents may be sealed.  Accordingly, these documents are treated in accordance with the prior orders.

### 1.  Mr. Akarapanich's ITC Employment Agreement

The court previously ruled only the salary information in Mr. Akarapanich's employment agreement with OLPC should be sealed, and ordered the agreement to be filed publicly with only the salary redacted.[11]  OLPC now moves to seal a nearly identical employment agreement between Mr. Akarapanich and a related entity, International Tax Council Ltd. (ITC).[12]  OLPC argues the ITC employment agreement should be sealed because it contains a confidentiality clause, but such clauses are insufficient, on their own, to justify sealing court records.[13]  And the nearly identical OLPC employment agreement is already in the public record (with salary redacted).[14]  Accordingly, consistent with the prior order, only Mr. Akarapanich's salary may be sealed.  <u>OLPC must file a redacted version of the ITC employment agreement, redacting only the salary.</u>

---

[11] (Mem. Decision and Order Granting in Part and Den. in Part Mots. to Seal Timothy Akarapanich's Decls. and Empl. Docs. (12/19/2023 Order), Doc. No. 236.)

[12] (Ex. 6 to [323] Opp'n to Renewed Spoliation Mot., Doc. No. 325-3 (sealed).)

[13] *See Colony Ins. Co.*, 698 F.3d at 1241.

[14] (Doc. No. 243-1.)

### 2.  Messages Between Ephraim and Mr. Akarapanich

 OLPC seeks to seal messages between Ephraim and Mr. Akarapanich,[15] solely on the basis that they contain photographs of Mr. Akarapanich's employment agreement.  But only the salary in the employment agreement may be sealed, and OLPC provides no basis to seal the remainder of the agreement or the other messages.[16]  Moreover, the summary judgment briefing relies on the messages between Ephraim and Mr. Akarapanich; they are central to OLPC's claims in this case. Accordingly, <u>OLPC must file a redacted version of the messages between Ephraim and Mr. Akarapanich (Bates-numbered OL Private Counsel-Ephraim Olson 0018–0026), redacting only the salary information.</u>  Exhibit 14 to Ephraim's opposition to OLPC's summary judgment motion shall be unsealed, where it contains only a subset of these messages without salary information.

---

[15] (Ex. D to [302] Renewed Spoliation Mot., Doc. No. 305-1 (sealed) (Bates-numbered OL Private Counsel-Ephraim Olson 0018–0026); Ex. 3 to [388] Opp'n to Renewed Rule 37(c) Mot., Doc. No. 390-1 (sealed) (same); Ex. 9 to [393] Opp'n to OLPC's MSJ, Doc. No. 395-3 (sealed) (same); Ex. I to App. II to [412] Reply to Ephraim's MSJ, Doc. No. 414-4 at 57–84 (sealed) (same); Ex. 14 to [393] Opp'n to OLPC's MSJ, Doc. No. 395-5 (sealed) (Bates-numbered OL Private Counsel-Ephraim Olson 0026, a subset of the other exhibits).)

[16] Indeed, OLPC has previously filed portions of this document publicly, redacting only the salary information.  (*See* Doc. No. 243-3 at 7–13 (Bates-numbered OL Private Counsel-Ephraim Olson 0020–0026).)  Because the previously-filed version contains fewer pages than the document currently at issue, OLPC must file a new redacted version.

### 3. Messages Between Thomas and Mr. Akarapanich (Bates-numbered THOMAS-OLSON-11–21)

OLPC moves to seal messages between Thomas and Mr. Akarapanich filed in connection with Ephraim's renewed spoliation motion.[17]  OLPC argues the messages contain private information regarding Mr. Akarapanich's health and finances which is irrelevant to this case.[18]  Where significant portions of this document are irrelevant and contain private information of a nonparty, the document shall remain sealed.  But briefing which quotes other, relevant portions of the messages between Thomas and Mr. Akarapanich shall be unsealed, as set forth below.

### 4. Renewed Spoliation Motion and Reply Quoting Messages Between Ephraim and Mr. Akarapanich, and Thomas and Mr. Akarapanich

Ephraim redacted sections of his renewed spoliation motion[19] and reply[20] which quote portions of the messages between Ephraim and Mr. Akarapanich, and Thomas and Mr. Akarapanich.  These sections are necessary to understand the parties' arguments and do not appear to contain confidential information.  And OLPC has not articulated a basis for sealing these specific portions of the messages.  Accordingly, the unredacted versions of the motion and reply shall be unsealed.

---

[17] (Ex. E to [302] Renewed Spoliation Mot., Doc. No. 305-2 (sealed); Ex. A to [339] Reply to Renewed Spoliation Mot., Doc. No. 341-1 (sealed).)  Exhibit A to the reply is a subset of Exhibit E to the renewed spoliation motion.

[18] (Mot. to Seal, Doc. No. 313 at 2–3.)

[19] (Doc. No. 302 (redacted); Doc. No. 305 (sealed).)

[20] (Doc. No. 339 (redacted); Doc. No. 341 (sealed).)

### 5. Other Messages Between Thomas and Mr. Akarapanich (Bates-numbered THOMAS-OLSON-25–38)

OLPC seeks to seal other messages between Thomas and Mr. Akarapanich (Bates numbered THOMAS-OLSON-25–38) filed in connection with Ephraim's summary judgment briefing.[21]  OLPC argues these messages should be sealed because they contain personal information regarding Mr. Akarapanich's employment with OLPC, which should be protected because Mr. Akarapanich is a nonparty.[22]  Ephraim relies on the messages to dispute the dates of Mr. Akarapanich's employment, but this issue is not addressed in the argument section of either brief and does not appear central to the issues raised on summary judgment.[23]  (Indeed, Ephraim argues this fact is immaterial.)[24]  Under these circumstances, the public interest in access is minimal.  OLPC's argument that Mr. Akarapanich's employment information merits protection is not entirely convincing, given Mr. Akarapanich's central role in the events underlying this case.  But where the messages contain some private information (such as references to health conditions) and appear irrelevant to the issues raised on summary judgment (lessening public interest), they may be sealed at this stage.

---

[21] (Ex. H to App. II to [412] Reply to Ephraim's MSJ, Doc. No.414-4 at 33–47 (sealed); Ex. 7 to [393] Opp'n to OLPC's MSJ, Doc. No. 395-2 (sealed).)  These exhibits are identical.

[22] (Mot. to Seal, Doc. No. 418 at 7.)

[23] (*See* Opp'n to OLPC's MSJ 10–11, Doc. No. 393; App. II to [412] Reply to Ephraim's MSJ, Doc. No. 412-2 at 8–9.)

[24] (*See* App. II to [412] Reply to Ephraim's MSJ, Doc. No. 412-2 at 8–9.)

**6. Allegedly Misappropriated Documents and Cover Emails and Letters**

OLPC seeks to seal exhibits containing client documents which Ephraim

allegedly misappropriated, including draft divorce settlement proposals and trust

documents.[25]  Some of these exhibits also include cover emails or letters to which those

documents were attached.[26]  The court has previously ruled the allegedly

misappropriated documents (draft settlement proposals and trust documents) should be

sealed, but not cover emails.[27]  Consistent with the prior order, <u>OLPC must file redacted</u>

<u>versions of the exhibits containing cover emails and letters,</u>[28] <u>redacting only the</u>

<u>attached settlement proposals and trust documents.</u>

**7. Divorce Settlement Proposal with Cover Email from Hyrum Olson**

Ephraim filed exhibits containing a divorce settlement proposal and cover email

sent from Hyrum Olson (Ephraim's brother) to Carolyn.[29]  Although this settlement

---

[25] (Exs. 1 & 4 to [323] Opp'n to Renewed Spoliation Mot., Doc. Nos. 325-1 & 325-2
(sealed) (draft settlement proposals and emails from Ephraim); Ex. 16 to [368]
Ephraim's MSJ, Doc. No. 370-5 (sealed) (1992 trust document); Exs. 15 & 16 to [393]
Opp'n to OLPC's MSJ, Doc. Nos. 395-6 & 395-7 (sealed) (2004 & 2005 trust
documents); Ex. 15 to [397] Opp'n to Ephraim's MSJ, Doc. No. 399-4 (sealed) (2004
trust document and email and letter from Naomi Burton).)

[26] (Exs. 1 & 4 to [323] Opp'n to Renewed Spoliation Mot., Doc. Nos. 325-1 & 325-2
(sealed); Ex. 15 to [397] Opp'n to Ephraim's MSJ, Doc. No. 399-4 (sealed).)

[27] (Mem. Decision and Order Granting in Part and Den. in Part OL Private Counsel,
LLC's Mot. to Seal in Resp. to Ct. Order (5/22/2024 Order), Doc. No. 282 at 8–9, 15.)

[28] (Exs. 1 & 4 to [323] Opp'n to Renewed Spoliation Mot., Doc. Nos. 325-1 & 325-2
(sealed); Ex. 15 to [397] Opp'n to Ephraim's MSJ, Doc. No. 399-4 (sealed).)

[29] (Ex. 19 to [368] Ephraim's MSJ, Doc. No. 370-6 (sealed); Ex. P to App. II to [412]
Reply to Ephraim's MSJ, Doc. No. 414-4 at 63–84 (sealed); Ex. 23 to [393] Opp'n to
OLPC's MSJ, Doc. No. 395-10 (sealed).)  The three exhibits are identical.

proposal is not one of the allegedly misappropriated documents, OLPC contends it should be sealed because it contains confidential financial terms and personal financial information.[30]  This document is mentioned only briefly in the summary judgment briefing, without detailed discussion of its contents.[31]  Under these circumstances, the confidentiality interests articulated by OLPC outweigh the public interest in access to the draft settlement at this stage.  But where OLPC does not articulate a basis for sealing the cover email, the cover email shall be unsealed.  <u>OLPC must file a redacted version of this document, redacting only the settlement proposal but leaving the cover email from Hyrum unredacted.</u>

### 8.  Carolyn's Mareva Injunction Affidavit

OLPC seeks to seal exhibits containing Carolyn's affidavit in the "Mareva injunction" case which she filed in Canadian court to freeze Thomas' assets.[32]  Some of the exhibits also include attachments to the affidavit—one version contains sixty-three pages of attachments and another contains 288 pages of attachments.

In a May 22, 2024 order, the court addressed a motion to seal an exhibit containing Carolyn's Mareva injunction affidavit and 288 pages of attachments.[33]  The

---

[30] (*See* Mot. to Seal, Doc. No. 379 at 5.)

[31] (*See* Ephraim's MSJ 8, Doc. No. 368; Opp'n to OLPC's MSJ 23, Doc. No. 393.)

[32] (Ex. 10 to [323] Opp'n to Renewed Spoliation Mot., Doc. No. 325-4 (sealed) (affidavit only); Ex. 7 to [372] OLPC's MSJ, Doc. No. 378-2 (sealed) (affidavit with sixty-three pages of attachments); Ex. 7 to [388] Opp'n to Renewed Rule 37(c) Mot., Doc. No. 390-2 (sealed) (affidavit only); Ex. 19 to [393] Opp'n to OLPC's MSJ, Doc. No. 395-8 (sealed) (affidavit with 288 pages of exhibits).)

[33] (5/22/2024 Order, Doc. No. 282 at 13–16.)

court ruled the affidavit itself and most of the attachments did not merit sealing, but two attachments could be sealed: a 2005 trust document (allegedly misappropriated by Ephraim) and a private tax court ruling.[34]  The court noted Carolyn's affidavit and attachments had been in the public record in the Mareva injunction case for three-and-a-half years, which "severely undermine[d] OLPC's arguments for sealing any portion of [the] exhibit."[35]  Nevertheless, based on OLPC's representation that it was in the process of seeking to seal the trust document and tax court ruling in the Canadian case, the court permitted those two attachments to be sealed.[36]  The court ordered OLPC to refile a redacted version of Carolyn's Mareva injunction affidavit, redacting only those two attachments,[37] and OLPC complied.[38]

OLPC's pending motions again seek to seal Carolyn's affidavit, without acknowledging the prior order.  In two motions, OLPC seeks to seal the affidavit itself—but it provides no new information justifying reconsideration of the prior order.[39]  In a third motion (filed January 31, 2025), OLPC argues certain attachments to the affidavit—which are currently in the public record—should be sealed: (1) a motion for temporary orders from the divorce case, and (2) selected pages from the 2005 trust

---

[34] (*Id.* at 15–16.)

[35] (*Id.* at 15.)

[36] (*Id.* at 15–16.)

[37] (*Id.* at 16.)

[38] (*See* Doc. No. 288-3 (redacted).)

[39] (Mots. to Seal, Doc. Nos. 324, 389.)

document, which were part of a different attachment to the affidavit (separate from the full 2005 trust document).[40]  But OLPC does not explain why these attachments should be sealed now—despite having been part of the public record for some time.

For the reasons stated in the prior order (and where OLPC fails to provide a basis for reconsideration of that order), OLPC's request to seal Carolyn's affidavit and the attached divorce-related motion is denied.  The exhibits containing only Carolyn's affidavit (without attachments) shall be unsealed.[41]  The exhibits containing both the affidavit and attachments shall remain temporarily sealed,[42] consistent with the court's prior order permitting two of the attachments (the full 2005 trust document and tax ruling) to remain sealed in view of OLPC's request for sealing before the Canadian court.  However, where none of OLPC's motions state whether the Canadian court ultimately approved its request to seal these documents, it is unclear whether they are in the public record in the Mareva injunction case.  Accordingly, OLPC must file a notice within fourteen days, stating the disposition of its request to seal these documents in the Canadian court.  If no notice is filed, the affidavit and all attachments will be unsealed.

---

[40] (Mot. to Seal, Doc. No. 377.)

[41] (Ex. 10 to [323] Opp'n to Renewed Spoliation Mot., Doc. No. 325-4; Ex. 7 to [388] Opp'n to Renewed Rule 37(c) Mot., Doc. No. 390-2.)

[42] (Ex. 7 to [372] OLPC's MSJ, Doc. No. 378-2 (sealed) (affidavit with sixty-three pages of attachments); Ex. 19 to [393] Opp'n to OLPC's MSJ, Doc. No. 395-8 (affidavit with 288 pages of exhibits).)

### 9. Carolyn's and Naomi Burton's Affidavits in Alberta Action

OLPC seeks to seal exhibits containing two affidavits filed in the "Alberta action" brought by Carolyn and Naomi Burton (Ephraim's sister) against Thomas and others: one from Carolyn,[43] and the other from Naomi.[44]  Carolyn's affidavit includes sixty-three pages of attachments, which are the same as the attachments to her Mareva injunction affidavit.  These include the full 2005 trust document which the court previously permitted to remain sealed.[45]  Naomi's affidavit has a 2004 trust document attached (which OLPC contends is also one of the misappropriated documents).

OLPC argues these exhibits should be sealed because the affidavits attach confidential trust documents.[46]  But OLPC does not explain why the affidavits themselves should be sealed nor why they should be treated differently from Carolyn's Mareva injunction affidavit.  Indeed, Carolyn's affidavit in the Alberta action appears to contain the essentially same information as her Mareva injunction affidavit (which is now filed publicly in this case), and the attachments are the same.  Moreover, OLPC does not state whether these documents are in the public record in the Alberta action.

---

[43] (Ex. 13 to [372] OLPC's MSJ, Doc. No. 378-3 (sealed) (affidavit and sixty-three pages of attachments); Ex. 16 to [397] Opp'n to Ephraim's MSJ, Doc. No. 399-5 (sealed) (affidavit and sixty-three pages of attachments).)  These exhibits are identical.

[44] (Ex. 14 to [372] OLPC's MSJ, Doc. No. 378-4 (sealed) (affidavit and a twenty-three-page attachment); Ex. 17 to [397] Opp'n to Ephraim's MSJ, Doc. No. 399-6 (sealed) (affidavit and a twenty-three-page attachment).)  These exhibits are identical.

[45] (*See* 05/22/2024 Order, Doc. No. 282 at 13–16.)

[46] (Mots. to Seal, Doc. Nos. 377, 398.)

For these reasons, OLPC's request to seal Carolyn's and Naomi's affidavits is denied.  The attachments containing trust documents merit sealing only if they are not already available in the public record.  <u>Within fourteen days, OLPC must file a notice indicating whether these documents are in the public record in the Alberta action.  If the attached trust documents are nonpublic in the Alberta action, OLPC must also file redacted versions of Carolyn's and Naomi's affidavits, redacting only the attached trust documents.</u>  If no notice is filed, the entirety of the affidavits and attachments shall be unsealed.

### 10. Mr. Akarapanich's Declaration and Attachments

OLPC seeks to seal an October 2020 declaration from Mr. Akarapanich and 107 pages of attachments,[47] which OLPC filed as an exhibit to its summary judgment briefing.  OLPC argues the declaration and attachments should be sealed because the attachments include (1) Mr. Akarapanich's employment agreement containing a confidentiality provision, and (2) confidential client documents which OLPC alleges were misappropriated.[48]  OLPC also asserts the court previously granted OLPC's motion for a protective order to keep the declaration confidential.[49]

OLPC has not demonstrated the entirety of Mr. Akarapanich's declaration and attachments should be sealed.  OLPC fails to acknowledge the court denied an earlier

---

[47] (Ex. 6 to [372] OLPC's MSJ, Doc. No. 378-1 (sealed); Ex. 7 to [397] Opp'n to Ephraim's MSJ, Doc. No. 399-2 (sealed).)  The two exhibits are identical.

[48] (*See* Mots. to Seal, Doc. Nos. 377 & 398.)

[49] (*See* Mots. to Seal, Doc. Nos. 377 & 398.)

request from OLPC to seal Mr. Akarapanich's declaration,[50] and unsealed exhibits containing the declaration without attachments.[51]  In that December 2023 order, the court rejected OLPC's reliance on the prior order regarding confidentiality designations, explaining the standard for sealing documents which are part of the judicial record is much higher than the standard for designating discovery documents as confidential.[52] The court also found only the salary information in Mr. Akarapanich's employment agreement merited sealing.[53]

Following the December 2023 order, OLPC filed Mr. Akarapanich's declaration and thirteen pages of attachments publicly in January 2024.[54]  This public version includes an attachment containing messages between Ephraim and Mr. Akarapanich—with photos of Mr. Akarapanich's employment agreement, with only the salary information redacted.[55]  Where the employment agreement has already been filed publicly with limited redactions, OLPC's reliance on the employment agreement to justify sealing the full exhibit fails.

---

[50] (*See* 12/19/2023 Order, Doc. No. 236 at 5–6.)

[51] (Doc. Nos. 118-2, 120-6, 124-2, & 124-3.)

[52] (*See* 12/19/2023 Order, Doc. No. 236 at 5.)

[53] (*Id.* at 8.)

[54] (Ex. 3 to OL Private Counsel, LLC's Mot. to Seal in Resp. to Court Order, Doc. No. 243-3 (publicly-filed version of Mr. Akarapanich's declaration with twelve pages of attachments).)

[55] (*Id.* at 5–16.)

However, the version of the declaration filed with OLPC's summary judgment briefing contains additional attachments not previously filed publicly, including allegedly misappropriated client documents.  These documents merit sealing at this stage, where OLPC contends they contain confidential client information and their contents are not discussed in detail in the briefing.  But OLPC has not articulated a basis to seal any of the other attachments to Mr. Akarapanich's declaration.

Accordingly, <u>OLPC is ordered to file a redacted version of Mr. Akarapanich's October 2020 declaration and attachments (the version filed as Exhibit 6 to OLPC's summary judgment motion and Exhibit 7 to OLPC's opposition to Ephraim's summary judgment motion), redacting only Mr. Akarapanich's salary and the allegedly misappropriated client documents.</u>

### 11. Services Agreements Between OLPC and Related Entities

OLPC seeks to seal services agreements between OLPC and related entity OL Private Counsel Pte. Ltd. (PTE) and OL Private Corporate Counsel International Ltd. (OLPCCI),[56] which Ephraim filed under seal with summary judgment briefing.  OLPC has previously filed the agreements publicly with only the pricing terms redacted,[57] and the court has previously ruled only those terms should be sealed.[58]  Ephraim's summary judgment briefing relies on other information in these agreements (not the pricing

---

[56] (Ex. 2 to [412] Reply to Ephraim's MSJ, Doc. No. 414-1 (sealed).)

[57] (Doc. Nos. 243-6, 243-8.)

[58] (5/22/2024 Order, Doc. No. 282 at 7.)

terms).[59]  Although Ephraim should have filed these agreements publicly with redactions consistent with the prior order (rather than filing the entire agreements under seal), they need not be refiled again, where the redacted versions are already in the public record.  Consistent with the prior order, the unredacted versions shall remain sealed.

### 12. Expert Report of Daniel Regard

OLPC seeks to seal the expert report of Daniel L. Regard.[60]  OLPC retained Mr. Regard to determine whether Mr. Akarapanich accessed OLPC's servers and email systems to download OLPC materials after his employment ended.[61]  In preparing his report, Mr. Regard examined Mr. Akarapanich's cell phone and work email account.[62]  Both parties filed Mr. Regard's report in support of their briefing on motions for sanctions.[63]  Ephraim also filed Mr. Regard's report and two other expert reports

---

[59] (*See* Reply to Ephraim's MSJ 3, Doc. No. 412.)

[60] (Ex. F to [302] Renewed Spoliation Mot., Doc. No. 305-3 (sealed); Ex. D to [339] Reply to Renewed Spoliation Mot., Doc. No. 341-2 (sealed); Ex. 27 to [327] Opp'n to First Rule 37(c) Mot., Doc. No. 329-2 (sealed); Ex. C to [344] Reply to First Rule 37(c) Mot., Doc. No. 346-1 (sealed); Ex. 8 to [368] Ephraim's MSJ, Doc. No. 370-2 (sealed) (exhibit containing expert reports of Daniel L. Regard, Stuart T. Waldrip, and Jonathan O. Hafen).)

[61] (Regard Report 5, Doc. No. 370-2 (sealed).)

[62] (*Id.* at 7.)

[63] (*See* Renewed Spoliation Mot. 4, Doc. No. 302; Reply to Renewed Spoliation Mot. 7, Doc. No. 339; Opp'n to First Rule 37(c) Mot. 9–10, 12, Doc. No. 327; Reply to First Rule 37(c) Mot. 4, Doc. No. 344.)

(addressed below) as a combined exhibit to his summary judgment motion, relying on them only to show they do not address damages.[64]

OLPC argues Mr. Regard's report should be sealed for four reasons.  First, OLPC argues information regarding Mr. Akarapanich's phone usage and data should not be publicly available where Mr. Akarapanich is a nonparty and the report discusses his emails, applications, and user history.[65]  Second, OLPC argues the report mentions client documents and emails discussing client information, and it asserts those clients have an interest in keeping their information confidential.[66]  Third, OLPC contends the report discusses network security in detail, including the ways Mr. Akarapanich might have accessed OLPC servers.[67]  OLPC states it has an interest in maintaining the security of its systems, and details of its server security should not be public.[68]  Finally, OLPC argues none of the underlying motions rely on the report in full and, in some instances, it is cited only to show what it does *not* contain (such as any mention of cloud storage or an opinion regarding damages).[69]

OLPC has not demonstrated the entirety of Mr. Regard's report should be sealed.  While it is cited in some instances for what it does not contain, both parties'

---

[64] (*See* Ephraim's MSJ 6, Doc. No. 368.)

[65] (*See* Mot. to Seal, Doc. No. 313 at 3.)

[66] (*Id.*)

[67] (*Id.* at 3–4.)

[68] (*Id.* at 4.)

[69] (*Id.*; *see also* Mots. to Seal, Doc. Nos. 328, 349.)

briefing on the sanctions motions contains at least some discussion of the contents of the report.[70]  Further, where the report addresses issues central to OLPC's claims in this case, the public has an appreciable interest in access to the report.  To be sure, OLPC articulates legitimate countervailing interests in maintaining the confidentiality of client information and network security information.  But these interests can be adequately protected with limited redactions.  Only small portions of the report reference client information or network security measures.  And the report does not appear to contain any information regarding Mr. Akarapanich's private accounts or user history; rather, it focuses on Mr. Akarapanich's accessing of OLPC documents at Ephraim's request—which is already described in detail in the public filings in this case.  In other words, the vast majority of the report does not contain confidential information.

For these reasons, OLPC's request to seal the entirety of Mr. Regard's report is denied.  Within fourteen days, OLPC may file a new motion to seal limited portions of Mr. Regard's report.  OLPC must identify the specific portions of the report it proposes to redact and explain why those portions truly deserve protection.[71]  The proposed redactions should be narrowly tailored; the court is not inclined to allow redactions to large portions of the report.  If no new motion is filed, the entire report will be unsealed.

---

[70] (*See* Renewed Spoliation Mot. 4, Doc. No. 302; Reply to Renewed Spoliation Mot. 7, Doc. No. 339; Opp'n to First Rule 37(c) Mot. 9–10, 12, Doc. No. 327.)

[71] *See* DUCivR 5-3(b)(2)(A).

### 13. Expert Reports of Stuart T. Waldrip and Jonathan O. Hafen

OLPC seeks to seal the expert reports of Stuart T. Waldrip (a retired judge) and Jonathan O. Hafen, which address matters including whether Ephraim violated standards for attorney conduct.[72]  Ephraim filed these reports (along with Mr. Regard's report) as an exhibit to his summary judgment motion, relying on them only to show they do not address damages calculations.  OLPC argues these reports should be sealed because their contents are irrelevant to the summary judgment motion.[73]

Where these reports are cited only for what they do *not* contain, and their contents are irrelevant to the issues raised on summary judgment, the public interest in access is low.  But OLPC must still articulate some confidentiality interest that would outweigh even this minimal public interest in access.  OLPC fails to do so; it does not explain what confidential information these reports contain, or how OLPC's or third parties' confidentiality interests would be harmed by making the reports public.  Because OLPC fails to articulate any confidentiality interest outweighing even a minimal public interest in access, OLPC has not shown these reports merit sealing.  Accordingly, OLPC must file the reports of Judge Waldrip and Mr. Hafen publicly.  Because OLPC is permitted to file a new motion to seal portions of Mr. Regard's report (as explained above), OLPC may omit Mr. Regard's report from this filing.

---

[72] (Ex. 8 to [368] Ephraim's MSJ, Doc. No. 370-2 (sealed) (exhibit containing expert reports of Daniel L. Regard, Stuart T. Waldrip, and Jonathan O. Hafen).)

[73] (Mot. to Seal, Doc. No. 379 at 4.)

### 14. Law Firm Billing Invoices and Expert Report of Richard S. Hoffman

OLPC seeks to seal law firm billing invoices from other lawsuits,[74] which OLPC claims as damages in this case, and the report of OLPC's damages expert, Richard S. Hoffman.[75]  Mr. Hoffman's report and the invoices are filed as exhibits to briefing on the Rule 37(c) motions and Ephraim's summary judgment motion.  OLPC argues the report and invoices contain "confidential information about the nature and amount of legal fees."[76]  OLPC alleges the invoices reflect "the amounts incurred for particular legal services in various cases in which the wrongfully obtained documents are being used."[77]  And it asserts "[t]hese are ongoing legal disputes in which the amounts spent on legal services should remain confidential."[78]  Finally, OLPC contends the contents of the report and invoices are not relevant to the briefs to which they are attached.[79]

OLPC has not demonstrated Mr. Hoffman's report or the invoices should be sealed.  First, contrary to OLPC's argument, the contents of these documents are

---

[74] (Exs. 17 & 18 to [308] First Rule 37(c) Mot., Doc. Nos. 310-2 & 310-3 (sealed); Exs. E & F to [344] Reply to First Rule 37(c) Mot., Doc. Nos. 346-2 & 346-3 (sealed); Exs. 10, 20, & 24 to [368] Ephraim's MSJ, Doc. Nos. 370-3, 370-7, & 370-8 (sealed); Exs. 2, 3, & 4 to [373] Renewed Rule 37(c) Mot., Doc. Nos. 376-1, 376-2, & 376-3 (sealed).)

[75] (Ex. 16 to [308] First Rule 37(c) Mot., Doc. No. 310-1 (sealed); Ex. 7 to [368] Ephraim's MSJ, Doc. No. 370-1 (sealed).)

[76] (*E.g.*, Mot. to Seal, Doc. No. 314 at 2.)

[77] (*Id.* at 2–3.)

[78] (*Id.* at 3.)

[79] (*Id.* at 2–3; *see also* Mots. to Seal, Doc. Nos. 350, 379, & 380.)

central to the parties' motions, including Ephraim's summary judgment motion.  Ephraim

moves for summary judgment based on the argument that OLPC fails to establish

damages—and the damages report and invoices are discussed extensively in the

briefing.[80]  These documents are also discussed in the court's order on Ephraim's first

Rule 37(c) motion.[81]  Where these documents are central to OLPC's damages claim,

discussed extensively in summary judgment briefing, and necessary to understand the

parties' arguments and the court's rulings, public interest in access is high.

Next, OLPC has not articulated a countervailing interest sufficient to overcome

the substantial public interest in access to these documents.  OLPC argues the

amounts spent on legal fees should remain confidential, but those totals are already in

the public briefing, which OLPC has not moved to seal.[82]  OLPC fails to identify what

other confidential information the invoices or damages report contain.  The invoices (as

produced to Ephraim and filed under seal) are heavily redacted, identifying only basic

information such as the name of the case, the hours worked, the amount billed, and (in

some instances) the identity of attorneys who performed the work.  All notes regarding

the nature of the work performed have been redacted.  Likewise, Mr. Hoffman's report

contains no confidential information regarding the work performed, beyond what is

already discussed in public briefing.

---

[80] (*See, e.g.*, Ephraim's MSJ 2, 5–11, 19, 21–23, 25, 29, Doc. No. 368; Opp'n to Ephraim's MSJ 12, 16, 18–19, 34, 36–39, 41–43, 49–50, Doc. No. 397.)

[81] (*See* Mem. Decision and Order 23–30, Doc. No. 355.)

[82] (*See* Ephraim's MSJ 6, Doc. No. 368.)

In sum, Mr. Hoffman's report and the billing invoices are central to the case, and OLPC fails to demonstrate any confidentiality interest outweighs the public interest in access to these documents. Accordingly, Mr. Hoffman's report and the billing invoices shall be unsealed.

### 15. Rule 30(b)(6) Deposition of OLPC

OLPC seeks to seal an exhibit containing excerpts of a Rule 30(b)(6) deposition of OLPC.[83] OLPC filed this exhibit in support of its opposition to Ephraim's first Rule 37(c) motion. OLPC argues these excerpts should be sealed because they address (1) confidential relationships between various corporate entities affiliated with OLPC or that contract with OLPC to provide IT services, and (2) specifics of how OLPC employees access electronic information and OLPC servers.[84]

OLPC has not demonstrated the entirety of this exhibit should be sealed. The deposition excerpts are discussed in the parties' briefing and the court's order on the Rule 37(c) motion. In fact, the order summarizes and quotes from the portions of the transcript addressing OLPC's claimed damages.[85] These portions are necessary to understand the parties' arguments and the court's ruling. OLPC has not articulated any basis to seal the portions of the transcript addressing damages.

---

[83] (Ex. 34 to [327] Opp'n to First Rule 37(c) Mot., Doc. No. 329-3 (sealed).)

[84] (Mot. to Seal, Doc. No. 328 at 4.)

[85] (Mem. Decision and Order 28, Doc. No. 355.)

OLPC has articulated a countervailing interest in protecting portions of the
deposition which address technical details regarding access to OLPC's electronic
information and servers.  But this interest may be protected by making limited
redactions.  OLPC's argument that its business relationships should be kept confidential
is less persuasive, where services contracts between these entities are already in the
public record, and it is unclear why relationships with IT vendors merit protection.
Nevertheless, where this information appears irrelevant to the underlying motion, it may
also be redacted at this stage.  <u>OLPC must file a redacted version of the Rule 30(b)(6)</u>
<u>deposition, redacting only the portions containing confidential information regarding</u>
<u>access to OLPC's data and servers and OLPC's business relationships</u>.

### 16.  Security Access List and Cover Email

OLPC seeks to seal a "security access list" and related cover email.[86]  OLPC
argues these documents should be sealed because they describe "security protocols
attendant to various nonparty users of OLPC's computer systems" and identify "the
access level of both Ephraim and other nonparties in 2019."[87]  OLPC contends it could
be harmed by disclosure of information relating to protection of its technological
systems.[88]

---

[86] (Ex. 4 to [393] Opp'n to OLPC's MSJ, Doc. No. 395-1 (sealed); Exs. 5.1 & 5.2 to [412]
Reply to Ephraim's MSJ, Doc. Nos. 414-2 & 414-3 (sealed).)

[87] (Mot. to Seal, Doc. No. 418 at 5.)

[88] (*Id.*)

Ephraim filed these exhibits in support of a summary judgment opposition and
reply.  They are cited only once in each brief, and the relevant information (a date on
which Ephraim had access to servers) is in the public briefing.[89]  In other words, public
interest in access to the underlying exhibits is minimal.  OLPC's countervailing interest
in maintaining the confidentiality of its security protocols outweighs the public interest in
access.  Accordingly, these exhibits shall remain sealed.

### 17.  Mr. Akarapanich's Emails to Joshua Olson

In support of summary judgment briefing, Ephraim filed emails from Mr.
Akarapanich to Joshua Olson along with attached screenshots of client emails.[90]  The
court previously ruled the screenshots could be sealed (in connection with a spoliation
dispute) because they contain confidential client information.[91]  Consistent with this
order, Ephraim publicly filed a redacted version (redacting only the screenshots) and
filed the unredacted version under seal.  In summary judgment briefing, Ephraim cites
these communications only to show OLPC knew Mr. Akarapanich had access to client
emails,[92] but he does not mention this issue or the exhibit in the argument section of his
briefs.  Where the content of these emails appears irrelevant to the issues raised on

---

[89] (*See* Opp'n to OLPC's MSJ 7, Doc. No. 393; Reply to Ephraim's MSJ 8, Doc. No.
412.)

[90] (Ex 11 to [393] Opp'n to OLPC's MSJ, Doc. Nos. 393-12 (redacted), 395-4 (sealed);
Ex. L to App. II to [412] Reply to Ephraim's MSJ, Doc. Nos. 412-2 at 237–41 (redacted),
414-4 at 58–62 (sealed).)  These exhibits are identical.

[91] (5/22/2025 Order, Doc. No. 282 at 4–7.)

[92] (*See* Opp'n to OLPC's MSJ 14, Doc. No. 393; App. II to [412] Reply to Ephraim's
MSJ, Doc. No. 412-2 at 14.)

summary judgment, public interest in access is minimal.  OLPC's interest in maintaining the confidentiality of client information outweighs the public interest in access under these circumstances.  These exhibits shall remain sealed.

### 18.  Divorce Case Filing

OLPC seeks to seal an opposition to a motion to intervene filed in Thomas and Carolyn's Utah divorce case.[93]  OLPC filed this as an exhibit to its opposition to Ephraim's motion for summary judgment, but cites it only to show this state-court filing did *not* include any of the allegedly misappropriated documents (to counter Naomi's assertion that she obtained those documents from this filing).[94]  OLPC argues the filing should be sealed because it references information from confidential trust documents, and notes records of divorce proceedings are nonpublic in the Utah State court.[95] Where the actual contents of the filing are irrelevant to the summary judgment briefing, the public interest in access is outweighed by OLPC's articulated confidentiality interests.  This exhibit shall remain sealed.

### 19.  Complaint in *Burton v. Lemons* Case

OLPC seeks to seal the complaint in the *Burton v. Lemons* case,[96] one of the cases in which OLPC contends the allegedly misappropriated documents were used against OLPC's clients.  OLPC filed the complaint as an exhibit to its opposition to

---

[93] (Ex. 14 to [397] Opp'n to Ephraim's MSJ, Doc. No. 399-3 (sealed).)

[94] (*See* Opp'n to Ephraim's MSJ 13, Doc. No. 397.)

[95] (Mot. to Seal, Doc. No. 398 at 3.)

[96] (Ex. 17 to [388] Opp'n to Renewed Rule 37(c) Mot., Doc. No. 390-3 (sealed).)

Ephraim's renewed Rule 37(c) motion.  OLPC argues it should be sealed because it discusses confidential terms of a trust settlement document (which OLPC claims Ephraim misappropriated), and notes it has been designated as a private record in state court.[97]  Where this exhibit is cited only once in the opposition brief,[98] and its contents appear only minimally relevant to the Rule 37(c) motion, the public interest in access is low.  OLPC's countervailing interest in protecting confidential information from the allegedly misappropriated document outweighs the public interest in access at this stage.  This exhibit shall remain sealed.

### 20.  OLPC's Second Supplemental Discovery Response

OLPC seeks to seal exhibits containing its second supplemental response to Ephraim's first and second set of discovery requests.[99]  OLPC filed this document in support of its opposition to Ephraim's summary judgment motion, and Ephraim filed it with his reply to his renewed Rule 37(c) motion.  Although both parties filed this exhibit entirely under seal, OLPC has only designated two portions confidential: a list of client names in the response to Interrogatory 7, and a table listing persons with access to OLPC's servers provided in response to Interrogatory 10.[100]  The court previously ruled

---

[97] (Mot. to Seal, Doc. No. 389 at 2–3.)

[98] (*See* Opp'n to Renewed Rule 37(c) Mot. 6, Doc. No. 388.)

[99] (Ex. 4 to [397] Opp'n to Ephraim's MSJ, Doc. No. 399-1 (sealed); Ex. B to [403] Reply to Renewed Rule 37(c) Mot., Doc. No. 405-1 (sealed).)  These exhibits are identical.

[100] (*See* Mot. to Seal, Doc. No. 408 at 2.)

the client list could be sealed.[101]  OLPC argues the server access table (which was not addressed in the prior ruling) should be sealed because it contains confidential information relating to protection of OLPC's technological systems.[102]

OLPC has demonstrated the client list and server access table merit sealing. The client list may remain sealed for the reasons stated in the prior order, and where it is not relied on in the briefing.  The server access table is only cited by OLPC in its opposition brief to show Ephraim's dates of employment; other portions of the table are irrelevant.  OLPC's interest in protecting confidential information regarding its technological systems outweighs the public interest in access to this table.

However, there is no basis to seal the other portions of OLPC's discovery response, where OLPC has not designated them confidential.  Moreover, Ephraim relies on other portions of the discovery response in his reply.[103]  Accordingly, OLPC must file a redacted version of its second supplemental discovery response, redacting only the client list and server access table.

### 21. Log-in Error Message

OLPC seeks to seal a screenshot of a "log-in error" message from Mr. Akarapanich's phone,[104] which OLPC filed with its opposition to Ephraim's first Rule 37(c) motion.  OLPC argues this exhibit should be sealed because emails visible in the

---

[101] (5/22/2024 Order, Doc. No. 282 at 12.)

[102] (Mot. to Seal, Doc. No. 408 at 5–6.)

[103] (*See* Reply to Renewed Rule 37(c) Mot. 3, Doc. No. 403.)

[104] (Ex. 26 to [327] Opp'n to First Rule 37(c) Mot., Doc. No. 329-1 (sealed).)

background contain confidential client information.  Where this client information is irrelevant to the briefing, it may be redacted—but there is no basis to seal the entire exhibit.  <u>OLPC must file a redacted version, redacting only confidential client information.</u>

### 22.  Documents OLPC Does Not Seek to Seal

The following documents shall be unsealed, where Ephraim moved to seal them solely based on OLPC's confidentiality designations and OLPC does not seek to seal them:

- OLPC's second supplemental response to Interrogatory 13.[105]
- Messages between Carolyn and Mr. Akarapanich.[106]

<u>CONCLUSION</u>

The court grants in part and denies in part the motions to seal at docket numbers 303, 313, 324, 328, 340, 345, 349, 350, 369, 377, 379, 389, 394, 398, 404, 408, 413, and 418.  The court denies the motions to seal at docket numbers 309, 314, 374, and 380.  The court ORDERS as follows:

1. The clerk is directed to unseal the following documents:

   a. Ephraim's messages with Mr. Akarapanich Bates-numbered OL

      Private Counsel-Ephraim Olson 0026 (docket number **395-5**).

---

[105] (Ex. 19 to [308] First Rule 37(c) Mot., Doc. No. 310-4 (sealed).)

[106] (Ex. 14 to [368] Ephraim's MSJ, Doc. No. 370-4 (sealed); Ex. 21 to [393] Opp'n to OLPC's MSJ, Doc. No. 395-9 (sealed).)

b. Ephraim's renewed spoliation motion and reply (docket numbers **305 and 341** (main documents only)).

c. Carolyn's Mareva injunction affidavit without attachments (docket numbers **325-4 and 390-2**).

d. Richard S. Hoffman's expert report (docket numbers **310-1 and 370-1**).

e. Law firm billing invoices (docket numbers **310-2, 310-3, 346-2, 346-3, 370-3, 370-7, 370-8, 376-1, 376-2, and 376-3**).

f. OLPC's second supplemental response to Interrogatory 13 (docket number **310-4**).

g. Messages between Carolyn and Mr. Akarapanich (docket numbers **370-4 and 395-9**).

2.    Within fourteen days, OLPC must file redacted versions of the following documents consistent with this order.  Alternatively, if a redacted version has already been filed, OLPC may file a notice identifying the docket number of the redacted version.

a. Mr. Akarapanich's ITC employment agreement, redacting only salary information.[107]

---

[107] (*See* Ex. 6 to [323] Opp'n to Renewed Spoliation Mot., Doc. No. 325-3 (sealed).)

b.  Messages between Ephraim and Mr. Akarapanich (Bates-numbered OL Private Counsel-Ephraim Olson 0018–0026), redacting only salary information.[108]

c.  Emails from Ephraim with settlement proposals attached, redacting only the settlement proposals.[109]

d.  Email and letter from Naomi Burton with 2004 trust document attached, redacting only the trust document.[110]

e.  Email from Hyrum with settlement proposal attached, redacting only the settlement proposal.[111]

f.  Mr. Akarapanich's October 2020 declaration and attachments, redacting only Mr. Akarapanich's salary and the allegedly misappropriated client documents.[112]

---

[108] (Ex. D to [302] Renewed Spoliation Mot., Doc. No. 305-1 (sealed); Ex. 3 to [388] Opp'n to Renewed Rule 37(c) Mot., Doc. No. 390-1 (sealed); Ex. 9 to [393] Opp'n to OLPC's MSJ, Doc. No. 395-3 (sealed); Ex. I to App. II to [412] Reply to Ephraim's MSJ, Doc. No. 414-4 at 57–84 (sealed).)

[109] (Exs. 1 & 4 to [323] Opp'n to Renewed Spoliation Mot., Doc. Nos. 325-1 & 325-2 (sealed).)

[110] (Ex. 15 to [397] Opp'n to Ephraim's MSJ, Doc. No. 399-4 (sealed).)

[111] (Ex. 19 to [368] Ephraim's MSJ, Doc. No. 370-6 (sealed); Ex. P to App. II to [412] Reply to Ephraim's MSJ, Doc. No. 414-4 at 63–84 (sealed); Ex. 23 to [393] Opp'n to OLPC's MSJ, Doc. No. 395-10 (sealed).)

[112] (Ex. 6 to [372] OLPC's MSJ, Doc. No. 378-1 (sealed); Ex. 7 to [397] Opp'n to Ephraim's MSJ, Doc. No. 399-2 (sealed).)

g.  Judge Waldrip's and Mr. Hafen's expert reports (from Exhibit 8 to
Ephraim's summary judgment motion), omitting Mr. Regard's report.[113]

h.  OLPC's Rule 30(b)(6) deposition excerpts, redacting only the portions
containing confidential information regarding access to OLPC's data
and servers and OLPC's business relationships.[114]

i.  OLPC's second supplemental response to Ephraim's first and second
set of discovery requests, redacting only the client list and server
access table.[115]

j.  Log-in error message, redacting only confidential client information.[116]

3.     Within fourteen days, OLPC must file a notice regarding (1) whether
Carolyn's affidavit in the Mareva injunction case is now sealed in that case, and (2)
whether Carolyn's and Naomi's affidavits in the "Alberta action" are sealed in that case.
If the trust documents attached to the affidavits are nonpublic in the Alberta action,
OLPC must also file redacted versions of Carolyn's and Naomi's affidavits in the Alberta
action, redacting only the attached trust documents.

4.     Within fourteen days, OLPC may file a new motion to seal limited portions
of Mr. Regard's report, identifying specific portions of the report it proposes to redact

---

[113] (Ex. 8 to [368] Ephraim's MSJ, Doc. No. 370-2 (sealed).)

[114] (Ex. 34 to [327] Opp'n to First Rule 37(c) Mot., Doc. No. 329-3 (sealed).)

[115] (Ex. 4 to [397] Opp'n to Ephraim's MSJ, Doc. No. 399-1 (sealed); Ex. B to [403]
Reply to Renewed Rule 37(c) Mot., Doc. No. 405-1 (sealed).)

[116] (Ex. 26 to [327] Opp'n to First Rule 37(c) Mot., Doc. No. 329-1 (sealed).)

and explaining why those portions are truly deserving of protection.  If no new motion is filed, Mr. Regard's report will be unsealed.

DATED this 20th day of June, 2025.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge